Alphonso Nicholas Faggiolo, Plaintiff
713 Lamp Post Lane
Aston, Pennsylvania 19014
610-818-7167

# DISTRICT COURT OF THE UNITED STATES
## for the Eastern District of Pennsylvania

| | |
|---|---|
| Alphonso Nicholas Faggiolo<br><br>*Plaintiff*,<br><br>vs.<br><br>**BOROUGH OF RIDLEY PARK**, [a political subdivision of the Commonwealth of Pennsylvania]<br><br>**Michelle Portnoff**, **Robert P. Daday, Barry C. Dozor** [in their individual capacity]<br><br>**Richard Tutak, Mary J. Walk** [in their individual and official capacity]<br><br>*Defendants.* | Case no.<br><br><br>**CIVIL RIGHTS COMPLAINT FOR INJUNCTIVE RELIEF FOR DAMAGES**<br><br>**AFFIDAVIT OF PROBABLE CAUSE:**<br><br>For deprivations of Constitutional Rights under color of authority and color of law under title 42 U.S.C. § 1982, § 1983, § 1985, § 1986; title 28 U.S.C. § 1331, § 1343 (a) (3); title 18 U.S.C. §241, §242.<br><br><br>**TRIAL BY JURY DEMAND** |

**INTRODUCTION**………………………………………………………… **pg. 01**
**Plaintiff**……………………………………………………………………… **pg. 05**
**Defendants**…………………………………………………………………… **pg. 07**

**INJUNCTIVE RELIEF**………………………………………………...**pg. 08**

**JURISDICTION AND VENUE**………………………………………...**pg. 09**

**PRELIMINARY STATEMENT**………………………………………… **pg. 10**
**Cause of Action**……………………………………………………………**pg. 10**
**Nature of Property Rights Guaranteed**………………………………… **pg. 12**

**FACTS RELEVANT TO ALL CLAIMS**…………………………………**pg. 13**

**FACTS OF THE CASE**……………………………………………… **pg. 15**
**Third-Party Fictitious Debt Collector Claims Made Through The USPS**……….. **pg. 15**
**No Records Of Debts Verified by Borough Manager's Affidavit**……………….. **pg. 16**
**Third-Party Attorney Forges Three Liens Against Plaintiff's Properties**………...**pg. 18**
**No Records of Who Directed and Authorized Making and Filing Three Liens**…..**pg. 21**
**Plaintiff Is Not A Borough Resident Or Non-Resident Pursuant To Statute**……...**pg. 22**

**DEFENDANTS CLEAR ABSENCE OF JURISDICTION**……………………… **pg. 27**
**Clear Absence Of In Rem Jurisdiction Over Plaintiff's Properties**……………….**pg. 27**
**Clear Absence Of In Personam Jurisdiction Over Plaintiff**……………………… **pg. 30**
**Clear Absence Of Subject Matter Jurisdiction Involving Plaintiff's Properties**… **pg. 31**

**STATEMENT OF FACTS**………………………………………………**pg. 32**
**Prothonotary and Third-Party Attorney Executing Unlawful Judicial Writs**……...**pg. 32**
**Fictitious Third-Party Attorney Fees Double The Amount of Forged Liens**……... **pg. 35**
**Judge Barry C. Dozor Acted In Clear Absence Of All Jurisdiction**…………...…..**pg. 36**
**Unlawful Delaware County Sheriff Sale of Plaintiff's Property**…………………....**pg. 38**
**Judge BARRY C. DOZOR Recusal - Bias, Prejudice, and Harassment**……….......**pg. 41**
**Fictitious Third-Party Attorney Fees Triple The Amount of Forged Liens**………..**pg. 42**
**Judge With Serious Conflicts of Interest Intervenes**………………….........…..……**pg. 43**
**Prothonotary of the Court Tampering With Records**…………………….……..……**pg. 44**

**PROBABLE CAUSE**…………………………………………………....pg. 45
**Defendants, Michelle Portnoff and Robert P. Daday 3rd Party Attorneys**……..… .pg. 46
**Fictitious Obligations**…………………………………………….......pg. 46
**Securities Fraud**………………………………………………………..pg. 47
**Falsification of In Rem Judgment Index**………………………….. pg. 48
**Mail Fraud**………………………………………………………….... pg. 49
**Violation of Clearly Established Law by Portnoff and Daday**……………….......pg. 51
**Violation of Substantive Rights by Portnoff and Daday** …………………………pg. 52


**Defendant, Richard Tutak Manager for Borough of Ridley Park**………...……… pg. 53
**Fictitious Obligations**………………………………………………….pg. 53
**Securities Fraud**……………………………………………………… pg. 54
**Misclassification of Plaintiff's Homes**………………………………….pg. 54
**Mail Fraud**…………………………………………………………… pg. 56
**Violation of Clearly Established Law by Richard Tutak**…………………… pg. 57
**Violation of Substantive Rights by Richard Tutak** ………………………….pg. 59


**Defendant, Mary J. Walk Prothonotary of court and Director of OJS**…………... pg. 59
**Fictitious Obligations**……………………………………………….... pg. 59
**Securities Fraud**…………………………………………………….. pg. 60
**Falsification of the In Rem Judgment Index by Mary J. Walk**………………… pg. 61
**Mail Fraud**…………………………………………………………… pg. 62
**Violation of Clearly Established Law by Mary J. Walk** …………………  pg. 63
**Violation of Substantive Rights by Mary J. Walk** ……………………….. pg. 65


**Defendant, Borough of Ridley Park, A political subdivision**…....………………… pg. 65
**Illegal Deeds and Conversion** ………………………………………… pg. 66
**Mail Fraud**……………………………………………………….....pg. 68
**Violation of Clearly Established Law by Borough of Ridley Park** …………… pg. 69
**Violation of Substantive Rights by Borough of Ridley Park** …………………….. pg. 70


**Defendant, Barry C. Dozor Liasson Judge Del. Cnty. Court of Comm. Pleas**…... pg. 72
**Fictitious Obligations**………………………………………………… pg. 72
**Securities Fraud**……………………………………………………… pg. 73
**Falsification of the In Rem Judgment Index by Barry C. Dozor** ………………… pg. 74
**Mail Fraud**……………………………………………………….....pg. 75
**Violation of Clearly Established Law by Barry C. Dozor** …………………….pg. 76
**Violation of Substantive Rights by Barry C. Dozor** ……………………......... pg. 78

**DEMAND FOR EMPANELMENT OF GRAND JURY**……………………………pg. 78
**PRIMA FACIE EVIDENCE OF CRIMINAL ACTS BY DEFENDANTS County of
Delaware and its named employees, agents and/or servants.**


**COUNT ONE (1)**……………………………………………………………...pg. 81
**Violation of Civil Rights While Acting under Color of Law 42 U.S.C. § 1983
Deprivation of rights under color of law by Defendant Michelle Portnoff.**


**COUNT TWO (2)**……………………………………………………………..pg. 81
**Violation of Civil Rights While Acting under Color of Law 42 U.S.C. § 1983
Deprivation of rights under color of law by Defendant Robert P. Daday.**


**COUNT THREE (3)**…………………………………………………………...pg. 84
**Violation of Civil Rights While Acting under Color of Law 42 U.S.C. § 1983
Deprivation of rights under color of law by Defendant Richard Tutak**


**COUNT FOUR (4)**……………………………………………………………pg. 86
**Violation of Civil Rights While Acting under Color of Law 42 U.S.C. § 1983
Deprivation of rights under color of law by Defendant Mary J. Walk**


**COUNT FIVE (5)**……………………………………………………………..pg. 91
**Violation of Civil Rights While Acting under Color of Law 42 U.S.C. § 1983
Deprivation of rights under color of law by Defendant Borough of Ridley Park**


**COUNT SIX (6)**………..……………………………………………………. pg. 94
**Violation of Civil Rights While Acting under Color of Law 42 U.S.C. § 1983
Deprivation of rights under color of law by Defendant Barry C. Dozor**


**COUNT SEVEN (7)**……………………………………………………. pg. 98
**Conspiracy to interfere with civil rights 42 U.S.C. § 1985
Conspiracy against rights by - All Defendants.**


**COUNT EIGHT (8)**………………………………………………………...pg. 101
**Action for Neglect to Prevent While Acting under Color of Law 42 U.S.C. § 1986
Neglect to Prevent - All Defendants.**

**COUNT NINE (9)**……………………..……………………………………pg. 103
**Property Rights of Citizens 42 U.S.C. § 1982**
**Deprivation of Property rights under color of law - All Defendants.**


**<u>CONCLUSION</u>**………………………………………………………...pg. 104


**<u>RELIEF SOUGHT</u>**…………………………………………………….pg. 108
**Actual Compensatory Damages**……………………………………...pg. 109
**General Compensatory Damages**…………………………………… pg. 109
**Treble Damages**……………………………………………………...pg. 111
**Punitive Damages**……………………………………………………... pg. 112


**<u>INJUNCTION</u>**………………………………………………………….pg. 113


**<u>JURY DEMAND</u>**……………………………………………………….pg. 114


**<u>JURAT</u>**………………………………………………………………….pg. 115

# <u>INTRODUCTION</u>

COMES NOW, Alphonso Faggiolo, as one of the sovereign people of the union state of Pennsylvania within the town of Aston, Pennsylvania, hereinafter referred to as the Plaintiff. Plaintiff is seeking help from this Court under Title 42 U.S.C. § 1983, to protect Plaintiff's rights and to correct the wrongs inflicted upon Plaintiff by the named Defendants.

> "All power is inherent in the people, and all free governments are founded on their authority and instituted for their peace, safety and happiness. For the advancement of these ends they have at all times an inalienable and indefeasible right to alter, reform or abolish their government in such manner as they may think proper.[1]"

> "The words 'people of the United States' and 'citizens' are synonymous terms, and mean the same thing. They are what we familiarly call the 'sovereign people', and every citizen is one of this people, and a constituent member of this sovereignty.[2]"

> "Article 1 of the Pennsylvania Constitution is titled the Declaration of Rights. The entire Article is concerned with establishing the principle that the people are the sovereign — not the state. There are twenty-six sections in Article 1 and every single section is concerned with the rights of the people — not the state. To isolate one sentence out of the twenty-six sections in the Declaration of Rights and say that it should be interpreted to protect the rights of the state — not the people — is ludicrous and violates all reasonable principles of construing written language in proper context. Article 1, the Declaration of Rights, opens by stating that the purpose of the Declaration is "that the general, great and essential principles of liberty and free government may be recognized and unalterably established." Nothing is said about protecting the state. The complete Declaration — its language, tone and thrust — concerns the protection of the people — not the state.[3]"

> "Political subdivisions of States -- counties, cities, or whatever -- never were and never have been considered as sovereign entities. Rather, they have been traditionally regarded as subordinate governmental instrumentalities created by the State to assist in the carrying out of state governmental functions. As stated by the Court in *Hunter v. City of Pittsburgh*, 207 U. S. 161, 207 U. S. 178, these governmental units are created as convenient agencies for exercising such of the governmental powers of the State as may be entrusted to them, and the number, nature and duration of the powers conferred upon them. . .and the territory over which they shall be exercised rests in the absolute discretion of the State.[4]"

**1.** Plaintiff's investigation and research of the Constitution of the United States; the Constitution of Pennsylvania; Act of Dec. 31, 1965, P.L. 1257, No. 511 (hereinafter Local Tax Enabling Act); Pennsylvania Statutes Title 53 – (Municipalities Generally); Pennsylvania Code Title 61

---

[1] Constitution of Pennsylvania Article I § 2.  Political powers.
[2] Scott vs. Sandford, 60 U.S. 393, 60 U.S. 393 (1856)
[3] BROWN et al. v. Commonwealth, 453 Pa. 566 - Pa: Supreme Court 1973
[4] Reynolds v. Sims, 377 U.S. 533 (1964)

1

– (Revenue); Act of Mar. 4, 1971, P.L. 6, No. 2 (hereinafter Tax Reform Code of 1971), and Act of May 16, 1923, P.L. 207, No. 153 (hereinafter Municipal Claim and Tax Lien Law), including but not limited to; enacting clauses, session laws, legislative certifications, and common-law rules and/or rulings; has failed to locate and/or uncover any adequate evidence of a procedure based in law or the clearly established laws of Pennsylvania, enacted by the legislature of the COMMONWEALTH OF PENNSYLVANIA under the Constitution of Pennsylvania, that authorizes third-party attorneys, MICHELLE PORTNOFF and ROBERT P. DADAY, purportedly acting for the BOROUGH OF RIDLEY PARK, to bypass standard legal process, create and file non-court rendered property liens, create and file non-court rendered writs of scire facias, create and file non-court rendered writs of execution, with the intent to take money and property from the Plaintiff, and others similarly situated to the Plaintiff, by seizing and selling their properties, for which they have no Title of ownership or interest in; without any appearance of due process or the rule of law, in order to fund the for profit third-party attorneys, and the municipalities they purport to be acting for, just because a man owns property in Pennsylvania.

**2.**  This color of law misfeasance complained of was orchestrated by third-party attorney and Defendant MICHELLE PORTNOFF, who committed extrinsic or collateral fraud in the name of Defendant BOROUGH OF RIDLEY PARK, through bypassing due process, bypassing standard legal process, forging liens, and forging writs, to take money and property from the Plaintiff, through the perversion and unauthorized application of the Municipal Claim and Tax Lien Law against the Plaintiff's properties.

> "Here, Michelle Portnoff actively participated in the tax collection process at every stage. She supervised, developed and approved the collection practices of the corporation. In addition, she had personal involvement with Taxpayers, i.e., mailing correspondence to them, and preparing and filing pleadings against them, thus, establishing that Michelle Portnoff engaged in misfeasance as a participating individual. Accordingly, the trial court did not err in finding Michelle Portnoff personally liable for her actions.[5]
>
> "Misfeasance": A misdeed or trespass. The improper performance of some act which a man may lawfully do. In addition to potential liability under the doctrine of piercing the corporate veil, shareholders, officers and directors can be held liable upon the establishment of requisite factors under the "participation theory." Com. ex rel. Corbett

---

[5] Roethlein v. Portnoff Law Associates, Ltd., 25 A. 3d 1274 - Pa: Commonwealth Court 2011

> v. Snyder, 977 A.2d 28 (Pa. Cmwlth. 2009). "Under the 'participation theory,' the court
> imposes liability on the participating individual as an actor, not as an owner. To impose
> liability under the participation theory, a plaintiff must establish the individual engaged
> in misfeasance." Id., at 46 (citation omitted).[6]"

**3.**  In this instant matter, on the 27th of July 2021, third-party attorney and Defendant MICHELLE PORTNOFF and her employee and/or colleague, attorney and Defendant ROBERT P. DADAY, acting under color of the Municipal Claim and Tax Lien Law, conspired to create three securities against the Plaintiff's three properties, without any appearance of due process or the rule of law, initially totaling **$7,244.07**, then on or about the 20th day of June 2023, DADAY added on fictitious attorney's fees bringing the total to **$16,049.85**, and then on or about the 11th of September 2023, DADAY added even more fictitious attorney's fees bringing the grand total up to **$22,193.51**, perpetrated in the name of the BOROUGH OF RIDLEY PARK, who according to an affidavit provided to the Plaintiff in a Pennsylvania Right To Know Record Request, appears to have no records or information as to who directed and authorized third-party attorney DADAY to create and file the three liens against the Plaintiff's three properties, which was done with the intent to steal the Plaintiff's money and/or his three properties, to benefit DADAY, PORTNOFF, and others not entitled thereto.

**4.**  This custom, practice, and policy, of third-party attorney MICHELLE PORTNOFF, perverting and abusing the Pennsylvania Municipal Claim and Tax Lien Law for profit, perpetrated in the name of the BOROUGH OF RIDLEY PARK, and other similarly situated municipalities, appears to be occurring on a grand scale throughout the 200 municipalities and 25 counties PORTNOFF boasts about being in contract with, and acting for, throughout Pennsylvania.

> "Moreover, although the trial court did not find Portnoff's testimony that she remitted the administrative cost fee to the municipalities to be credible, suggesting the municipalities may have a cause of action for breach of contract against Portnoff…[7]"

**5.**  All named Defendants are clearly depriving Plaintiff of his money and his properties, while lacking all appearance of due process and the rule of law, and are doing so under color of authority, ordinance, regulation, custom, practice, and policy. Wherefore Plaintiff's

---

[6] 3 Steph.Comm. 460. Bell v. Josselyn, 3 Gray, Mass. 309, 63 Am. Dec. 741
[7] Roethlein v. Portnoff Law Associates, Ltd., 81 A. 3d 816 - Pa: Supreme Court 2013

investigation and conclusions have led Plaintiff to believe that the named Defendants are truly depriving Plaintiff of his substantive rights to property ownership, due process, and equal protection of the law, as secured by the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States, and Article I: §1, §2 §6, §8, §9, §10, and §11 of the Constitution of Pennsylvania.

**6.** All named Defendants are clearly exerting acts of ownership and control over Plaintiff's properties for which Defendants possess no title of ownership or interest in Plaintiff's properties.

> "The revenue laws are a code or system in regulation of tax assessment and collection. They relate to taxpayers and not to non-taxpayers. A non-taxpayer having a pecuniary interest in the subject matter of a distraint sale may sue the Collector for any wrong committed by him in seizing property or property rights.[8]"

> "The revenue laws are a code or system in regulation of tax assessment and collection. They relate to taxpayers, and not to nontaxpayers. The latter are without their scope. No procedure is prescribed for nontaxpayers, and no attempt is made to annul any of their rights and remedies in due course of law. With them Congress does not assume to deal, and they are neither of the subject nor of the object of the revenue laws.[9]"

> "They [the revenue laws] relate to taxpayers, and not to nontaxpayers. The latter are without their scope. No procedure is prescribed for nontaxpayers, and no attempt is made to annul any of their rights and remedies in due course of law.[10]"

**7.** All named Defendants are being trained to believe, and are acting on that belief, that as long as a third-party attorney files documents and labels them as being municipal liens being filed under the "Municipal Claim and Tax Lien Law", it suspends the state and federal constitutions, suspends substantive and procedural due process, suspends standard legal process, suspends property rights, suspends the Pennsylvania and Federal criminal statutes, suspends the Pennsylvania Rules of Civil Procedure, suspends the Pennsylvania Rules of Professional Conduct, and suspends the Pennsylvania Judicial Canons.

> "The assessment and imposition of the lien occur without any form of hearing…the imposition of a new lien upon property obviously has a significant effect on the

---

[8] First National Bank of Emlenton, Pa. v. United States, 161 F. Supp. 844 (W.D. Pa. 1958)
[9] Filipowicz v. Rothensies, 31 F. Supp. 716 (E.D. Pa. 1940)
[10] Giles E. Bullock and Katherine D. Bullock v. Dana Latham, Commissioner of Internal Revenue, and E. C. Coyle, Jr., District Director of Internal Revenue, 306 F.2d 45 (2d Cir. 1962) Court of Appeals for the Second Circuit

property rights of the owner. If the owner does dispute the claim, the Act provides no mechanism for a direct appeal.[11]"

## **PLAINTIFF**

**8.** Plaintiff and Plaintiff's family have owned and occupied 505 Johnson Avenue, Ridley Park, Pennsylvania 19078 since the 18th of November 1977; and 215/0 Kane Avenue, Ridley Park, Pennsylvania 19078 since the 11th of January 2000; said properties are used for shelter and homes of the Plaintiff as part of his personal estate, for non-commercial purposes; with free and clear legal title as a matter of right to acquire, possess, protect, own, and enjoy the properties to the exclusion of all others, in accordance with the Constitution of Pennsylvania Article 1 §1; with full common-law covenants vested in the land of record for over 46 years and 24 years, in complete perpetuity, as granted by warranty deed, and protected by the Federal and State constitutions and the clearly established laws of the COMMONWEALTH OF PENNSYLVANIA. **See Exhibit A1 (Deed 505 Johnson), See Exhibit A2 (Deed 215 and 0 Kane).**

**9.** Plaintiff, Alphonso Nicholas Faggiolo, is the sole biological son/child, heir/descendant, of Margaret J. and Alphonso P. Faggiolo, exercising actual and constructive dominion, with legal possession, and fee simple interest in 505 Johnson Avenue, Ridley Park, Pennsylvania 19078 and 215/0 Kane Avenue, Ridley Park, Pennsylvania 19078; acquired through inherent and indefeasible right[12], with substantial possession, and a clear constitutional standing in all family properties, to bring and maintain this action as a right in accordance with Title 42 U.S.C. § 1983[13] and as a matter of duty pursuant to Title 18 U.S.C § 4[14].

> "The share of the estate, if any, to which the surviving spouse is not entitled, and the entire estate if there is no surviving spouse, shall pass in the following order: (1) Issue.--To the issue of the decedent.[15]"

> "Real property, on the death of an ancestor, vests immediately in the heirs,[16] whether

---

[11] Shapiro v. Center Tp., Butler County, 632 A. 2d 994 - Pa: Commonwealth Court 1993

[12] Constitution of Pennsylvania Article 1 § 1 Inherent rights of mankind

[13] 42 U.S. Code § 1983 - Civil action for deprivation of rights

[14] 18 U.S. Code § 4 - Misprision of felony

[15] 20 Pa. C.S.A. § 2103 - Shares of others than surviving spouse

[16] Rice v. Seals, 2010 Ark. App. 393, 377 S.W.3d 416 (2010); Bender v. Bender, 292 Conn. 696, 975 A.2d 636 (2009); Freedom Financial Bank v. Estate of Boesen, 805 N.W.2d 802 (Iowa 2011); Heavey v. Maloof, 453 Mass. 259, 901 N.E.2d 665 (2009); Estate of Mace v. Gardner, 66 So. 3d 1265 (Miss. Ct. App. 2011); Wilson v. Fieldgrove, 280 Neb. 548, 787 N.W.2d 707 (2010); In re Enquire Printing and Publishing Co.,

they are known or unknown,[17] and regardless of whether the estate has been or is being administered.[18] The heirs, as a general rule, take legal title,[19] with the right to possession and control[20]…"

"Under the view that title passes immediately, passage of title to the heirs does not require settlement of the estate or a probate order declaring heirship.[21] An heir's rights and title to property do not originate in the decree of distribution but are derived from the decedent under the statute of distribution.[22]"

"Passage of title to real estate to the heirs does not require settlement of the estate or a court order declaring heirship.[23] Recording a probate certificate of devise or descent is necessary only to perfect marketable title; the certificate furnishes evidence that the heir's or devisee's title is no longer in danger of being cut off by a probate sale to pay the debts of estate and furnishes a record of who received title.[24]"

"Property descending to heirs or passing to distributees includes and is limited to that which was the property of the ancestor at the time of his or her death.[25] The heirs' status is the same as the decedent's, and they stand in his or her place, with no greater rights than the decedent had with respect to the property,[26] as they take precisely what the decedent left and no more.[27]"

"Because, at the death of an intestate, the right to succeed to his or her property is fixed according to law, this right constitutes property and is entitled to constitutional protection as such. Thus, once the right to inherit accrues or vests, any subsequent change in law cannot affect one's status as a potential heir.[28]"

---

Inc., 26 Misc. 3d 1035, 894 N.Y.S.2d 349 (Sur. Ct. 2009); In re Estate of Laue, 2010 SD 80, 790 N.W.2d 765 (S.D. 2010); Fletcher v. Ferry, 181 Vt. 294, 2007 VT 8, 917 A.2d 937 (2007)

[17] Johns v. Scobie, 12 Cal. 2d 618, 86 P.2d 820, 121 A.L.R. 1404 (1939)

[18] Roberts v. Robert, 215 Ariz. 176, 158 P.3d 899 (Ct. App. Div. 1 2007)

[19] Brewster v. Gage, 280 U.S. 327, 50 S. Ct. 115, 74 L. Ed. 457 (1930); Ziulkowski v. Kolodziej, 119 Conn. 230, 175 A. 780, 96 A.L.R. 1065 (1934); Peck v. Watson, 165 Ga. 853, 142 S.E. 450, 57 A.L.R. 560 (1928); Neelen v. Holzhauer, 193 Wis. 196, 214 N.W. 497, 53 A.L.R. 359 (1927)

[20] Noel v. Jumonville Pipe & Machinery Co., 245 La. 324, 158 So. 2d 179 (1963); Belakjon v. Hilstad, 76 N.D. 298, 35 N.W.2d 637 (1949)

[21] Mischke v. Mischke, 253 Neb. 439, 571 N.W.2d 248 (1997)

[22] Fletcher v. Ferry, 181 Vt. 294, 2007 VT 8, 917 A.2d 937 (2007)

[23] Brtek v. Cihal, 245 Neb. 756, 515 N.W.2d 628 (1994)

[24] Cardillo v. Cardillo, 27 Conn. App. 208, 605 A.2d 576 (1992)

[25] First Presbyterian Church of York v. York Depository, 203 S.C. 410, 27 S.E.2d 573 (1943)

[26] Carlson v. Carlson, 124 Cal. App. 207, 12 P.2d 165 (3d Dist. 1932); Hallett v. Alexander, 50 Colo. 37, 114 P. 490 (1911); Willow Tree Investments, Inc. v. Wilhelm, 465 N.W.2d 849 (Iowa 1991); In re Prouty's Estate, 105 Vt. 66, 163 A. 566 (1933)

[27] Pellow v. Arctic Min. Co., 164 Mich. 87, 128 N.W. 918 (1910); First Presbyterian Church of York v. York Depository, 203 S.C. 410, 27 S.E.2d 573 (1943); Blake v. O'Neal, 63 W. Va. 483, 61 S.E. 410 (1908)

[28] Jefferson v. Fink, 247 U.S. 288, 38 S. Ct. 516, 62 L. Ed. 1117 (1918); State ex rel. McClintock v. Guinotte, 275 Mo. 298, 204 S.W. 806 (1918); Oleff v. Hodapp, 129 Ohio St. 432, 2 Ohio Op. 409, 195 N.E. 838, 98 A.L.R. 764 (1935); In re Springer's Estate, 97 Wash. 546, 166 P. 1134 (1917)

6

## DEFENDANTS

**10.** Defendant, BOROUGH OF RIDLEY PARK, is a political subdivision of the COMMONWEALTH OF PENNSYLVANIA, doing business as a municipality as defined in 8 Pa. C.S. §101 et seq and 1 Pa. C.S. § 1991, with a working address of: 105 East Ward Street, Ridley Park, Pennsylvania 19078. The BOROUGH acted toward Plaintiff under color of statutes, ordinances, resolutions, practices, customs, policies and usage of the COMMONWEALTH OF PENNSYLVANIA, within the scope of being a political subdivision and a Creature of the COMMONWEALTH.

**11.** Defendant, MICHELLE PORTNOFF, appears to be an attorney and the President and Treasurer of PORTNOFF LAW ASSOCIATES, masquerading as a third-party debt collector for Defendant BOROUGH OF RIDLEY PARK, with a working address of: 2700 Horizon Dr. Ste 100, King of Prussia, Pennsylvania 19406; and a home address of 1124 Stony Ln., Gladwyne Pennsylvania 19035. PORTNOFF acted toward Plaintiff under color of statutes, ordinances, resolutions, practices, customs, policies and usage of the COMMONWEALTH OF PENNSYLVANIA, outside the scope of her contracted employment with Defendant BOROUGH OF RIDLEY PARK. She is sued in her individual capacity.

**12.** Defendant, ROBERT P. DADAY, appears to be an attorney for PORTNOFF LAW ASSOCIATES, masquerading as a third-party debt collector for the BOROUGH OF RIDLEY PARK, with a working address of: Portnoff Law Associates, 2700 Horizon Drive Suite 100, King of Prussia, Pennsylvania 19406; and a home address of 2829 Crest Ave N., Allentown, Pennsylvania 18104. DADAY acted toward Plaintiff under color of statutes, ordinances, resolutions, practices, customs, policies, and usage of the COMMONWEALTH OF PENNSYLVANIA, outside the scope of his contracted employment with Defendant BOROUGH OF RIDLEY PARK. He is sued in his individual capacity.

**13.** Defendant, MARY JANE WALK, appears to be employed by the COUNTY OF DELAWARE, a political subdivision of the COMMONWEALTH OF PENNSYLVANIA, and doing business as the Prothonotary/Clerk of the DELAWARE COUNTY COURT OF

COMMON PLEAS and Director of the court's OFFICE OF JUDICIAL SUPPORT (hereinafter "OJS"), with a working address of: Government Center, Room 127, 201 W. Front St., Media, Pennsylvania 19063; and a home address of 624 N. Chester Rd., Swarthmore Pennsylvania 19081. WALK acted toward Plaintiff under color of statutes, ordinances, resolutions, practices, customs, policies, and usage of the Commonwealth of Pennsylvania, within the scope of her employment. She is sued in her official and individual capacity.

**14.** Defendant, RICHARD TUTAK, appears to be employed by Defendant BOROUGH OF RIDLEY PARK, a municipality and political subdivision of the COMMONWEALTH OF PENNSYLVANIA, and doing business as Manager of the BOROUGH OF RIDLEY PARK, with a working address of: 105 East Ward Street, Ridley Park, Pennsylvania 19078; and a home address of 123 W Ridley Ave., Ridley Park, Pennsylvania 19078. TUTAK acted toward Plaintiff under color of statutes, ordinances, resolutions, practices, customs, policies, and usage of the COMMONWEALTH OF PENNSYLVANIA, within the scope of his employment. He is sued in his official and individual capacity.

**15.** Defendant, BARRY DOZOR, appears to be doing business as Liaison Judge for the DELAWARE COUNTY COURT OF COMMON PLEAS, with a working address of: Government Center, 201 W. Front St., Media, Pennsylvania 19063; and a home address of 45 Cassin Hill Rd., Garnet Valley, Pennsylvania 19060. DOZOR acted toward Plaintiff under color of statutes, ordinances, resolutions, practices, customs, policies, and usage of the COMMONWEALTH OF PENNSYLVANIA, within the scope of his employment. He is sued in his individual capacity.

## **INJUNCTIVE RELIEF**

**Plaintiff incorporates by reference the facts set forth above as if set forth herein full.**

**16.** Plaintiff is also seeking injunctive and equitable relief under title 28 U.S.C. § 2202 against all named Defendants and their named employees for their color of imposition of municipal

ordinances and resolutions on Plaintiff's non-commercial properties[29], which are not subject to BOROUGH OF RIDLEY PARK ordinances and resolutions. It is a fact that BOROUGH ordinances and resolutions on Plaintiff's properties are illegal, unconstitutional, clearly unauthorized by the laws of the COMMONWEALTH OF PENNSYLVANIA, violative of Plaintiff's substantive rights to property ownership and Plaintiff's procedural due process rights, as one of the sovereign people of the state of Pennsylvania, pursuant to the Constitutions of Pennsylvania and the United States of America.

## **JURISDICTION AND VENUE**

**17.** This Court has subject matter jurisdiction over this case under title 28 U.S.C. § 1331, as this action arises under the violations of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution by the named Defendants; under title 28 U.S.C. § 1343 (a) (3), because Plaintiff brings the case to prevent imminent deprivations, under color of state law, of rights, privileges, and immunities, secured by the United States Constitution; under title 28 U.S.C. § 1343 (a) (4), because it seeks to recover damages and secure equitable relief under an Act of Congress, specifically, title 42 U.S.C. § 1983, which provides a cause of action for protecting civil and constitutional rights; under title 28 U.S.C. § 2202, to secure preliminary and injunctive relief from imminent deprivations of Plaintiff's rights in property.

**18.** It's well-established law that Plaintiff's property rights are basic civil rights that the named Defendants have deprived him of.

> "Such difficulties indicate that the dichotomy between personal liberties and property rights is a false one. Property does not have rights. People have rights. The right to enjoy property without unlawful deprivation, no less than the right to speak or the right to travel, is in truth a "personal" right, whether the "property" in question be a welfare check, a home, or a savings account. In fact, a fundamental interdependence exists between the personal right to liberty and the personal right in property. Neither could have meaning without the other. That rights in property are basic civil rights has long been recognized. J. Locke, Of Civil Government 82-85 (1924); J. Adams, A Defence of the Constitutions of Government of the United States of America, in F. Coker, Democracy, Liberty, and Property 121-132 (1942); 1 W. Blackstone, Commentaries

---

[29] "… an owner-occupied residence not used for any commercial purpose does not qualify as property "used in" commerce or commerce-affecting activity …" Jones vs. United States, 529 U.S., 146 L Ed 2d 902, 120 S. Ct. (May 22, 2000).

*138-140. Congress recognized these rights in 1871 when it enacted the predecessor of §§ 1983 and 1343 (3). We do no more than reaffirm the judgment of Congress today.[30]"

**19.** Venue is proper in this Court under title 28 U.S.C. § 1391 because it is the judicial district where Defendants reside, and in which all events giving rise to the action occurred.

## PRELIMINARY STATEMENT
**Plaintiff incorporates by reference the facts set forth above as if set forth herein full.**

**20.** It is a fact that Plaintiff and Plaintiff's family have owned with absolute dominion of ownership over the properties (land) commonly known as 505 Johnson Avenue, Ridley Park, Pennsylvania 19078 since 11/18/1977; 215/0 Kane Avenue, Ridley Park, Pennsylvania 19078 since 1/11/2000; as a matter of right in accordance with the Constitution of Pennsylvania Article I § 1 and pursuant to rulings of the Pennsylvania Supreme Court.

> "The right to acquire and own property, and to deal with it and use it as the owner chooses, so long as the use harms nobody, is a natural right. It does not owe its origin to constitutions. Before them, it existed. It is a part of the citizen's natural liberty, an expression of his freedom, guaranteed as inviolate by every American bill of rights.[31]"

## CAUSE OF ACTION
**Plaintiff incorporates by reference the facts set forth above as if set forth herein full.**

**21.** Plaintiff, Alphonso Nicholas Faggiolo, is a man born equally free and independent, and has certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing his own happiness.[32]

---

[30] Lynch v. Household Finance Corp., 405 US 538 - Supreme Court 1972; Cedarbrook Realty, Inc. v. Nahill, 399 A. 2d 374 - Pa: Supreme Court 1979
[31] Arcgvusgio O'haras Appeal, 389 Pa. 35 - Pa: Supreme Court 1957; Miller vs. Beaver Falls, 368 Pa. 189 - Pa: Supreme Court 1951: Bilbar Const. Co. v. Easttown Twp. Bd. of A., 393 Pa. 62 - Pa: Supreme Court 1958; Concord Township Appeal, 439 Pa. 466 - Pa: Supreme Court 1970; Parker vs. Hough, 420 Pa. 7, 10-11, 215 A. 2d 667; Cleaver vs. Board of Adjustment, 414. Pa. 367, 371-372, 200 A. 2d 408; Andress v. Zoning Board of Adjustment, 410 Pa. 77, 87, 188 A. 2d 709; Village of Euclid vs. Ambler Realty Co., 272 U.S. 365, 47 S. Ct. 114 (1926)
[32] Constitution of Pennsylvania Article 1 § 1 Inherent rights of mankind

**22.** It is a fact that Defendants have failed to provide Plaintiff their statutory authority or any adequate evidence that would lead Plaintiff, a reasonable man with reasonable intelligence, to believe that Plaintiff has a duty and/or would be liable or subject to BOROUGH OF RIDLEY PARK ordinances and resolutions on his non-commercial properties, that are used only for private use as homes of the owner, and as a matter of Plaintiff's right to acquire, possess, protect, own, and enjoy property pursuant to the Constitution of Pennsylvania Article I § 1.

**23.** Plaintiff has a substantive right to own property, he owes nothing to the municipal corporation doing business as the BOROUGH OF RIDLEY PARK, and owes nothing to the public so long as he does not trespass upon their rights.

> "His rights are such as existed by the law of the land long antecedent to the organization of the State, and can only be taken from him by due process of law, and in accordance with the Constitution. Among his rights are a refusal to incriminate himself and the immunity of himself and his property from arrest or seizure except under a warrant of the law. He owes nothing to the public so long as he does not trespass upon their rights. Upon the other hand, the corporation is a creature of the State. It is presumed to be incorporated for the benefit of the public. It receives certain special privileges and franchises, and holds them subject to the laws of the State and the limitations of its charter. Its powers are limited by law. It can make no contract not authorized by its charter. Its rights to act as a corporation are only preserved to it so long as it obeys the laws of its creation.[33]"

**24.** It is a fact that Defendants are clearly exerting acts of ownership and control over Plaintiff's properties, and are acting under the color of authority by creating forged liens, forged writs of scire facias, forged writs of execution, and illegal sales of Plaintiff's properties, without right of title and adequate evidence of ownership or interest in the Plaintiff's properties, while lacking all appearances of due process and the rule of law.

**25.** All Defendants are acting in their individual, official, and professional capacity through shady tactics and underground policy, by devising a scheme under color of authority, thru a clear and affirmative abuse of power, and are doing so with the intent to permanently deprive Plaintiff of his properties through a simulated legal processes, and are the cause, in fact, of Plaintiff's deprivation of the peaceful enjoyment and possession of his properties, as a matter of right

---

[33] Hale v. Henkel, 201 U.S. 43 (1906)

11

guaranteed by the Constitution of Pennsylvania Article I §1, §9, §10 and §11, and guaranteed by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

## <u>Nature of Property Rights Guaranteed</u>

"The Due Process Clause of the Fifth Amendment, later incorporated into the Fourteenth, was intended to give Americans at least the protection against governmental power that they had enjoyed as Englishmen against the power of the Crown. The liberty preserved from deprivation without due process included the right "generally to enjoy those privileges long recognized at common law as essential to the orderly pursuit of happiness by free men.[34] Among the historic liberties so protected was a right to be free from, and to obtain judicial relief for, unjustified intrusions on personal security.[35]"

"The constitution expressly declares, that the right of acquiring, possessing, and protecting property is natural, inherent, and unalienable. It is a right not ex gratia from the legislature, but ex debito from the constitution. It is sacred; for, it is further declared, that the legislature shall have no power to add to, alter, abolish, or infringe any part of, the constitution. The constitution is the origin and measure of legislative authority. It says to legislators, thus far ye shall go and no further. Not a particle of it should be shaken; not a pebble of it should be removed. Innovation is dangerous. One incroachment leads to another; precedent gives birth to precedent; what has been done may be done again; thus radical principles are generally broken in upon, and the constitution [2 U.S. 304, 312] eventually destroyed. Where is the security, where the inviolability of property, if the legislature, by a private act, affecting particular persons only, can take land from one citizen, who acquired it legally, and vest it in another? The rights of private property are regulated, protected, and governed by general, known, and established laws; and decided upon, by general, known, and established tribunals; laws and tribunals not made and created on an instant exigency, on an urgent emergency, to serve a present turn, or the interest of a moment. Their operation and influence are equal and universal; they press alike on all. Hence security and safety, tranquility and peace.[36]"

"To secure their property was one of the great ends for which men entered society. The right to acquire and own property, and to deal with it and use it as the owner chooses so long as the use harms nobody, is a natural right. It does not owe its origin to constitutions. It existed before them. It is a part of the citizen's natural liberty, — an expression of his freedom, — guaranteed as inviolate by every American bill of rights': Spann v. Dallas, 111 Tex. 350, 235 S.W. 513... To bring this, and other like regulations,

---

[34] Meyer v. Nebraska, 262 U. S. 390, 399 (1923); see Dent v. West Virginia, 129 U. S. 114, 123-124 (1889)
[35] See 1 W. Blackstone, Commentaries [*]134. Under the 39th Article of the Magna Carta, an individual could not be deprived of this right of personal security "except by the legal judgment of his peers or by the law of the land." Perry & Cooper, supra, n. 33, at 17. By subsequent enactments of Parliament during the time of Edward III, the right was protected from deprivation except "by due process of law." See Shattuck, The True Meaning of the Term "Liberty," 4 Harv. L. Rev. 365, 372-373 (1891).
[36] VANHORNE'S LESSEE v. DORRANCE, 2 U.S. 304 (1795)

under the police power, would be to sweep away constitutional guarantees on the ownership of property. It is regulation run mad. . . [37]"

"When the power of the court is invoked to protect the right, the inquiry may be whether, in the case presented, the effect of applying the statute is to deprive the party of his property without due process of law[38]. For example, the Legislature has no power to take the property of one person and give it to another.[39] The right of acquiring, possessing and protecting property is anchored in the first section of the first article of our Constitution. This right is as old as Magna Carta. It lies at the foundation of our constitutional government, and is necessary to the existence of civil liberty and free institutions.[40]"

**26.** Investigation of the documented evidence, the papers and documents created by all the Defendants named within this action clearly evidence the misuse and misapplication of governmental processes used well beyond the scope for which the Pennsylvania Legislature intended and designed them to accomplish.

## FACTS RELEVANT TO ALL CLAIMS
**Plaintiff incorporates by reference the facts set forth above as if set forth herein full.**

**27.** It is a fact that Plaintiff, as one of the sovereign people of the Union State of Pennsylvania, has no knowledge or adequate evidence of any known duty or legal responsibility to perform any obligations with the BOROUGH OF RIDLEY PARK, or any of the other named defendants.

**28.** It is a fact that Plaintiff has inherent and indefeasible rights, opposed to the creature of the state doing business as the BOROUGH OF RIDLEY PARK, and the other named Defendants, doing business as creatures of statute, possessing no inherent powers or rights beyond those expressly granted to them by the Pennsylvania Legislature.

"A municipality is a creature of the state and possesses only such powers of government as are expressly granted to it and as are necessary to carry the same into effect.[41]"

"As we noted in City of Philadelphia v. Schweiker, 579 Pa. 591, 605, 858 A.2d 75, 84 (2004), municipalities are creatures of the state and have no inherent powers of their

---

[37] Medinger Appeal, 377 Pa. 217 - Pa: Supreme Court 1954
[38] Chase v. Trout, supra, at p. 359
[39] Gillan v. Hutchinson, 16 Cal. 153, 156
[40] Billings v. Hall, 7 Cal. 1, 6
[41] Gagliardi v. Ambridge Borough, 401 Pa. 141 - Pa: Supreme Court 1960

own. Moreover, a municipality ordinarily lacks the power to enact ordinances except as authorized by statute... Id.[42]"

**29.** The BOROUGH OF RIDLEY PARK COUNCIL members, creatures of the state, appear to be mis-trained to believe that they are lawmakers for the COMMONWEALTH OF PENNSYLVANIA.

> "It is a fundamental principle of our system of government that the rights of men are to be determined by the law itself, and not by the let or leave of administrative officers or bureaus. It is the prerogative of the legislative branch of the government to determine and declare what the law shall be, and the legislative branch may not delegate this function to executive or administrative officers.[43]"

**30.** The BOROUGH OF RIDLEY PARK, and the other named Defendants, appear to be mis-trained to believe that BOROUGH OF RIDLEY PARK ordinances and resolutions, are laws of Pennsylvania applicable to the Plaintiff's properties, just because the Plaintiff owns property in Ridley Park, Pennsylvania.

> "That a city ordinance is not law is obvious. An ordinance is defined to be a rule or regulation adopted by a municipal corporation. (emphasis removed and citation omitted);[44] determining that the word "law" used in a constitutional amendment referred to enactments by the General Assembly.[45] The term law, as defined by the elementary writers, emanates from the sovereignty and not from its creatures. The legislative power of the state is vested in the state legislature, and their enactments are the only instruments that can in any proper sense be called laws." (emphasis removed).[46]"

**31.** The Plaintiff's property rights are protected by the 14th Amendment to the Constitution, consisting of the free use, enjoyment, and disposal of his properties and acquisitions, without control or diminution by the municipal corporation doing business as the BOROUGH OF RIDLEY PARK.

> "The Federal Constitution and laws passed within its authority are, by the express terms of that instrument, made the supreme law of the land. The Fourteenth Amendment protects life, liberty, and property from invasion by the States without due process of law. Property is more than the mere thing which a person owns. It is elementary that it includes the right to acquire, use, and dispose of it. The Constitution protects these essential attributes of property. Holden v. Hardy, 169 U. S. 366, 169 U. S. 391.

---

[42] Spahn v. Zoning Bd. of Adjustment, 922 A. 2d 24 - Pa: Commonwealth Court 2007
[43] Thompson v. Smith, 155 Va. 367, 368-69 (Va. 1930)
[44] Maner v. Dykes, 183 Ga. 118, 187 S.E. 699, 702 (1936)
[45] See also Fennell v. Common Council of Bay City, 36 Mich. 186, 190, 1877 WL 3736, *3 (1877)
[46] Buckwalter v. Borough of Phoenixville, 985 A. 2d 728 - Pa: Supreme Court 2009.

Property consists of the free use, enjoyment, and disposal of a person's acquisitions without control or diminution save by the law of the land. 1 Blackstone's Commentaries (Cooley's Ed.), 127.[47]"

"When the power of the court is invoked to protect the right, the inquiry may be whether, in the case presented, the effect of applying the statute is to deprive the party of his property without due process of law.[48] For example, the Legislature has no power to take the property of one person and give it to another.[49] The right of acquiring, possessing and protecting property is anchored in the first section of the first article of our Constitution. This right is as old as Magna Charta. It lies at the foundation of our constitutional government, and is necessary to the existence of civil liberty and free institutions.[50]"

"It would be strange, indeed, if the legislature by creating a body politic or corporate to exercise a legislative function, could do indirectly what it may not do directly. It seems too plain for cavil that, if a mere creature of the legislature can do what the legislature itself is constitutionally prohibited from doing, the carefully designed [constitutional] prohibition... could be rendered useless. Such a result is not to be sanctioned.[51]"

# FACTS OF THE CASE

### Third-Party Fictitious Debt Collector Claims Made Through The USPS
**Plaintiff incorporates by reference the facts set forth above as if set forth herein full.**

**32.** Starting in 2019 and continuing to present day, third-party attorneys and Defendants, MICHELLE PORTNOFF, and ROBERT P. DADAY, used the United States Postal Service to devise a scheme or artifice[52] to defraud the Plaintiff of money and his properties, through deceptive, fraudulent, and fictitious claims that Plaintiff had debt obligations[53] to Defendant BOROUGH OF RIDLEY PARK, through averring repeatedly in their numerous mailings: *"This law firm is a debt collector, this is an attempt to collect a debt, and any information obtained will be used for that purpose"*. **See Exhibit B (Debt Collector Letter)**

**33.** Third-party attorneys and Defendants MICHELLE PORTNOFF and ROBERT P. DADAY purporting to act as debt collectors for Defendant BOROUGH OF RIDLEY PARK, starting in

---

[47] Buchanan v. Warley, 245 U.S. 60 (1917)
[48] Chase v. Trout, supra, at p. 359
[49] Gillan v. Hutchinson, 16 Cal. 153, 156
[50] Billings v. Hall, 7 Cal. 1, 6
[51] Buckwalter v. Borough of Phoenixville, 985 A. 2d 728 - Pa: Supreme Court 2009
[52] 18 U.S. Code § 1341 - Frauds and swindles
[53] 18 U.S. Code § 514 - Fictitious obligations

2019 to present day (4+ years), used the United States Postal Service to execute a mail fraud campaign to terrorize the Plaintiff, through harassment, extortion, and threats, with the intent of obtaining Plaintiff's money and properties, by means of false and fraudulent pretenses and representations; by depriving the Plaintiff of his properties, and of his peace, safety, and happiness[54].

**34.** The court in *Roethlein v. Portnoff Law Associates*, *LTD (2011)* saw fit to specifically define the term "debt":

> "The terms "debt" and "debtors" are terms of art. Long ago our Supreme Court explained that: Every debt of course is an obligation, but every obligation is not a debt... A debt is a sum or money due by contract, express or implied. But a tax is not a debt. It is not founded upon contract. It does not establish the relation of debtor and creditor between the taxpayer and the [governmental entity].[55] A debt arises from a contract... A tax, as explained by our Supreme Court, does not arise from a contract, and a delinquent taxpayer is not a "debtor".[56]"

### No Records of Debts Verified by Borough Manager's Affidavit

**35.** The Pennsylvania Office of Open Records which handles Pennsylvania Right to Know Record Request Appeals, affirmed that a request for information is also a request for a record, regardless of physical form or characteristics.

> "The term "record" is defined as "[information, regardless of physical form or characteristics....]" 65 P.S. § 67.102. Thus, by definition, a request that seeks information is a request for records. See Gingrich. No. 1254 C.D. 2011, 2012 Pa. Commw. Unpub. LEXIS 38 at *13 ("The RTKL defines 'record' as 'information', thus begging the question of how any request that seeks *information* is not one that seeks records.")[57]"... O.O.R. Appeals Officer Erin Burlew

**36.** In response to third-party attorneys and Defendants MICHELLE PORTNOFF and ROBERT P. DADAY'S fictitious debt collector claims, on the 23rd day of March 2022, Plaintiff sent Defendant BOROUGH OF RIDLEY PARK a formal Pennsylvania Right to Know Record Request, requesting the following records: **See Exhibit C3**

> *"Provide the legally and lawfully promulgated records that the Borough of Ridley Park relied on that evidence Alphonso Nicholas Faggiolo, the owner in "absolute" of the properties commonly known as 505 Johnson Avenue, Ridley Park, Pennsylvania; 215*

---

[54] Pennsylvania Constitution Article I § 2 - Political powers
[55] Roethlein v. Portnoff Law Associates, LTD (2011)
[56] In re Moorehead's Estate, 289 Pa. 542, 553, 137 A. 802, 806 (1927) (emphasis added) (citations omitted)
[57] Pennsylvania Appeals Officer Erin Burlew, Esq, 21 January 2022, regarding Pennsylvania Office of Open Records Appeal Docket No: AP 2022-0002

*Kane Avenue, Ridley Park, Pennsylvania; and 0 Kane Avenue, Ridley Park, Pennsylvania; is a debtor, that owes debts to the Persons doing business as the Borough of Ridley Park".*

**37.** In response to Plaintiff's request for records or information evidencing the claim of the Plaintiff owing Defendant BOROUGH OF RIDLEY PARK a debt: On or about the 9th day of May 2022, Manager and Defendant RICHARD TUTAK, speaking and acting for Defendant BOROUGH OF RIDLEY PARK, provided the Plaintiff a sworn affidavit and averred the following: **See Exhibit C3A**

> *"...the Borough has made a good faith effort to locate any document which fulfills this request and has found that there is no record or document that exists in the possession or control of the Borough which satisfies this request. Accordingly, Mr. Faggiolo's request should be denied".*

**38.** In response to third-party attorneys and Defendants MICHELLE PORTNOFF and ROBERT P. DADAY'S fictitious debt claims, on the 23rd day of March 2022, Plaintiff sent Defendant BOROUGH OF RIDLEY PARK a formal Pennsylvania Right to Know Record Request, requesting the following records: **See Exhibit C4**

> *"Provide the legally and* lawfully *promulgated records the Borough of Ridley Park relied on that evidence a debt of any kind, whatsoever, is owed to the Borough of Ridley Park, for the properties commonly known as 505 Johnson Avenue, Ridley Park, Pennsylvania; 215 Kane Avenue, Ridley Park, Pennsylvania; and 0 Kane Avenue, Ridley Park, Pennsylvania".*

**39.** In response to Plaintiff's request for records or information evidencing the claim that a debt of any kind, whatsoever, is owed to the BOROUGH OF RIDLEY PARK, for the properties commonly known as 505 Johnson Avenue, Ridley Park, Pennsylvania; 215 Kane Avenue, Ridley Park, Pennsylvania; and 0 Kane Avenue, Ridley Park, Pennsylvania: On or about the 9th day of May 2022, Defendant RICHARD TUTAK, speaking and acting for Defendant BOROUGH OF RIDLEY PARK, provided the Plaintiff a sworn affidavit and averred the following: **See Exhibit C4A**

> *"...the Borough has made a good faith effort to locate any document which fulfills this request and has found that there is no record or document that exists in the possession or control of the Borough which satisfies this request. Accordingly, Mr. Faggiolo's request should be denied".*

**40.** It defies logic and is incredulous that Defendant RICHARD TUTAK, speaking and acting for Defendant BOROUGH OF RIDLEY PARK, had no records of a contract or information

evidencing a "debt of any kind whatsoever" was owed by the Plaintiff or the Plaintiff's properties, to the BOROUGH, given the fact that third-party attorneys and Defendants MICHELLE PORTNOFF and ROBERT P. DADAY, repeatedly used, and continue to use, the United States Postal Service to terrorize, harass, extort, and threaten the Plaintiff about purported debts owed to the BOROUGH.

> "Whoever, with the intent to defraud utilizes interstate or foreign commerce, including the use of the mails or wire, radio, or other electronic communication, to transmit, transport, ship, move, transfer, or attempts or causes the same, to, from, or through the United States, any false or fictitious instrument, document, or other item appearing, representing, purporting, or contriving through scheme or artifice, to be an actual security or other financial instrument issued under the authority of the United States, a foreign government, a State or other political subdivision of the United States, or an organization, shall be guilty of a class B felony.[58]"

**41.** Third-party attorneys and Defendants MICHELLE PORTNOFF and ROBERT P. DADAY, starting in 2019 to Present day, had no evidence of an "express or implied" contract between Defendant BOROUGH OF RIDLEY PARK and the Plaintiff that created a debt, wherefore the foregoing Defendants induced the Plaintiff and others to rely on false and/or misleading written statements for the purpose of obtaining property or credit from the Plaintiff which exceeded $2,000.[59] A violation of this section constitutes a felony of the third degree if the amount involved exceeds $2,000[60].

### Third-Party Attorney Forges Three Liens Against Plaintiff's Properties

**42.** On the 27th day of July 2021, Prothonotary and Defendant MARY J. WALK and/or WALK'S OJS, and third-party attorney and Defendant ROBERT P. DADAY, acted under color of the Municipal Claim and Tax Lien Law, without any appearance of due process or the rule of law, and violated Pa. R.C.P. 231 § 1007 by commencing three purported "In Rem" civil actions against the Plaintiff's properties, designated as CV-2021-062985, CV-2021-062986, CV-2021-062988, without the filing of a (1) a praecipe for a writ of summons or (2) a complaint, and with no service of process provided to the Plaintiff. **See Exhibits D1, D2, D3**

---

[58] 18 U.S. Code § 514 - Fictitious obligations (a)(3)
[59] Pennsylvania Code Title 18 § 4107. Deceptive or fraudulent business practices, a(6)
[60] Pennsylvania Code Title 18 § 4107. Deceptive or fraudulent business practices, (a.1) Grading of offenses 1(i)

**43.** On the 27th day of July 2021, third-party attorney and Defendant ROBERT P. DADAY acted under color of the Municipal Claim and Tax Lien Law, without any appearance of due process or the rule of law, by uttering writings to the DELAWARE COUNTY COURT OF COMMON PLEAS' OJS, who then entered three forged and fictitious non-court rendered municipal liens designated as cases CV-2021-062985, CV-2021-062988, and CV-2021-062986, against the Plaintiff's non-commercial properties, in the amount of $3,744.98 (**See Exhibit D1**), $3,381.40 (**See Exhibit D2**), $117.69 (**See Exhibit D3**) for a total of ($7,244.07); with the intent to financially benefit himself and others not entitled thereto.

> "Today, the General Assembly continues to differentiate between the legal claims arising from these two types of assessments, calling claims arising from unpaid general taxes "tax claims" and claims arising from unpaid special taxes "municipal claims." Specifically, Section 7101 of the Act defines a "tax claim" as a "claim filed to recover taxes." 53 P.S. § 7101. Meanwhile, "municipal claim" is defined by Section 7101 as a claim arising out of or resulting from a tax assessed by a municipality to recover for a taxpayer's benefits from local improvements, services supplied, work done, or improvements authorized and undertaken by the municipality, although the assessment amount is not definitely ascertained at the time of the claim and a lien has not yet been filed.[61] Thus, the Act makes an explicit distinction between tax claims filed as a result of unpaid general taxes and municipal claims filed as a result of unpaid special taxes.[62]"

**44.** On the 27th day of July 2021, Prothonotary and Defendant MARY JANE WALK and/or WALK'S OJS, acted under color of the Municipal Claim and Tax Lien Law, and violated Pa. Code 231 R.C.P §236 - Notice by Prothonotary of Entry of Order or Judgment, by mailing Plaintiff three notices of judgment for the cases designated as CV-2021-062985, CV-2021-062988, and CV-2021-062986, without providing the Plaintiff a copy of three court-rendered judgments issued by a judge from a court of competent jurisdiction, pursuant to Pa. R.C.P. 236(a)(2). **See Exhibits D1, D2, D3, E1, E2, E3**

> **Rule 236. Notice by Prothonotary of Entry of Order or Judgment.**
> (a)  The prothonotary shall immediately give written notice of the entry of

---

[61] See id.; e.g., Township of W. Manchester v. Mayo, 746 A.2d 666 (Pa. Commw.2000) (action to enforce municipal claim for refuse collection and disposal); Chartiers Valley Sch. Dist. v. Va. Mansions Apts., Inc., 340 Pa.Super. 285, 489 A.2d 1381 (1985) (action to enforce municipal claim for expectancy of additional tax revenues); City of Phila. to Use of Tony De Paul & Son v. Magnolia Cemetery Co., 220 Pa.Super. 424, 289 A.2d 191 (1972) (action to enforce municipal claim for paving and installing curbing);
[62] Pentlong Corp. v. GLS Capital, Inc., 820 A. 2d 1240 - Pa: Supreme Court 2003

(2) any other order or judgment to each party's attorney of record or, if unrepresented, to each party. The notice shall include a copy of the order or judgment.

"Authority to record a judgment is ordinarily vested in the clerk of court, and in the absence of proof to the contrary it will be presumed that a judgment rendered by a court of general jurisdiction was authoritatively entered by the clerk.[63] As a general rule, the clerk of court has a mandatory, non-discretionary duty to record, in the appropriate civil order book in her office, a final judgment order entered in a civil action and endorsed for entry by the signature of the judge of the court.[64] A judgment creditor has the right to have his judgment recorded;[65] and docketed so that it may operate as a lien.[66]"

**45.** Prothonotary and Defendant MARY JANE WALK and/or the court's OJS, and third-party attorney and Defendant ROBERT P. DADAY, appear to be mis-trained to believe WALK and the OJS possesses "judicial authority" to enter judgments and orders against the Plaintiff and/or Plaintiff's non-commercial properties acting of their own accord, without any appearance of due process or the rule of law.

"The actual entry of an order or judgment is an act requiring judicial authority.[67] Thus, the clerk can only enter the judgment announced by the court.[68] A judgment entered without previous judicial action by the court is void.[69] The judicial authority reposed in the trial judge and the proper functioning of his office in rendering judgment cannot be dependent upon the ministerial function of the court clerks in recording that fact.[70] It also follows that because the judicial authority is exercised exclusively by the trial judge during the pendency of his office, that authority ends when the office is vacated.[71]"

---

[63] Brady v Gilman, 96 Minn 234, 104 NW 897

[64] Echard v Parkersburg, 187 W Va 350, 419 SE2d 14; As to liability of a clerk for failure to docket a judgment, see 15 Am Jur 2d, Clerks of Court § 37; Forms: Stipulation for entry of judgment by clerk. 15 Am Jur Pl & Pr Forms (Rev), Judgments, Form 31; Clerk's certificate–Copy of judgment. 15 Am Jur Pl & Pr Forms (Rev), Judgments, Forms 52-54

[65] Rollins v Bazile, 205 Va 613, 139 SE2d 114; Forms: Clerk's certificate–Judgments outstanding against judgment debtor; 15 Am Jur Pl & Pr Forms (Rev), Judgments, Form 55

[66] McKittrick v Cahoon, 89 Minn 383, 95 NW 223; Judgment liens are discussed in §§ 360 et seq

[67] Atlanta General Tires, Inc. v Williams, 186 Ga App 677, 368 SE2d 333 (under statute); Although a judge may seek assistance from a prevailing party in preparing the judgment, it remains emphatically the province and a responsibility of the judge to ascertain that the judgment is timely entered. Ward v Lupinacci (App) 111 Idaho 40, 720 P2d 223.

[68] Miller v Miller (Okla) 664 P2d 1032

[69] Miller v Miller (Okla) 664 P2d 1032 (a recital in the clerk's minutes that "the court renders judgment for the defendant's per journal entry to be filed" did not constitute a judgment where the trial court's judgment did not appear in the record).

[70] Cirro Wrecking Co. v Roppolo, 153 Ill 2d 6, 178 Ill Dec 750, 605 NE2d 544

[71] Cirro Wrecking Co. v Roppolo, 153 Ill 2d 6, 178 Ill Dec 750, 605 NE2d 544

**No Records of Who Directed and Authorized Making and Filing Three Liens**

**46.** In response to third-party attorney and Defendant ROBERT P. DADAY'S three forged and fictitious liens filed against the Plaintiff's properties on the 27th day of July 2021, on the 23rd day of March 2022, Plaintiff sent Defendant BOROUGH OF RIDLEY PARK a formal Pennsylvania Right to Know Record Request, requesting the following records: **See Exhibit C10**

> *"Provide a record of who, EXACTLY, from the Borough of Ridley Park directed and authorized Portnoff Law Associates to file Municipal Claims against 505 Johnson Avenue, Ridley Park, Pennsylvania; 215 Kane Avenue, Ridley Park, Pennsylvania; and 0 Kane Avenue, Ridley Park, Pennsylvania".*

**47.** In response to Plaintiff's request for records or information of who EXACTLY from Defendant BOROUGH OF RIDLEY PARK directed and authorized third-party attorney and Defendant ROBERT P. DADAY to create and file municipal liens against the Plaintiff's properties: On or about the 9th day of May 2022, manager and Defendant RICHARD TUTAK, speaking and acting for Defendant BOROUGH OF RIDLEY PARK, provided the Plaintiff a sworn affidavit and averred the following: **See Exhibit C10A**

> *"... the Borough has made a good faith effort to locate any document which fulfills this request and has found that there is no record or document which exists in the possession or control of the Borough which satisfies this request...the Borough is not required to create a record which does not currently exist or to compile, maintain format or organize a record in the manner in which the agency does not currently compile, maintain format or organize the record. Accordingly, Mr. Faggiolo's request should be denied".*

**48.** *"Richard Tutak is the Borough Manager for the BOROUGH OF RIDLEY PARK. In his capacity as Borough* Manager*, Mr. Tutak is responsible for maintaining the Borough ordinances and resolutions...The Borough of Ridley Park hired Portnoff Law Associates to collect...municipal claims..."...**BARRY C. DOZOR***

**49.** Defendant BOROUGH OF RIDLEY PARK manager RICHARD TUTAK'S response defies logic and is incredulous, given the fact that TUTAK is responsible for maintaining BOROUGH ordinances and resolutions, yet TUTAK averred under penalty of perjury that the BOROUGH had no records or information as to who, EXACTLY, from the BOROUGH, directed and authorized third-party attorney and Defendant ROBERT P. DADAY, to create and file three municipal liens against the Plaintiff's properties.

21

> "A person is guilty of perjury, a felony of the third degree, if in any official proceeding he makes a false statement under oath or equivalent affirmation, or swears or affirms the truth of a statement previously made, when the statement is material and he does not believe it to be true."[72]

**50.** If BOROUGH OF RIDLEY PARK manager and Defendant RICHARD TUTAK, who had well over 30+ days in a Pennsylvania Right to Know Record Request, doesn't know who, EXACTLY, from the BOROUGH directed and authorized third-party attorney and Defendant ROBERT P. DADAY to create and file three municipal liens against the Plaintiff's properties, then a **"reasonable man"** could only conclude that no one from the BOROUGH directed and authorized DADAY, and that DADAY acted of his own accord, and created and filed the three liens in the BOROUGH'S name, without any direction and authorization from anyone employed by the BOROUGH.

> "A person is guilty of forgery if, with intent to defraud or injure anyone, or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor (1) alters any writing of another without his authority; (2) makes, completes, executes, authenticates, issues or transfers any writing so that it purports to be the act of another who did not authorize that act, or to have been executed at a time or place or in a numbered sequence other than was in fact the case, or to be a copy of an original when no such original existed; or (3) utters any writing which he knows to be forged in a manner specified in paragraphs (1) or (2) of this subsection".[73]

**51.** Either BOROUGH OF RIDLEY PARK manager and Defendant RICHARD TUTAK perjured himself in his affidavit, or third-party attorney and Defendant ROBERT P. DADAY acted of his own accord, without any appearance of due process or the rule of law, with no legal authority whatsoever, and created and filed three forged and fictitious municipal liens against the Plaintiff's three properties.


### Plaintiff Is Not A Borough Resident Or Non-Resident Pursuant To Statute

**52.** Named Defendants, acting as creatures of the state and/or creatures of statute, are unable to show a statutory procedure where power was plainly and unmistakably conferred and expressly granted by the Pennsylvania Legislature, to the BOROUGH OF RIDLEY PARK, to impose municipal ordinances and resolutions against the Plaintiff's three non-commercial properties.

---

[72] 18 PA Cons Stat § 4902 - Perjury
[73] 18 PA Cons Stat § 4101 - Forgery

**53.**  In response to third-party attorney and Defendant ROBERT P. DADAY'S three forged and fictitious liens filed against the Plaintiff's non-commercial properties on the 27th day of July 2021, for BOROUGH OF RIDLEY PARK ordinances and resolutions, on the 23rd day of March 2022, Plaintiff sent Defendant BOROUGH OF RIDLEY PARK a formal Pennsylvania Right to Know Record Request, requesting the following records: **See Exhibit C7**

> *"Provide the legally and lawfully promulgated records that the Borough of Ridley Park relied on that evidence Borough of Ridley Park "Ordinances and Resolutions" apply to Alphonso Nicholas Faggiolo and/or his properties, commonly known as 505 Johnson Avenue, Ridley Park, Pennsylvania; 215 Kane Avenue, Ridley Park, Pennsylvania; and 0 Kane Avenue, Ridley Park, Pennsylvania".*

**54.** In response to Plaintiff's request for records or information that the Defendant BOROUGH OF RIDLEY PARK relied on that evidence BOROUGH "Ordinances and Resolutions" apply to Alphonso Nicholas Faggiolo and/or his properties, commonly known as 505 Johnson Avenue, Ridley Park, Pennsylvania; 215 Kane Avenue, Ridley Park, Pennsylvania; and 0 Kane Avenue, Ridley Park, Pennsylvania: On or about the 9th day of May 2022, Defendant RICHARD TUTAK, speaking and acting for Defendant BOROUGH OF RIDLEY PARK, provided the Plaintiff a sworn affidavit and averred the following: **See Exhibit C7A**

> *"Initially, the foregoing requests the Borough to determine the sources of legal authority relative to the real estate taxes and assessment placed upon Mr. Faggiolo's properties by the County of Delaware. Such request necessitates legal research…the Borough has made a good faith effort to locate any document which fulfills this request and has found that there is no record or document that exists in the possession or control of the Borough which satisfies this request. Accordingly, Mr. Faggiolo's request should be denied".*

**55.** Defendant BOROUGH OF RIDLEY PARK manager and Defendant RICHARD TUTAK, speaking and acting for the BOROUGH, admitted that the BOROUGH required further legal research to understand whether the BOROUGH has legal authority to impose municipal ordinances and resolutions against Plaintiff's properties. Further, TUTAK admitted that the BOROUGH does not possess any records or information to support their custom, practice, and policy, of imposing BOROUGH ordinances and resolutions (a.k.a. rules or regulations) against the Plaintiff's properties.

**56.** In response to third-party attorney and Defendant ROBERT P. DADAY'S three forged and fictitious liens filed against the Plaintiff's properties on the 27th day of July 2021, on the 23rd

day of March 2022, Plaintiff sent Defendant BOROUGH OF RIDLEY PARK a formal Pennsylvania Right to Know Record Request, requesting the following records: **See Exhibit C6**

> *"Provide the legally and lawfully promulgated records the Borough of Ridley Park relied on that evidence "Pennsylvania Statutes Title 53" applies to Alphonso Nicholas Faggiolo and/or his property commonly known as 505 Johnson Avenue, Ridley Park, Pennsylvania; 215 Kane Avenue, Ridley Park, Pennsylvania; and 0 Kane Avenue, Ridley Park, Pennsylvania".*

**57.** In response to Plaintiff's request for records or information that Defendant BOROUGH OF RIDLEY PARK relied on that evidence Pennsylvania Statutes Title 53 applies to Alphonso Nicholas Faggiolo and/or his properties, commonly known as 505 Johnson Avenue, Ridley Park, Pennsylvania; 215 Kane Avenue, Ridley Park, Pennsylvania; and 0 Kane Avenue, Ridley Park, Pennsylvania: On or about the 9th day of May 2022, Defendant RICHARD TUTAK, speaking and acting for Defendant BOROUGH OF RIDLEY PARK, provided the Plaintiff a sworn affidavit and averred the following: **See Exhibit C6A**

> *"...the Borough has made a good faith effort to locate any document which fulfills this request and has found that there is no record or document with exists in the possession or control of the Borough which satisfies this request...the Borough is not required to create a record which does not currently exist or to compile, maintain format or organize a record in the manner in which the agency does not currently compile, maintain format or organize the record. Accordingly, Mr. Faggiolo's request should be denied."*

**58.** In response to third-party attorney and Defendant ROBERT P. DADAY'S three forged and fictitious filed liens against the Plaintiff's properties on the 27th day of July 2021, on the 23rd day of March 2022, Plaintiff sent Defendant BOROUGH OF RIDLEY PARK a formal Pennsylvania Right To Know Record Request, requesting the following records: **See Exhibit C8**

> *"Provide the legally* and *lawfully promulgated records that the Borough of Ridley Park relied on that evidence Alphonso Nicholas Faggiolo and/or his property, commonly known as 505 Johnson Avenue, Ridley Park, Pennsylvania; 215 Kane Avenue, Ridley Park, Pennsylvania; and 0 Kane Avenue, Ridley Park, Pennsylvania; are Subjects of Taxation, and that Alphonso Nicholas Faggiolo is a Taxpayer pursuant to the Commonwealth of Pennsylvania tax codes".*

**59.** In response to Plaintiff's request for records or information that the BOROUGH OF RIDLEY PARK relied on that evidence Alphonso Nicholas Faggiolo and/or his property,

commonly known as 505 Johnson Avenue, Ridley Park, Pennsylvania; 215 Kane Avenue, Ridley Park, Pennsylvania; and 0 Kane Avenue, Ridley Park, Pennsylvania; are Subjects of Taxation, and that Alphonso Nicholas Faggiolo is a Taxpayer pursuant to the Commonwealth of Pennsylvania tax codes: On or about the 9th day of May 2022, Defendant RICHARD TUTAK, speaking and acting for Defendant BOROUGH OF RIDLEY PARK, provided the Plaintiff a sworn affidavit and averred the following: **See Exhibit C8A**

> *"Initially, the foregoing requests the Borough to determine the sources of legal authority relative to the real estate taxes and assessment placed upon Mr. Faggiolo's properties by the County of Delaware. Such request necessitates legal research and as such is not a request for a specific document...the Borough has made a good faith effort to locate any document which fulfills this request and has found that there is no record or document that exists in the possession or control of the Borough which satisfies this request. Accordingly, Mr. Faggiolo's request should be denied".*

**60.** In response to third-party attorney and Defendant ROBERT P. DADAY'S three forged and fictitious filed liens against the Plaintiff's properties on the 27th day of July 2021, on the 23rd day of March 2022, Plaintiff sent Defendant BOROUGH OF RIDLEY PARK a formal Pennsylvania Right to Know Record Request, requesting the following records: **See Exhibit C1**

> *"Provide the legally and lawfully promulgated records* the *Borough of Ridley Park relied on that evidence there is a Taxable Situs for the property, commonly known as 505 Johnson Avenue, Ridley Park, Pennsylvania; 215 Kane Avenue, Ridley Park, Pennsylvania; and 0 Kane Avenue, Ridley Park, Pennsylvania".*

**61.** In response to Plaintiff's request for records or information that Defendant BOROUGH OF RIDLEY PARK relied on that evidence there is a Taxable Situs for the Plaintiff's properties: On or about the 9th day of May 2022, Defendant RICHARD TUTAK, speaking and acting for Defendant BOROUGH OF RIDLEY PARK, provided the Plaintiff a sworn affidavit and averred the following: **See Exhibit C1A**

> *"Initially, the foregoing request would require the Borough to determine the* sources *of legal authority relative to the real estate taxes and assessment placed upon Mr. Faggiolo's properties by the County of Delaware...the Borough has made a good faith effort to locate any document which fulfills this request and has found that there is no record or document that exists in the possession or control of the Borough which satisfies this request. Accordingly, Mr. Faggiolo's request should be denied."*

**62.** Named Defendants have no evidence of the Plaintiff being a taxpayer pursuant to statute or evidence of Plaintiff's property having a taxable situs pursuant to the Local Tax Enabling Act and Pennsylvania Statutes Title 53.

> "A situs acquired for tax purposes by one who has carried on business in the state more or less permanent in its nature. A situs arising when notes, mortgages, tax sale certificates and like are brought into the state for something more than a temporary purpose, and are devoted to some business use there and thus become incorporated with the property of the state for revenue purpose. A situs arising where possession and control of property right has been localized in some independent business or investment away from owner's domicile so that its substantial use and value primarily attach to and become an asset of the outside business.[74]"

**63.** Pennsylvania Statutes Title 53 and the Local Tax Enabling Act strictly construct to Defendant BOROUGH OF RIDLEY PARK that Taxpayers are required to file a Return, therefore without a return from the Plaintiff, and with no records, information, or understanding, of its own taxing authority, the BOROUGH had a fiduciary duty to remove the Plaintiff's non-commercial properties from its tax roll and cease all legal actions against the Plaintiff and Plaintiff's properties.

> "Taxpayer: An individual required under this subpart to file a tax return or to pay a tax.[75] Taxpayer: A person or business required under this act to file a return of an income tax or to pay an income tax. The term includes a person or business that filed a return of taxable income during the prior year but that had no taxable income during the current year and was required by the tax collector to file a final return indicating why the person or business no longer has taxable income. The term does not include a person or business with no taxable income, which person or business shall not be required to file a return of income or to pay an income tax under this act.[76]"

**64.** Clearly, as evidenced by BOROUGH OF RIDLEY PARK manager RICHARD TUTAK'S sworn affidavit, the BOROUGH OF RIDLEY PARK has no understanding whatsoever of the COMMONWEALTH OF PENNSYLVANIA tax statutes, which the Pennsylvania Legislature has tasked the BOROUGH with collecting, wherefore the BOROUGH has instead turned over the reins to third-party attorneys MICHELLE PORTNOFF and ROBERT P. DADAY, who the BOROUGH have failed to monitor and control, allowing PORTNOF and DADAY to run

---

[74] State vs. Atlantic Oil Producing Co., 174 Okl. 61, 49 P.2d534, 538
[75] 53 PA Cons Stat § 8401 (2021)
[76] Local Tax Enabling Act, The, Act of Dec. 31, 1965, P.L. 1257, No. 511

amuck, and trample the Plaintiff's rights, and to commit multiple documented felonies against the Plaintiff.

# NAMED DEFENDANTS ACTED IN CLEAR
# ABSENCE OF ALL JURISDICITION

## Clear Absence Of In Rem Jurisdiction Over Plaintiff's Properties

**Plaintiff incorporates by reference the facts set forth above as if set forth herein full.**

**65.** It's a FACT that named Defendants have no title of ownership or interest in the Plaintiff's property, required to bring and maintain an in-rem action against the Plaintiff's properties.

> "It is true that, in a strict sense, a proceeding "in rem" is one taken directly against property, and has for its object the disposition of property, without reference to the title of individual claimants; but, in a larger and more general sense, the terms are applied to actions between parties, where the direct object is to reach and dispose of property owned by them, or of some interest therein.[77]"

**66.** It's a FACT that named Defendants possess no rights in Plaintiff's properties to enforce, making an In-Rem action against the Plaintiff's property, an impossibility of law.

> "In the strict sense of the term, a proceeding "in rem" is one which is taken directly against property or one which is brought to enforce a right in the thing itself.[78]"

**67.** In response to third-party attorney and Defendant ROBERT P. DADAY'S three forged and fictitious filed liens filed as In Rem actions against the Plaintiff's properties on the 27th day of July 2021, on the 23rd day of March 2022, Plaintiff sent Defendant BOROUGH OF RIDLEY PARK a formal Pennsylvania Right To Know Record Request, requesting the following records: **See Exhibit C2**

> *"Provide the* legally *and lawfully promulgated records the Borough of Ridley Park relied on, that evidence the Borough of Ridley Park has ownership, interest, or rights, in the property commonly known as 505 Johnson Avenue, Ridley Park, Pennsylvania".*

**68.** In response to Plaintiff's request for records or information that Defendant BOROUGH OF RIDLEY PARK relied on that evidence the BOROUGH has ownership, interest, or rights, in

---

[77] Pennoyer v. Neff, 95 U.S. 734, 24 L. Ed. 565; Continental Gin Co. v. Arnold, 66 Oki. 132, 167 P. 613, 617, L.R.A.1918B, 511.
[78] Austin v. Royal League, 316 Ill. 188, 147 N.E. 106, 109.

the Plaintiff's properties commonly known as 505 Johnson Avenue, Ridley Park, Pennsylvania; 215 Kane Avenue, Ridley Park, Pennsylvania; and 0 Kane Avenue, Ridley Park, Pennsylvania: On or about the 9th day of May 2022, Defendant RICHARD TUTAK, speaking for Defendant BOROUGH OF RIDLEY PARK, provided the Plaintiff a sworn affidavit and averred the following: **See Exhibit C2A**

> *"Initially, the foregoing request would require the Borough to determine the sources of legal authority relative to the real estate taxes and assessment placed upon Mr. Faggiolo's properties by the County of Delaware. Such request necessitates legal research...the Borough has made a good faith effort to locate any document which fulfills this request and has found that there is no record or document with exists in the possession or control of the Borough which satisfies this request...the Borough is not required to create a record which does not currently exist or to compile, maintain format or organize a record in the maimer in which the agency does not currently compile, maintain format or organize the record. Accordingly, Mr. Faggiolo's request should be denied".*

**69.** It's a FACT that the Plaintiff did not breach any laws whatsoever to warrant a forfeiture of his properties in a sheriff sale, nor does third-party attorney ROBERT P. DADAY possess title of ownership and interest to sell Plaintiff's properties, without any appearance of due process or the rule of law. **See Exhibit M1**

> "Such are cases commenced by attachment against the property of debtors, or instituted to partition real estate, foreclose a mortgage, or enforce a lien. So far as they affect property in this state, they are substantially proceedings in rem in the broader sense which we have mentioned.[79] A proceeding "in rem" is in effect a proceeding against the owner, as well as a proceeding against the goods, for it is his breach of the law which has to be proven to establish the forfeiture, and it is his property which is sought to be forfeited.[80]"

**70.** In response to third-party attorney and Defendant ROBERT P. DADAY'S three forged and fictitious liens against the Plaintiff's three properties as In Rem actions for a breach of the law filed on the 27th day of July 2021, on the 23rd day of March 2022, Plaintiff sent Defendant BOROUGH OF RIDLEY PARK a formal Pennsylvania Right to Know Record Request, requesting the following records: **See Exhibit C5**

> *"Provide the legally and lawfully promulgated records the Borough of Ridley Park relied on that evidence Alphonso Nicholas Faggiolo, the owner in "absolute" of the property commonly known as 505 Johnson Avenue, Ridley Park, Pennsylvania; 215*

---

[79] Pennoyer v. Neff, 95 U.S. 734, 24 L. Ed. 565; Continental Gin Co. v. Arnold, 66 Oki. 132, 167 P. 613, 617, L.R.A.1918B, 511.
[80] Mack v. Westbrook, 148 Ga. 690, 98 S.E. 339, 343

*Kane Avenue, Ridley Park, Pennsylvania; and 0 Kane Avenue, Ridley Park, Pennsylvania breached the law".*

**71.** In response to Plaintiff's request for records or information that the BOROUGH OF RIDLEY PARK relied on that evidence Alphonso Nicholas Faggiolo, the owner in "absolute" of the property commonly known as 505 Johnson Avenue, Ridley Park, Pennsylvania; 215 Kane Avenue, Ridley Park, Pennsylvania; and 0 Kane Avenue, Ridley Park, Pennsylvania; breached the law: On or about the 9th day of May 2022, Defendant RICHARD TUTAK, speaking and acting for Defendant BOROUGH OF RIDLEY PARK, provided the Plaintiff a sworn affidavit and averred the following: **See Exhibit C5A**

> *"...the Borough has made a good faith effort to locate any document which fulfills this request and has found that there is no record or document that exists in the possession or control of the Borough which satisfies this request...the Borough is not required to create a record which does not currently exist or to compile, maintain format or organize a record in the manner in which the agency does not currently compile, maintain format or organize the record. Accordingly, Mr. Faggiolo's request should be denied".*

**72.** On or about the 9th day of May 2022, when Defendant RICHARD TUTAK, speaking and acting for Defendant BOROUGH OF RIDLEY PARK, admitted to having no records of ownership, interest, or rights in Plaintiff's property, and further admitted that the BOROUGH had no understanding of its own taxing authority in relation to Plaintiff's properties, without having to do further legal research; TUTAK and the BOROUGH had a fiduciary duty to halt all purported legal actions against the Plaintiff's properties, and to cease all further actions against Plaintiff's properties, until it understood its expressly granted powers.

**73.** On the 27th day of July 2021, Prothonotary and Defendant MARY JANE WALK and/or WALK'S OFFICE OF JUDICIAL SUPPORT acted under color of the Municipal Claim and Tax Lien Law, without any appearance of due process or the rule of law, and created "In Rem" civil actions against the Plaintiff's three properties designated as CV-2021-062985, CV-2021-062986, CV-2021-062988, wherefore constructively seizing the Plaintiff's properties in violation of Pennsylvania Constitution Article 1 § 8 (Security from searches and seizures).

> "The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without

probable cause, supported by oath or affirmation subscribed to by the affiant.[81] In a proceeding in rem the court acquires jurisdiction over the property by its seizure, and of the subsequent proceedings by public citation to the world, of which the owner is at liberty to avail himself by appearing as a claimant in the case.[82]"

**74.** All named Defendants acted under color of the Municipal Claim and Tax Lien Law, without any appearance of due process or the rule of law, and CONSTRUCTIVELY SEIZED the Plaintiff's properties, by allowing third-party attorney and Defendant ROBERT P. DADAY to commence and to participate in the maintaining of three "In Rem" actions against the Plaintiff's properties, without either DADAY or the BOROUGH OF RIDLEY PARK, possessing title of ownership or interest in the Plaintiff's properties.

### Clear Absence Of In Personam Jurisdiction Over Plaintiff

**75.** On or about 27th of July 2021, third-party attorney and Defendant ROBERT P. DADAY commenced three "In Rem" actions designated as CV-2021-062985, CV-2021-062986, CV-2021-062988, without the filing of complaints, in violation of Pa. R.C.P. 231 § 1007(2), and DADAY FAILED to provide service of process to the Plaintiff, in violation of Pa. R.C.P. 231 § 410 (Real Property Actions).

> "Service In Particular Actions, Rule 410 - Real Property Actions (a): In actions involving title to, interest in, possession of, or charges or liens upon real property, original process shall be served upon the defendant in the manner provided by Rule 400 et seq.[83] Rule 400 Person to Make Service (a): Except as provided in subdivisions (b) and (c) and in Rules 400.1 and 1930.4, original process shall be served within the Commonwealth only by the sheriff.[84]"

**76.** Third-party attorney and Defendant ROBERT P. DADAY'S simulation of legal process and FAILURE to follow standard legal process by the filing of complaints pursuant to Pa. R.C.P. 231 § 1007(2), and failure to serve process pursuant to Pa. R.C.P. 231 § 410 (Real Property Actions), denied all named Defendants and the DELAWARE COUNTY COURT OF COMMON PLEAS of in personam jurisdiction to take any actions whatsoever against the Plaintiff and/or Plaintiff's properties.

---

[81] Pennsylvania Constitution Article 1 § 8 - Security from searches and seizures
[82] Gathwright v Baltimore, 181 Md 362, 30 A2d 252, 145 ALR 590
[83] 231 Pa. Code Rule 410. Real Property Actions
[84] 231 Pa. Code Rule 400. Person to Make Service

"Proper service is a prerequisite to a court acquiring personal jurisdiction over a defendant. A party may file preliminary objections for lack of personal jurisdiction or improper service of a complaint. Pa. R.C.P. No. 1028(a)(1). The burden to comply with all procedural rules lies with the plaintiff who chose to initiate the suit.[85] A defect in service is not a harmless procedural error. Therefore, the rules concerning service of process must be strictly followed.[86] The return of service itself must demonstrate that the service was made in conformity with the Pennsylvania Rules of Civil Procedure.[87]"

### Clear Absence Of Subject Matter Jurisdiction Involving Plaintiff's Properties

**77.** There are no facts or evidence on the record to support that the BOROUGH OF RIDLEY PARK filed three "lawful" municipal claims, pursuant to 53 P.S. § 7106(a), against the Plaintiff's three non-commercial properties, used only for shelter as homes of the Plaintiff.

**78.** ALL evidence proves otherwise, and that the liens were imposed illegally, and factually created and filed by third-party attorney and Defendant ROBERT P. DADAY, acting of his own accord, verified by BOROUGH OF RIDLEY PARK manager and Defendant RICHARD TUTAK'S sworn affidavit, averring that the BOROUGH has no records or information as to who EXACTLY directed and authorized DADAY to create and file three municipal liens against the Plaintiff's three non-commercial properties, for which neither DADAY, nor the BOROUGH, possess Title of ownership or interest in.

**79.** The Plaintiff is unaware of any statutory law, from the Pennsylvania Legislature, that expressly grants third-part attorneys and Defendants MICHELLE PORTNOFF and ROBERT P. DADAY, the power and authority to create and file non-court rendered property liens, fictitious Judicial writs of scire facias, fictitious Judicial writs of execution, and then selling the Plaintiff's properties/homes, just because the third-party attorney created and filed three municipal liens in the name of the BOROUGH OF RIDLEY PARK. These actions are clearly illegal and violative of the Plaintiff's, and others similarly situated to the Plaintiff's, secured rights to own, acquire, possess, and protect property, pursuant to Pennsylvania Constitution Article 1 § 1.

---

[85] Fraisar v. Gillis, 892 A.2d 74 (Pa. Cmwlth. 2006)
[86] Cintas Corp. v. Lee's Cleaning Servs., 700 A.2d 915, 917 (Pa. 1997)
[87] City of Phila. v. Berman, 863 A.2d 156, 160 (Pa. Cmwlth. 2004)

# STATEMENT OF FACTS

## Prothonotary and Third-Party Attorney Executing Unlawful Judicial Writs

**Plaintiff incorporates by reference the facts set forth above as if set forth herein full.**

**80.** On or about the 25th day of August 2022, acting under color of the Municipal Claim and Tax Lien Law, without any court rendered judgments signed by a judge of the court, to support a writ of scire facias, third-party attorney and Defendant ROBERT P. DADAY, purporting to act for Defendant BOROUGH OF RIDLEY PARK, intentionally omitted the President of the Court's signature as designated by Pennsylvania Title 53 § 7185 – Form of Scire Facias, and petitioned prothonotary and Defendant MARY J. WALK and/or WALK'S OJS for three purported Judicial writs of scire facias. **See Exhibit F1**

**81.** On the 25th day of August 2022, prothonotary and Defendant MARY J. WALK, granted third-party attorney and Defendant ROBERT P. DADAY'S petitions and issued DADAY three purported Judicial writs of scire facias, designated as CV-2021-062985, CV-2021-062986, CV-2021-062988, without any court rendered judgments to support them, without any Judge's signature affixed to them, and without any court seal affixed to them, in violation of Pennsylvania Statutes Title 53 § 7185 - Form of Scire Facias. **See Exhibits F2, F3, F4**

> "Writ: A written judicial order to perform a specified act, or giving authority to have it done, as in a writ of mandamus or certiorari, or as in an "original writ" for instituting an action at common law. A written court order or a judicial process, directing that a sheriff or other judicial officer do what is commanded by the writ; or giving authority and commission to have it done. See also Order; Prerogative writs; Process.[88]"

**82.** In Pennsylvania Statutes Title 53 § 7185 - Form of Scire Facias, the Pennsylvania Legislature strictly constructed that the President Judge of the court is to sign and date a judicial writ of scire facias and that the court seal is to be affixed to the writ: **See Exhibit F1**

**"Witness the Honorable ………., President Judge of our said court, this ………. day of ………., A.D. 1 ……….**

---

[88] Black's Law Dictionary 6th Edition

.......... **Prothonotary.**

**(Seal)"**

**83.** The three purported Judicial writs of scire facias prepared by third-party attorney and Defendant ROBERT P. DADAY and issued by prothonotary and Defendant MARY J. WALK, were solely founded upon DADAY'S three forged and fictitious municipal liens against the Plaintiff's three properties, not judicial court rendered judgments signed by a judge and sealed by a court.

> "Scire facias: A judicial writ, founded upon some matter of record, such as a judgment or recognizance and requiring the person against whom it is brought to show cause why the party bringing it should not have advantage of such record, or (in the case of a scire facias to repeal letters patent) why the record should not be annulled and vacated.[89]"

**84.** These are not Judgment by Confession actions, wherefore prothonotary and Defendant MARY J. WALK possesses no judicial authority to execute municipal liens, judicial writs of scire, facias, and judicial writs of execution against Plaintiff's properties, by acting of her own accord, without any Judicial oversight or appearance of due process or the rule of law.

> "Judicial: Belonging to the office of a judge; as judicial authority. Relating to or connected with the administration of justice; as a judicial officer. Having the character of judgment or formal legal procedure; as a judicial act. Proceeding from a court of justice; as a judicial writ, a judicial determination. Involving the exercise of judgment or discretion; as distinguished from ministerial.[90]"

**85.** Prothonotary and Defendant MARY J. WALK who has ministerial duties ascribed to her by law, acted against the Plaintiff's three properties under color of the Municipal Claim and Tax Lien Law, by imposing three purported property liens, three purported judicial writs of scire facias, and a judicial writ of execution, a.k.a. judicial orders, against the Plaintiff's three properties, without any judicial oversight whatsoever, and without any appearance of due process or the rule of law.

> "Ministerial act: That which is done under the authority of a superior; opposed to judicial. That which involves obedience to instructions, but demands no special discretion, judgment, or skill[91] An act is "ministerial" when its performance is positively commanded and so plainly prescribed as to be free from doubt.[92] Official's duty is "ministerial" when it is absolute, certain and imperative, involving merely

---

[89] Black's Law Dictionary 6th Edition
[90] Black's Law Dictionary 6th Edition
[91] Arrow Exp. Forwarding Co. v. Iowa State Commerce Commission, 256 Iowa 1088, 130 N.W.2d 451, 453
[92] J.E. Brenneman Co. v. Schramm, D.C. Pa., 473 F.Supp. 1316, 1319

execution of a specific duty arising from fixed and designated facts.[93] One which a person or board performs under a given state of facts in a prescribed manner in obedience to the mandate of legal authority without regard to or the exercise of his or their own judgment upon the propriety of the act being done.[94]"

**86.** Prothonotary and Defendant MARY J. WALK failed to perform her ministerial duty to affix the seal of the court to the three purported judicial writs of scire facias and violated Pennsylvania Title 42 Pa. C.S. § 2737(2): Affix and attest the seal of the court or courts to all the process thereof and to the certifications and exemplifications of all documents and records pertaining to the office of the prothonotary and the business of the court or courts of which it is the prothonotary.[95]

**87.** Prothonotary and Defendant MARY J. WALK failed to perform her ministerial duty to secure the President Judge of the court to sign and date the three purported judicial writs of scire facias, pursuant to Pennsylvania Statutes Title 53 § 7185, and violated Pennsylvania Title 42 Pa. C.S. § 2737(5): Exercise the authority of the prothonotary as an officer of the court.[96]

**88.** Third-party attorney and Defendant ROBERT P. DADAY further prejudiced the Plaintiff's rights by intentionally violating 1 Pa. C.S.A. § 1921(a) and 1 Pa. C.S.A. § 1922(2) when he intentionally omitted and substantially altered parts of the Pennsylvania Legislature's statute 53 § 7185 – Form of scire facias, evidenced by DADAY averring,

> ""*Witness…*" line from the Section 7185 form would not make sense here, because the President Judge does not witness or have any other *direct role in issuing the writs.*"
> "*Additionally, the statutory form provides for naming the President Judge but does not explicitly say that the President Judge must sign.*"

**89.** The Pennsylvania Legislature intends the entire statute to be effective and certain, and the Legislature is presumed to have intended to avoid mere surplusage in the words, sentences and provisions of its laws; the Courts must therefore construe a statute, if possible, so as to give effect to every word.

---

[93] Long v. Seabrook, 260 S.C. 562, 197 S.E.2d 659, 662
[94] State, Dept, of Mental Health v. Allen, Ind. App., 427 N.E.2d 2, 4; Gibson v. Winterset Community School Dist., 258 Iowa 440, 138 N.W.2d 112, 115. Compare Discretionary acts. See also Mandamus
[95] 42 PA Cons Stat § 2737
[96] 42 PA Cons Stat § 2737

"In addition, the Statutory Construction Act disfavors surplusage. This Act requires that "every statute shall be construed, if possible, to give effect to all its provisions," 1 Pa. C.S.A. § 1921(a), and permits the presumption that the Legislature "intends the entire statute to be effective and certain," 1 Pa. C.S.A. § 1922(2). The Legislature is presumed to have intended to avoid mere surplusage in the words, sentences and provisions of its laws. Courts must therefore construe a statute, if possible, so as to give effect to every word.[97]"

**90.** On the 25th day of August 2022, third-party attorney and Defendant ROBERT P. DADAY, paid DELAWARE COUNTY SHERIFF JERRY L. SANDER'S office to serve the Plaintiff three forged and fictitious judicial writ of scire facias, which affected the pecuniary interest of the Plaintiff,[98] and violated 18 PA Cons Stat § 4114 (Securing execution of documents by deception), with the intention to steal money and property from the Plaintiff, that neither DADAY or others were entitled thereto. **See Exhibits G1, G2, G3**

**91.** Prothonotary and Defendant MARY J. WALK and third-party attorney and Defendant ROBERT P. DADAY appear to be mis-trained to believe that WALK and WALK'S administrative OJS, can issue judicial orders, liens, and judicial writs of scire facias, acting of their own accord, without any judicial oversight, in clear violation of Pennsylvania Statutes Title 53 § 7185 and 18 PA Cons Stat § 4114 (Securing execution of documents by deception).

### Fictitious Third-Party Attorney Fees Double The Amount of Forged Liens

**92.** On or about 20th day of June 2023, third-party attorney and Defendant ROBERT P. DADAY, acted under color of Pennsylvania Title 53 § 7106, by adding on $8,805.78 of additional fictitious attorney's fees, to his already three forged liens of $7,244.07, bringing the total of DADAY'S THREE FORGED liens up to **$16,049.85.** DADAY, Defendant MICHELLE PORTNOFF, and Defendant BARRY C. DOZOR, at this time, had essentially created $16,049.85 of security instruments against the Plaintiff's property out of this air, simply because DADAY forged three liens under the Municipal Claim and Tax Lien Law. **See Exhibits H1, H2, H3**

---

[97] Commonwealth v. Driscoll, 485 Pa. 95, 401 A.2d 312 (1979); Masland v. Bachman, 473 Pa. 280, 291, 374 A.2d 517, 522 (1977); Daly v. Hemphill, 411 Pa. 263, 273, 191 A.2d 835, 842 (1963); Pa. Ind. for Blind and Handicapped v. Larson, 50 Pa. Cmwlth. 95, 411 A.2d 1305 (1980).
[98] 18 Pa. § 4114. Securing execution of documents by deception

## Judge Barry C. Dozor Acted In Clear Absence Of All Jurisdiction

**93.** Judge and Defendant BARRY C. DOZOR knew or should have known that neither ROBERT P. DADAY nor the BOROUGH OF RIDLEY PARK, whose name DADAY field the liens in, had standing to bring or maintain In Rem actions against the Plaintiff's three non-commercial properties.

> "In general, the question of standing is distinguishable from that of subject matter jurisdiction. However, when a statute creates a cause of action and designates who may sue, the issue of standing becomes interwoven with that of subject matter jurisdiction.[99] Standing then becomes a jurisdictional prerequisite to an action.[100] It is well-settled that the question of subject matter jurisdiction may be raised at any time, by any party, or by the court sua sponte.[101] Prior to judicial resolution of a dispute, an individual must as a threshold matter show that he has standing to bring the action.[102] The traditional concept of standing focuses on the idea that a person who is not adversely impacted by the matter he seeks to challenge does not have standing to proceed with the court system's dispute resolution process.[103] The courts in our Commonwealth do not render decisions in the abstract or offer purely advisory opinions; consistent there with, the requirement of standing arises from the principle that judicial intervention is appropriate only when the underlying controversy is real and concrete...."[104]

**94.** In violation of well-established law, Judge and Defendant BARRY C. DOZOR acted under color of the Municipal Claim and Tax Lien Law, and decreed that the court did not need in personam or subject matter jurisdiction, because the court possessed In Rem Jurisdiction over the Plaintiff's three properties; wherefore constructively seizing the Plaintiff's properties in violation of Pennsylvania Constitution Article 1 § 8 - Security from searches and seizures.

> **Article 1 § 8 - Security from searches and seizures**
> The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant.
>
> "In a proceeding in rem the court acquires jurisdiction over the property by its seizure, and of the subsequent proceedings by public citation to the world, of which the owner is at liberty to avail himself by appearing as a claimant in the case.[105]"

---

[99] Hill v. Divecchio, 425 Pa. Super. 355, 625 A.2d 642 (1993), alloc. denied, 538 Pa. 613, 645 A.2d 1316 (1994)
[100] Id. at 361, 625 A.2d at 645
[101] Id. at 361 n. 3, 625 A.2d at 645 n. 3
[102] Bergdoll v. Kane, 557 Pa. 72, 731 A.2d 1261, 1268 (1999)
[103] See William Penn Parking Garage v. City of Pittsburgh, 464 Pa. 168, 346 A.2d 269, 280-81 (1975) (plurality)
[104] City of Philadelphia v. Commonwealth of Pennsylvania, 575 Pa. 542, 838 A.2d 566, 577 (2003)"
[105]  Gathwright v Baltimore, 181 Md 362, 30 A2d 252, 145 ALR 590

**95.** Judge and Defendant BARRY C. DOZOR, acted under color of the Municipal Claim and Tax Lien law, in absence of all jurisdiction, by condoning third-party attorney ROBERT P. DADAY'S forging of three liens against the Plaintiff's property, condoning DADAY and Prothonotary and Defendant MARY J. WALK to execute three fictitious Judicial writ of scire facias in violation of Pennsylvania Statutes Title 53 § 7185, and condoning WALK'S creation of a forged and fictitious Writ of Execution to sell the Plaintiff's property commonly known as 505 Johnson Avenue, Ridley Park, Pennsylvania.

> "A necessary inquiry in determining whether Judges are immune from suit for money damages is whether, at the time a challenged action was taken, there was jurisdiction over the subject matter and the parties.[106]"

**96.** Judge and Defendant BARRY C. DOZOR perjured[107] himself when he averred the following material statements about DADAY and WALK'S three forged writs of scire facias, that DOZOR knew not to be true, with intent to damage the Plaintiff and/or Plaintiff's properties:

> *"A Writ of Scire Facias on the Municipal Claim was filed on August 25, 2022",* *"Petitioner was served with a Writ of Scire Facias during the August 30, 2022 Hearing",* *"Per the sheriff's return of service, Petitioner was personally served with the writ of scire facias on August 30, 2022,",* *"The Motion to Strike Document Purported to be a Writ of Scire Facias, Due to Fatal Deficiencies on the Face of the Document is DENIED",* and that the purported writ of scire facias is *"substantially the same format at 53 P.S. Section 7185".*

**97.** Judge and Defendant BARRY C. DOZOR waived judicial immunity when he acted under color of the Municipal Claim and Tax Lien Law, in complete absence of in personam jurisdiction over the Plaintiff, and absence of subject matter and in rem jurisdiction over the Plaintiff's three properties.

> "All circuits interpret *Stump* and *Bradley* to require a clear absence of subject matter jurisdiction in order to lose immunity. Notwithstanding  the broad reach of Stump, a few cases found Judges liable for acting in a complete absence of jurisdiction. A Judge whose subject matter jurisdiction to issue arrest warrants was limited to crimes committed within his judicial district lost judicial immunity when he signed an arrest warrant based on a complaint of criminal conduct which he knew occurred outside his territorial jurisdiction.[108] Not only did he exceed his jurisdiction, but also he acted in the complete absence of subject-matter jurisdiction.[109]"

---

[106]  See *Smithson v. Ray* (ED Tenn) 427 F Supp 11
[107]  18 Pa. C.S. § 4902 - Perjury
[108]  See *Maestri v. Jutkofsky*, 860 F.2d 50, 52–53 (CA2 1988).
[109]  See *Id*. at 53.

**98.** On or about the 13th day of June 2022, Judge and Defendant BARRY C. DOZOR and prothonotary and Defendant MARY J. WALK, acting under the color of the Municipal Claim and Tax Lien Law and Pennsylvania Title 53 § 7106, in complete absence of jurisdiction, acting in conspiracy with third-party attorneys and Defendants ROBERT P. DADAY and MICHELLE PORTNOFF; prothonotary MARY J. WALK, and Defendants BOROUGH OF RIDLEY PARK and RICHARD TUTAK; without any appearance of due process or the rule of law, violated the Plaintiff's property rights and increased the amount of DADAY'S three forged and fictitious liens, by creating three security instruments against the Plaintiff's property totaling **$16,049.85**. **See Exhibits H1, H2, and H3**

### Unlawful Delaware County Sheriff Sale of Plaintiff's Property

**99.** On or about the 25th day of July 2023, third-party attorney and Defendant ROBERT P. DADAY, acting under color of the Municipal Claim and Tax Lien Law, acting in complete absence of jurisdiction, and acting in coordination with Defendants BARRY C. DOZOR, MARY J. WALK, MICHELLE PORTNOFF, RICHARD TUTAK, and the BOROUGH OF RIDLEY PARK, without any appearance of due process or the rule of law, filed a praecipe for a Judicial Writ of Execution to levy and sell Plaintiff's property in a Sheriff sale for the amount of $13,760.98, without possessing title of ownership or interest in the Plaintiff's property. **See Exhibit I1**

**100.** On or about the 10th day of August 2023, prothonotary and Defendant MARY J. WALK, acting under the color of the Municipal Claim and Tax Lien Law, acting in complete absence of jurisdiction and judicial authority, without any notice to the Plaintiff, and acting in conspiracy with Defendants BARRY C. DOZOR, ROBERT P. DADAY, MICHELLE PORTNOFF, RICHARD TUTAK, and the BOROUGH OF RIDLEY PARK, without any appearance of due process or the rule of law, issued and executed a Judicial Writ of Execution of her own accord, appearing to be in conflict with RECUSED judge and Defendant BARRY C. DOZOR, by ordering the DELAWARE COUNTY SHERIFF to illegally sell the Plaintiff's property for the amount of $13,760.98, without WALK, DADAY, or the BOROUGH possessing Title of ownership or an interest in the Plaintiff's property. **See Exhibit I1**

"A municipal lien arises, by operation of law, whenever a municipal claim is assessed or imposed Upon the property and **it does not affect the owners right to possession or control of their property**."…BARRY C. DOZOR

**101.**    On the 23rd day of August 2023, the Plaintiff sent Judge and Defendant BARY C. DOZOR

a "Mandatory Judicial Notice of Parameters of Judicial Immunity" and a "Mandatory Judicial

Notice and Offer of Proof; Authorities Regarding Void Judgments", to wit:

This Notice is necessary due to the criminal misconduct of Judge BARRY DOZOR as complained of in Defendant's criminal complaints. DOZOR has already become a Defendant and can rightfully anticipate civil proceedings against him in Federal District Court for the deprivation of rights under the color of statute, ordinance, regulation, custom, or usage, and for criminal misconduct against the Defendant.

While the Plaintiff and Plaintiff's Attorneys clearly have no qualms about pushing this envelope, and while the Plaintiff and Plaintiff's Attorneys care naught which Judges get disbarred, censured, and sued, Defendant cannot believe that the Judges of this Court are willing in kind. Defendant will complain for remedy along all avenues available to him for as long as it takes to right these obvious wrongs that have damaged him and his properties, as a matter of duty.

"The doctrine of judicial immunity is applicable only to civil actions for judicial acts and does not render Judges immune to criminal proceedings in the event they are charged with commission of a crime.[110] Judges are subject to criminal prosecutions as are other citizens,[111] and may be held responsible for the violation of a criminal statute to the same extent.[112] Moreover, judicial officers are not immunized from criminal prosecution by the availability of *sui generis* proceedings, such as impeachment and removal from office.[113] Thus, if a state constitution makes state Judges subject to legislative impeachment for misconduct in office, conviction or acquittal on those charges does not bar criminal prosecution if the alleged conduct is punishable as a crime,[114] and a sitting Federal Judge may be indicted and tried for a criminal offense without first being impeached and convicted by Congress.[115]"

"A judicial officer generally enjoys exemption from civil liability for abuse of process if the jurisdiction of the officer is complete and attaches to both the person and the subject matter in connection with which alleged illegal acts are committed, and the officer acts within the scope of his or her jurisdiction and in a judicial capacity.[116] But

---

[110]  See Strawbridge v. Bednark (ED Pa) 460 F Supp 1171.

[111] See Dennis v. Sparks,  449 US 24,  66 L Ed 2d 185,  101 S Ct 183.

[112] See Boags v. Municipal Court (2nd Dist) 197 Cal App 3d 65, 242 Cal Rptr 681.

[113]  See Id.

[114]  See Id.

[115]  See Claiborne v. United States,  465 US 1305,  79 L Ed 2d 665,  104 S Ct 1401, stay den  465 US 1092,  79 L Ed 2d 910,  104 S Ct 1463.

[116]  State use of Little v. United States Fidelity & Guaranty Co., 217 Miss 576, 64 So 2d 697; Praisner v. Stocker, 313 Pa Super 332, 459 A2d 1255 (disagreed with on other grounds by Bloom v. Dubois Regional Medical Center, 409 Pa Super 83, 597 A2d 671).

judicial officers may be held liable for abuse of process where the officer is wholly without jurisdiction and commits the abuse while acting under the pretense of his or her official capacity.[117] A Judge must be acting within his jurisdiction as to subject matter and person, to be entitled to immunity from civil action for his acts.[118]"

"To be valid and enforceable, a judgment must be supported by three elements: (1) the court must have jurisdiction of the parties; (2) the court must have jurisdiction of the subject matter; and (3) the court or tribunal must have the power of authority to render the particular judgment. If the requirements for validity are not met, a judgment may be subject to avoidance.[119] Any judgment rendered by a court which lacks jurisdiction, either of the subject matter of the parties, or lacks inherent power to enter the particular judgment, or entered an Order which violated due process or was procured through extrinsic or collateral fraud, is null and void, and can be attacked at any time, in any court, either directly or collaterally, provided that the party is properly before the court.[120] Such a judgment is void from its inception, incapable of confirmation or

[117] See *Osbekoff v. Mallory* (Iowa) 188 NW2d 294, 64 ALR3d 1242 (a town mayor, in his capacity as a magistrate in a mayor's court, was not immune from liability for abuse of process for using the criminal process to collect a civil debt and by delivering plaintiff's automobile to the dealer-creditor without plaintiff's consent); see also - Where a municipal judge, vested with the powers of a justice of the peace in criminal matters, issues a warrant of arrest without first having a complaint reduced to writing and subscribed by the complainant as required by law, he or she acts wholly without jurisdiction, and cannot claim immunity from liability in a civil action for abuse of process. *Hoppe v. Klapperich*, 224 Minn 224, 28 NW2d 780, 173 ALR 819.

[118] *See Davis v. Burris*, 51 Ariz. 220, 75 P.2d 689 (1938).

[119] See *Peduto v. North Wildwood* (DC NJ) 696 F Supp 1004, affd (CA3 NJ) 878 F.2d 725; *In re Doe* (NM App) 99 NM 517, 660 P.2d 607; *Tice v. Nationwide Life Ins. Co.*, 284 Pa Super 220, 425 A.2d 782.

[120] See U.S.Const.Amdt. V; F.R.Civ.P. 60(b)(4); CR 60(b)(5); **State cases**: *Lindgren v. Lindgren*, 58 Wash.App. 588, 596, 794 P2d 526 (1990), rev.den., 116 Wash.2d 1009, 805 P2d 813 (1991); *Brenner v. Port of Bellingham*, 53 Wash.App. 182, 188, 765 P2d 1333 (1989) (motions to vacate under CR 60(b)(5) are not barred by the 'reasonable time' or the 1-year requirement of CR 60(b)"); *Mid-City Materials, Inc. v. Heater Beaters Custom Fireplaces*, 36 Wash.App. 480, 486, 674 P2d 1271 (1984); *Matter of Marriage of Leslie*, 112 Wash.2d 612, 618-19, 772 P2d 1013 (1989)(doctrine of laches does not bar attack of void judgment)(citing *John Hancock Mut. Life. ins. Co. v. Gooley*, 196 Wash. 357, 370, 83 P2d 221 (1938)(additional cite omitted); *In re Marriage of Oritz*, 108 Wash2d 643, 649, 740 P2d 843 (1987); *Dike v. Dike*, 75 Wash.2d 1, 7, 448 P2d 490 (1968); *Bresolin v. Morris*, 86 Wash2d 24, 245, 543 P2d 325 (1975); *Cockerham v. Zikratch*, 619 P2d 739 (Ariz.1980); *State ex rel Turner v. Briggs*, 971 P2d 581 (Wash.App.1999); *Ward v. Terriere*, 386 P2d 352 (Colo. 1963); *Matter of Marriage of Hampshire*, 869 P2d 58 (Kan.1997); *Matter of Marriage of Welliver*, 869 P2d 653 (Kan.1994); *In re Estate of Wells*, 983 P2d 279 (Kan.App.1999); *B & C Investments, Inc. v. F & M Nat'l. Bank & Trust*, 903 P2d 339 (Okla.App.Div.3 1995); *Graff v. Kelly*, 814 P2d 489 (Okl.1991); *Capital Federal Savings Bank v. Bewly*, 795 P2d 1051 (Okl.1990); *Wahl v. Round Valley Bank*, 38 Ariz. 411, 300 P. 955 (1931); *Davidson Chevrolet, Inc. v. City and County of Denver*, 330 P2d 1116, cert.den., 79 S.Ct. 609, 359 US 926, 3 L.Ed.2d 629 (Colo.1958); *Tube City Mining & Milling Co. v. Otterson*, 16 Ariz. 305, 146 P. 203 (1914); *Lange v. Johnson*, 204 NW2d 205 (Minn.1973); *People v. Wade*, 506 N.W2d 954 (Ill.1987); *State v. Blankenship*, 675 NE2d 1303 (Oh.App.Dist.9 1996); *Hays v. Louisiana Dock Co.*, 452 NE2d 1383 (Ill.App.Dist.4 1983); *People v. Rolland*, 581 NE2d 907 (Ill.App.Dist.4 1991); *Eckles v. McNeal*, 628 NE2d 741 (Ill.App.1993); *People v. Sales*, 551 NE2d 1359 (Ill.App.Dist.2 1990); *In re Adoption of E.L.*, 733 NE2d 846 (Ill.App.Dist.1 2000); *Irving v. Rodriguez*, 179 NE2d 145 (Ill.App.Dist.2 1960); *People ex rel Brzica v. Village of lake Barrington*, 644 NE2d 66 (Ill.App.Dist.2 1994); *Steinfeld v. Haddock*, 513 US 809 (Ill.1994); *Dusenberry v. Dusenberry*, 625 NE2d 458 (Ind.App.Dist.1 1993); *Rook v. Rook*, 353 SE2d 756 (Va.1987); *Mills v. Richardson*, 81 SE2d 409 (N.C.1950); *Henderson v. Henderson*, 59 SE2d 227 (N.C.1950); *State v. Richie*, 20 SW3d 624 (Tenn.2000); *Crockett Oil Co. v. Effie*, 374 SW2d 154 (Mo.App.1964); *State ex rel Dawson v. Bomar*, 354 SW2d 763, cert.den., ____ US _____ (Tenn.1962); *Underwood. v. Brown*, 244 SW2d 168 (Tenn.1951); *Richardson v. Mitchell*, 237 SW2d 577 (Tenn.App.1950); *City of Lufkin v. McVicker*, 510 SW2d 141 (Tex.Civ.App.1973); **Federal cases**: *Klugh v. U.S.*, 620 F.Supp. 892 (D.S.C. 1985); *Rubin v. Johns*, 109 F.R.D. 174 (D.Virg.Is.1985); *Triad Energy Corp. v. McNell*, 110 F.R.D.

ratification, and can never have any legal effect.[121] A void judgment may be cured by Mandamus.[122] *Res judicata* does not apply to such a judgment.[123] A void judgment must be dismissed, regardless of timeliness if jurisdiction is deficient.[124] When rule providing relief from void judgments is applicable, relief is mandatory and is not discretionary.[125]"

"The passage of time, however great, does not affect the validity of a judgment[126] and cannot render a void judgment valid.[127] It may, however, affect presumptions of validity applicable to a judgment.[128]"

## Judge BARRY C. DOZOR Recusal – Evidence of Bias, Prejudice, and Harassment

__102.__    On the 28th day of August 2023, Judge and Defendant BARRY C. DOZOR entered an order to RECUSE himself from ALL cases involving the Plaintiff, Alphonso Nicholas Faggiolo, and averred: **See Exhibit J1**

> *"AND NOW, this 28th day of August 2023, upon consideration of Defendant's Response to Plaintiff's Motion to Consolidate Judgments and Reassess* Damages *and Defendant/Petitioner's Mandatory Judicial Notice of parameters of Judicial Immunity, and Defendant's hostile, virulent and threatening responses therein, it is hereby ORDERED and DECREED that this Court is constrained to RECUSE itself from the above cases and any other cases in which involve Mr. Faggiolo. These cases are therefore sent back to Civil Court Administration for reassignment and the Hearings that had been scheduled for December 21, 2023 are now cancelled".*

---

382 (S.D.N.Y. 1986); *Millikan v. Meyer*, 311 US 457, 61 S.Ct. 339, 85 L.Ed.2d 278 (1940); *Long v. Shorebank Development Corp.*, 182 F.3d 548 (CA7 1999).

[121] See *Stidham v. Whelchel*, 698 NE2d 1152 (Ind.1998); *Thompson v. Thompson*, 238 SW2d 218 (Tex.Civ.App. 1951); *Lucas v. Estate of Stavos*, 609 NE2d 1114, rehng.den., trans.den, (Ind.App.Dist.1 1993); *Loyd v. Director, Dept. of Public Safety*, 480 So2d 577 (Ala.Civ.App.1985); *In re Marriage of Parks*, 630 NE2d 509 (Ill.App.Dist.4 1991); *Lubben v. Selective Service System Local Bd. No.27*, 453 F.2d 645, 14 A.L.R.Fed. 298 (CA1 1972); *Hobbs v. U.S. Office of Personnel Mgmt.*, 485 F.Supp. 456 (M.D.Fla.1980); *Holstein v. City of Chicago*, 803 F.Supp. 205, recon.den., 149 F.R.D. 147, aff'd, 29 F.3d 1145 (N.D.Ill.1992); *City of Los Angeles v. Morgan*, 234 P2d 319 (Cal.App.Dist.2 1951).

[122] See *Sanchez v. Hester*, 911 SW2d 173 (Tex.App.1995).

[123] See *Allcock v. Allcock*, 437 NE2d 392 (Ill.App.Dist.3 1982).

[124] See *Mitchell v. Kitsap County*, 59 Wash.App. 177, 180-81, 797 P2d 516 (1990)(collateral challenge to jurisdiction of pro tem judge granting summary judgment properly raised on appeal)(citing *Allied Fidelity Ins. Co. v. Ruth*, 57 Wash.App. 783, 790, 790 P2d 206 (1990)); *Jaffe and Asher v. Van Brunt*, 158 F.R.D. 278 (S.D.N.Y.1994).

[125] See *In re Marriage of Markowski*, 50 Wash.App. 633, 635, 749 P2d 745 (1988); *Brickum Inv. Co. v. Vernham Corp.*, 46 Wash.App. 517, 520, 731 P2d 533 (1987); *Orner v. Shalala*, 30 F.3d 1307 (Colo.1994).

[126] See *State ex rel. Smith v. Sixth Judicial Dist. Court*, 63 Nev 249, 167 P.2d 648 (ovrld in part on other grounds by *Poirier v. Board of Dental Examiners*, 81 Nev 384, 404 P.2d 1); *Monroe v. Niven*, 221 NC 362, 20 S.E.2d 311.

[127] See *State ex rel. Smith v. Sixth Judicial Dist. Court*, 63 Nev 249, 167 P.2d 648 (ovrld in part on other grounds by *Poirier v. Board of Dental Examiners*, 81 Nev 384, 404 P.2d 1); *Columbus County v. Thompson*, 249 NC 607, 107 S.E.2d 302.

[128] See 46 Am.Jur.2d § 35.

**103.**    Judge BARRY C. DOZOR'S Recusal **demonstrated a bias and a prejudice** towards Alphonso Nicholas Faggiolo, by placing **misinformation** into the record and **mis-characterizing** his responses and notices as hostile, virulent, and threatening, which violated Judicial Conduct Canon Rule 2.3 – (Bias, Prejudice, and Harassment), sections (A) A judge shall perform the duties of judicial office, including administrative duties, without bias or prejudice, and (B) A judge shall not, in the performance of judicial duties, **by words or conduct manifest bias or prejudice**.

### Fictitious Third-Party Attorney Fees Triple The Amount of Forged Liens

**104.**    On or about the 11th of September 2023, third-party attorney ROBERT P. DADAY acted under color of the Municipal Claim and Tax Lien Law and Pennsylvania Title 53 § 7106, AGAIN, adding on an additional $6,143.66 of fictitious attorney's fees, to his already forged and fictitious liens of $16,049.85, which originally started at $7,244.07, bringing the new grand total of DADAY'S three FORGED up to **$22,193.51! See Exhibits K1, K2**

**105.**    It's a fact that the three non-court rendered, forged liens, created and filed by third-party attorney and Defendant ROBERT P. DADAY, were unlawfully imposed against the Plaintiff's three properties, and the fictitious purported attorney's fees added on are absurd, in violation of 53 Pa. Stat. § 7106(a)(1), and are criminal, in violation of 18 PA Cons Stat § 4107 (Deceptive or fraudulent business practices).[129]

> 53 Pa. Stat. § 7106(a)(1) All municipal claims, municipal liens, taxes, tax claims and tax liens which may hereafter be lawfully imposed or assessed on any property in this Commonwealth, and all such claims heretofore lawfully imposed or assessed within six months before the passage of this act and not yet liened, in the manner and to the extent hereinafter set forth, shall be and they are hereby declared to be a lien on said property, together with all charges, expenses, and fees incurred in the collection of any delinquent account, including reasonable attorney fees…

> **18 PA Cons Stat § 4107.    Deceptive or fraudulent business practices.**
> (a)  Offense defined.--A person commits an offense if, in the course of business, the person: (6)  makes or induces others to rely on a false or misleading written statement for the purpose of obtaining property or credit; (7)  makes or induces others to rely on a false or misleading written statement for the purpose of promoting the sale of

---

[129] 18 PA Cons Stat § 4107 (Deceptive or fraudulent business practices)

securities, or omits information required by law to be disclosed in written documents relating to securities;

## **Judge With Serious Conflicts of Interest Intervenes**

**106.**    On the 3rd of November 2023, judge JOHN P. CAPUZZI SR., who just happens to be **RECUSED** judge and Defendant BARRY C. DOZOR'S good "**FRIEND, NEIGHBOR, and COLLEAGUE"**, who he "often rides with in MARPLE TOWNSHIP'S July 4th Parade", in complete absence of all jurisdiction in any matters involving the Plaintiff and the Plaintiff's three properties, inserted himself into the **SHAM PROCEEDINGS** unlawfully commenced by Defendants MARY J. WALK and third-party attorney and ROBERT P. DADAY, by personally sending the Plaintiff a notice of hearing via certified mail (#7019 0700 3105 2436) for the 13th day of December 2023, regarding third-party attorney and Defendant ROBERT P. DADAY'S motion to consolidate his three FORGED liens. **See Exhibit L1, L2**

**107.**    On the 20th day of November 2023, prothonotary and Defendant MARY J. WALK and/or WALK'S OJS, received the Plaintiff's 2 Motions, one was to Disqualify RECUSED judge and Defendant BARRY C. DOZOR and to strike his three void judgments against the Plaintiff's three properties, that were procured through extrinsic or collateral fraud. The second Motion was to Recuse and Disqualify judge JOHN P. CAPUZZI who has major conflicts of interest that call his fairness and impartiality into question, especially given the fact that DOZOR is his good "**FRIEND, NEIGHBOR, and COLLEAGUE"**, that he rides in the MARPLE 4th of July parade with.

> "**From MARPLE FRIENDS AND NEIGHBORS MAGAZINE:** The Honorable John P. Capuzzi, Sr. and the Honorable Barry C. Dozor are Marple residents, Delaware County judges and friends whose paths originally crossed many years ago when they were on opposite sides of the court. John Capuzzi met Barry Dozor in the 1980s when John was serving as President of Yeadon Borough Council and Barry was an attorney representing a client. Despite being on opposite sides, they impressed each other with their knowledge of the law and thankfully the matter was resolved. Their paths would eventually cross again, both professionally and personally, while raising their families in Broomall." "One of Barry Dozor's favorite Marple traditions is the 4th of July Parade. Barry and John often ride the parade route together. "The path of our lives continues to be woven together," said Barry. "Now, John is the first and last person I see every day at work. When you work alongside colleagues who provide you with advice and assistance, you don't take that for granted." "Judge John Capuzzi's chambers are next door to his friend and Broomall neighbor, Judge Barry Dozor."

## Prothonotary of the Court Tampering With Records

**108.**    Since the 20th day of November 2023 to Present, Prothonotary and Defendant MARY J, WALK and/or WALK'S OJS has failed to docket Plaintiff's Motions (records) through intentionally and unlawfully destroying, concealing, removing or otherwise impairing the Plaintiff's six documents (two for each of the three designated cases) which constitutes tampering with government records in violation of Title 18 Pa. C.S.A. § 4911 (a) (l) (2) (3) (Tampering with public records or information), with intent to damage the Plaintiff, which is consistent with Defendant WALK'S conduct, and the conduct of WALK'S OJS, throughout these three SHAM proceedings.

> **18 Pa. C.S.A. § 4911 (Tampering with public records or information)**
> (a)  Offense defined.--A person commits an offense if he:
> (1)  knowingly makes a false entry in, or false alteration of, any record, document or thing belonging to, or received or kept by, the government for information or record, or required by law to be kept by others for information of the government;
> (2)  makes, presents or uses any record, document or thing knowing it to be false, and with intent that it be taken as a genuine part of information or records referred to in paragraph (1) of this subsection; or
> (3)  intentionally and unlawfully destroys, conceals, removes or otherwise impairs the verity or availability of any such record, document or thing.

### IT'S NOT THE GOVERNMENT'S JOB TO MAKE YOU HOMELESS AND DESTITUTE IN ORDER TO FUND THE FREEDOM SYSTEM!
**Defendants appear to believe and are being trained to believe that their actions and job functions, as complained of, fall within their constitutional duties.**

**109.**    Named Defendants' claims and actions are attempting to deprive Plaintiff of his home, which is not lien-able by law, through creating purported Administrative Law judgments and liens that occurred without any trial, any judicial overview, and without any appearance of due process or the rule of law, wherefore Defendants' gross negligence to manage their subordinates, who are committing these unconstitutional practices of third-party attorneys perverting and misusing the Municipal Claim and Tax Lien Law, in order to create fictitious financial instruments (securities) against Plaintiff's properties, with intent to steal the properties, have a duty to know their job and to protect the Plaintiff's Constitutional rights pursuant to their oaths, and to provide adequate evidence of their authority that authorizes their purported governmental actions upon Plaintiff and Plaintiff's properties.

**110.**    It is a fact that Defendant's misuse and unconstitutional application of the Municipal Claim and Tax Lien Law, is truly being used beyond the scope which the Pennsylvania Assembly designed it to accomplish. Defendants' policy of false entries and the fictitious classification of Plaintiff's property, under color of BOROUGH OF RIDLEY PARK municipal ordinances and resolutions, is violative of the Plaintiff's substantive rights to property ownership and due process of law guaranteed pursuant to the Constitution of Pennsylvania Article 1 §1, §9, §10 and §11 and in accordance with the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution and have done so to wit:

## PROBABLE CAUSE
### Plaintiff incorporates by reference the facts set forth above as if set forth herein full

**111.**    The failure to provide the required records by BOROUGH OF RIDLEY PARK Manager and Defendant RICHARD TUTAK, speaking and acting for the BOROUGH, for Plaintiff's request to produce its authority to impose BOROUGH municipal ordinances and resolutions upon Plaintiff's non-commercial properties, and the BOROUGH'S failure to provide any records and/or information as required by law, has led Plaintiff to believe that Defendants MICHELLE PORTNOFF, ROBERT P. DADAY, RICHARD TUTAK, BOROUGH OF RIDLEY PARK, MARY JANE WALK, and BARRY C. DOZOR, have falsified the classification of Plaintiff's properties, with intent to deceive, mislead, injure, and defraud the Plaintiff and others similarly situated, to impose BOROUGH ordinances and resolutions, that named Defendants are not authorized to impose upon the Plaintiff's non-commercial properties, under color of the Municipal Claim and Tax Lien Law.

**112.**    All named Defendants herein are acting under color of authority, in their individual, official, and professional capacity, thru a clear and affirmative abuse of power and are doing so with the intent to permanently deprive Plaintiff of his properties through a simulated legal process while clothed with State authority.

**113.**    It is a fact that Defendant's actions through their conduct are a clear statement of Defendant BOROUGH OF RIDLEY PARK'S custom, practice, and policy, that Plaintiff cannot exercise

his constitutional right to peaceful enjoyment and possession of his properties, as a matter of right, pursuant to the Pennsylvania State Constitution Article I §1, unless Plaintiff is subjected to BOROUGH ordinances and resolutions upon Plaintiff's non-commercial properties.

> "It could hardly be denied that a tax laid specifically on the exercise of those freedoms would be unconstitutional.[130] For one reason among others, if the state may tax the privilege, it may fix the rate of tax and, through the tax, control or suppress the activity which it taxes.[131] If the right is one guaranteed by the Constitution, it must be as sacred from State taxation.[132] ... the power to tax is so far limited that it cannot be used to impair or destroy rights that are given or secured by the supreme law of the land.[133]"

**114.**   It is a fact that all Defendants named are the cause in fact of Plaintiff's deprivation of the peaceful enjoyment and possession of his properties as a matter of right guaranteed in accordance with the Pennsylvania State Constitution Article I §1, §9, §10, and §11, and the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

**115.**   It is a fact that all Defendants named are clearly violating criminal laws of the United States and the COMMONWEALTH OF PENNSYLVANIA to wit:

## MICHELLE PORTNOFF AND ROBERT P. DADAY

### THIRD-PARTY ATTORNEYS

#### Fictitious Obligations

**Plaintiff incorporates by reference the facts set forth above as if set forth herein full.**

**116.**   On or about January 2019 to Present, third-party attorneys and Defendants MICHELLE PORTNOFF and ROBERT P. DADAY, acted in their individual capacities, by acting under color of the Municipal Claim and Tax Lien Law and 53 Pa. Stat. § 7106, with the intent to defraud Plaintiff of money and his properties; and did print, process, produce, and issue counterfeit and fictitious instruments of claim to be actual "Liens against property" ("financial instruments", "legal documents") as defined by Title 18 U.S.C. § 513 (c) (1) (3), through a

---

[130] Murdock vs. Pennsylvania, 319 U.S. 105 480-487 (1943)
[131] Jones vs. Opelika, 316 U.S. 584. 56 S. Ct. 444 (1943); Follett vs. McCormick, 321 U.S. 573 64 S. Ct. 717 (1944)
[132] Crandall vs. State of Nevada., 73 U.S. 35 (1867)
[133] Connolly vs. Union Sewer Pipe Co., 184 U.S. 540, 563 (1902)

scheme to impose BOROUGH OF RIDLEY PARK municipal ordinances and resolutions, liens, writs of scire facias, writs of execution, and attorney fees, against the Plaintiff's Property.

**117.**    Third-party attorneys and Defendants MICHELLE PORTNOFF and ROBERT P. DADAY'S actions violate Title 18 U.S.C. § 514 - Fictitious obligations (a) (1) (2) (3), (b), (c) and Pennsylvania Statutes Title 18 Pa. C.S.A. Crimes and Offenses §4101 - Forgery (a) (1) (2) (3), § 4114 - Securing execution of documents by deception and § 4911 - Tampering with public records or information (a) (l) (2).

## **Securities Fraud**

**118.**    From the 27th day of July 2021 to Present, third-party attorneys and Defendants ROBERT P. DADAY and MICHELLE PORTNOFF, charged with the obligation of adhering to the Constitution, the laws of Pennsylvania, and the Pennsylvania Rules of Professional Conduct, acting in connection with their duties in their individual capacities as purported debt collectors for Defendant BOROUGH OF RIDLEY PARK, acted under color of the Municipal Claim and Tax Lien Act and 53 Pa. Stat. § 7106, and created and manufactured counterfeit securities against Plaintiff's properties, which are not subject to BOROUGH ordinances and resolutions.

**119.**    From the 27th day of July 2021 to Present, third-party attorneys and Defendants ROBERT P. DADAY and MICHELLE PORTNOFF, under color of authority and policy created a false impression and a fictitious "certificates of interest in Plaintiff's properties" as defined by Pennsylvania Statutes Title 18 § 3922 (a) (1) (Theft by deception) and Title 18 U.S.C. § 513 (c) (1) (3) and § 2311 in the name of Defendant BOROUGH OF RIDLEY PARK, intending to deceive Plaintiff and others similarly situated, with the intent that they be used as a security interests in the Property owned by the Plaintiff.

**120.**    It is a fact that third-party attorneys and Defendants ROBERT P. DADAY and MICHELLE PORTNOFF, manufactured counterfeit securities against Plaintiff's properties, for Defendant BOROUGH OF RIDLEY PARK, in violation of the clearly established laws of the State of Pennsylvania Title 18 Pa. C.S.A. § 4114 (Securing execution of documents by deception), §

491 l (a) (l) (2) (Tampering with public records or information), Pennsylvania Statute Title 70 Securities § 1-51 1 (a) (b) (c) (Criminal penalties) and the United States of America title 18 U.S.C. § 513 (a) (b), title 18 U.S.C. §1348 (2), see title 15 U.S.C. 78o (d).

## **Falsification of In Rem Judgment Index**

**121.**  It is a fact that third-party attorneys and Defendants ROBERT P. DADAY and MICHELLE PORTNOFF, charged with the duty of keeping accounts and records, deprived Plaintiff of money and property, in connection with their duties in their individual capacities for Defendant BOROUGH OF RIDLEY PARK, and falsified three municipal liens as In-Rem actions against the Plaintiff's three properties, as a matter of policy, and filed them into docket numbers CV-2021-062985, CV-2021-062986, and CV-2021-062988, under color of the Municipal Claim and Tax Lien Law.

**122.**  By submitting the Plaintiff's non-commercial property, which is not subject to BOROUGH OF RIDLEY PARK ordinances and resolutions by law, for inclusion on the Prothonotary and Defendant MARY JANE WALK'S In Rem Judgment Index; third party attorneys and Defendants ROBERT P. DADAY and MICHELLE PORTNOFF, created false securities and counterfeit instruments of claim through a scheme of taxation, as a matter of policy, to be actual "Liens of properties" ("financial instrument", "legal document") as defined by title 18 U.S.C. § 513 (c) (1) (3) (See "Pennsylvania Securities Act of 1972") against Plaintiff's Properties, setting a fictitious business situs for collection of municipal ordinances and resolutions under color of the Municipal Claim and Tax Lien Law.

> With the exception of those claims which have been assigned, any municipal claim, municipal lien, tax, tax claim or tax lien, including interest, penalty and costs, imposed by a city of the first class, shall be a judgment only against the said property when the lien has been docketed by the prothonotary. The docketing of the lien shall be given the effect of a judgment against the said property only with respect to which the claim is filed as a lien. The prothonotary shall maintain an in-rem index, the form and location of which shall be within the prothonotary's discretion. All tax claims, water rents or rates, lighting rates, power rates and sewer rates heretofore filed are hereby ratified, confirmed and made valid subsisting liens as of the date of their original filing. [134]

---

[134] Pennsylvania Statutes Title 53 P.S. Municipal and Quasi-Municipal Corporations § 7106. Municipal claims first lien; cities of first class; docketing; judgment; execution

**123.**    It is a fact that third-party attorneys and Defendants ROBERT P. DADAY and MICHELLE PORTNOFF'S filings constituted false entries of Plaintiff's properties on the "In Rem" judgment index, and falls within the scope of a fictitious obligation manufactured under color of municipal authority, and is a clear violation of Pennsylvania Statutes Title 18 Pa. C.S.A. § 4114 (Securing execution of documents by deception) and § 4911 (a) (l) (2) (Tampering with public records or information), Title 70 P.S. Securities § 1-51 l (a) (b) (c) (Criminal penalties) (See "Pennsylvania Securities Act of 1972") and the clearly established laws of the United States title 18 U.S.C. § 514 (a) (l) (2) (3), (b) and (c).

**124.**    It is a fact that third-party attorneys and Defendants ROBERT P. DADAY and MICHELLE PORTNOFF, acting in their individual capacities for Defendant BOROUGH OF RIDLEY PARK, imposed the collection of municipal ordinances ad resolutions as liens on Plaintiff's properties, for which Defendants DADAY and PORTNOFF, were not authorized to collect under the Municipal Claim and Tax Lien Law, which constitutes "Theft" under state law as defined by Pennsylvania Statutes Title 18 § 3922 (a) (l) (2) (Theft by deception) and under Pennsylvania Statutes Title 18 § 3921 (b) (Theft by unlawful taking).

## **Mail Fraud**

**125.**    The elements of mail fraud are a scheme to defraud and use of the mail in furtherance of that scheme.[135]

> The mail fraud statute proscribes only fraudulent schemes to defraud, and it is not necessary that the scheme to defraud actually succeed. The essential elements of a mail fraud offense under 18 U.S.C. § 1341 are a scheme to defraud and the use of the mails in furtherance of that scheme.[136]

> Section 1343 provides: "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined not more than $1,000 or imprisoned not more than five years, or both.[137]"

---

[135] United States vs. Biesiadecki, 933 F.2d 539, 545 (7th Cir.1991)
[136] See, e.g., United States vs. Wellman, 830 F.2d 1453, 1461 (7thCir.1987)
[137] Carpenter v. United States, 484 US 19 - Supreme Court 1987

**126.**    Sections 1341 and 1343 reach any scheme to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.

> "As we observed last Term in McNally, the words "to defraud" in the mail fraud statute have the "common understanding" of' `wronging one in his property rights by dishonest methods or schemes,' and `usually signify the deprivation of something of value by trick, deceit, chicane or overreaching.' " 483 U. S., at 358 (quoting Hammerschmidt v. United States, 265 U. S. 182, 188 (1924)). The concept of "fraud" includes the act of embezzlement, which is " `the fraudulent appropriation to one's own use of the money or goods entrusted to one's care by another.' " Grin v. Shine, 187 U. S. 181, 189 (1902).[138]"

**127.**    It is a FACT that between the January 2019 to Present, third-party attorneys and Defendants ROBERT P. DADAY and MICHELLE PORTNOFF, acting in their individual capacities purportedly for Defendant BOROUGH OF RIDLEY PARK, under color of authority, corresponded with Plaintiff, through the use of the United States Mail and/or transmitted, or caused to be transmitted, writings by wire, into court docket number CV-2021-062985, CV-2021-062986, CV-2021-062988, in an effort to collect money for municipal ordinances and resolutions, and fictitious attorney fees, that Defendants DADAY and PORTNOFF, are not authorized to collect under the Constitution and laws of Pennsylvania.

**128.**    It is a FACT that third-party attorneys and Defendants ROBERT P. DADAY and MICHELLE PORTNOFF, manufactured and procured, for unlawful use, municipal liens and attorney fees, through a scheme of forging security instruments as a matter of policy, to defraud the Plaintiff, and in doing so did place said instruments in a post office or authorized depository for mail matters addressed to Plaintiff, under color of 8 PA Cons Stat § 1086 (Powers and duties of tax collector), containing a statement demanding greater sums of money than Defendant attorney DADAY and PORTNOFF were authorized by law to receive, and for obtaining money or property from Plaintiff through false and fraudulent pretenses as defined by title 18 U.S.C. § 1348, § 1346 (Scheme or Artifice to Defraud) and in violation of title 18 U.S.C. § 1341 (Frauds and Swindles) and 18 U.S.C. § 1343 - Fraud by wire, radio, or television.

---

[138] Carpenter v. United States, 484 US 19 - Supreme Court 1987

## Violation of Clearly Established Law
## by ROBERT P. DADAY and MICHELLE PORTNOFF

**129.** These acts of official oppression of Plaintiff's substantive rights to property ownership by third-party attorneys and Defendants ROBERT P. DADAY and MICHELLE PORTNOFF, purporting to act for Defendant BOROUGH OF RIDLEY PARK, is truly conduct unbecoming of an attorney's duties to adhere to the Pennsylvania Rules of Professional Conduct, a breach of the Constitution, a breach of the laws of Pennsylvania, and a crime against the Plaintiff and the People of Pennsylvania. See Pennsylvania Statutes Title 18 § 5301 (1) (2) (Official oppression).

**130.** It is a fact that third-party attorneys and Defendants ROBERT P. DADAY and MICHELLE PORTNOFF, purporting to act for Defendant BOROUGH OF RIDLEY PARK, have created a false impression as to law with intent to exercise unlawful control and transfer of Plaintiff's properties to others not entitled thereto, and are doing so under color of statutes in violation of Pennsylvania Statute Title 18 Pa. C.S.A. Crimes and Offenses § 4114 (Securing execution of documents by deception), § 4911 (a) (l) (2) (Tampering with public records or information) and § 5301 (1) (2) (Official oppression) to financially benefit Defendants, BOROUGH OF RIDLEY PARK, DADAY, PORTNOFF, and others not entitled thereto, constituting "Theft" under Pennsylvania state law as defined by Pennsylvania Statutes Title 18 § 3922 (a) (l) (2) (Theft by deception) and under Pennsylvania Statutes Title 18 § 3921 (a) and (b) (Theft by unlawful taking).

> **Pennsylvania Statutes Title 18 Pa. C.S.A. Crimes and Offenses § 3921. Theft by unlawful taking or disposition.**
> **(a)** Movable property - A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof.
> **(b)** Immovable property - A person is guilty of theft if he unlawfully transfers, or exercises unlawful control over, immovable property of another or any interest therein with intent to benefit himself or another not entitled thereto.

**131.** It is a fact that third-party attorneys and Defendants ROBERT P. DADAY and MICHELLE PORTNOFF, purporting to act for Defendant BOROUGH OF RIDLEY PARK, made false entries into docket number CV-2021-062985, CV-2021-062986, CV-2021-062988,

concerning Plaintiff's non-commercial properties, which violates clearly established laws of the United States of America, Title 18 U.S.C. § 2071 (b) (unlawfully falsified records, books, documents, papers, affidavits and other things) and Title 18 U.S.C. § 2073 (false reports of securities entries).

**132.**    It is a fact that third-party attorneys and Defendants ROBERT P. DADAY and MICHELLE PORTNOFF, purporting to act for Defendant BOROUGH OF RIDLEY PARK created fictitious liens on Plaintiff's non-commercial properties under color of the Municipal Claim and Tax Lien Law, and violated the clearly established laws of the United States of America title 18 U.S.C. § 1341 (Frauds and Swindles), title 18 U.S.C. § 514 (a) (l) (2) (3), (b) and (c) (fictitious obligation) as defined by title 18 U.S. C § 513 (c) (l) (3).

**133.**    Third-party attorneys and Defendants ROBERT P. DADAY and MICHELLE PORTNOFF'S demands for sums of money over $1,000.00 dollars through fraudulent municipal liens that attorneys DADAY and PORTNOFF were not authorized by law to receive, but did so under color of statutes, with intent to obtain money and properties from the Plaintiff through false and fraudulent pretenses as defined by title 18 U.S.C. § 1348, § 1346 (Scheme or Artifice to Defraud) and in violation of Title 18 U.S.C. § 1341 (Frauds and Swindles), Title 18 U.S.C. § 872 (extortion by officers or employees of the United States) and title 26 U.S.C. § 7214 (a) (1), (2), and (7) (extortion/willful oppression under color of law and signing fraudulent certificates, returns, and statements).

## Violation of Substantive Rights
## by ROBERT P. DADAY and MICHELLE PORTNOFF

**134.**    The methods, standards, and policies employed by third-party attorneys and Defendants ROBERT P. DADAY and MICHELLE PORTNOFF, purporting to act for Defendant BOROUGH OF RIDLEY PARK, in relation to Plaintiff's properties, were illegal and non-uniform, and any interim assessments for the years 2019 through 2023 relied on by the BOROUGH OF RIDLEY PARK, DADAY and PORTNOFF, were created under color of the Municipal Claim and Tax Lien Law, and are illegal and void.

**135.**  It is a fact that third-party attorneys and Defendants ROBERT P. DADAY and MICHELLE PORTNOFF'S infringement of Plaintiff's property rights, lack of due process and acts of official misconduct and official oppression has violated Plaintiff's substantive rights to property ownership, peaceful possession and enjoyment of Plaintiff's properties, and Plaintiff's procedural due process rights pursuant to the Constitution of Pennsylvania Article 1 § 1, § 2, § 6, § 8, § 9, § 10, § 11, and the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution; in breach of their sworn oath to the Plaintiff and the People of Pennsylvania, and did so under color of statute, custom, and usage of state revenue codes.

## RICHARD TUTAK

### MANAGER OF THE BOROUGH OF RIDLEY PARK

### Fictitious Obligations

**Plaintiff incorporates by reference the facts set forth above as if set forth herein full.**

**136.**  Defendant RICHARD TUTAK is employed by Defendant BOROUGH OF RIDLEY PARK, doing business and acting in his individual and official capacity as the Manager, responsible for maintaining and administering Borough ordinances and resolutions.

**137.**  Between January 2019 to Present, manager and Defendant RICHARD TUTAK, acting in connection with his duties and official capacity as the manager of the BOROUGH OF RIDLEY PARK, acting under color of the Local Tax Enabling Act, Pennsylvania Statutes Title 53, and the Municipal Claim and Tax Lien Law, with the intent to defraud the Plaintiff of property and money; did print, process, produce, and issue counterfeit and fictitious instruments of claim to be actual "Liens of property" ("financial instruments", "legal documents") as defined by Title 18 U.S.C. § 513 (c) (1) (3), through a scheme of imposing ordinances and resolutions and imposing the Municipal Claim and Tax Lien Law against Plaintiff's Properties, which are not subject to BOROUGH ordinances and resolutions.

**138.**  Manager and Defendant RICHARD TUTAK'S actions violate Title 18 U.S.C. § 514 (a) (l) (2) (3), (b), (c) and Pennsylvania Statutes Title 18 Pa. C.S.A. Crimes and Offenses § 4114

53

(Securing execution of documents by deception) and § 4911 (a) (l) (2) (Tampering with public records or information).

## Securities Fraud

139.  Between January 2019 to Present, manager and Defendant RICHARD TUTAK, charged with the duty of keeping accounts and records acting in connection with his duties and his official capacity as the manager for the BOROUGH OF RIDLEY PARK, acted under color of BOROUGH ordinances and resolutions, and the Municipal Claim and Tax Lien Law, and created and manufactured counterfeit securities against Plaintiff's properties, which is not subject to taxation by law.

140.  Manager and Defendant RICHARD TUTAK under color of authority and policy created a false impression and fictitious "certificates of interest in property" as defined by Pennsylvania statute title 18 § 3922 (a) (1) (Theft by deception) and Title 18 U.S.C. § 513 (c) (1) (3) and § 2311 in the name of Defendant BOROUGH OF RIDLEY PARK, intending to deceive Plaintiff and others similarly situated, with the intent that it be used as a security interest in the Properties owned by the Plaintiff.

141.  It is a fact that manager and Defendant RICHARD TUTAK, acting as the manager for Defendant BOROUGH OF RIDLEY PARK, manufactured counterfeit securities against Plaintiff's properties, in violation of the clearly established laws of the State of Pennsylvania title 18 Pa. C.S.A. § 4114 (Securing execution of documents by deception), § 491 l (a) (l) (2) (Tampering with public records or information), Pennsylvania Statute Title 70 Securities § 1-51 l (a) (b) (c) (Criminal penalties) and the United States of America title 18 U.S.C. § 513 (a) (b), title 18 U.S.C. §1348 (2), see title 15 U.S.C. 78o (d).

## Misclassification of Plaintiff's Homes

142.  It is a fact that Defendant RICHARD TUTAK charged with the duty of keeping accounts and records, acting in connection with his duties and official capacity as manager of Defendant BOROUGH OF RIDLEY PARK, acting under color of BOROUGH municipal ordinances and

resolutions, by falsifying, as a matter of policy, the classification of the Plaintiff's three homes as **LIVING UNITS**.

**143.**    By including the Plaintiff's non-commercial property, which is not subject to BOROUGH OF RIDLEY PARK ordinances and resolutions by law, on Defendant BOROUGH OF RIDLEY PARK'S records as a **LIVING UNIT** being subject to BOROUGH municipal ordinances and resolutions; Defendant RICHARD TUTAK acting as the manager for the BOROUGH, created false securities and counterfeit instruments of claim through a scheme of billing, as a matter of policy, to be an actual "Lien of property" ("financial instrument", "legal document") as defined by title 18 U.S.C. § 513 (c) (1) (3) (See "Pennsylvania Securities Act of 1972") against Plaintiff's Properties, setting a fictitious business situs for collection of municipal ordinances and resolutions under color of law.

**144.**    It is a fact that manager and Defendant RICHARD TUTAK made false entries of Plaintiff's properties on Defendant BOROUGH OF RIDLEY PARK'S records, falls within the scope of fictitious obligations manufactured under color of municipal authority, and is a clear violation of Pennsylvania Statutes Title 18 Pa. C.S.A. § 4114 (Securing execution of documents by deception) and § 4911 (a) (l) (2) (Tampering with public records or information), Title 70 P.S. Securities § 1-51 l (a) (b) (c) (Criminal penalties) (See "Pennsylvania Securities Act of 1972") and the clearly established laws of the United States title 18 U.S.C. § 514 (a) (l) (2) (3), (b) and (c).

**145.**    It is a fact that manager and Defendant, RICHARD TUTAK, acting as the manager for Defendant BOROUGH OF RIDLEY PARK, imposed the collection of municipal ordinances and resolutions on Plaintiff's non-commercial properties for which Defendant, RICHARD TUTAK, is not authorized to collect under BOROUGH ordinances and resolutions, which constitutes "Theft" under state law as defined by Pennsylvania Statutes Title 18 § 3922 (a) (l) (2) (Theft by deception) and under Pennsylvania Statutes Title 18 § 3921 (b) (Theft by unlawful taking).

## **Mail Fraud**

**146.**    The elements of mail fraud are a scheme to defraud and use of the mail in furtherance of

that scheme.[139]

> The mail fraud statute proscribes only fraudulent schemes to defraud, and it is not necessary that the scheme to defraud actually succeed. The essential elements of a mail fraud offense under 18 U.S.C. § 1341 are a scheme to defraud and the use of the mails in furtherance of that scheme.[140]
>
> Section 1343 provides: "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined not more than $1,000 or imprisoned not more than five years, or both.[141]"

**147.**    Sections 1341 and 1343 reach any scheme to deprive another of money or property by

means of false or fraudulent pretenses, representations, or promises.

> "As we observed last Term in McNally, the words "to defraud" in the mail fraud statute have the "common understanding" of" `wronging one in his property rights by dishonest methods or schemes,' and `usually signify the deprivation of something of value by trick, deceit, chicane or overreaching.' " 483 U. S., at 358 (quoting Hammerschmidt v. United States, 265 U. S. 182, 188 (1924)). The concept of "fraud" includes the act of embezzlement, which is " `the fraudulent appropriation to one's own use of the money or goods entrusted to one's care by another.' " Grin v. Shine, 187 U. S. 181, 189 (1902).[142]"

**148.**    It is a FACT that between January 2019 to Present, manager and Defendant RICHARD

TUTAK acted in his official and individual capacities, purportedly for Defendant BOROUGH

OF RIDLEY PARK, under color of authority, corresponded with Plaintiff, through the use of

the United States Mail and/or transmitted, or caused to be transmitted, writings by wire, into

court docket numbers CV-2021-062985, CV-2021-062986, CV-2021-062988, in an effort to

collect money for BOROUGH municipal ordinances and resolutions, and fictitious attorney

fees, that Defendants TUTAK and the BOROUGH, are not authorized to collect under the laws

of Pennsylvania.

---

[139] United States vs. Biesiadecki, 933 F.2d 539, 545 (7th Cir.1991)
[140] See, e.g., United States vs. Wellman, 830 F.2d 1453, 1461 (7thCir.1987)
[141] Carpenter v. United States, 484 US 19 - Supreme Court 1987
[142] Carpenter v. United States, 484 US 19 - Supreme Court 1987

**149.**    It is a FACT that manager and Defendant RICHARD TUTAK manufactured and procured, for unlawful use, municipal liens and attorney fees, through a scheme of forging security instruments as a matter of policy, to defraud the Plaintiff, and in doing so did place said instruments in a post office or authorized depository for mail matters addressed to Plaintiff, under color of 8 PA Cons Stat § 1086 (Powers and duties of tax collector), containing a statement demanding greater sums of money than Defendant attorney RICHARD TUTAK was authorized by law to receive, and for obtaining money or property from Plaintiff through false and fraudulent pretenses as defined by title 18 U.S.C. § 1348, § 1346 (Scheme or Artifice to Defraud) and in violation of title 18 U.S.C. § 1341 (Frauds and Swindles) and 18 U.S.C. § 1343 - Fraud by wire, radio, or television. **See Exhibits H1, H2, H3, H4, H5, H6, H7, H8 (Tax Bills).**

## Violation of Clearly Established Law
## by RICHARD TUTAK

**150.**    These acts of official oppression of Plaintiff's substantive rights to property ownership by manager and Defendant RICHARD TUTAK, acting as the manager for Defendant BOROUGH OF RIDLEY PARK, is truly conduct unbecoming of a Public Servant and a breach of his fiduciary duty to Plaintiff and the People of Pennsylvania. See Pennsylvania Statutes Title 18 § 5301 (1) (2) (Official oppression).

**151.**    It is a fact that Defendant, RICHARD TUTAK, acting as the manager for Defendant BOROUGH OF RIDLEY PARK, has created a false impression as to law with intent to exercise unlawful control and transfer of Plaintiff's properties, which are not subject to BOROUGH ordinances and resolutions by law, to others not entitled thereto and is doing so under color of tax statutes in violation of Pennsylvania Statute Title 18 Pa. C.S.A. Crimes and Offenses § 4114 (Securing execution of documents by deception), § 4911 (a) (l) (2) (Tampering with public records or information) and § 5301 (1) (2) (Official oppression) to financially benefit Defendant BOROUGH OF RIDLEY PARK and others not entitled thereto, constituting "Theft" under Pennsylvania state law as defined by Pennsylvania Statutes Title 18

§ 3922 (a) (l) (2) (Theft by deception) and under Pennsylvania Statutes Title 18 § 3921 (a) and (b) (Theft by unlawful taking).

> **Pennsylvania Statutes Title 18 Pa. C.S.A. Crimes and Offenses § 3921. Theft by unlawful taking or disposition.**
> **(a)** Movable property - A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof.
> **(b)** Immovable property - A person is guilty of theft if he unlawfully transfers, or exercises unlawful control over, immovable property of another or any interest therein with intent to benefit himself or another not entitled thereto.

**152.**    It is a fact that manager and Defendant RICHARD TUTAK, acting as the manager for Defendant BOROUGH OF RIDLEY PARK, made false entries to Defendant BOROUGH OF RIDLEY PARK'S classification records concerning Plaintiff's non-commercial properties, which violates clearly established laws of the United States of America, Title 18 U.S.C. § 2071 (b) (unlawfully falsified records, books, documents, papers, affidavits and other things) and Title 18 U.S.C. § 2073 (false reports of securities entries).

**153.**    It is a fact that manager and Defendant RICHARD TUTAK acting as the manager for Defendant BOROUGH OF RIDLEY PARK, created fictitious liens against Plaintiff's properties, created under color of Municipal Claim and Tax Lien Law, violates clearly established laws of the United States of America title 18 U.S.C. § 1341 (Frauds and Swindles), title 18 U.S.C. § 514 (a) (l) (2) (3), (b) and (c) (fictitious obligation) as defined by title 18 U.S. C § 513 (c) (l) (3).

**154.**    Manger and Defendant RICHARD TUTAK'S demands for sums of money over $1,000.00 dollars through illegal application municipal ordinances and resolutions, and attorney fees, that manager TUTAK was not authorized by law to receive, but did so under color of the Municipal Clain and Tax Lien Law, with intent to obtain money and properties from Plaintiff, through false and fraudulent pretenses as defined by title 18 U.S.C. § 1348, § 1346 (Scheme or Artifice to Defraud) and in violation of Title 18 U.S.C. § 1341 (Frauds and Swindles), Title 18 U.S.C. § 872 (extortion by officers or employees of the United States) and title 26 U.S.C. § 7214 (a) (1), (2), and (7) (extortion/willful oppression under color of law and signing fraudulent certificates, returns, and statements).

## Violation of Substantive Rights
## by RICHARD TUTAK

**155.**    The methods, standards, and policies employed by Defendant RICHARD TUTAK, acting as the manager for Defendant BOROUGH OF RIDLEY PARK, in relation to Plaintiff's properties, which are not subject to BOROUGH ordinances and resolutions, were illegal and non-uniform and any BOROUGH assessments for the years 2019 to Present were created under color of BOROUGH ordinances and resolutions and the Municipal Claim and Tax Lien Law, are illegal and void.

**156.**    It is a fact that manager and Defendant RICHARD TUTAK'S infringement of Plaintiff's property rights, lack of due process, and acts of official misconduct, and official oppression, has violated Plaintiff's substantive rights to property ownership, peaceful possession and enjoyment of Plaintiff's properties, and Plaintiff's procedural due process rights pursuant to the Constitution of Pennsylvania Article 1 § 1. § 9 and § 10, and the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution; in breach of his fiduciary duty to Plaintiff and the People of Pennsylvania and did so under color of statute, custom, and usage of state revenue codes.

## MARY J. WALK

### Prothonotary and Clerk of DELAWARE COUNTY COURT OF COMMON PLEAS
### Plaintiff incorporates by reference the facts set forth above as if set forth herein full.

**157.**    Prothonotary and Defendant MARY J. WALK is employed by the COUNTY OF DELAWARE, doing business and acting in her individual and official capacity as the prothonotary and Clerk of the DELAWARECOUNTY COURT OF COMMON PLEAS, and the director of the Court's OJS pursuant to 42 Pa. C.S. § 2737.

## Fictitious Obligations

**158.**    Between January 2019 to Present, prothonotary and Defendant MARY J. WALK, acting in connection with her duties and official capacity as the director of the OJS for the

59

DELAWARE COUNTY COURT OF COMMON PLEAS, acting under color of the Municipal Claim and Tax Lien Law, with the intent to defraud Plaintiff of property and money; did print, process, produce, and issue counterfeit and fictitious instruments of claim to be actual "Liens of property" ("financial instruments", "legal documents") as defined by Title 18 U.S.C. § 513 (c) (1) (3), through a scheme of creating securities against Plaintiff's Property, while acting under color of the Municipal Claim and Tax Lien law.

159.    Prothonotary and Defendant MARY JANE WALK'S actions violate Title 18 U.S.C. § 514 (a) (l) (2) (3), (b), (c) and Pennsylvania Statutes Title 18 Pa. C.S.A. Crimes and Offenses § 4114 (Securing execution of documents by deception) and § 4911 (a) (l) (2) (Tampering with public records or information).

## Securities Fraud

160.    Between January 2019 to Present, prothonotary and Defendant MARY J. WALK, charged with the duty of keeping accounts and records acting in connection with her duties and her official capacity as the prothonotary for the DELAWARE COUNTY COURT OF COMMON PLEAS and director of the OFFICE OF JDUICIAL SUPPORT, acted under color of The Municipal Claim and Tax Lien Law, and created and manufactured counterfeit securities against Plaintiff's properties, which is not subject to BOROUGH OF RIDLEY PARK ordinances and resolutions.

161.    Prothonotary and Defendant MARY J. WALK under color of authority and policy created a false impression and a fictitious "certificate of interest in properties" as defined by Pennsylvania statute title 18 § 3922 (a) (1) (Theft by deception) and Title 18 U.S.C. § 513 (c) (1) (3) and § 2311 in the name of the Defendant BOROUGH OF RIDLEY PARK, intending to deceive Plaintiff and others similarly situated, with the intent that it be used as a security interest in the properties owned by the Plaintiff.

162.    It is a fact that prothonotary and Defendant MARY J. WALK, acting as the director for the OJS and as agent for DELAWARE COUNTY COURT OF COMMON PLEAS, manufactured

counterfeit securities against Plaintiff's properties, in violation of the clearly established laws of the State of Pennsylvania title 18 Pa. C.S.A. § 4114 (Securing execution of documents by deception), § 491 l (a) (l) (2) (Tampering with public records or information), Pennsylvania Statute Title 70 Securities § 1-51 l (a) (b) (c) (Criminal penalties) and the United States of America title 18 U.S.C. § 513 (a) (b), title 18 U.S.C. §1348 (2), see title 15 U.S.C. 78o (d).

## **Falsification of the In Rem Judgment Index**

**163.**    It is a fact that prothonotary and Defendant MARY J. WALK charged with the duty of keeping accounts and records, acting in connection with her duties and official capacity as the director for the OFFICE OF JUDICIAL SUPPORT, falsified, as a matter of policy, the In Rem judgment index roll, while acting under the color of the Municipal Claim and Tax Lien Law.

**164.**    By including the Plaintiff's non-commercial property, which is not subject to BOROUGH OF RIDLEY PARK ordinances and resolutions by law, on the prothonotary's In Rem judgment index roll; Defendant, MARY J. WALK acting as the director of the OJS, created false securities and counterfeit instruments of claim against the Plaintiff's properties, through a scheme of mis-classifying the Plaintiff's properties, as a matter of policy, to be used as actual "Liens of property" ("financial instrument", "legal document") as defined by title 18 U.S.C. § 513 (c) (1) (3) (See "Pennsylvania Securities Act of 1972") against Plaintiff's Properties, setting a fictitious business situs for collection of municipal ordinances and resolutions, and attorney fees, under color of "The Municipal Claim and Tax Lien Law".

**165.**    It is a fact that prothonotary and Defendant MARY J. WALK made false entries of Plaintiff's properties onto the prothonotary's In Rem judgment index roll, which falls within the scope of a fictitious obligation manufactured under color of municipal authority, and is a clear violation of Pennsylvania Statutes Title 18 Pa. C.S.A. § 4114 (Securing execution of documents by deception) and § 4911 (a) (l) (2) (Tampering with public records or information), Title 70 P.S. Securities § 1-51 l (a) (b) (c) (Criminal penalties) (See "Pennsylvania Securities Act of 1972") and the clearly established laws of the United States title 18 U.S.C. § 514 (a) (l) (2) (3), (b) and (c).

166.    It is a fact that prothonotary and Defendant MARY J. WALK, acting as the director for the OJS, imposed the collection of municipal ordinances and resolutions, attorney fees, and property liens against the Plaintiff's non-commercial properties, for which Defendant, MARY J. WALK, is not authorized to collect under the Municipal Claim and Tax Lien Law, which constitutes "Theft" under state law as defined by Pennsylvania Statutes Title 18 § 3922 (a) (l) (2) (Theft by deception) and under Pennsylvania Statutes Title 18 § 3921 (b) (Theft by unlawful taking).

## Mail Fraud

167.    The elements of mail fraud are a scheme to defraud and use of the mail in furtherance of that scheme.[143]

> The mail fraud statute proscribes only fraudulent schemes to defraud, and it is not necessary that the scheme to defraud actually succeed. The essential elements of a mail fraud offense under 18 U.S.C. § 1341 are a scheme to defraud and the use of the mails in furtherance of that scheme.[144]

> Section 1343 provides: "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined not more than $1,000 or imprisoned not more than five years, or both.[145]"

168.    Sections 1341 and 1343 reach any scheme to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.

> "As we observed last Term in McNally, the words "to defraud" in the mail fraud statute have the "common understanding" of' `wroning one in his property rights by dishonest methods or schemes,' and `usually signify the deprivation of something of value by trick, deceit, chicane or overreaching.' " 483 U. S., at 358 (quoting Hammerschmidt v. United States, 265 U. S. 182, 188 (1924)). The concept of "fraud" includes the act of embezzlement, which is " `the fraudulent appropriation to one's own use of the money or goods entrusted to one's care by another.' " Grin v. Shine, 187 U. S. 181, 189 (1902).[146]"

---

[143] United States vs. Biesiadecki, 933 F.2d 539, 545 (7th Cir.1991)
[144] See, e.g., United States vs. Wellman, 830 F.2d 1453, 1461 (7thCir.1987)
[145] Carpenter v. United States, 484 US 19 - Supreme Court 1987
[146] Carpenter v. United States, 484 US 19 - Supreme Court 1987

**169.**    It is a FACT that between the January 2019 to Present, prothonotary and Defendant MARY J. WALK acted in her official and individual capacities, purportedly for Defendant BOROUGH OF RIDLEY PARK, under color of authority, corresponded with Plaintiff, through the use of the United States Mail and/or transmitted, or caused to be transmitted, writings by wire, into court docket numbers CV-2021-062985, CV-2021-062986, CV-2021-062988, in an effort to collect money for BOROUGH municipal ordinances and resolutions, and fictitious attorney fees, that Defendant WALK and the BOROUGH, are not authorized to collect under the laws of Pennsylvania.

**170.**    It is a FACT that prothonotary and Defendant MARY J. WALK manufactured and procured, for unlawful use, municipal liens and attorney fees, through a scheme of forging security instruments as a matter of policy, to defraud the Plaintiff, and in doing so did place said instruments in a post office or authorized depository for mail matters addressed to Plaintiff, under color of 8 PA Cons Stat § 1086 (Powers and duties of tax collector), containing a statement demanding greater sums of money than WALK was authorized by law to receive, and for obtaining money or property from Plaintiff through false and fraudulent pretenses as defined by title 18 U.S.C. § 1348, § 1346 (Scheme or Artifice to Defraud) and in violation of title 18 U.S.C. § 1341 (Frauds and Swindles) and 18 U.S.C. § 1343 - Fraud by wire, radio, or television.

### Violation of Clearly Established Law by MARY J. WALK

**171.**    These acts of official oppression of Plaintiff's substantive rights to property ownership by prothonotary and Defendant, MARY J. WALK, acting as the director for the OJS, is truly conduct unbecoming of a Public Servant and a breach of her fiduciary duty to Plaintiff and the People of Pennsylvania. See Pennsylvania Statutes Title 18 § 5301 (1) (2) (Official oppression).

**172.**    It is a fact that prothonotary and Defendant, MARY J. WALK, acting as the Director for the OJS has created a false impression as to law with intent to exercise unlawful control and

transfer of Plaintiff's properties, which are not transferrable by law, to others not entitled thereto, and is doing so under color of the Municipal Claim and Tax Lien law, in violation of Pennsylvania Statute Title 18 Pa. C.S.A. Crimes and Offenses § 4114 (Securing execution of documents by deception), § 4911 (a) (l) (2) (Tampering with public records or information) and § 5301 (1) (2) (Official oppression) to financially benefit Defendants, BOROUGH OF RIDLEY PARK, ROBERT P. DADY and MICHELLE PORTNOFF, and other named Defendants not entitled thereto, constituting "Theft" under Pennsylvania state law as defined by Pennsylvania Statutes Title 18 § 3922 (a) (l) (2) (Theft by deception) and under Pennsylvania Statutes Title 18 § 3921 (a) and (b) (Theft by unlawful taking).

> **Pennsylvania Statutes Title 18 Pa. C.S.A. Crimes and Offenses § 3921. Theft by unlawful taking or disposition.**
> **(a)** Movable property - A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof.
> **(b)** Immovable property - A person is guilty of theft if he unlawfully transfers, or exercises unlawful control over, immovable property of another or any interest therein with intent to benefit himself or another not entitled thereto.

**173.**    It is a fact that prothonotary and Defendant, MARY J. WALK, acting as the director for the OJS made false entries to the prothonotary's In Rem judgment index roll concerning Plaintiff's non-commercial properties, which violates clearly established laws of the United States of America, Title 18 U.S.C. § 2071 (b) (unlawfully falsified records, books, documents, papers, affidavits and other things) and Title 18 U.S.C. § 2073 (false reports of securities entries).

**174.**    It is a fact that prothonotary and Defendant MARY JANE WALK acting as the director for the OJS created fictitious tax liens on Plaintiff's properties, created under color of the Municipal Claim and Tax Lien Law, violates clearly established laws of the United States of America title 18 U.S.C. § 1341 (Frauds and Swindles), title 18 U.S.C. § 514 (a) (l) (2) (3), (b) and (c) (fictitious obligation) as defined by title 18 U.S C § 513 (c) (l) (3).

**175.**    Prothonotary and Defendant MARY J. WALK'S demands for sums of money over $1,000.00 dollars through a fraudulent municipal liens that prothonotary MARY J. WALK was not authorized by law to receive, but did so under color of the Municipal Claim and Tax Lien

law, with intent to obtain money and properties from Plaintiff, through false and fraudulent pretenses as defined by title 18 U.S.C. § 1348, § 1346 (Scheme or Artifice to Defraud) and in violation of Title 18 U.S.C. § 1341 (Frauds and Swindles), Title 18 U.S.C. § 872 (extortion by officers or employees of the United States) and title 26 U.S.C. § 7214 (a) (1), (2), and (7) (extortion/willful oppression under color of law and signing fraudulent certificates, returns, and statements).

## Violation of Substantive Rights
## by MARY J. WALK

**176.**    The methods, standards, and policies employed by prothonotary and Defendant MARY J. WALK, acting as the director for OJS, in relation to Plaintiff's property, which was not lien-able by law, were illegal and non-uniform and any BOROUGH OF RIDLEY PARK interim assessments for the years 2019 through 2023 were created under color of law, and are illegal and void.

**177.**    It is a fact that prothonotary and Defendant, MARY J. WALK'S infringement of Plaintiff's property rights, lack of due process, and acts of official misconduct and official oppression has violated Plaintiff's substantive rights to property ownership, peaceful possession and enjoyment of Plaintiff's properties, and Plaintiff's procedural due process rights pursuant to the Constitution of Pennsylvania Article 1 § 1, § 2, § 6, § 8, § 9, § 10, § 11, and the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution; in breach of her fiduciary duty to Plaintiff and the People of Pennsylvania and did so under color of statute, custom, and usage of state revenue codes.

## BOROUGH OF RIDLEY PARK
## A political subdivision of the Commonwealth of Pennsylvania
**Plaintiff incorporates by reference the facts set forth above as if set forth herein full.**

**178.**    Defendant BOROUGH OF RIDLEY PARK is a municipality as defined in the Municipal Claims and Tax Liens Act, 53 P.S. § 7101 et seq., with a principal place of business of Borough of Ridley Park, 105 East Ward Street, Ridley Park, PA 19078.

## **Illegal Deeds and Conversion**

**179.**   It is a fact that Defendant BOROUGH OF RIDLEY PARK acting through Defendants ROBERT P. DADAY, MICHELLE PORTNOFF, RICHARD TUTAK, MARY J. WALK and BARRY C. DOZOR, acting under color of authority and official capacity with intent, (1) to Sheriff sale Plaintiff's property by acting under color of "231 Pa. Code Rule 3252. Writ of execution; money judgments", "231 Pa. Code Rule 3129. Notice of sale; real property.", "231 Pa. Code Rule 3129.1. Sale of Real Property. Notice. Affidavit", and "231 Pa. Code Rule 3129.2. Notice of sale; handbills; written notice; publication", in order to; (2) receive money in exchange for a counterfeit and fictitious Deed to Plaintiff's property, by acting under color of "231 Pa. Code Rule 3135 Sheriff's Deed to Real Property, Correction of Deed", in order to financially benefit the BOROUGH OF RIDLEY PARK and others not entitled thereto.

**180.**   Common sense and jurisprudence tell us that one must first own property before one can sell it!

> "To convey a title the seller must himself have a title to the property which is the subject of the transfer.[147] and for a deed, to be effective, there must be some right or interest owned by the grantor in the land at the time the deed was made.[148]"

**181.**   The Pennsylvania Supreme Court defines "conversion":

> Conversion can be defined as a distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his title or rights therein, or in derogation, exclusion, or defiance of such title or rights, without the owner's consent and without lawful justification. A conversion takes place where a person does such acts in reference to the personal property of another as amount, in view of the law, to the appropriation of the property to himself.[149] Conversion is a continuing tort, lasting as long as the person entitled to the use and possession of his property is deprived of it. It does not necessarily end when the original wrongdoer transfers physical possession to another. An agent or employee who, acting at the direction or command of his principal or employer, has converted or assisted in converting to the latter's use the property of a third person, is liable to such third person for the loss thereby inflicted. He may not escape liability by reason of his status as agent or employee. Thus, an agent who takes the property of another without his consent, and

---

[147] 3 B. & C. 47; 3 Burr. 1516; 5 T. R. 683; 7 Bing. 284; 7 Taunt. 265, 278; 13 East, 509; Bouv. Inst. Index, h.t.
[148] Leidig vs. Hoopes, (Okla) 288 P2d 402; Phillips vs. Johnson, 202 Okla 645, 217 P2d 520
[149] Stevenson vs. Economy Bank of Ambridge, 413 Pa. 442, 197 A2d 721,4 ALR3d 1450; Forsyth vs. Wells, 41 Pa. 291.

> delivers it to his principal, is guilty of a conversion, and he may be held liable although he acted in ignorance of the true owner's title and in perfect good faith.[150]

**182.**   The United States Supreme Court defines "conversion":

> A person who purchases personal property from one not authorized to sell the same may be held liable for the conversion thereof, regardless of the fact that the purchaser was honestly mistaken or acted innocently, in good faith, and without knowledge of the seller's lack of right to make the sale.[151]

**183.**   It is a fact that Defendant BOROUGH OF RIDLEY PARK'S color of statute actions, to manufacture any type of deed and/or certificate to Plaintiff's properties that the BOROUGH does not own, and without right of title and ownership interest, and doing so while lacking all appearances of due process and the rule of law, clearly creates an unlawful conversion of Plaintiff's properties and acts as a cloud on Plaintiff's titles.

**184.**   It is a fact that for Plaintiff's non-commercial property, which is not subject to Defendant BOROUGH OF RIDLEY PARK'S ordinances and resolutions by law, the BOROUGH (1) did manufacture liens against Plaintiff's properties under the color of the Municipal Claim and Tax Lien Law, (2) with intent to sell Plaintiff's properties and financially benefit the BOROUGH ROBERT P. DADAY, MICHELLE PORTNOFF, and others not entitled thereto, under color of "231 Pa. Code Rules 3252[152], 3129[153], 3129.1[154], and 3129.2[155], (3) with intent to manufacture a new Deed for Plaintiff's properties under color of 231 Pa. Code Rule 3135[156], constituting "Theft" under Pennsylvania state law as defined by Pennsylvania Statutes Title 18 § 3922 (a) (l) (2) (Theft by deception) and pursuant to Pennsylvania Statutes Title 18 § 3921 (a) and (b) (Theft by unlawful taking).

---

[150] First Nat. Bank vs. Goldberg, 340 Pa. 337, 17 A2d 377; Gunzburger vs. Rosenthal, 226 Pa. 300, 75 A2d 418; Winlack vs. Geist, 107 Pa. 297
[151] Pine River Logging Co. vs. United States, 186 U.S. 279, 46 L Ed. 1164, 22 S Ct 920 (superseded by statute on another point as stated in United States vs. Mitchell, 463 U.S. 206, 77 L Ed. 2d 580, 103 S Ct 2961)
[152] 231 Pa. Code Rule 3252. Writ of execution; money judgments
[153] 231 Pa. Code Rule 3129. Notice of sale; real property
[154] 231 Pa. Code Rule 3129.1. Sale of Real Property. Notice. Affidavit
[155] 231 Pa. Code Rule 3129.2. Notice of sale; handbills; written notice; publication
[156] 231 Pa. Code Rule 3135. Sheriff's Deed to Real Property. Correction of Deed

"When the deed discloses upon its face that it is illegal, when it discloses upon its face that it is executed in violation of law, the law will not assist it. No statute of limitations can then be brought in to aid its validity.[157]"

## **Mail Fraud**

**185.**    The elements of mail fraud are a scheme to defraud and use of the mail in furtherance of that scheme.[158]

> The mail fraud statute proscribes only fraudulent schemes to defraud, and it is not necessary that the scheme to defraud actually succeed. The essential elements of a mail fraud offense under 18 U.S.C. § 1341 are a scheme to defraud and the use of the mails in furtherance of that scheme.[159]

> Section 1343 provides: "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined not more than $1,000 or imprisoned not more than five years, or both.[160]"

**186.**    Sections 1341 and 1343 reach any scheme to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.

> "As we observed last Term in McNally, the words "to defraud" in the mail fraud statute have the "common understanding" of" `wronging one in his property rights by dishonest methods or schemes,' and `usually signify the deprivation of something of value by trick, deceit, chicane or overreaching.' " 483 U. S., at 358 (quoting Hammerschmidt v. United States, 265 U. S. 182, 188 (1924)). The concept of "fraud" includes the act of embezzlement, which is " `the fraudulent appropriation to one's own use of the money or goods entrusted to one's care by another.' " Grin v. Shine, 187 U. S. 181, 189 (1902).[161]"

**187.**    It is a FACT that between January 2019 to Present, Defendant BOROUGH OF RIDLEY PARK acted under color of authority, corresponded with Plaintiff, through the use of the United States Mail and/or transmitted, or caused to be transmitted, writings by wire, into court docket number CV-2021-062985, CV-2021-062986, CV-2021-062988, in an effort to collect

---

[157] Redfield vs. Parks, 132 U.S. 239 (1889); Similar decisions have been made in the cases of Mason vs. Crowder, 85 Missouri, 526; Sheehy vs. Hinds, 27 Minnesota, 259; Cutler vs. Hurlbut, 29 Wisconsin, 152; Gomer vs. Chaffee, 6 Colorado, 314; Wofford vs. McKinna, 23 Texas, 36
[158] United States vs. Biesiadecki, 933 F.2d 539, 545 (7th Cir.1991)
[159] See, e.g., United States vs. Wellman, 830 F.2d 1453, 1461 (7thCir.1987)
[160] Carpenter v. United States, 484 US 19 - Supreme Court 1987
[161] Carpenter v. United States, 484 US 19 - Supreme Court 1987

money for BOROUGH municipal ordinances and resolutions, and fictitious attorney fees, that Defendant BOROUGH OF RIDLEY PARK, is not authorized to collect under the laws of Pennsylvania.

**188.**    It is a FACT that Defendant BOROUGH OF RIDLEY PARK manufactured and procured, for unlawful use, municipal liens and attorney fees, through a scheme of forging security instruments as a matter of policy, to defraud the Plaintiff, and in doing so did place said instruments in a post office or authorized depository for mail matters addressed to Plaintiff, under color of 8 PA Cons Stat § 1086 (Powers and duties of tax collector), containing a statement demanding greater sums of money than BOROUGH OF RIDLEY PARK was authorized by law to receive, and for obtaining money or property from Plaintiff through false and fraudulent pretenses as defined by title 18 U.S.C. § 1348, § 1346 (Scheme or Artifice to Defraud) and in violation of title 18 U.S.C. § 1341 (Frauds and Swindles) and 18 U.S.C. § 1343 - Fraud by wire, radio, or television.

## Violation of Clearly Established Law
## by BOROUGH OF RIDLEY PARK

**189.**    The methods, standards, and policy, employed by Defendant BOROUGH OF RIDLEY PARK as a political subdivision of the COMMONWEALTH OF PENNSYLVANIA, acting under the Constitution of Pennsylvania, in relation to Plaintiff's non-commercial home/property, which is not subject to BOROUGH ordinances and resolutions by law, were illegal and non-uniform and any BOROUGH interim assessment for the years 2019 through 2023 were created under color of law, and are illegal and void.

**190.**    It is a fact that the clearly established laws of the state of Pennsylvania and the United States of America are void of a procedure based in law or laws enacted by the legislature of the state of Pennsylvania, pursuant to the Constitution of Pennsylvania, that authorizes a governmental entity, state government employee (public servant), to collect commercial municipal ordinances and resolutions on any property owned by the People as a matter of right

for private use and non-commercial purposes, as defined by the Constitution of the COMMONWEALTH OF PENNSYLVANIA article 1 § 1.

**191.**  It is a fact that Defendant BOROUGH OF RIDLEY PARK, and all named individual Defendants working in their individual and/or official governmental capacity of employment as constitutional officers, who have a duty to know that their conduct is violative of Plaintiff's rights, are attempting a theft of Plaintiff's homes through the falsification of governmental records, by creating fictitious financial instruments as security interests in properties owned by the Plaintiff, in order to sell them and create Deeds to Plaintiff's non-commercial properties, under color of state procedures, as a matter of practice, custom, and policy, so that they can be used for obtaining money and/or property from Plaintiff; pertaining to the collection of a purported municipal ordinances and resolutions through false and fraudulent pretenses and the unconstitutional use of the state revenue statutes, while simulating a legal process under color of law is truly a criminal act.

**192.**  Transferring property from the lawful owner and title holder to possession of someone having no ownership or title to it, without due process of law, although it is done under the name and form of a statute is unconstitutional, as it's unconstitutional to take property from one person and transfer it to another, and it's not an exercise of municipal power.

**193.**  Defendant, BOROUGH OF RIDLEY PARK, and all named individual Defendants, working in their individual and/or official governmental capacity of employment are acting under color of law and in breach of their fiduciary duty to Plaintiff and the People of Pennsylvania.

## Violation of Substantive Rights
## by BOROUGH OF RIDLEY PARK

**194.**  All Defendants are clearly threatening to deprive the Plaintiff of his home, which is not subject to BOROUGH OF RIDLEY PARK ordinances and resolutions by law, if he does not pay commercial municipal ordinances and resolutions on Plaintiff's non-commercial property!

**195.**     It is a fact that imposing BOROUGH OF RIDLEY PARK ordinances and resolutions upon Plaintiff's right to own, acquire, possess, protect, and enjoy property, pursuant to the Constitution of Pennsylvania Article I §1, as a matter of custom and policy, violates Plaintiff's substantive rights to property ownership in accordance with the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

**196.**     It is a fact that Defendant BOROUGH OF RIDLEY PARK'S unconstitutional use and perversion of the Municipal Claim and Tax Lien Law and their failure to comply with the legislative intent as mandated by Municipal Claim and Tax Lien Law, violates Plaintiff's substantive rights as a to procedural due process pursuant to the Constitution of Pennsylvania Article I § 9 and the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

> In Publix Drug Co. v. Breyer Ice Cream Co., 347 Pa. 346, 348-49, 32 A.2d 413, 415 (1943), the court summarized the distinction between the two torts by saying that "malicious use of civil process has to do with the wrongful initiation of such process, while abuse of civil process is concerned with a perversion of a process after it is issued." Therefore, if a process is wrongfully initiated and thereafter perverted, both torts lie. Hence, the torts are not mutually exclusive. "Abuse" (Black's Law Dictionary 6th Edition). v. To make excessive or improper use of a thing, or to employ it in a manner contrary to the natural or legal rules for its use. To make an extravagant or excessive use, as to abuse one's authority.[162]

> The constitutional right to be heard is a basic aspect of the duty of government to follow a fair process of decision-making when it acts to deprive a person of his possessions. The purpose of this requirement is not only to ensure abstract fair play to the individual. Its purpose, more particularly, is to protect his use and possession of property from arbitrary encroachment -- to minimize substantively unfair or mistaken deprivations of property, a danger that is especially great when the State seizes goods simply upon the application of and for the benefit of a private party. So viewed, the prohibition against the deprivation of property without due process of law reflects the high value, embedded in our constitutional and political history, that we place on a person's right to enjoy what is his, free of governmental interference.[163]

**197.**     It is a fact that Defendant BOROUGH OF RIDLEY PARK'S color of statute action, to manufacture a municipal liens/certificates on Plaintiff's homes/non-commercial properties, which are not subject to BROUGH ordinances and resolutions by law, without right of title

---

[162] See also Funk v. Cable, 251 F.Supp. 598 (M.D.Pa.1966), in which the court suggested that the complaint indicates that the allegation could sound in either of the two torts
[163] See Lynch v. Household Finance Corp., 405 U. S. 538, 405 U. S. 552.Fuentes vs. Shevin, 407 U.S. 67, 80 (1972)

and ownership interest, and with intent to sell said instruments to be converted into a deed to financially benefit Defendants BOROUGH OF RIDLEY PARK, ROBERT P. DADAY and MICHELLE PORTNOFF, and others not entitled thereto, while lacking all appearances of due process and the rule of law, created an unlawful taking by conversion of Plaintiff's properties, and a cloud on Plaintiff's title under color of state tax statues; clearly violating Plaintiff's substantive rights to property ownership and due process, pursuant to the Constitution of Pennsylvania Article I § 1, § 2, § 6, § 8, § 9, § 10, § 11, and the Fourth, Fifth, and Fourteenth, Amendments of the United States Constitution.

> The prohibitions of the Fourteenth Amendment refer to all the instrumentalities of the State, to its legislative, executive and judicial authorities, and, therefore, whoever, by virtue of public position under a state government deprives another of any right protected by that amendment against deprivation by the State violates the constitutional inhibition; and, as he acts in the name and for the State, and is clothed with the State's power, his act is that of the State. The contention that the defendant has been deprived of property without due process of law is not entirely met by the suggestion that he had due notice of the proceedings for condemnation, appeared, and was admitted to make defence. The judicial authorities of a State may keep within the letter of the statute prescribing forms of procedure in the courts and give the parties interested the fullest opportunity to be heard, and yet it might be that its action would be inconsistent with that amendment.[164]

## **BARRY C. DOZOR**

### **Liasson Judge for DELAWARE COUNTY COURT OF COMMON PLEAS**

**Plaintiff incorporates by reference the facts set forth above as if set forth herein full.**

**198.**    Recused judge and Defendant BARRY C. DOZOR is acting as the Liasson Judge for the DELAWARE COUNTY COURT OF COMMON PLEAS.

## **Fictitious Obligations**

**199.**    On or about July 2021 to Present, Recused Liasson Judge and Defendant BARRY C. DOZOR, acting in connection with his duties as the Liasson judge of the DELAWARE COUNTY COURT OF COMMON PLEAS, acting under color of the Municipal Claim and Tax Lien Law, with the intent to defraud Plaintiff of property and money; did print, process, produce, and issue counterfeit and fictitious instruments of claim to be actual "Liens of

---

[164] Chicago, Burlington & Quincy Railroad Co. v. Chicago, 166 U.S. 226 (1897)

property" ("financial instruments", "legal documents") as defined by Title 18 U.S.C. § 513 (c) (1) (3), through a scheme of creating securities against Plaintiff's Properties.

**200.**   Recused Liasson Judge and Defendant BARRY C. DOZOR'S actions violate Title 18 U.S.C. § 514 (a) (l) (2) (3), (b), (c) and Pennsylvania Statutes Title 18 Pa. C.S.A. Crimes and Offenses § 4114 (Securing execution of documents by deception) and § 4911 (a) (l) (2) (Tampering with public records or information).

## Securities Fraud

**201.**   On or about July 2021 to Present, Recused Liasson Judge and Defendant BARRY C. DOZOR, charged with the duty of adjudicating justiciable controversies for the DELAWARE COUNTY COURT OF COMMON PLEAS, acted under color of the Municipal Claim and Tax Lien Law, and created and manufactured counterfeit securities against Plaintiff's properties, which are not subject to BOROUGH OF RIDLEY PARK ordinances and resolutions.

**202.**   Recused Liasson Judge and Defendant BARRY C. DOZOR under color of authority and policy created a false impression and fictitious "certificates of interest in Plaintiff's properties" as defined by Pennsylvania statute title 18 § 3922 (a) (1) (Theft by deception) and Title 18 U.S.C. § 513 (c) (1) (3) and § 2311 in the name of Defendant BOROUGH OF RIDLEY PARK, intending to deceive Plaintiff and others similarly situated, with the intent that it be used as a security interest in the properties owned by the Plaintiff.

**203.**   It is a fact that Recused Liasson Judge and Defendant BARRY C. DOZOR, acting for the DELAWARE COUNTY COURT OF COMMON PLEAS, manufactured counterfeit securities against Plaintiff's properties, in violation of the clearly established laws of the State of Pennsylvania title 18 Pa. C.S.A. § 4114 (Securing execution of documents by deception), § 491 l (a) (l) (2) (Tampering with public records or information), Pennsylvania Statute Title 70 Securities § 1-51 l (a) (b) (c) (Criminal penalties) and the United States of America title 18 U.S.C. § 513 (a) (b), title 18 U.S.C. §1348 (2), see title 15 U.S.C. 78o (d).

## Falsification of the In Rem Judgment Index

**204.**    It is a fact that Recused Liasson Judge and Defendant BARRY C. DOZOR, charged with the duty of adjudicating justiciable controversies, acting for the DELAWARE COUNTY COURT OF COMMON PLEAS, condoned prothonotary and Defendant MARY J. WALK'S falsification of the In Rem judgment index roll, as a matter of policy, while acting under the color of the Municipal Claim and Tax Lien Law.

**205.**    By condoning the inclusion of the Plaintiff's non-commercial properties, which are not subject to BOROUGH OF RIDLEY PARK ordinances and resolutions by law, being put on the prothonotary's In Rem judgment index roll; Recused Liasson Judge and Defendant BARRY C. DOZOR acting for the DELAWARE COUNTY COURT OF COMMOMN PLEAS, created false securities and counterfeit instruments of claim against the Plaintiff's properties, through a scheme of mis-classifying the Plaintiff's properties, as a matter of policy, to be used as actual "Liens of property" ("financial instruments", "legal documents") as defined by title 18 U.S.C. § 513 (c) (1) (3) (See "Pennsylvania Securities Act of 1972") against Plaintiff's Properties, setting a fictitious business situs for collection of municipal ordinances and resolutions, and attorney fees, under color of "The Municipal Claim and Tax Lien Law".

**206.**    It is a fact that Recused Liasson Judge and Defendant BARRY C. DOZOR condoned the making of false entries of Plaintiff's properties onto the prothonotary's In Rem judgment index roll, which falls within the scope of a fictitious obligation manufactured under color of municipal authority, and is a clear violation of Pennsylvania Statutes Title 18 Pa. C.S.A. § 4114 (Securing execution of documents by deception) and § 4911 (a) (l) (2) (Tampering with public records or information), Title 70 P.S. Securities § 1-51 l (a) (b) (c) (Criminal penalties) (See "Pennsylvania Securities Act of 1972") and the clearly established laws of the United States title 18 U.S.C. § 514 (a) (l) (2) (3), (b) and (c).

**207.**    It is a fact that Recused Liasson Judge and Defendant BARRY C. DOZOR, acting for the DELAWARE COUNTY COURT OF COMMON PLEAS, imposed the collection of municipal ordinances and resolutions, attorney fees, and property liens against the Plaintiff's non-commercial properties, for which Defendant, DOZOR, is not authorized to collect under

the Municipal Claim and Tax Lien Law, which constitutes "Theft" under state law as defined by Pennsylvania Statutes Title 18 § 3922 (a) (l) (2) (Theft by deception) and under Pennsylvania Statutes Title 18 § 3921 (b) (Theft by unlawful taking).

## Mail Fraud

**208.**  The elements of mail fraud are a scheme to defraud and use of the mail in furtherance of that scheme.[165]

> The mail fraud statute proscribes only fraudulent schemes to defraud, and it is not necessary that the scheme to defraud actually succeed. The essential elements of a mail fraud offense under 18 U.S.C. § 1341 are a scheme to defraud and the use of the mails in furtherance of that scheme.[166]

> Section 1343 provides: "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined not more than $1,000 or imprisoned not more than five years, or both.[167]"

**209.**  Sections 1341 and 1343 reach any scheme to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.

> "As we observed last Term in McNally, the words "to defraud" in the mail fraud statute have the "common understanding" of" `wronging one in his property rights by dishonest methods or schemes,' and `usually signify the deprivation of something of value by trick, deceit, chicane or overreaching.' " 483 U. S., at 358 (quoting Hammerschmidt v. United States, 265 U. S. 182, 188 (1924)). The concept of "fraud" includes the act of embezzlement, which is " `the fraudulent appropriation to one's own use of the money or goods entrusted to one's care by another.' " Grin v. Shine, 187 U. S. 181, 189 (1902).[168]"

**210.**  It is a FACT that on or about July 2021 to Present, Recused Liasson Judge and Defendant BARRY C. DOZOR acted for the DELAWARE COUNTY COURT OF COMMON PLEAS and for Defendant BOROUGH OF RIDLEY PARK, under color of authority, corresponded with Plaintiff, through the use of the United States Mail and/or transmitted, or caused to be

---

[165] United States vs. Biesiadecki, 933 F.2d 539, 545 (7th Cir.1991)
[166] See, e.g., United States vs. Wellman, 830 F.2d 1453, 1461 (7thCir.1987)
[167] Carpenter v. United States, 484 US 19 - Supreme Court 1987
[168] Carpenter v. United States, 484 US 19 - Supreme Court 1987

transmitted, writings by wire, into court docket number CV-2021-062985, CV-2021-062986, CV-2021-062988, in an effort to collect money for the BOROUGH through municipal ordinances and resolutions, and fictitious attorney fees, that Defendant DOZOR and the BOROUGH, are not authorized to collect under the laws of Pennsylvania.

**211.**    It is a FACT that Recused Liasson Judge and Defendant BARRY C. DOZOR manufactured and procured, for unlawful use, municipal liens and attorney fees, through a scheme of forging security instruments as a matter of policy, to defraud the Plaintiff, and in doing so did place said instruments in a post office or authorized depository for mail matters addressed to Plaintiff, under color of the Municipal Claim and Tax Lien Law, containing a statement demanding greater sums of money from Plaintiff than DOZOR was authorized by law to receive, and for obtaining money or property from Plaintiff through false and fraudulent pretenses as defined by title 18 U.S.C. § 1348, § 1346 (Scheme or Artifice to Defraud) and in violation of title 18 U.S.C. § 1341 (Frauds and Swindles) and 18 U.S.C. § 1343 - Fraud by wire, radio, or television.

## Violation of Clearly Established Law
## by BARRY C. DOZOR

**212.**    These acts of official oppression of Plaintiff's substantive rights to property ownership by Recused Liasson Judge and Defendant BARRY C. DOZOR, acting for the DELAWARE COUNTY COURT OF COMMON PLEAS and Defendant BOROUGH OF RIDLEY PARK, is truly conduct unbecoming of a Public Servant and a breach of his fiduciary duty to Plaintiff and the People of Pennsylvania. See Pennsylvania Statutes Title 18 § 5301 (1) (2) (Official oppression).

**213.**    It is a fact that Recused Liasson Judge and Defendant BARRY C. DOZOR, acting for the DELAWARE COUNTY COURT OF COMMON PLEAS and the BOROUGH OF RIDLEY PARK, has created a false impression as to law with intent to exercise unlawful control and transfer of Plaintiff's properties, which are not transferrable by law, to others not entitled thereto, and is doing so under color of the Municipal Claim and Tax Lien Law, in violation of

Pennsylvania Statute Title 18 Pa. C.S.A. Crimes and Offenses § 4114 (Securing execution of documents by deception), § 4911 (a) (l) (2) (Tampering with public records or information) and § 5301 (1) (2) (Official oppression) to financially benefit Defendants, BOROUGH OF RIDLEY PARK, ROBERT P. DADY and MICHELLE PORTNOFF, and other not entitled thereto, constituting "Theft" under Pennsylvania state law as defined by Pennsylvania Statutes Title 18 § 3922 (a) (l) (2) (Theft by deception) and under Pennsylvania Statutes Title 18 § 3921 (a) and (b) (Theft by unlawful taking).

> **Pennsylvania Statutes Title 18 Pa. C.S.A. Crimes and Offenses § 3921. Theft by unlawful taking or disposition.**
> **(a)** Movable property - A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof.
> **(b)** Immovable property - A person is guilty of theft if he unlawfully transfers, or exercises unlawful control over, immovable property of another or any interest therein with intent to benefit himself or another not entitled thereto.

**214.**    It is a fact that Recused Liasson Judge and Defendant BARRY C. DOZOR, acting for the DELAWARE COUNTY COURT OF COMMON PLEAS condoned the making of false entries onto the prothonotary's In Rem judgment index roll, concerning Plaintiff's non-commercial properties, which violates clearly established laws of the United States of America, Title 18 U.S.C. § 2071 (b) (unlawfully falsified records, books, documents, papers, affidavits and other things) and Title 18 U.S.C. § 2073 (false reports of securities entries).

**215.**    It is a fact that Recused Liasson Judge and Defendant BARRY C. DOZOR, acting for the DELAWARE COUNTY COURT OF COMMON PLEAS created three fictitious liens against Plaintiff's properties, under color of the Municipal Claim and Tax Lien Law, which violates clearly established laws of the United States of America title 18 U.S.C. § 1341 (Frauds and Swindles), title 18 U.S.C. § 514 (a) (l) (2) (3), (b) and (c) (fictitious obligation) as defined by title 18 U.S C § 513 (c) (l) (3).

**216.**    Recused Liasson Judge and Defendant BARRY C. DOZOR'S demands for sums of money over $1,000.00 dollars through a fraudulent municipal liens that DOZOR was not authorized by law to demand, but did so under color of the Municipal Claim and Tax Lien law, with intent to obtain money and properties from Plaintiff, through false and fraudulent pretenses as defined

77

by title 18 U.S.C. § 1348, § 1346 (Scheme or Artifice to Defraud) and in violation of Title 18 U.S.C. § 1341 (Frauds and Swindles), Title 18 U.S.C. § 872 (extortion by officers or employees of the United States) and title 26 U.S.C. § 7214 (a) (1), (2), and (7) (extortion/willful oppression under color of law and signing fraudulent certificates, returns, and statements).

## Violation of Substantive Rights
## by BARRY C. DOZOR

**217.**    The methods, standards, and policies employed by Recused Liasson Judge and Defendant BARRY C. DOZOR, acting for the DELAWARE COUNTY COURT OF COMMON PLEAS, in relation to Plaintiff's properties, which are not lien-able by law, were illegal and non-uniform and any BOROUGH OF RIDLEY PARK property liens created between the years 2119 through 2023 were created under color of Municipal Claim and Tax Lien Law, are illegal and void.

**218.**    It is a fact that Recused Liasson Judge and Defendant BARRY C. DOZOR'S infringement of Plaintiff's property rights, lack of due process, and acts of official misconduct and official oppression has violated Plaintiff's substantive rights to property ownership, peaceful possession and enjoyment of Plaintiff's properties, and Plaintiff's procedural due process rights pursuant to the Constitution of Pennsylvania Article 1 § 1, § 2, § 6, § 8, § 9, § 10, § 11, and the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution; in breach of her fiduciary duty to Plaintiff and the People of Pennsylvania and did so under color of statute, custom, and usage of state revenue codes.

## DEMAND FOR EMPANELMENT OF GRAND JURY
### PRIMA FACIE EVIDENCE OF CRIMINAL ACTS BY DEFENDANTS
**Plaintiff incorporates by reference the facts set forth above as if set forth herein full.**

**219.**    Plaintiff, Alphonso Faggiolo, is seeking compliance with Title 42 U.S.C. § 1987 (Prosecution of violation of certain laws) that authorizes and requires, at the expense of the United States, to institute prosecutions against all persons violating Title 18 U.S.C. § 241 and 242, Title 18 U.S.C. § 1964 (a) (b) (c) and § 1968 (Civil investigative demand) and to cause such persons to be arrested, and imprisoned or bailed, for trial before a Court of the United

States or the Territorial court having cognizance of the offenses. **See Pub. Law 106-274, Sec. 4 (d), Sept. 22, 2000, 114 Stat. 804**.

**220.**    Plaintiff is also seeking compliance with Title 18 U.S.C. § 3 and § 4, that makes it a crime to fail to report a crime to proper authorities, hereby states the following statement of facts:

**221.**    Plaintiff as one of the sovereign people of the union state of Pennsylvania, has probable cause supported by the facts to believe, and therefore believes that Defendant BOROUGH OF RIDLEY PARK, a for profit chartered Corporation and its named agents, attorneys and Defendants MICHELLE PORTNOFF and ROBERT P. DADAY, through false and fraudulent pretenses as a matter of custom and policy, have conspired to commit a common law fraud and unlawful conversion upon Plaintiff's properties, which are not taxable by the laws of Pennsylvania, while acting under color of municipal ordinances and resolutions, and Pennsylvania tax statutes, and are truly acting beyond the constitutional limitations of taxation set forth under article 1 § 8 clause 1 of the United States Constitution and the Constitution of the COMMONWEALTH OF PENNSYLVANIA Article 8 as evidenced by the facts stated herein.

**222.**    All actions complained of fall within conduct indictable under specific provisions of the Organized Crime Control Act (OCCA) (P.L. 91-452, 84 Stat. 922) 1970 federal laws (18 U.S.C. § 1962 et seq. 1970) specifically designed to punish criminal activity by business enterprises relating to counterfeiting, securities fraud, theft, embezzlement, obstruction of justice, racketeering, money laundering, etc.

**223.**    The specific goal of RICO is to punish the use of an enterprise to engage in certain criminal activity. A person who uses an enterprise to engage in a pattern of racketeering activity may be convicted under the RICO criminal statute Title 8 U.S.C. § 1963 (a) (Criminal penalties). An enterprise is defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact, although not a legal entity."

**224.**    It is a fact that all named individual Defendants acting in their individual official capacities as constitutional officers governed by the clearly established laws of the State of Pennsylvania

as a matter of custom and policy, through a clear pattern of abuses and official condemnation are truly violating clearly established laws of the United States of America as defined by Title 18 U.S.C. § 1341 (Frauds and Swindles) in violation of title 18 U.S.C. § 1348 (Securities and commodities fraud), § 1346 (Scheme or Artifice to Defraud), Title 18 U.S.C. § 1343 (Fraud by wire, radio, or television), and including but not limited to; Title 18 U.S.C. § 1018 (False official certificates), Title 18 U.S.C. § 225 (Continuing financial crimes enterprise), Title 18 U.S. C. § 513 (c) (1) (3) (False securities), Title 18 U.S.C. § 514 (a) (l) (2) (3), (b) and (c) (Fictitious obligation), Title 18 U.S.C. § 872 (Extortion), Title 18 U.S.C. § 876 (Mailing threatening communications), Title 26 U.S.C. § 7214 (a) (1) (Willful oppression under color of law), Title 18 U.S.C. § 2071 (b) (Unlawfully falsifies records, books, documents, papers, or other things), Title 18 § 2073 (False entries and reports of moneys or securities), Title 18 U.S.C. § 1962 (a) (b) (c) and (d) (Prohibited activities), Title 18 U.S.C. § 241 (Conspiracy against rights), Title 18 U.S.C. § 242 (Deprivation of rights under color of law).

**225.**    It is a fact that all named individual Defendant's unconstitutional use of the state revenue statutes and simulated legal processes are clearly being used to deprive the Plaintiff, Alphonso Nicholas Faggiolo, and the people of Pennsylvania, of money and/or property without due process of law acting under color of state revenue statutes.

**226.**    Wherefore, Defendants practice, custom, and policy, of false entries and the fictitious classification of Plaintiff's property on their tax rolls, for the purpose of applying the Tax Reform Code of 1971 and the Municipal Claim and Tax Lien Law, to manufacture a fictitious tax liens and tax certificates against Plaintiff's non-commercial property, to financially benefit all Defendants, is an act done under color of the Pennsylvania tax code/statutes, as a matter of custom and policy and is violative of Plaintiff's substantive rights to property ownership and procedural due process, guaranteed pursuant to the Constitution of Pennsylvania Article I §1, §9, §10, and §11, and the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and have done so to wit:

## COUNT ONE AND TWO (1 & 2)
### Violation of Civil and Substantive Rights While Acting Under
### Color of Law 42 U.S.C. § 1983 - Title 18 U.S.C. § 242
### Deprivation of rights under color of law by Defendants MICHELLE
### PORTNOFF (1) AND ROBERT P. DADAY (2)
**Plaintiff incorporates by reference the facts set forth above as if set forth herein full.**

227.    This cause of action is brought by Plaintiff, Alphonso Nicholas Faggiolo, against third-party attorneys and Defendants MICHELLE PORTNOFF and ROBERT P. DADAY, for their color of imposition and unconstitutional application of a municipal scheme, through the creation of a forged liens, falsified writs of scire facias, falsified attorney fees, falsified writs of execution, and a an illegal sheriff sale of Plaintiff's non-commercial property, which is not saleable by law, and the deprivation of Plaintiff's constitutional rights within the meaning of title 42 U.S.C. § 1983.

228.    At all relevant times Plaintiff has a substantive right under the due process and equal protection clauses of the state and federal constitutions not to be deprived of his constitutionally protected interest in his properties, pursuant to the Fifth and Fourteenth Amendments of the Constitution United States of America.

229.    In every instance as set forth above third-party attorneys and Defendants MICHELLE PORTNOFF and ROBERT P. DADAY forged liens against Plaintiff's non-commercial properties, which are not subject to BOROUGH OF RIDLEY PARK ordinances and resolutions by the laws of Pennsylvania, and was done as a matter of custom, practice and policy, in order to execute a municipal scheme to financially benefit Defendants PORTNOFF and DADAY, who were purporting to act for the BOROUGH, who itself was not authorized to impose BOROUGH ordinances and resolutions upon Plaintiff's non-commercial property, pursuant to the Constitution of Pennsylvania and the laws of the COMMONWELATH OF PENNSYLVANIA.

230.    It is a fact that Plaintiff's properties clearly have NO business situs for BOROUGH OF RIDLEY PARK purposes within the state of Pennsylvania pursuant to the legislative intent and the limitations of set forth in Article I, § 8 clause 1 of the United States Constitution.

81

**231.**    In every instance as set forth above, third-party attorneys and Defendants MICHELLE PORTNOFF and ROBERT P. DADAY, acting in their individual and professional capacity, under color of authority, thru a clear and affirmative abuse of power with the intent to permanently deprive Plaintiff of his money and his homes/properties, through a simulated legal process, while clothed with state authority, and lacking all appearances of due process and the rule of law, violated Plaintiff's substantive rights under color Pennsylvania Municipal Claim and Tax Lien Law.

**232.**    Third-party attorneys and Defendants MICHELLE PORTNOFF and ROBERT P. DADAY'S, falsification and misclassification of Plaintiff's property is violative of Plaintiff's substantive rights to property ownership and procedural due process secured by the laws and the Constitution of Pennsylvania Article I §1, §9, §10 and §11; and the Fifth and Fourteenth Amendments of the United States Constitution.

**233.**    Third-party attorneys and Defendants MICHELLE PORTNOFF and ROBERT P. DADAY are clearly mis-trained as a matter of custom, practice, and policy, to believe that BOROUGH OF RIDLEY PARK ordinances and resolutions are laws that can be imposed upon the Plaintiff's non-commercial properties through the Municipal Claim and Tax Lien Law.

**234.**    Third-party attorneys and Defendants and MICHELLE PORTNOFF and ROBERT P. DADAY, acted intentionally and recklessly, in disregard of Plaintiff's constitutional rights. Defendants PORTNOFF and DADAY, as constitutional officers of the court, had a duty to know that their conduct violated Plaintiff's constitutional rights.

**235.**    Third-party attorneys and Defendants MICHELLE PORTNOFF and ROBERT P. DADAY'S misclassification and falsification of three liens against the Plaintiff's non-commercial properties, did in fact cause the Plaintiff the constitutional deprivations complained of herein.

**236.**    Third-party attorneys and Defendants MICHELLE PORTNOFF and ROBERT P. DADAY'S practice of falsifying liens, falsifying writs of scire facias, falsifying writs of execution, and selling properties it has no title of ownership or interest in, to financially benefit

themselves and others not entitled thereto, is so widespread that it has gained the force of law as an official policy and custom of all Defendants, and was the moving force behind Plaintiff's deprivation of his property rights as secured to Plaintiff in accordance with the Constitution of Pennsylvania Article 1 §1 and the Fourteenth Amendments of the United States Constitution.

**237.**   Third-party attorneys and Defendants MICHELLE PORTNOFF and ROBERT P. DADAY were acting under color of law, posing as authorized agents of Defendant BOROUGH OF RIDLEY PARK, while implementing the customs, practices, and polices of Defendant MICHELLE PORTNOFF, and did so under color of statute and usage of state revenue codes within the meaning of title 42 U.S.C. § 1983.[169]

**238.**   Third-party attorneys and Defendants MICHELLE PORTNOFF and ROBERT P. DADAY'S misconduct and falsification of liens and writs of scire facias, and the misclassification of possessing in rem jurisdiction over Plaintiff's properties as a matter of custom, practice, and policy, violates the clearly established laws of the State of Pennsylvania (Title 18 Pa. C.S.A. Crimes and Offenses) and the United States of America (Title 18 U.S.C.).

**239.**   Third-party attorneys and Defendants MICHELLE PORTNOFF and ROBERT P. DADAY'S practices, customs, and policies, have clearly violated Plaintiff's constitutional rights within the meaning of Title 42 U.S.C. § 1983.

**240.**   Third-party attorneys and Defendants MICHELLE PORTNOFF and ROBERT P. DADAY'S color of law actions and official misconduct toward Plaintiff have defrauded Plaintiff and deprived Plaintiff, Alphonso Faggiolo, of clearly established substantive rights and equal protection of the law as secured by the Constitution and laws of the State of Pennsylvania and the United States of America as set forth herein under Title 18 U.S.C. § 242 within the meaning of Title 42 U.S.C. § 1983.

---

[169] Estate of Macias vs. Lopez, 42 F. Supp.2d 957 (N.D. Cal. 1999)

## COUNT THREE (3)
### Violation of Civil and Substantive Rights While Acting Under
### Color of Law 42 U.S.C. § 1983 - Title 18 U.S.C. § 242
### Deprivation of rights under color of law by Defendant RICHARD TUTAK
**Plaintiff incorporates by reference the facts set forth above as if set forth herein full.**

**241.**   This cause of action is brought by Plaintiff, Alphonso Faggiolo, against Defendant RICHARD TUTAK for his color of imposition and unconstitutional application of BOROUGH OF RIDLEY PARK's revenue scheme against Plaintiff's non-commercial properties, which are not subject to BOROUGH ordinances and resolutions by law, and the deprivation of Plaintiff's constitutional rights within the meaning of title 42 U.S.C. § 1983.

**242.**   At all relevant times Plaintiff has a right under the due process and equal protection clauses of the state and federal constitutions, not to be deprived of his constitutionally protected interest in his properties pursuant to the Fifth and Fourteenth Amendments of the Constitution of the United States of America.

**243.**   In every instance as set forth above Defendant RICHARD TUTAK's falsification and misclassification of Plaintiff's non-commercial property, which was done as a matter of custom and policy, to deprive Plaintiff of his properties under color of a commercial municipal ordinance and resolutions, that Defendant, RICHARD TUTAK, acting as the manager of the BOROUGH OF RIDLEY PARK, was not authorized to impose upon Plaintiff's non-commercial property pursuant to the Constitution of Pennsylvania.

**244.**   Defendant RICHARD TUTAK'S falsification and misclassification of Plaintiff's properties under color of Defendant BOROUGH OF RIDLEY PARK ordinances and Resolutions, is a custom, practice, and policy done for manufacturing counterfeit securities against Plaintiff's non-commercial properties, to financially benefit Defendant BOROUGH OF RIDLEY PARK.

**245.**   Defendant RICHARD TUTAK'S policy of manufacturing counterfeit securities and fictitious obligations (Tax Claims/Certificates) against Plaintiff's non-commercial properties

84

as a matter of custom, practice, and policy, is violative of Plaintiff's substantive rights to property ownership and procedural due process, secured by the laws and the Constitution of Pennsylvania Article I §1, §9, §10, §11; and the Fifth and Fourteenth Amendments of the United States Constitution.

246.    In every instance as set forth above, Defendant RICHARD TUTAK acted in his individual, official, and professional capacity, under color of authority, thru a clear and affirmative abuse of power with the intent to permanently deprive Plaintiff of his money and his homes/properties, through a simulated legal process to financially benefit all Defendants, while clothed with state authority and lacking all appearances of due process and the rule of law, violated Plaintiff's rights under color of the Municipal Claim and Tax Lien Law.

247.    It is a fact that Plaintiff's properties clearly have no business situs for BOROUGH OF RIDLEY PARK purposes within the state of Pennsylvania under the legislative intent of the Municipal Claim and Tax Lien Law, pursuant to the governmental limitations set forth in article I, § 8 clause 1 of the United States Constitution.

248.    It is a fact that Defendant RICHARD TUTAK is clearly being trained as a matter of custom and policy by Defendant BOROUGH OF RIDLEY PARK to believe that municipal ordinances and resolutions are laws that apply to the premises of Plaintiff's non-commercial properties.

249.    Defendant RICHARD TUTAK acted intentionally and recklessly, in disregard of Plaintiff's constitutional rights. Defendant RICHARD TUTAK as a constitutional officer had a duty to know, or should have known, that his conduct violated Plaintiff's constitutional rights.

250.    Defendant BOROUGH OF RIDLEY PARK and its named employee Defendant RICHARD TUTAK'S practice of the falsification and misclassification of the Plaintiff's properties in order to financially benefit the Defendants, is so widespread that it has gained the force of law as an official policy and custom of Defendants TUTAK, MICHELLE PORTNOFF, ROBERT P. DADAY, MARY JANE WALK, BARRY C. DOZOR and is the moving force behind Plaintiff's deprivation of his property rights as secured to Plaintiff in

accordance with Constitution of Pennsylvania Article I §1 and the Fourteenth Amendments of the United States Constitution.

**251.**    Defendant RICHARD TUTAK was acting under color of law, as an authorized agent of Defendant BOROUGH OF RIDLEY PARK, while implementing the customs and polices of the BOROUGH and did so under color of BOROUGH ordinances and resolutions within the meaning of title 42 U.S.C. § 1983.[170]

**252.**    Defendant RICHARD TUTAK'S misconduct violates the clearly established laws of the State of Pennsylvania (Title 18 Pa. C.S.A. Crimes and Offenses) and the United States of America (title 18 U.S.C.).

**253.**    Defendant RICHARD TUTAK'S practice, custom, and policy, has clearly violated Plaintiff's constitutional rights within the meaning of Title 42 U.S.C. § 1983.

**254.**    It is a fact that Defendant RICHARD TUTAK'S color of law actions and official misconduct toward Plaintiff has defrauded Plaintiff, and deprived Plaintiff, Alphonso Faggiolo, of clearly established substantive rights and equal protection of the law as secured by the Constitution and laws of the State of Pennsylvania and the United States of America, as set forth under Title 18 U.S.C. § 242 within the meaning of Title 42 U.S.C. § 1983.

## COUNT FIVE (4)
### Violation of Civil and Substantive Rights While Acting Under Color of Law 42 U.S.C. § 1983 - Title 18 U.S.C. § 242 Deprivation of rights under color of law MARY J. WALK
**Plaintiff incorporates by reference the facts set forth above as if set forth herein full.**

**255.**    This cause of action is brought by Plaintiff, Alphonse Nicholas Faggiolo, against prothonotary and Defendant MARY J. WALK for her willful, wanton, malicious, and abusive conduct, under color of law, that has deprived Plaintiff of constitutionally protected rights

---

[170] Estate of Macias vs. Lopez, 42 F. Supp.2d 957 (N.D. Cal. 1999)

under the Fifth and Fourteenth Amendments of the United States Constitution within the meaning of title 42 U.S.C. § 1983.

**256.**    It is a fact that prothonotary and Defendant MARY J. WALK, without any appearance of due process or the rule of law, acted under color of the Municipal Claim and Tax Lien Law, and constructively seized the Plaintiff's three properties by placing them on the prothonotary's "In Rem Judgment Index".

> "In a proceeding in rem the court acquires jurisdiction over the property by its seizure, and of the subsequent proceedings by public citation to the world, of which the owner is at liberty to avail himself by appearing as a claimant in the case.[171]"

**257.**    Prothonotary and Defendant MARY J. WALK, knew, or should have known, she possessed no legal authority over the Plaintiff's three properties nor authority to determine whether the court possessed In Rem jurisdiction over the Plaintiff's properties, for BOROUGH OF RIDLEY PARK purposes, in accordance with the legislative intent of the Pennsylvania Legislature, under the Municipal Claim and Tax Lien Law, and pursuant to the governmental limitations set forth in article I, § 8 clause 1 of the United States Constitution and Article 8 of the Pennsylvania Constitution.

**258.**    In every instance, as set forth above, prothonotary and Defendant MARY J. WALK, acting under color of authority and official capacity, manufactured SHAM civil suits she designated as CV-2021-062985 / CV-2021-062986 / CV-2021-062988, counterfeit entries on the prothonotary In Rem Judgment Index, counterfeit liens, counterfeit writs of scire facias, and counterfeit writs of execution, by acting under color of the Municipal Claim and Tax Lien Law, against Plaintiff's homes/non-commercial properties, with intent to unlawfully sell Plaintiff's properties when WALK issued an illegal order to Sheriff sale the Plaintiff's home/property, to financially benefit all Defendants and others not entitled thereto constituting, "Theft" under Pennsylvania state law, as defined by Pennsylvania Statutes Title 18 § 3922 (a) (l) (2) (Theft by deception) and under Pennsylvania Statutes Title 18 § 3921 (a) and (b) (Theft by unlawful taking).

---

[171] Gathwright v Baltimore, 181 Md 362, 30 A2d 252, 145 ALR 590

**259.**    Prothonotary and Defendant MARY J. WALK, acting for all Defendants possesses no title of ownership to sell the Plaintiff's properties, nor authority to convey Plaintiff's title to the DELAWARE COUNTY SHERIFF for an illegal sale, through issuing a **"JUDICIAL WRIT"** of execution, which WALK rendered of her own accord.

> "To convey a title the seller must himself have a title to the property which is the subject of the transfer. 3 B. & C. 47; 3 Burr. 1516; 5 T. R. 683; 7 Bing. 284; 7 Taunt. 265, 278; 13 East, 509; Bouv. Inst. Index, h.t. and for a deed, to be effective, there must be some right or interest owned by the grantor in the land at the time the deed was made.[172]"

**260.**    Prothonotary and Defendant MARY JANE WALK'S actions, through her conduct, are a clear statement of Defendant's custom, practice, and policy, that the Plaintiff cannot exercise his constitutional ownership right to peaceful enjoyment and possession of his properties, and his right to be free of governmental interference as a matter of right pursuant to the Pennsylvania State Constitution Article I §1, unless Plaintiff pays commercial municipal ordinances and resolutions, imposed upon Plaintiff's non-commercial properties.

**261.**    Prothonotary and Defendant, MARY J. WALK, acting for all Defendants, has a custom, practice, and policy of levying commercial liens against the Plaintiff's rights to own, acquire, possess, protect, and enjoy property, pursuant to the Constitution of Pennsylvania Article I §1, with no evidence that Plaintiff is subject to BOROUGH OF RIDLEY PARK ordinances and resolutions, or conducting any commerce producing activity receiving "income" with his land or income because of real property, within the scope of article I, § 8 clause 1 of the United States Constitution and Article 8 of the Constitution of Pennsylvania, under the Municipal Claim and Tax Lien Law, clearly violated Plaintiff's substantive rights to property ownership in accordance with the Fifth and Fourteenth Amendments of the United States Constitution.

> "Property is more than just the physical thing the land, the bricks, the mortar it is also the sum of all the rights and powers incident to ownership of the physical thing. It is the tangible and the intangible. Property is composed of constituent elements and of these elements the right to use the physical thing to the exclusion of others is the most

---

[172] Leidig vs. Hoopes (Okla) 288 P2d 402; Phillips vs. Johnson, Okla 645, 217 P2d 520

essential and beneficial. Without this right all other elements would be of little value."[173]

**262.**    Prothonotary and Defendant MARY J. WALK and/or her OJS, acted under color of the Municipal Claim and Tax Lien Law and commenced three SHAM civil suits she designated as CV-2021-062985, CV-2021-062986, CV-2021-062988, when the DELAWARE COUNTY COURT OF COMMON PLEAS record is clearly deficient of (1) a praecipe for a writ of summons, or (2) a complaint required to commence a civil action.[174]

**263.**    It is a fact that the DELAWARE COUNTY COURT OF COMMON PLEAS record is clearly deficient of any records proving service of Original Process[175] and Return of Service[176], required to commence a civil action in accordance with due process and standard legal process, wherefore Defendant MARY JANE WALK and/or her OFFICE OF JUDICIAL SUPPORT intentionally acted under color of the Municipal Claim and Tax Lien Law.

**264.**    It is a fact that the DELAWARE COUNTY COURT OF COMMON PLEAS record is clearly deficient of any records or evidence proving the court or the BOROUGH OF RIDLEY PARK'S "In Rem" jurisdiction over the Plaintiff's homes/properties, which is not seizable by law without the issuing of a Warrant of Seizure.

> "The constitutional provisions that no person shall be deprived of life, liberty, or property without due process of law, nor private property taken for public use without just compensation, relate to those whose protection is peculiarly within the province of the judicial branch of the government. Cases examined which show that the courts extend protection when the rights of property are unlawfully invaded by public officers…Not only that no such power is given, but that it is absolutely prohibited, both to the executive and the legislative, to deprive anyone of life, liberty, or property without due process of law or to take private property without just compensation…Our citations will be confined to the time since Magna Charta declared that no man should be taken or imprisoned, or be disseized of his freehold or liberties or free customs, or be outlawed or exiled or in any way destroyed, or be passed upon or condemned, but by the lawful judgment of his peers or by the law of the land -- which is the origin of the provision, embodied in the Fifth Amendment of the

---

[173] Hickman vs. Commissioner, 195 U.S. 3301,336(1984)
[174] 231 Pa. Code Rule 1007. Commencement of Action
[175] 231 Pa. Code Rule 402. Manner of Service. Acceptance of Service
[176] 231 Pa. Code Rule 405. Return of Service

Constitution of the United States, that no man shall be deprived of life, liberty, or property without due process of law.[177]"

**265.**    It is a fact that prothonotary and Defendant MARY J. WALK acted without right of title or ownership interest in Plaintiff's properties and/or adequate evidence of statutory authority, and WALK did manufacture a counterfeit judgments, counterfeit liens, counterfeit writs of scire facias, counterfeit writs of execution, and an illegal sale order of the Plaintiff's property under color of law, to financially benefit Defendants and others not entitled thereto, in violation of the clearly established laws of the State of Pennsylvania (Title 18 Pa. C.S.A. Crimes and Offenses) and the United States of America (Title 18 U.S.C.), pertaining to Plaintiff's non-commercial properties, with the intent to permanently deprive Plaintiff of his home through a simulated legal process while clothed with state authority.

**266.**    Prothonotary and Defendant MARY J. WALK'S custom, practice, and policy, of levying commercial liens on the Plaintiff's right to own, acquire, possess, protect, and enjoy property, through the falsification, misclassification, and inclusion of Plaintiff's property on the prothonotary In Rem Judgment Index, in order to manufacture fictitious obligations and counterfeit judgments, liens, and writs, while directly breaching the Plaintiff's due process rights to imposing FORGED liens against the Plaintiff's created and filed by third party attorneys with no authority to act, is so widespread that it has gained the force of law, as an official policy and custom of Defendant MARY J. WALK, whose said policy and custom of abuse and misuse of the Municipal Claim and Tax Lien law was the moving force behind Plaintiff's deprivation of his property rights, as secured to Plaintiff in accordance with Constitution of Pennsylvania Article I §1, § 9, and the Fifth and Fourteenth Amendments of the United States Constitution.

**267.**    It is a fact that prothonotary and Defendant MARY JANE WALK'S customs, practices, policies, and failure to prevent Plaintiff's rights violations, her color of law actions, her official misconduct toward Plaintiff, and her failure to protect Plaintiff's procedural due process rights, has defrauded Plaintiff and deprived Plaintiff, Alphonso

---

[177] United States v. Lee, 106 U.S. 196 (1882)

Nicholas Faggiolo, of clearly established substantive rights and equal protection of the law, as secured by the Constitution and laws of the State of Pennsylvania and the United States of America as set forth under Title 18 U.S.C. § 242, within the meaning of title 42 U.S.C. § 1983.

## COUNT FIVE (5)
### Violation of Civil and Substantive Rights While Acting Under Color of Law 42 U.S.C. § 1983 - Title 18 U.S.C. § 242 Deprivation of rights under color of law BOROUGH OF RIDLEY PARK.
**Plaintiff incorporates by reference the facts set forth above as if set forth herein full**

**268.**  This cause of action is brought by Plaintiff, Alphonso Faggiolo, against Defendant BOROUGH OF RIDLEY PARK and its named individual employees and attorneys for their color of imposition and unconstitutional application of municipal tax ordinances and resolutions, on Plaintiff's non-commercial property, which is not taxable by law, and deprivation of Plaintiff's constitutional rights within the meaning of title 42 U.S.C. § 1983.

**269.**  At all relevant times Plaintiff has a right under the due process and equal protection clauses of the state and federal constitutions not to be deprived of his constitutionally protected interest in his property pursuant to the Fifth and Fourteenth Amendment of the Constitution of the United States of America.

**270.**  The FAILURE to provide records and/or information to the Plaintiff by the BOROUGH OF RIDLEY PARK, acting and speaking through RICHARD TUTAK'S sworn affidavit under the penalty of perjury, to Plaintiff's public records requests, filed in accordance with the Pennsylvania "Right-to-Know Law", and the BOROUGH'S admission that they possess no records and/or information of who EXACTLY from the BOROUGH directed and authorized third-party Defendant ROBERT P. DADAY to create and file three property liens against the Plaintiff's non-commercial properties and the BOROUGH'S FAILURE to provide records and/or information to support anything whatsoever in DADAY'S FORGED and unauthorized filings. TUTAK'S FAILURE as a manager to seize all legal actions against the Plaintiff's three properties, amounts to a reckless and callous indifference to the constitutional rights of

property ownership as secured to Plaintiff in accordance with Constitution of Pennsylvania Article I §1 and the Fourteenth Amendment of the United States Constitution.

**271.**    In every instance, as set forth above, manager and Defendant RICHARD TUTAK acting through Defendant BOROUGH OF RIDLEY PARK, and in conspiracy with Defendants ROBERT P. DADAY, MICHELLE PORTNOFF, MARY J. WALK, and BARRY C. DOZOR, by acting under color of authority, official capacity, with intent to financially benefit the BOROUGH, PORTNOFF, DADAY, and others not entitled thereto, manufactured counterfeit liens, counterfeit writs of scire facias, and counterfeit writs of execution, under color of the Municipal Claim and Tax Lien Law, with intent to sheriff sale Plaintiff's homes/non-commercial properties, while lacking all appearances of due process and the rule of law.

**272.**    It is a fact that the DELAWARE COUNTY COURT OF COMMON PLEAS records are clearly deficient of any facts or evidence as to who directed and authorized third-party attorney and Defendant ROBERT P. DADAY to create and file three property liens against the Plaintiff's three properties for BOROUGH ordinances and resolutions, and is clearly deficient of any statutory procedure that authorizes the BOROUGH to bring and maintain an "In Rem" action against the Plaintiff's homes/non-commercial properties, to sell them without any appearance of due process or the rule of law.

> "The Federal Constitution and laws passed within its authority are, by the express terms of that instrument, made the supreme law of the land. The Fourteenth Amendment protects life, liberty, and property from invasion by the States without due process of law. Property is more than the mere thing which a person owns. It is elementary that it includes the right to acquire, use, and dispose of it. The Constitution protects these essential attributes of property. Holden v. Hardy, 169 U. S. 366, 169 U. S. 391. Property consists of the free use, enjoyment, and disposal of a person's acquisitions without control or diminution save by the law of the land. 1 Blackstone's Commentaries (Cooley's Ed.), 127.[178]"

**273.**    In every instance as set forth above Defendant BOROUGH OF RIDLEY PARK'S infringement of Plaintiff's property rights, the lack of due process and acts of official oppression as a matter of policy and custom to financially benefit all Defendants, has violated Plaintiff's substantive rights to property ownership, peaceful possession, and enjoyment of

---

[178] Buchanan v. Warley, 245 U.S. 60 (1917)

property and life, and Plaintiff's rights to the equal protection of the law, procedural due process, and the right to be free of governmental interference pursuant to the Constitution of Pennsylvania Article I § 1, § 9, and the Fifth and Fourteenth Amendments of the United States Constitution.

**274.**    Defendant BOROUGH OF RIDLEY PARK and its named employee's and agents practice, policy, and custom, of the falsification and misclassification of the Plaintiff's properties, and the breach of the Plaintiff's due process rights, is so widespread that it has gained the force of law as an official policy and custom of Defendants RICHARD TUTAK, MICHELLE PORTNOFF, ROBERT P. DADAY, MARY JANE WALK, and BARRY C. DOZOR, and was the moving force behind Plaintiff's deprivation of his property rights, as secured to the Plaintiff in accordance with the Constitution of Pennsylvania Article I §1, § 9, and the Fourteenth Amendment of the United States Constitution.

> "Neither the words of § 1343 (3) nor the legislative history of that provision distinguishes between personal and property rights. In fact, the Congress that enacted the predecessor of §§ 1983 and 1343 (3) seems clearly to have intended to provide a federal judicial forum for the redress of wrongful deprivations of property by persons acting under color of state law. This Court has traced the origin of § 1983 and its jurisdictional counterpart to the Civil Rights Act of 1866, 14 Stat. 27. Adickes v. Kress & Co., 398 U. S. 144, 162-163; Monroe v. Pape, 365 U. S. 167, 171, 183-185. That Act guaranteed "broad and sweeping . . . protection" *544 to basic civil rights. Sullivan v. Little Hunting Park, 396 U. S. 229, 237. Acquisition, enjoyment, and alienation of property were among those rights. Jones v. Mayer Co., 392 U. S. 409, 432.[179]"

**275.**    Defendant BOROUGH OF RIDLEY PARK has breached its fiduciary duty to Plaintiff and the People of Pennsylvania under the color of ordinances, resolutions, statutes, practice, custom, policy, and perversion and mis-use of state revenue codes under the color of official capacity.

**276.**    It is a fact that Defendant BOROUGH OF RIDLEY PARK'S policies and customs, manager's inactions, acts of official oppression, failure to not only prevent but to aid in the Plaintiff's rights violations, and the color of law actions toward the Plaintiff, and Defendants failure to protect Plaintiff's procedural due process rights, has defrauded Plaintiff and deprived

---

[179] Lynch v. Household Finance Corp., 405 US 538 - Supreme Court 1972

Plaintiff, Alphonso Nicholas Faggiolo, of clearly established substantive rights and equal protection of the law as secured by the Constitution and laws of the state of Pennsylvania and the United States of America, as set forth under Title 18 U.S.C. § 242 within the meaning of Title 42 U.S.C. § 1983.

## COUNT SIX (6)
### Violation of Civil and Substantive Rights While Acting
### Under Color of Law 42 U.S.C. § 1983 - Title 18 U.S.C. § 242
### Deprivation of rights under color of law BARRY C. DOZOR
**Plaintiff incorporates by reference the facts set forth above as if set forth herein full.**

**277.**    This cause of action is brought by Plaintiff, Alphonse Nicholas Faggiolo, against prothonotary and Recused Liasson Judge and Defendant BARRY C. DOZOR for his willful, wanton, malicious, and abusive conduct, under color of law, that has deprived Plaintiff of constitutionally protected rights under the Fifth and Fourteenth Amendments of the United States Constitution within the meaning of title 42 U.S.C. § 1983.

**278.**    It is a fact that Recused Liasson Judge and Defendant BARRY C. DOZOR, without any appearance of due process or the rule of law, acted under color of the Municipal Claim and Tax Lien Law, and constructively seized the Plaintiff's three properties by decreeing that the court had In Rem jurisdiction over the Plaintiff's three properties and condoning prothonotary am Defendant MARY J. WALK placing them on the prothonotary's "In Rem Judgment Index".

> "In a proceeding in rem the court acquires jurisdiction over the property by its seizure, and of the subsequent proceedings by public citation to the world, of which the owner is at liberty to avail himself by appearing as a claimant in the case.[180]"

**279.**    Recused Liasson Judge and Defendant BARRY C. DOZOR, knew, or should have known, he possessed no legal authority over the Plaintiff's three properties for BOROUGH OF RIDLEY PARK purposes, in accordance with the legislative intent of the Pennsylvania Legislature, under the Municipal Claim and Tax Lien Law, and pursuant to the governmental

---

[180] Gathwright v Baltimore, 181 Md 362, 30 A2d 252, 145 ALR 590

limitations set forth in article I, § 8 clause 1 of the United States Constitution and Article 8 of the Pennsylvania Constitution.

**280.**    In every instance, as set forth above Recused Liasson Judge and Defendant BARRY C. DOZOR,  acting under color of authority and official capacity, in complete absence of all jurisdiction, intentionally participated in the SHAM civil suits designated as CV-2021-062985 / CV-2021-062986 / CV-2021-062988, condoning counterfeit entries on the prothonotary's In Rem Judgment Index, forged liens, forged writs of scire facias, forged writs of execution, and the Sheriff sale of the Plaintiff's home, when prothonotary and Defendant MARY J. WALK issued an illegal order to the DELAWARE COUNTY SHERIFF to sell the Plaintiff's home, to financially benefit all Defendants and others not entitled thereto, by acting under color of the Municipal Claim and Tax Lien Law, against Plaintiff's homes/non-commercial properties, with intent to steal money and property from the Plaintiff, constituting "Theft" under Pennsylvania state law, as defined by Pennsylvania Statutes Title 18 § 3922 (a) (l) (2) (Theft by deception) and under Pennsylvania Statutes Title 18 § 3921 (a) and (b) (Theft by unlawful taking).

**281.**    Recused Liasson Judge and Defendant BARRY C. DOZOR, acting for all Defendants possesses no title of ownership to sell the Plaintiff's properties, nor authority to convey Plaintiff's title to the DELAWARE COUNTY SHERIFF for an illegal sale, through issuing a **"JUDICIAL WRIT"** of execution, which DOZOR allowed prothonotary and Defendant MARY J. WALK to render of her own accord.

> "To convey a title the seller must himself have a title to the property which is the subject of the transfer. 3 B. & C. 47; 3 Burr. 1516; 5 T. R. 683; 7 Bing. 284; 7 Taunt. 265, 278; 13 East, 509; Bouv. Inst. Index, h.t. and for a deed, to be effective, there must be some right or interest owned by the grantor in the land at the time the deed was made.[181]"

**282.**    Recused Liasson Judge and Defendant BARRY C. DOZOR'S actions, through his conduct, are a clear statement of Defendant's custom, practice, and policy, that the Plaintiff cannot exercise his constitutional ownership right to peaceful enjoyment and possession of his

---

[181] Leidig vs. Hoopes (Okla) 288 P2d 402; Phillips vs. Johnson, Okla 645, 217 P2d 520

properties, and his right to be free of governmental interference as a matter of right pursuant to the Pennsylvania State Constitution Article I §1, unless Plaintiff pays commercial municipal ordinances and resolutions, imposed upon Plaintiff's non-commercial properties.

283.     Recused Liasson Judge and Defendant BARRY C. DOZOR, acting for all Defendants, has a custom, practice, and policy of levying commercial liens against the Plaintiff's rights to own, acquire, possess, protect, and enjoy property, pursuant to the Constitution of Pennsylvania Article I §1, with no evidence that Plaintiff is subject to BOROUGH OF RIDLEY PARK ordinances and resolutions, or conducting any commerce producing activity receiving "income" with his land or income because of real property, within the scope of article I, § 8 clause 1 of the United States Constitution and Article 8 of the Constitution of Pennsylvania, under the Municipal Claim and Tax Lien Law, and clearly violated Plaintiff's substantive rights to property ownership in accordance with the Fifth and Fourteenth Amendments of the United States Constitution.

> "Property is more than just the physical thing the land, the bricks, the mortar it is also the sum of all the rights and powers incident to ownership of the physical thing. It is the tangible and the intangible. Property is composed of constituent elements and of these elements the right to use the physical thing to the exclusion of others is the most essential and beneficial. Without this right all other elements would be of little value."[182]

284.     Recused Liasson Judge and Defendant BARRY C. DOZOR, acted under color of the Municipal Claim and Tax Lien Law and participated in three SHAM civil suits prothonotary and Defendant MARY J. WALK designated as CV-2021-062985, CV-2021-062986, CV-2021-062988, when DOZOR the DELAWARE COUNTY COURT OF COMMON PLEAS record was clearly deficient of (1) a praecipe for a writ of summons, or (2) a complaint required to commence the purported three civil actions.[183]

---

[182] Hickman vs. Commissioner, 195 U.S. 3301,336(1984)
[183] 231 Pa. Code Rule 1007. Commencement of Action

**285.**    It is a fact that the DELAWARE COUNTY COURT OF COMMON PLEAS record is clearly deficient of any records proving service of Original Process[184] and Return of Service[185], required to commence a civil action in accordance with due process and standard legal process, wherefore Recused Liasson Judge and Defendant BARRY C. DOZOR intentionally acted under color of the Municipal Claim and Tax Lien Law.

**286.**    It is a fact that the DELAWARE COUNTY COURT OF COMMON PLEAS record is clearly deficient of any records or evidence proving the court or the BOROUGH OF RIDLEY PARK'S "In Rem" jurisdiction over the Plaintiff's homes/properties, which are cannot be seized by law without the issuing of a Warrant of Seizure.

> "The constitutional provisions that no person shall be deprived of life, liberty, or property without due process of law, nor private property taken for public use without just compensation, relate to those rights whose protection is peculiarly within the province of the judicial branch of the government. Cases examined which show that the courts extend protection when the rights of property are unlawfully invaded by public officers…Not only that no such power is given, but that it is absolutely prohibited, both to the executive and the legislative, to deprive anyone of life, liberty, or property without due process of law or to take private property without just compensation…Our citations will be confined to the time since Magna Charta declared that no man should be taken or imprisoned, or be disseized of his freehold or liberties or free customs, or be outlawed or exiled or in any way destroyed, or be passed upon or condemned, but by the lawful judgment of his peers or by the law of the land -- which is the origin of the provision, embodied in the Fifth Amendment of the Constitution of the United States, that no man shall be deprived of life, liberty, or property without due process of law.[186]"

**287.**    It is a fact that Recused Liasson Judge and Defendant BARRY C. DOZOR acted without right of title or ownership interest in Plaintiff's properties and/or adequate evidence of statutory authority, and DOZOR did manufacture and/or participated in the creation of counterfeit judgments, counterfeit liens, counterfeit writs of scire facias, counterfeit writs of execution, and an illegal sale order of the Plaintiff's property under color of law, to financially benefit the Defendants and others not entitled thereto, in violation of the clearly established laws of the State of Pennsylvania (Title 18 Pa. C.S.A. Crimes and Offenses) and the United States of America (Title 18 U.S.C.), pertaining to Plaintiff's non-commercial property, with the intent

---

[184] 231 Pa. Code Rule 402. Manner of Service. Acceptance of Service
[185] 231 Pa. Code Rule 405. Return of Service
[186] United States v. Lee, 106 U.S. 196 (1882)

to permanently deprive Plaintiff of his home through a simulated legal process while clothed with state authority.

**288.**    Recused Liasson Judge and Defendant BARRY C. DOZOR'S custom, practice, and policy, of levying commercial liens on the Plaintiff's right to own, acquire, possess, protect, and enjoy property, through the falsification, misclassification, and inclusion of Plaintiff's property on the prothonotary's In Rem Judgment Index, in order to manufacture fictitious obligations and counterfeit judgments, liens, and writs, while directly breaching the Plaintiff's due process rights by imposing FORGED liens against the Plaintiff's properties created and filed by third-party attorneys with no authority to act, is so widespread that it has gained the force of law, as an official policy and custom of Defendant DOZOR, whose said policy and custom of abuse and misuse of the Municipal Claim and Tax Lien law was the moving force behind Plaintiff's deprivation of his property rights, as secured to Plaintiff in accordance with Constitution of Pennsylvania Article I §1, § 9, and the Fifth and Fourteenth Amendments of the United States Constitution.

**289.**    It is a fact that Recused Liasson Judge and Defendant BARRY C. DOZOR'S customs, practices, policies, and failure to prevent Plaintiff's rights violations, his color of law actions, his official misconduct toward Plaintiff, and his failure to protect Plaintiff's procedural due process rights, has defrauded Plaintiff and deprived Plaintiff, Alphonso Nicholas Faggiolo, of clearly established substantive rights and equal protection of the law, as secured by the Constitution and laws of the State of Pennsylvania and the United States of America as set forth under Title 18 U.S.C. § 242, within the meaning of title 42 U.S.C. § 1983.

## COUNT SEVEN (7)
### Conspiracy to interfere with civil rights
### 42 U.S.C. § 1985 - Title 18 U.S.C. § 241
### Conspiracy against rights - All Defendants.
**Plaintiff incorporates by reference the facts set forth above as if set forth herein full.**

**290.**    This cause of action is brought by Plaintiff, Alphonso Faggiolo, against all Defendants and their named individual employees, agents, and/or agencies, for their conspiratorial and abusive

conduct done under color of law, that has deprived Plaintiff of constitutionally protected rights under the Fifth and Fourteenth Amendments of the United States Constitution, within the meaning of Title 42 U.S.C. § 1985.

**291.**  It is a fact that all Defendants and their named individual employees, agents, and/or agencies have conspired against the premises of the Plaintiff to commit a common law fraud and unlawful conversion upon Plaintiff's property under color of law.

**292.**  The misconduct of all the individual Defendants acting for Defendant BOROUGH OF RIDLEY PARK, a political subdivision of the COMMONWEALTH OF PENNSYLVANIA, has led Plaintiff, a reasonable man with reasonable intelligence, to believe that a conspiratorial purpose exists between all Defendants to directly deprive Plaintiff, and all classes of persons and People (homeowners), of the equal protection of the laws and their substantive rights to acquire, possess, own, protect, and enjoy, what is theirs, free of governmental interference pursuant to the Constitution of Pennsylvania Article 1 § 1 and the Fifth and Fourteenth Amendments of the U.S. Constitution, through their abuse and misuse of the Municipal Claim and Tax Lien Law.

**293.**  It is a fact that all individual Defendants as a matter of custom, practice, and policy, are working in concert with each other under color of constitutional authority pursuant to Article 8 (Taxation and Finance) of the Constitution of the COMMONWEALTH OF PENNSYLVANIA, through an unconstitutional application of the Municipal Claim and Tax Lien Law, and have created false entries and a fictitious classification of Plaintiff's non-commercial properties as residential real estate under color of law.

> "While restricted to taxation of property having a taxable 'situses' within the territorial jurisdiction of the state, the legislature may extend taxation to all persons and to all property real or personal within its jurisdiction.[187]"

**294.**  Inspection of the BOROUGH OF RIDLEY PARK public records clearly evidences that Defendants BOROUGH OF RIDLEY PARK, MICHELLE PORTNOFF, and ROBERT P.

---

[187] Frick vs. Pennsylvania, 268 U.S. 473, 69 L Ed 1058, 45 S Ct 603, 42 ALR 316; Thompson vs. Kentucky, 209 U.S. 340, 52 L. Ed 822, 28 S Ct 533.

DADAY'S unconstitutional application and misuse of imposing municipal ordinances and resolutions, as if they were laws from the Pennsylvania Legislature, on People's homes (non-commercial properties) appears to be occurring upon 2,000+ properties similarly situated in Ridley Park, and tens of thousands of properties in Pennsylvania, as Plaintiff's home, and is being done to financially benefit the Defendants. Such conduct amounts to a policy indifference to Plaintiff's constitutionally protected rights to property ownership.

**295.** It is a fact that all individual Defendants are CLEARLY NOT acting within the legislative intent of the Municipal Claim and Tax Lien Law.

**296.** It is a fact that all Defendants have willfully and purposely misinformed Plaintiff and others with print, by wire, and by mail, to believe that Plaintiff is legally responsible for Defendant BOROUGH OF RIDLEY PARK'S municipal ordinances and resolutions under the Municipal Claim and Tax Lien Law.

**297.** It is a fact that Defendant BOROUGH OF RIDLEY PARK and its named individual employees, agents, and attorneys, have willfully and purposely misinformed Plaintiff and others with print, by wire, and by mail, acting under color of law, to make Plaintiff believe that in order to exercise Plaintiff's right to own property, he and his properties must be made subject to BOROUGH OF RIDLEY PARK municipal ordinances and resolutions, in order to financially benefit the Defendants.

**298.** The conspiratorial purpose of the Defendants is financial. See ALL exhibits.

**299.** The Defendants promote their customs, practices, and policies, thru print, wire and by mail.

**300.** All individual Defendants named are clearly being trained as a matter of custom, practice, and policy that the BOROUGH OF RIDLEY PARK municipal ordinances and resolutions, apply to the People's homes (non-commercial properties) which the People own and use as a matter of right, for private use, pursuant to the Pennsylvania State Constitution Article 1 §1.

**301.**    Defendants BOROUGH OF RIDLEY PARK, MICHELLE PORTNOFF, and ROBERT P. DADAY did feloniously and against the will of Plaintiff, Alphonso Nicholas Faggiolo, under color of law, statute, ordinance, resolution, regulation, and custom, willfully conspire to defraud Plaintiff of equal protection of the law and in doing so oppressed Plaintiff in the free exercise and enjoyment of Plaintiff's right to be secure in his person, premises, house, and papers, to enjoy and defend life and liberty, to pursue happiness and to acquire, possess, and protect property, free of governmental interference as secured to Plaintiff by the Constitution and laws of the State of Pennsylvania and the United States of America as set forth under Title 18 U.S.C. § 241 within the meaning of title 42 U.S.C. § 1985.

## COUNT EIGHT (8)
### Action for Neglect to Prevent
### While Acting Under Color of Law 42 U.S.C. § 1986
### Action for Neglect to Prevent by - All Defendants.
**Plaintiff incorporates by reference the facts set forth above as if set forth herein full.**

**302.**    This cause of action is brought by Plaintiff, Alphonso Nicholas Faggiolo, against all Defendants named for their willful, wanton, malicious, and abusive, conduct under color of law and for their negligence and failure to prevent, or aid in preventing, the deprivation of Plaintiff's constitutionally protected rights under the Fifth and Fourteenth Amendments of the United States Constitution within the meaning of Title 42 U.S.C. § 1986.

**303.**    Manger and Defendant RICHARD TUTAK acting at the time as an employee of Defendant BOROUGH OF RIDLEY PARK, should have corrected the classification of Plaintiff's non-commercial property and ceased all legal actions against the Plaintiff's property when he and the BOROUGH failed and neglected to provide records or information evidencing how BOROUGH ordinances and resolutions are applicable to the Plaintiff's properties.

**304.**    It is a fact that all Defendants acted with a reckless indifference to the protected federal rights of Plaintiff, Alphonso Nicholas Faggiolo, when all Defendants engaged in conduct with a callous disregard for whether the conduct violates Plaintiff's protected federal rights.

> Proof of actual knowledge of constitutional violations is not, however, an absolute prerequisite for imposing supervisory liability. This court has consistently held that reckless disregard on the part of a supervisor will suffice to impose liability. See *Martin v. White*, 742 F.2d 469, 474 (8th Cir. 1984); *Miller v. Solem*, 728 F.2d 1020, 1024-25 (8th Cir.), cert. denied, 469 U.S. 841, 105 S.Ct. 145, 83 L.Ed.2d 84 (1984).[188]

**305.**    The wrongs inflicted upon Plaintiff could have been prevented by reasonable diligence if Defendant BOROUGH OF RIDLEY PARK and the individual Defendants were being supervised, trained, and acting pursuant to the Constitution of Pennsylvania.

**306.**    It is a fact that Plaintiff's deprivation was caused by Defendant BOROUGH OF RIDLEY PARK'S official custom, practice, and policy, as a political subdivision of the COMMONWEALTH OF PENNSYLVANIA and rogue, unsupervised, contracted agents.

**307.**    At all relevant times Plaintiff has the right under the due process and equal protection clauses of the state and federal constitutions to be free of governmental interference and not to be deprived of his constitutionally protected interest in his properties pursuant to the Fifth and Fourteenth Amendment of the Constitution of the United States of America.

**308.**    It is a fact that all Defendants through supervisor's inactions and clear failure to prevent, or aid in preventing Plaintiff's exercise of rights, violated Plaintiff's substantive rights! Defendants' color of law actions and official misconduct toward Plaintiff to financially benefit all Defendants and Defendants failure to protect Plaintiff's procedural due process rights has defrauded Plaintiff and deprived Plaintiff, Alphonso Nicholas Faggiolo, of clearly established substantive rights and equal protection of the law secured by the Constitution and laws of the State of Pennsylvania and the United States of America within the meaning of Title 42 U.S.C. § 1986.

---

[188] Howard vs. Adkison, 887 F.2d 134, 138 (8th Cir. 1989)

## COUNT NINE (9)
### Property Rights of Citizens 42 U.S.C. § 1982
### Deprivation of Property rights under color of law - All Defendants.
**Plaintiff incorporates by reference the facts set forth above as if set forth herein full.**

**309.**    This cause of action is brought by Plaintiff, Alphonso Nicholas Faggiolo, against all Defendants named for their color of law action and their negligence and failure to prevent or aid in preventing the deprivation of Plaintiff's constitutionally protected rights under the Fifth and Fourteenth Amendments of the United States Constitution to inherit, purchase, sell, hold, and convey, real and personal property within the meaning of Title 42 U.S.C. § 1982.

> The crucial language for our purposes is the clear words as written in plain English which guaranteed all citizens "the same right, in every State and Territory in the United States,"... "to inherit, purchase, lease, sell, hold, and convey real and personal property"... "as is enjoyed by white citizens" the Congress that passed the Civil Rights Act of 1866, it was clear that the right to do these things might be infringed not only by "State or local law" but also by "custom, or prejudice". Thus, when Congress provided in 42 U.S.C. § 1982 of the Civil Rights Act that the right to purchase and lease property was to be enjoyed equally throughout the United States by Negro and white citizens alike, it plainly meant to secure that right against interference from any source whatever, whether governmental or private.[189]

**310.**    Defendants have clearly threatened Plaintiff the bona fide owner, that failure to pay their frivolous and fictitious municipal ordinances and resolutions would cause deprivation of Plaintiff's right to possession of his homed/properties.

**311.**    Defendants' practice and course of conduct to subvert Plaintiff's rights to possession of his properties and abuse of the Constitution of Pennsylvania, and the Municipal Claim and Tax Lien Law, are beyond the limitations and scope of the legislative intent; to manufacture counterfeit securities and fictitious obligations against Plaintiff's non-commercial property, and then as a matter of custom, practice, and policy, schedule a sheriff sale of Plaintiff's property through their fictitious liens and writs, that all Defendants created under color of law for Defendants' financial gain, to deprive Plaintiff of his home, is violation of clearly established law Title 15 U.S.C. (Securities Exchange Act of 1934); Title 18 U.S.C. § 1962 (a) (b) (c) and (d) (Organized Crime Control Act, RICO criminal statute).

---

[189] Jones vs. Mayer Co., 392 U.S. 409 (1968)

**312.**    Defendants' practice and course of conduct of manufacturing fictitious and counterfeit bills, liens, writs and sale against Plaintiff's non-commercial property, with no title or ownership interest in Plaintiff's property and/or adequate evidence of statutory authority to sell property they do not own without due process of law, to financially benefit Defendants, is a cloud on Plaintiff's property created under color of an ad valorem municipal ordinance and resolution tax scheme, implemented by Defendants violating 42 U.S.C. § 1982, within the meaning of Title 42 U.S.C. § 1983, and a direct violation of Plaintiff's constitutional rights to property ownership and procedural due process as a "citizen" secured by the laws and the Constitution of Pennsylvania Article I §1, §9, §10 and §11; and the Fifth and Fourteenth Amendments of the United States Constitution.

**313.**    It is a fact that Defendants custom, practice, and policy, color of law actions, against Plaintiff's properties is violative of Plaintiff's substantive rights to inherit, purchase, lease, sell, hold, and convey, real and personal property, free from governmental interference within the meaning of Title 42 U.S.C. § 1982.

## **CONCLUSION**

**Plaintiff incorporates by reference the facts set forth above as if set forth herein full.**

**314.**    It is a fact that Plaintiff, Alphonso Nicholas Faggiolo, has no knowledge or evidence of any known duty or legal responsibility to perform any obligations of adhering to BOROUGH OF RIDLEY PARK ordinances and resolutions of having to be subject to of the individual Defendants named, acting in their individual, official, or professional capacities, for Plaintiff to peaceably exercise his substantive right to own and enjoy his property.

> "His rights are such as existed by the law of the land long antecedent to the organization of the State, and can only be taken from him by due process of law, and in accordance with the Constitution. Among his rights are a refusal to incriminate himself and the immunity of himself and his property from arrest or seizure except under a warrant of the law. He owes nothing to the public so long as he does not trespass upon their rights. Upon the other hand, the corporation is a creature of the State. It is presumed to be incorporated for the benefit of the public. It receives certain special privileges and franchises, and holds them subject to the laws of the State and the limitations of its charter. Its powers are limited by law. It can make no contract not authorized by its charter. Its rights to act as a corporation are only preserved to it so long as it obeys the

laws of its creation.[190] ...the individuals' rights to live and own property are natural rights for the enjoyment of which an excise cannot be imposed.[191] If the right is one guaranteed by the Constitution, it must be as sacred from State taxation.[192] On the contrary, the power to tax is so far limited that it cannot be used to impair or destroy rights that are given or secured by the supreme law of the land.[193] According to common law concepts property is the right of any person to possess, use, enjoy and dispose of a thing.[194]"

**315.**    It is a fact that Plaintiff, Alphonso Faggiolo, is not a resident or non-resident of the BOROUGH OF RIDLEY PARK by any stretch of the legal definition!

**316.**    It is a fact that Defendants have clouded Plaintiff's property through an unconstitutional application of BOROUGH OF RIDLEY PARK municipal ordinances and resolutions, causing multiple constitutional deprivations of Plaintiff's property rights and oppressing Plaintiff's substantive right to acquire, possess, own, protect, inherit, hold, and enjoy real and personal property free of governmental interference as a matter of right. Defendants have clearly violated the Plaintiff's constitutional rights secured by the Constitution of Pennsylvania Article I §1 and the Fifth and Fourteenth Amendments of the United States Constitution under the color of law.

**317.**    Defendants have clearly threatened Plaintiff, Alphonso Nicholas Faggiolo, that failure to pay their frivolous and fictitious BOROUGH OF RIDLEY PARK ordinances and resolutions, would cause deprivation of Plaintiff's right to inherit, hold, and have physical possession, of his home/property, free of governmental interference contrary to Title 42 U.S.C. § 1982 and within the meaning of title 42 U.S.C. § 1983.

**318.**    Defendants' color of law shake down clearly comes within the scope of Organized Crime and Racketeering activity as defined by Title 18 U.S.C. § 1961. The BOROUGH OF RIDLEY PARK's illegal imposition of BOROIGH ordinances and resolutions as a vehicle for creating fictitious financial instruments and false securities upon Plaintiff's property under color of law,

---

[190] Hale v. Henkel, 201 U.S. 43 (1906)
[191] Redfield vs. Fisher, 292 P. 813, 135 Or. 180, 294 P. 461, 73 ALR TIT
[192] Crandall vs. State of Nevada, 73 U.S. 35 (1867)
[193] Connolly v. Union Sewer Pipe Co., 184 U.S. 540 (1902)
[194] Willcox vs. Penn Mut. Life Ins. Co., 357 Pa. 581,55 A2d 521, 174 ALR 220

and to sell said securities and Plaintiff's home, through a simulated legal process while clothed with state authority, to financially benefit the BOROUGH, a for profit political subdivision of the COMMONWEALTH OF PENNSYLVANIA, is not a function of constitutional government of the People, for the People, and by the People, pursuant to the Constitution and Laws of the United States of America and of the several states of the American Union.

**319.**    The law has not just been broken by the named Defendants, it's been shattered and corrupted beyond description in innumerable ways. The constitutional limitation of municipalities does not allow the People's public servants (State and Municipal Actors) to take or steal property from the People they work for to fund their governmental operations. Defendants are clearly not acting in compliance with the constitutions of Pennsylvania and the United States of America.

> "Tax liability will not be implied against persons who do not fall within the description of those subjected to tax by statutory provisions imposing it. To acquire and possess property is a right, not a privilege. The right to acquire and possess property cannot alone be made the subject of an excise nor, generally speaking, can an excise be laid upon the mere right to possess the fruits thereof, as that right is the chief attribute of ownership.[195]"

**320.**    All Defendants named herein are clearly acting under color of official authority, through the Municipal Claim and Tax Lien Law, and have created purported property liens, counterfeit writs of scire facias, counterfeit writs of execution, under color of law, against Plaintiff's non-commercial property without right of title and adequate evidence of statutory authority, while lacking all appearances of due process and the rule of law in violation of Title 18 U.S.C. § 242. Defendants have clearly violated Plaintiff's constitutional rights secured by the Constitution of Pennsylvania Article I § 9 and the Fourth, Fifth and Fourteenth Amendments of the United States Constitution under color of law.

**321.**    Plaintiff's constitutional right of property ownership is and was "clearly established" under the Constitution of Pennsylvania Article I §1 and the Fifth and Fourteenth Amendment of the United States Constitution at the time the violations occurred.

---

[195] See 4 Cooley, Taxation (4th Ed.)

106

**322.**  Plaintiff's constitutional right to due process and equal protection of the law is and was "clearly established" under the Constitution of Pennsylvania Article I § 9, §10, §11, and the Fifth and Fourteenth Amendments of the United States Constitution at the time the violations occurred.

**323.**  The custom, practice, and policy, of all Defendants, of adopting and enforcing their perversion of the COMMONWEALTH OF PENNSYLVANIA Municipal Claim and Tax Lien Law on Plaintiff's non-commercial property, violates the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, by imposing an unconstitutional condition upon Plaintiff's lawful exercise of his property rights.

**324.**  It is a fact that all Defendants are acting as constitutional officers of the COMMONWEALTH OF PENNSYLVANIA and/or the political subdivision known as the BOROUGH OF RIDLEY PARK, and did, in fact act under color of state law, through their unconstitutional application and misuse of municipal ordinances and resolutions as state actors in their individual capacity. Defendants have threatened to remove Plaintiff from his home, wherefore unlawfully and willfully interfering with and preventing the exercise of Plaintiff's substantive rights to property ownership and procedural due process to which Plaintiff, Alphonso Nicholas Faggiolo, is entitled to under the Constitution and laws of the United States of America and of the several states of the America union under title 42 U.S.C. § 1983 and in violation of title 18 U.S.C. § 242.

**325.**  It is a fact that all Defendants have conspired to defraud Plaintiff of equal protection of the law and in doing so oppressed Plaintiff in the free exercise and enjoyment of Plaintiff's substantive right to be secure in his house and premises, to enjoy and defend his property, to pursue happiness, and to acquire, possess, and protect, his property free of governmental interference as secured to Plaintiff by the Constitution and laws of the State of Pennsylvania and the United States of America as set forth under Title 18 U.S.C. § 241 and under Title 42 U.S.C. § 1985 within the meaning of Title 42 U.S.C. § 1983.

**326.**  All Defendants intentionally acted under the color of law and are the direct cause of Plaintiff's constitutional deprivations complained of herein.

**327.**   Defendants have breached their fiduciary duty to Plaintiff and the People of Pennsylvania under color of municipal ordinances and resolutions and are acting in violation of clearly established laws of the United States of America with an intentional and callous indifference to the People of Pennsylvania and Plaintiff's federally protected rights.

**328.**   Enforcement of the constitutional rights specified herein is in the public interest.

**329.**   As a direct and proximate result of Defendants' illegal policies and practices, Plaintiff, Alphonso Nicholas Faggiolo, is being wrongfully deprived of peaceful enjoyment of his property and possession of his money under color of law by all Defendants. Each Defendant either took part in the action or failed to act, or implicitly authorized, approved, or knowingly acquiesced or failed to remedy the wrongs at issue within the meaning of Title 42 U.S.C. § 1982, § 1983, § 1985 and § 1986.

## RELIEF SOUGHT
**Plaintiff incorporates by reference the facts set forth above as if set forth herein full.**

**330.**   Wherefore, Plaintiff Alphonso Faggiolo, seeks to secure injunctive relief and recover compensatory and punitive damages for monetary loss, intentional infliction of mental and emotional distress, impairment of reputation, personal humiliation, and deprivation of fundamental constitutional rights suffered by Plaintiff due to all Defendants, for their color of law actions performed in their individual capacity against Plaintiff under Title 28 U.S.C. § 1343 (a) (4).[196]

**331.**   It is a fact that Defendants acting as state actors, under color of law, deprived the Plaintiff of substantive rights to property ownership, due process, and the equal protection of the law. Plaintiff's constitutional right to property ownership, procedural due process, and the equal protection of the laws, have been directly violated under color of law by all Defendants named within the meaning of Title 42 U.S.C. § 1983.[197] The very purpose of a Bill of Rights was to

---

[196] See Slicker vs. Jackson, 215 F.3d 1225, 1231 (11th Cir. 2000)
[197] See Parratt vs. Taylor, 451 U.S. 527, 535 (1981)

withdraw certain subjects from the vicissitudes of political controversy, to place them beyond the reach of majorities and officials and to establish them as legal principles to be applied by the courts. One's right to life, liberty, and property, to free speech, a free press, freedom of worship and assembly, and other fundamental rights may not be submitted to vote; they depend on the outcome of no elections.[198]

**332.**    It is a fact that Plaintiff possesses the constitutional right to procedural and substantive due process, property ownership free from governmental interference, and the equal protection of the laws of the United States of America and of the several states of the American union at the time the violations occurred.

## Actual Compensatory Damages

**333.**    The preponderance of the evidence on the BOROUGH OF RIDLEY PARK and DELAWARE COUNTY COURT OF COMMON PLEAS records would suggest that through Defendant BOROUGH OF RIDLEY PARK'S official condemnation and past abuses, annually over the years of 2019 to 2023, Plaintiff has been unlawfully deprived of approximately $22,193.51 dollars under color of Defendant BOROUGH OF RIDLEY PARK'S municipal ordinances and resolutions, fictitious attorney's fees, and mis-use of the Municipal Claim and Tax Lien Law.

**334.**    Wherefore, Plaintiff requests that this court grant the above relief in actual damages in the amount of **$22,193.51**.

## General Compensatory Damages

**335.**    The policy, practice, and custom, of all Defendants, of adopting and enforcing their unconstitutionally applied ordinances and resolutions, and then perverting and abusing the Municipal Claim and Tax Lien against the Plaintiff's non-commercial properties, violated the

---

[198] West Virginia Board of Education vs. Barnette, 319 U.S. 624, 638 (1943)

Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, by imposing an unconstitutional condition upon Plaintiff's lawful exercise of his property rights.

> The fundamental rights of ownership of private property, freedom of speech, freedom of religion, and freedom of the press, are the Hallmarks of Western Civilization. These four basic Freedoms constitute the fundamental differences which distinguish and create the great impassable gulf which divides Western Civilization from Communism and free peoples from peoples who are ruled by a despotic dictator or by an absolute or totalitarian form of Government.[199]

**336.**  Defendant BOROUGH OF RIDLEY PARK'S improper training of manager and Defendant RICHARD TUTAK, and their failure to control and monitor their contracted third-party attorneys MICHELLE PORTNOFF and ROBERT P. DADAY, who have **TERRORIZED** the Plaintiff and his family for the last four years, committed the numerous crimes stated herein against the Plaintiff, and conspired with MARY J. WALK and BARRY C. DOZOR, to steal money and property from the Plaintiff, through violating the Plaintiff's substantive rights, and who are in fact, the cause of the Plaintiff's constitutional deprivations.

**337.**  All Defendants have severely and negatively altered the Plaintiff's life forever, starting in 2019 to the Present. Plaintiff, for the last four years has not only had to alter his life, he's been terrorized, mentally tortured, abused, and subjected to Defendants' constant threats and now their terroristic actions to steal his money and his three properties; causing Plaintiff to suffer: severe depression, severe mental and emotional distress, disruption of sleep, eating disorders, impairment of reputation, shame, humiliation, embarrassment, anger, nervousness, anxiety, loss of enjoyment of life, and the deprivation of Plaintiff's fundamental constitutional rights, through the negligence and complete disregard of each of the named Defendants, who have been mis trained to believe that it's their job and constitutional duty to take money and property from the plaintiff, threatening his safety, and putting the Plaintiff, Alphonso Faggiolo, and his family in grave physical and mental danger. ALL Defendants are the direct causation of Plaintiff's constitutional deprivations as stated herein!

---

[199] Andress vs. Zoning Board of Adjustment, 410 Pa. 77 (1963)

**338.**    Wherefore, Plaintiff requests that this court grant relief for the last four years of **TERROR** that's been inflicted upon him and his family, by third-party attorneys left unchecked to run amuck, and to award general compensatory damages to the Plaintiff in the amount of **$3,000,000**, for emotional distress, mental anguish, suffering, destruction of reputation, and personal humiliation, under 42 U.S.C. § 1983.

> See Carey, 435 U.S. at 264, 98 S.Ct. at 1052; Stachura, 477 U.S. at 307, 106 S.Ct. at 2543. See also, Wright v. Sheppard, 919 F.2d 665, 669 (11th Cir. 1990) (holding that non-physical injuries such as humiliation, emotional distress, and mental anguish and suffering are all within the ambit of § 1983 compensatory damages).[200]

**339.**    Wherefore, Defendants conduct is actionable under 42 U.S.C. § 1983 for actual and general compensatory damages in the BOROUGH OF RIDLEY PARK, as a political subdivision of the COMMONWEALTH OF PENNSYLVANIA, in their capacity as an Employer, for the individual capacity of Defendant RICHARD TUTAK, and for their failure to control and monitor the terroristic actions taken by their third-party attorneys, MICHELLE PORTNOFF and ROBERT P. DADAY, who orchestrated these deprivations, and for their wanton disregard for the Plaintiff's constitutional rights, and disregard for the safety and security of the Plaintiff and the Plaintiff's family. All Defendants have failed to follow the law, and all Defendants have conspired to terrorize the Plaintiff and his family, with the intent to take money from the Plaintiff, and to make his family, homeless, and destitute!

**340.**    Wherefore, Plaintiff requests that this court grant the above relief in compensatory damages in the total of **$3,022,193.51**.

## Treble Damages

**341.**    Wherefore, Plaintiff requests threefold compensatory damages in accordance with the civil remedies afforded to victims under 18 U.S.C. §2333 as pleaded in this complaint under 18 U.S.C. §2331, and in accordance to 73 P.S. §§201-1 - 201-9.2 - Pennsylvania Unfair Trade Practices And Consumer Protection Law and/or any applicable statutory damages or penalties,

---

[200] Slicker vs. Jackson, 215 F.3d 1225, 1231 (11th Cir. 2000)

compensation for any fees and costs of this suit, and any other relief found just and reasonable by this Court.

**342.**    Plaintiffs in personal injury cases may also receive treble damages if the violated statute supports them, if the plaintiff requests them, and if the defendant intended to harm the plaintiff. Treble damages are intended to be punitive in order to deter others from committing the same offense and are three times the compensatory damages awarded

**343.**    Wherefore, Plaintiff requests that this court grant the above relief in compensatory damages in the amount of **$9,066,580.53**.

## **Punitive Damages**

**344.**    The failure of the individual Defendants MICHELLE PORTNOFF, ROBERT P. DADAY, RICHARD TUTAK, MARY JANE WALK, and BARRY C. DOZOR to provide Plaintiff their statutory authority or any adequate evidence that would lead Plaintiff, a reasonable man with reasonable intelligence, to believe that Plaintiff is required to perform any kind of duties and obligations for any of the named Defendants, or that the Plaintiff's properties are subjects of the Defendants, and that in order for Plaintiff to exercise his right to own the properties, he must pay the Defendants money and adhere to their ordinances and resolutions, else Plaintiff's properties will be seized and sold, and he and his family will be thrown out on the street.

**345.**    As a direct causation of their actions, Defendants MICHELLE PORTNOFF, ROBERT P. DADAY, RICHARD TUTAK, MARY JANE WALK, and BARRY C. DOZOR have inflicted upon the plaintiff: severe mental and emotional distress, disruption of sleep, eating disorders, impairment of reputation, shame, humiliation, embarrassment, anger, depression, nervousness, anxiety, and deprivation of Plaintiff's fundamental constitutional rights, through the negligence of understanding their job duties, puts Plaintiff, Alphonso Faggiolo, in grave danger and are the direct cause of Plaintiff's constitutional deprivations as stated herein.

**346.** Defendants MICHELLE PORTNOFF, ROBERT P. DADAY, RICHARD TUTAK, MARY JANE WALK, BARRY C. DOZOR, and BOROUGH OF RIDLEY PARK'S felonious and malicious conduct is being done in a manner exhibiting a wanton and a willful disregard of Plaintiff's rights, peace, safety, happiness,[201] health, mental well-being, and property.

> "In a case brought against both individuals and government entities, the jury instructions should expressly state that punitive damages may be assessed only against the individual defendants for their respective conduct."[202]

**347.** Defendants MICHELLE PORTNOFF, ROBERT P. DADAY, RICHARD TUTAK, MARY JANE WALK, BARRY C. DOZOR, and the BOROUGH OF RIDLEY PARK'S business enterprising and criminal activity of counterfeiting, securities fraud, theft, embezzlement, and extortion, involved a reckless and callous indifference to Plaintiff's federally protected rights, and others similarly situated to the Plaintiff. MICHELLE PORTNOFF boasts that she carries out these activities stated herein, throughout 200 municipalities and 25 counties, constituting RACKETEERING on a grand scale throughout Pennsylvania!

**348.** Wherefore, Plaintiff requests punitive damages against the individual defendants, which are actionable under 42 U.S.C. §1983 for their respective conduct in the amounts of:

|  |  |
|---|---|
| BOROUGH OF RIDLEY PARK | $10,000,000 |
| MICHELLE PORTNOFF | $10,000,000 |
| ROBERT P. DADAY | $ 5,000,000 |
| RICHARD TUTAK | $ 5,000,000 |
| MARY J. WALK | $ 1,000,000 |
| BARRY C. DOZOR | $ 1,000,000 |
|  | **TOTAL: $32,000,000** |

## INJUNCTION

**349.** Pursuant to 28 U.S.C. § 2202 and Fed. R. Civ. Proc. 65, it is appropriate and requested that this Court issue preliminary and permanent injunctions enjoining the BOROUGH OF RIDLEY PARK, and its named individual employees, agents, and/or agencies, from enforcing or

---

[201] Constitution of Pennsylvania Article I § 2.  Political powers
[202] Young Apartments, Inc. vs. Town of Jupiter, Fla., 529 F.3d 1027, 1047 (11th Cir. 2008)

implementing its policy, practice, or custom, of enforcing, any taxation policies related to Plaintiff and/or Plaintiff's property.

## JURY DEMAND

**350.**   A jury trial on all triable issues, pursuant to Fed. R. Civ. Proc. 38 and the Seventh Amendment of the United States Constitution.

Respectfully submitted this 11th day of December 2023.

I, Alphonso Faggiolo, being duly sworn, do state and affirm according to law that I have firsthand knowledge of the undisputed material facts and am competent to testify in these matters, and swear under penalty of perjury that these facts are true and correct. (See U.S.C. 28, 1746 (1)).

Alphonso Faggiolo, Plaintiff
713 Lamp Post Lane
Aston, Pennsylvania 19014

SWORN BEFORE ME, the undersigned notary for the State of Pennsylvania, on this day personally appeared Alphonso Faggiolo, who affixed his signature to the above complaint and has personal knowledge of the facts and matters therein, and that each and all facts and matters are true and correct, and sworn to under penalties of perjury of the People of Pennsylvania and the United States of America.

STATE OF PENNSYLVANIA        )
COUNTY OF DELAWARE          )
Sworn to and signed before me on this 11th day of December 2023.

_____Personally known
__X__Produced identification
Type of identification produced: PA DL

NOTARY PUBLIC

Commonwealth of Pennsylvania - Notary Seal
Mollie Elizabeth McGroarty, Notary Public
Delaware County
My commission expires May 8, 2027
Commission number 1350238
Member, Pennsylvania Association of Notaries

115

# DEED – 2630

## Exhibit A1 = (Deed 505 Johnson)

Fee Simple Deed

# This Indenture Made the 29th day of

October in the year of our Lord one thousand nine hundred and seventy-seven (1977)

## Between

JOSEPH A. BURKE, Guardian of the Estate of Clare E. Frahner, Widow, An Incompetent

(hereinafter called the Grantor ), of the one part, and

ALPHONSO P. FAGGIOLO and MARGARET J. FAGGIOLO, his wife

(hereinafter called the Grantee s ), of the other part,

## Witnesseth That the said Grantor

for and in consideration of the sum of

TWENTY NINE THOUSAND ($29,000.00) Dollars, in lawful money of the United States of America, unto them well and truly paid by the said Grantee s, at or before the sealing and delivery hereof, the receipt whereof is hereby acknowledged, has granted, bargained and sold, released and confirmed, and by these presents doth grant, bargain and

sell, release and confirm unto the said Grantee s, their heirs and assigns, as

Tenants by Entireties.

ALL THAT CERTAIN lot or piece of ground, being known and designated as Lots numbered 15, 16 and 17 in Block "B" on a certain plan of Ridley Park Estates No. 2 recorded in the Office for the Recording of Deeds &c., in and for Delaware County aforesaid in Case No. 1 page 21 and described as follows:-

BEGINNING at a point in the Northerly line of Johnson Avenue at the distance of 180 feet measured Eastwardly from Hinkson Boulevard at Ridley Park Estates No. 2 in the Borough of Ridley Park, in the County of Delaware aforesaid measured thence Eastwardly along the said line 59.51 feet thence at an angle Northwardly along the line of land of Sarah Burk et al, for a distance of 101.26 feet, thence at an angle Westwardly 43.58 feet thence at an angle Westwardly 43.58 feet thence at a right angle Southwardly 100 feet to the point and place of beginning.

BEING the same premises which Samuel R. Frahner and Clare E. Frahner, his wife, by Indenture bearing date the 1st day of December, A.D. 1944, and recorded in the Office of the Recorder of Deeds &c., in and for the County of Delaware, aforesaid, in Deed Book 1284 page 492, granted and conveyed unto Clare E. Frahner, in fee.

AND by Decree of Court of Common Pleas (Orphans' Court Division) of Delaware County, Pennsylvania, dated the 2nd day of November, A.D. 1977, filed as of No. 481 of 1977 Clare E. Frahner was declared an incompetent and Joseph A. Burke was appointed guardian of her Estate.

Date 4/15/2?

Transfer Tax in the amount of 290- has been paid on account of Ridley Park

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF REVENUE

REALTY TRANSFER NOV 1977 TAX

290.00

P.R.117208

BOOK 2630 PAGE 333

# DEED — 2630

Exhibit A1 = (Deed 505 Johnson)

**Together** with all and singular the buildings improvements, ways, streets, alleys, driveways, passages, waters, water-courses, rights liberties, privileges, hereditaments and appurtenances, whatsoever unto the hereby granted premises belonging, or in any wise appertaining, and the reversions and remainders, rents, issues, and profits thereof; and all the estate, right, title, interest property, claim and demand whatsoever of them

the said Grantor , as well at law as in equity, of, in, and to the same.

**To have and to hold** the said lot or piece of ground together with the buildings and improvements hereditaments and premises hereby granted, or mentioned, and intended so to be, with the appurtenances, unto the said Grantee s their heirs and assigns, to and for the only proper use and behoof of the said Grantee s, their heirs and assigns forever, as Tenants by Entireties.

**And** the said Grantor, for himself and his

heirs ; executors and administrators do covenant, promise and agree, to and with the said Grantee s, their heirs and assigns, by these presents, that he , the said Grantor and his heirs, all and singular the hereditaments and premises hereby granted or mentioned and intended so to be, with the appurtenances, unto the said Grantee s, their heirs and assigns, against him, the said Grantor and his heirs, and against all and every person and persons whomsoever lawfully claiming or to claim the same or any part thereof, by, from or under him, her, them or any of them, shall and will WARRANT and forever DEFEND.

**In Witness Whereof,** the part y of 1the first part has hereunto set his hand and seal . Dated the day and year first above written.

**Sealed and Delivered**
IN THE PRESENCE OF US:

*Joseph L. Conlon*

*Joseph A. Burlie* (SEAL)

BOOK 2630 PAGE 334

# DEED — 2630

Exhibit A1 = (Deed 505 Johnson)

Commonwealth of Pennsylvania
County of Delaware }ss:

On this, the 28th day of October, 1977, before me, a notary public

the undersigned Officer,

personally appeared Joseph A. Burke, Guardian of the Estate of Clare E. Frahner, widow, an Incompetent

known to me (satisfactorily proven) to be the person whose name is (are) subscribed to the within instrument, and acknowledged that he executed the same for the purposes therein contained.

In Witness Whereof, I hereunto set my hand and official seal.

Barbara J. Stone
Notary Public
Notary Public, Ridley Twp., Delaware Co.
My Commission Expires June 16, 1980

TITLE EXTRACT COMPANY OF PA.

DEED

2054121
28553

JOSEPH A. BURKE, GUARDIAN

TO

ALPHONSO P. FAGGIOLO ETUX

NOV 18 1977

May 18 1 34 PM '77

The address of the above-named Grantee
in 505 Johnson Ave.
Ridley Park, Pa.
On behalf of the Grantee

RECORDED in the Office for Recording of Deeds
in and for D.L. Co., Pa., in Deed
Book 2630 Page 333.
WITNESS my hand and seal of Office this
18th day of Nov. A.D. 19 77

James N. Johnson
Recorder of Deeds
Deputy Recorder

BOOK 2630 PAGE 335

## Exhibit A2 = (Deed 215 and 0 Kane)

11·12·99  17:31 FAX 717 731 7282        Chelsea Settlement                    ☐ 002

*Parcel No:* **37-00-01211-00**

*THIS INDENTURE*

Made the 11th day of November, in the year of our Lord one thousand nine hundred and ninety-nine (1999)

**BETWEEN**

SANDRA E. MITCHELL, a single woman (hereinafter referred to as "*Grantor*")

and

ALPHONSO P. FAGGIOLO and MARGARET JANE FAGGIOLO, his wife (hereinafter referred to as "*Grantees*")

**WITNESSETH**, That the said Grantor in consideration of Sixty-Six Thousand Dollars ($66,000.00), paid to the Grantor by the Grantees, receipt of which is hereby acknowledged, does grant, bargain, sell and convey to the said Grantees their heirs and assigns

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected. SITUATE in the Borough of Ridley Park, County of Delaware, Commonwealth of Pennsylvania and described according to a Plan of Property for William D. Jones and Jessica X, his wife, by Damon and Foster, Civil Engineers, Sharon Hill, Pennsylvania on the 28th day of September, A.D. 1944 as follows, to wit:

BEGINNING at a point on the Northeasterly side of Kane Avenue (40 feet wide) which point is measured South 20 degrees 21 minutes East 40 feet from the Southeasterly side of Johnson Avenue (40 feet wide); thence extending from said point of beginning along said side of Kane Avenue South 20 degrees 21 minutes East 80 feet to a stake; thence extending North 69 degrees 39 minutes East 100 feet

1

Exhibit B (Debt Collector Letter)



# PORTNOFF
## LAW ASSOCIATES, LTD.

2700 Horizon Drive, Suite 10
King of Prussia, PA 1940
www.portnoffonline.co
P 866.211.94

May 27, 2022

The Unknown Heirs of
Margaret Jane Faggiolo
215 Kane Avenue
Ridley Park, PA  19078

Alphonso Faggiolo, Heir of
Margaret J. Faggiolo
505 Johnson Avenue
Ridley Park, PA  19078

Re:  Borough of Ridley Park vs. Faggiolo
      Property Address: 505 Johnson Avenue, Ridley Park, Pennsylvania 19078
      Folio Number:  37-00-01192-00
      Delinquent real estate taxes due the Borough of Ridley Park for the years 2019
      Delinquent sewer and trash fees due the Borough of Ridley Park for the years 2019
      Delaware County Docket No.: CV-2021-060113

Dear Sir/Madam:

This law firm is a debt collector, this is an attempt to collect a debt, and any information obtained will be used for that purpose.

Please find enclosed a copy of Notice of Hearing scheduled on Tuesday, August 30, 2022 at 9:00 a.m. at the Delaware County Court of Common Pleas.  Please contact court administration to confirm the courtroom prior to the hearing.

If you have any questions or concerns regarding this Motion, please feel free to contact our office at (484) 690-9395.

Very truly yours,

PORTNOFF LAW ASSOCIATES, LTD.

BY:  *Joseph M. Schultheis*
      JOSEPH M. SCHULTHEIS
      Legal Assistant

20-47983-0/MOT/_JS
Enclosure

12.    Delaware County maintains the county tax records, and Ridley Park Borough does not maintain records related to school taxes.

13.    Since we have had a chance to review the request, the below are the responses to Mr. Faggiolo's request:

**Exhibit C1**    a.  *Provide the legally and lawfully promulgated records the Borough of Ridley Park relied on that evidence there is a Taxable Situs for each of the properties, commonly known as 1) 505 Johnson Avenue, Ridley Park, Pennsylvania; 2) 215 Kane Avenue, Ridley Park, Pennsylvania; and 3) 0 Kane Avenue, Ridley Park, Pennsylvania.*

**Exhibit C1A**        i.  Initially, the foregoing request would require the Borough to determine the sources of legal authority relative to the real estate taxes and assessment placed upon Mr. Faggiolo's properties by the County of Delaware. Such request necessitates legal research and as such is not a request for a specific document. Requests which demand the production of the legal authority governing an agency's specific actions are not requests for records under the Right to Know Law. . *See, e.g., Dolente v. Clifton Heights Borough*, OOR Dkt. AP 2017-1509, 2017 PA O.O.R.D. LEXIS 1517; *St. Hilaire & ABC27 News v. Lower Paxton Twp.*, OOR Dkt. AP 2015-2617, 2015 PA O.O.R.D. LEXIS 2122.    Notwithstanding the foregoing, pursuant to section 901 of the Right to Know Law, the Borough has made a good faith effort to locate any document which fulfills this request and has found that there is no record or document that exists in the possession or control of the Borough which satisfies this request. Accordingly, Mr. Faggiolo's request should be denied.

**Exhibit C2**

b. *Provide the legally and lawfully promulgated records the Borough of Ridley Park relied on, that evidence the borough of Ridley Park has ownership, interest, or rights, in the properties commonly known as 1) 505 Johnson Avenue, Ridley Park, Pennsylvania; 2) 215 Kane Avenue, Ridley Park, Pennsylvania; and 3) 0 Kane Avenue, Ridley Park, Pennsylvania.*

**Exhibit C2A**

i. Initially, the foregoing request would require the Borough to determine the sources of legal authority relative to the real estate taxes and assessment placed upon Mr. Faggiolo's properties by the County of Delaware. Such request necessitates legal research and as such is not a request for a specific document. Requests which demand the production of the legal authority governing an agency's specific actions are not requests for records under the Right to Know Law. . *See, e.g., Dolente v. Clifton Heights Borough*, OOR Dkt. AP 2017-1509, 2017 PA O.O.R.D. LEXIS 1517; *St. Hilaire & ABC27 News v. Lower Paxton Twp.*, OOR Dkt. AP 2015-2617, 2015 PA O.O.R.D. LEXIS 2122. Notwithstanding the foregoing, pursuant to section 901 of the Right to Know Law, the Borough has made a good faith effort to locate any document which fulfills this request and has found that there is no record or document with exists in the possession or control of the Borough which satisfies this request. Additionally, pursuant to Section 705 of the Right to Know Law, the Borough is not required to create a record which does not currently exist or to compile, maintain format or organize a record in the manner in which

the agency does not currently compile, maintain format or organize the record. Accordingly, Mr. Faggiolo's request should be denied.

**Exhibit C3**

    c. *Provide the legally and lawfully promulgated records that the Borough of Ridley Park relied on that evidence Alphonso Nicholas Faggiolo, the owner in "absolute" of the properties commonly known as 1) 505 Johnson Avenue, Ridley Park, Pennsylvania; 2) 215 Kane Avenue, Ridley Park, Pennsylvania; and 3) 0 Kane Avenue, Ridley Park, Pennsylvania; is a debtor, that owes debts to the Persons doing business as the Borough of Ridley Park.*

**Exhibit C3A**

    i. Initially, the foregoing request would require the Borough to determine the sources of legal authority relative to the real estate taxes and assessment placed upon Mr. Faggiolo's properties by the County of Delaware. Such request necessitates legal research and as such is not a request for a specific document. Requests which demand the production of the legal authority governing an agency's specific actions are not requests for records under the Right to Know Law. . *See, e.g., Dolente v. Clifton Heights Borough*, OOR Dkt. AP 2017-1509, 2017 PA O.O.R.D. LEXIS 1517; *St. Hilaire & ABC27 News v. Lower Paxton Twp.*, OOR Dkt. AP 2015-2617, 2015 PA O.O.R.D. LEXIS 2122. Notwithstanding the foregoing, pursuant to section 901 of the Right to Know Law, the Borough has made a good faith effort to locate any document which fulfills this request and has found that there is no record or document that exists in the possession or control of the Borough which satisfies this request. Accordingly, Mr. Faggiolo's request should be denied.

**Exhibit C4**

d. *Provide the legally and lawfully promulgated records the Borough of Ridley Park relied on that evidence a debt of any kind, whatsoever, is owed to the Borough of Ridley Park, for the properties commonly known as 1) 505 Johnson Avenue, Ridley Park, Pennsylvania; 2) 215 Kane Avenue, Ridley Park, Pennsylvania, and 3) 0 Kane Avenue, Ridley Park, Pennsylvania.*

**Exhibit C4A**

i. Pursuant to section 901 of the Right to Know Law, the Borough has made a good faith effort to locate any document which fulfills this request and has found that there is no record or document with exists in the possession or control of the Borough which satisfies this request. Additionally, pursuant to Section 705 of the Right to Know Law, the Borough is not required to create a record which does not currently exist or to compile, maintain format or organize a record in the manner in which the agency does not currently compile, maintain format or organize the record. Accordingly, Mr. Faggiolo's request should be denied.

**Exhibit C5**

e. *Provide the legally and lawfully promulgated records the Borough of Ridley Park relied on that evidence Alphonso Nicholas Faggiolo, the owner in "absolute" of the properties commonly known as 1) 505 Johnson Avenue, Ridley Park, Pennsylvania; 2) 215 Kane Avenue, Ridley Park, Pennsylvania, and 3) 0 Kane Avenue, Ridley Park, Pennsylvania; "breached the law."*

**Exhibit C5A**

i. Pursuant to section 901 of the Right to Know Law, the Borough has made a good faith effort to locate any document which fulfills this request and has found that there is no record or document with exists in the possession or control of the Borough which satisfies this request. Additionally,

pursuant to Section 705 of the Right to Know Law, the Borough is not required to create a record which does not currently exist or to compile, maintain format or organize a record in the manner in which the agency does not currently compile, maintain format or organize the record. Accordingly, Mr. Faggiolo's request should be denied.

**Exhibit C6**

f. *Provide the legally and lawfully promulgated records the Borough of Ridley Park relied on that evidence "Pennsylvania Statutes Title 53" applies to Alphonso Nicholas Faggiolo and/or his properties commonly known as 1) 505 Johnson Avenue, Ridley Park, Pennsylvania; 2) 215 Kane Avenue, Ridley Park, Pennsylvania, and 3) 0 Kane Avenue, Ridley Park, Pennsylvania.*

**Exhibit C6A**

i. Pursuant to section 901 of the Right to Know Law, the Borough has made a good faith effort to locate any document which fulfills this request and has found that there is no record or document with exists in the possession or control of the Borough which satisfies this request. Additionally, pursuant to Section 705 of the Right to Know Law, the Borough is not required to create a record which does not currently exist or to compile, maintain format or organize a record in the manner in which the agency does not currently compile, maintain format or organize the record. Accordingly, Mr. Faggiolo's request should be denied.

**Exhibit C7**

g. *Provide the legally and lawfully promulgated records that the Borough of Ridley Park relied on that evidence Borough of Ridley Park "Ordinances and Resolutions" apply to Alphonso Nicholas Faggiolo and/or his properties, commonly known as 505 Johnson Avenue, Ridley Park, Pennsylvania; 215 Kane*

*Avenue, Ridley Park, Pennsylvania; and 0 Kane Avenue, Ridley Park, Pennsylvania.*

**Exhibit C7A**

    i.  Initially, the foregoing requests the Borough to determine the sources of legal authority relative to the real estate taxes and assessment placed upon Mr. Faggiolo's properties by the County of Delaware. Such request necessitates legal research and as such is not a request for a specific document. Requests which demand the production of the legal authority governing an agency's specific actions are not requests for records under the Right to Know Law. . *See, e.g., Dolente v. Clifton Heights Borough*, OOR Dkt. AP 2017-1509, 2017 PA O.O.R.D. LEXIS 1517; *St. Hilaire & ABC27 News v. Lower Paxton Twp.*, OOR Dkt. AP 2015-2617, 2015 PA O.O.R.D. LEXIS 2122. Notwithstanding the foregoing, pursuant to section 901 of the Right to Know Law, the Borough has made a good faith effort to locate any document which fulfills this request and has found that there is no record or document that exists in the possession or control of the Borough which satisfies this request. Accordingly, Mr. Faggiolo's request should be denied.

**Exhibit C8**

    h.  *Provide the legally and lawfully promulgated records that the Borough of Ridley Park relied on that evidence Alphonso Nicholas Faggiolo and/or his properties, commonly known as 1) 505 Johnson Avenue, Ridley Park, Pennsylvania; 2) 215 Kane Avenue, Ridley Park, Pennsylvania, and 3) 0 Kane Avenue, Ridley Park, Pennsylvania, are Subjects of Taxation, and that Alphonso Nicholas Faggiolo is a Taxpayer pursuant to the Commonwealth of Pennsylvania tax codes.*

**Exhibit C8A**

    i.  Initially, the foregoing requests the Borough to determine the sources of legal authority relative to the real estate taxes and assessment placed upon Mr. Faggiolo's properties by the County of Delaware. Such request necessitates legal research and as such is not a request for a specific document. Requests which demand the production of the legal authority governing an agency's specific actions are not requests for records under the Right to Know Law. . *See, e.g., Dolente v. Clifton Heights Borough*, OOR Dkt. AP 2017-1509, 2017 PA O.O.R.D. LEXIS 1517; *St. Hilaire & ABC27 News v. Lower Paxton Twp.*, OOR Dkt. AP 2015-2617, 2015 PA O.O.R.D. LEXIS 2122. Notwithstanding the foregoing, pursuant to section 901 of the Right to Know Law, the Borough has made a good faith effort to locate any document which fulfills this request and has found that there is no record or document that exists in the possession or control of the Borough which satisfies this request. Accordingly, Mr. Faggiolo's request should be denied.

**Exhibit C9**

    i.  *Provide the legally and lawfully promulgated records that evidence Alphonso Nicholas Faggiolo is an Inhabitant, Resident, Citizen, or Member of the Borough of Ridley Park municipal corporation.*

**Exhibit C9A**

    i.  Pursuant to section 901 of the Right to Know Law, the Borough has made a good faith effort to locate any document which fulfills this request and has found that there is no record or document with exists in the possession or control of the Borough which satisfies this request. Additionally, pursuant to Section 705 of the Right to Know Law, the Borough is not

required to create a record which does not currently exist or to compile, maintain format or organize a record in the manner in which the agency does not currently compile, maintain format or organize the record. Accordingly, Mr. Faggiolo's request should be denied.

**Exhibit C10**    *j.    Provide a record of who, EXACTLY, from the Borough of Ridley Park directed and authorized Portnoff Law Associates to file Municipal Claims against 1) 505 Johnson Avenue, Ridley Park, Pennsylvania; 2) 215 Kane Avenue, Ridley Park, Pennsylvania, and 3) 0 Kane Avenue, Ridley Park, Pennsylvania.*

**Exhibit C10A**    i.    Pursuant to section 901 of the Right to Know Law, the Borough has made a good faith effort to locate any document which fulfills this request and has found that there is no record or document with exists in the possession or control of the Borough which satisfies this request. Additionally, pursuant to Section 705 of the Right to Know Law, the Borough is not required to create a record which does not currently exist or to compile, maintain format or organize a record in the manner in which the agency does not currently compile, maintain format or organize the record. Accordingly, Mr. Faggiolo's request should be denied.

*k.    Portnoff Law Associates has no personal knowledge regarding the municipal claims they created and filed with the County of Delaware Court of Common Pleas Office of Judicial Support, designated as Cases CV-2021-062985, CV-2021-062986, and CV-2021-062988. Provide a list of the names and job titles of the Borough of Ridley Park witnesses, that will be appearing and testifying to*

*support these Portnoff Law Associate Municipal Claim filings, at the 31 May 2022 and the 7 June 2022 Motions hearings, that Alphonso Nicholas Faggiolo scheduled to address these matters.*

    i. Pursuant to section 901 of the Right to Know Law, the Borough has made a good faith effort to locate any document which fulfills this request and has found that there is no record or document with exists in the possession or control of the Borough which satisfies this request. Additionally, pursuant to Section 705 of the Right to Know Law, the Borough is not required to create a record which does not currently exist or to compile, maintain format or organize a record in the manner in which the agency does not currently compile, maintain format or organize the record. Accordingly, Mr. Faggiolo's request should be denied.

*l. Provide a copy of the contract/agreement between Portnoff Law Associates and the Borough of Ridley Park, which Portnoff Law Associates is relying on, to claim that they are authorized to act for, and are acting for, the municipal corporation doing business as the Borough of Ridley Park.*

    i. The Borough has determined that this document requested is public record. The requested information is attached to this affidavit as Exhibit "B."

*m. Provide a copy of the bonds and/or insurance policies that the Borough of Ridley Park relies on to pay for any damages that may have been caused to Alphonso Nicholas Faggiolo, for the filing of erroneous and/or fraudulent Municipal*

**Exhibit D1**

20-47983-0/20-48061-0/21-52028-0/21-52081-0/4NF/JJS
PORTNOFF LAW ASSOCIATES, LTD.                    ATTORNEY FOR PLAINTIFF
BY:  ROBERT P. DADAY, ESQUIRE                     ATTORNEY ID 43006
P.O. BOX 391
NORRISTOWN, PA  19404
(866) 211-9466

---

| | | |
|---|---|---|
| Borough of Ridley Park | : | IN THE COURT OF COMMON PLEAS |
|     Plaintiff | | |
|              vs. | : | DELAWARE COUNTY, PA |
| The Heirs of Margaret J. Faggiolo, and | | |
| Unknown Heirs, Successors or Assigns of | : | NO. |
| Margaret J. Faggiolo, Deceased, and All Persons, | | |
| Firms or Associations Claiming Right, Title or | : | IN REM |
| Interest From or Under Margaret J. Faggiolo, | | |
| Deceased, Owner, Reputed Owner or Whoever | | |
| May Be the Owner by operation of law | | |
|     Defendant(s) | | |

---

**TAX CLAIM & MUNICIPAL CLAIM**

Borough of Ridley Park hereby files a lien for non-payment of real estate taxes for the years 2019 and 2020 and sewer and trash fees for the year 2019 and 2020 duly assessed against the following owners and described properties in accordance with Ordinance of Borough of Ridley Park, authorizing the fee schedule which is attached hereto, to be imposed upon the debtor.

## Exhibit D1

OWNER NAME AND
LAST KNOWN MAILING ADDRESS | PROPERTY | AMOUNT

The Heirs of Margaret J. Faggiolo, and
Unknown Heirs, Successors or Assigns
of Margaret J. Faggiolo, Deceased, and
All Persons, Firms or Associations
Claiming Right, Title or Interest From
or Under Margaret J. Faggiolo,
Deceased, Owner, Reputed Owner or
Whoever May Be the Owner by
operation of law
505 Johnson Avenue
Ridley Park, PA  19078

PROPERTY
505 Johnson Avenue
Ridley Park, Pennsylvania  19078
Folio Number 37-00-01192-00

AMOUNT
$3,744.98

Respectfully submitted,

PORTNOFF LAW ASSOCIATES, LTD.

Date: July 27, 2021         BY:   /s/ ROBERT P. DADAY
ROBERT P. DADAY, ESQUIRE
Attorney for Plaintiff

## Exhibit D2

20-47985-0/20-48060-0/21-52030-0/21-52082-0/4NF/JJS
PORTNOFF LAW ASSOCIATES, LTD.                ATTORNEY FOR PLAINTIFF
BY:  ROBERT P. DADAY, ESQUIRE                ATTORNEY ID 43006
P.O. BOX 391
NORRISTOWN, PA  19404
(866) 211-9466

---

| | | |
|---|---|---|
| Borough of Ridley Park | : | IN THE COURT OF COMMON PLEAS |
|     Plaintiff | | |
|        vs. | : | DELAWARE COUNTY, PA |
| The Heirs of Margaret Jane Faggiolo, and | | |
| Unknown Heirs, Successors or Assigns of | : | NO. |
| Margaret Jane Faggiolo, Deceased, and All | | |
| Persons, Firms or Associations Claiming Right, | : | IN REM |
| Title or Interest From or Under Margaret Jane | | |
| Faggiolo, Deceased, Owner, Reputed Owner or | | |
| Whoever May Be the Owner by operation of law | | |
|     Defendant(s) | | |

---

### TAX CLAIM & MUNICIPAL CLAIM

Borough of Ridley Park hereby files a lien for non-payment of real estate taxes for the years 2019 and 2020 and sewer and trash fees for the year 2019 and 2020 duly assessed against the following owners and described properties in accordance with Ordinance of Borough of Ridley Park, authorizing the fee schedule which is attached hereto, to be imposed upon the debtor.

Copying Prohibited

**Exhibit D2**

| OWNER NAME AND<br>LAST KNOWN MAILING ADDRESS | PROPERTY | AMOUNT |
|---|---|---|
| The Heirs of Margaret Jane Faggiolo, and Unknown Heirs, Successors or Assigns of Margaret Jane Faggiolo, Deceased, and All Persons, Firms or Associations Claiming Right, Title or Interest From or Under Margaret Jane Faggiolo, Deceased, Owner, Reputed Owner or Whoever May Be the Owner by operation of law<br>215 Kane Avenue<br>Ridley Park, PA  19078 | 215 Kane Avenue<br>Ridley Park, Pennsylvania  19078<br>Folio Number 37-00-01211-00 | $3,381.40 |

Respectfully submitted,

PORTNOFF LAW ASSOCIATES, LTD.

Date: _July 27, 2021_____      BY: _/s/ROBERT P. DADAY_____
ROBERT P. DADAY, ESQUIRE
Attorney for Plaintiff

# Exhibit D3

20-47984-0/21-52029-0/4NF/JJS
PORTNOFF LAW ASSOCIATES, LTD.                    ATTORNEY FOR PLAINTIFF
BY:  ROBERT P. DADAY, ESQUIRE                      ATTORNEY ID 43006
P.O. BOX 391
NORRISTOWN, PA  19404
(866) 211-9466

---

| | | |
|---|---|---|
| Borough of Ridley Park | : | IN THE COURT OF COMMON PLEAS |
|      Plaintiff | | |
|         vs. | : | DELAWARE COUNTY, PA |
| The Heirs of Margaret Jane Faggiolo, and | | |
| Unknown Heirs, Successors or Assigns of | : | NO. |
| Margaret Jane Faggiolo, Deceased, and All | | |
| Persons, Firms or Associations Claiming Right, | : | IN REM |
| Title or Interest From or Under Margaret Jane | | |
| Faggiolo, Deceased, Owner, Reputed Owner or | | |
| Whoever May Be the Owner by operation of law | | |
|      Defendant(s) | | |

---

## TAX CLAIM & MUNICIPAL CLAIM

Borough of Ridley Park hereby files a lien for non-payment of real estate taxes for the years 2019 and 2020 duly assessed against the following owners and described properties in accordance with Ordinance of Borough of Ridley Park, authorizing the fee schedule which is attached hereto, to be imposed upon the debtor.

**Exhibit D3**

OWNER NAME AND
<u>LAST KNOWN MAILING ADDRESS</u>    <u>PROPERTY</u>                <u>AMOUNT</u>

The Heirs of Margaret Jane Faggiolo,   Kane Avenue                $117.69
and Unknown Heirs, Successors or     Ridley Park, Pennsylvania
Assigns of Margaret Jane Faggiolo,     Folio Number 37-00-01210-00
Deceased, and All Persons, Firms or
Associations Claiming Right, Title or
Interest From or Under Margaret Jane
Faggiolo, Deceased, Owner, Reputed
Owner or Whoever May Be the Owner
by operation of law
215 Kane Avenue
Ridley Park, PA  19078

Respectfully submitted,

PORTNOFF LAW ASSOCIATES, LTD.

Date: July 27, 2021              BY:   /s/ ROBERT P. DADAY
                                      ROBERT P. DADAY, ESQUIRE
                                      Attorney for Plaintiff

Copying Prohibited

Exhibit E1

# IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA OFFICE OF JUDICIAL SUPPORT

## RULE OF CIVIL PROCEDURE NO. 236

BOROUGH OF RIDLEY PARK,
      Plaintiff

v.

                                     No. CV-2021-062985

Known and Unknown Heirs of Margaret J. Faggiolo,
      Defendant.

NOTICE IS GIVEN UNDER PENNSYLVANIA RULE OF CIVIL PROCEDURE NO. 236 THAT A

JUDGMENT IN THE ABOVE CASE HAS BEEN ENTERED ON 07-27-2021.

                                  SIGNED      2021-07-27

                                  PER          Office of Judicial Support

### TIME AND LEGAL LIABILITY DO NOT PERMIT THE OFFICE OF JUDICIAL SUPPORT TO GIVE DOCKET INFORMATION BY TELEPHONE.
### NO EXCEPTIONS!

PUBLIC ACCESS INFORMATION:  www.co.delaware.pa.us

CC: Known and Unknown Heirs of Margaret J. Faggiolo

«DisplayName»      CV-2021-062985
«Address»

Exhibit E2

# IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA OFFICE OF JUDICIAL SUPPORT

## RULE OF CIVIL PROCEDURE NO. 236

BOROUGH OF RIDLEY PARK,
     Plaintiff

v.
                            No. CV-2021-062988

Known and Unknown Heirs of Margaret Jane Faggiolo,
     Defendant.


NOTICE IS GIVEN UNDER PENNSYLVANIA RULE OF CIVIL PROCEDURE NO. 236 THAT A

JUDGMENT IN THE ABOVE CASE HAS BEEN ENTERED ON 07-27-2021.


               SIGNED     2021-07-27

               PER         Office of Judicial Support


**TIME AND LEGAL LIABILITY DO NOT PERMIT THE OFFICE OF JUDICIAL SUPPORT TO GIVE DOCKET INFORMATION BY TELEPHONE.**
**NO EXCEPTIONS!**

PUBLIC ACCESS INFORMATION:  www.co.delaware.pa.us

CC: ROBERT P DADAY, Known and Unknown Heirs of Margaret Jane Faggiolo

«DisplayName»     CV-2021-062988
«Address»

Exhibit E3

# IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA OFFICE OF JUDICIAL SUPPORT

## RULE OF CIVIL PROCEDURE NO. 236

BOROUGH OF RIDLEY PARK,
        Plaintiff

v.
                                                            No. CV-2021-062986

Known and Unknown Heirs of Margaret Jane Faggiolo,
        Defendant.

NOTICE IS GIVEN UNDER PENNSYLVANIA RULE OF CIVIL PROCEDURE NO. 236 THAT A

JUDGMENT IN THE ABOVE CASE HAS BEEN ENTERED ON 07-27-2021.

SIGNED          2021-07-27

PER              Office of Judicial Support

**TIME AND LEGAL LIABILITY DO NOT PERMIT THE OFFICE OF JUDICIAL SUPPORT TO GIVE DOCKET INFORMATION BY TELEPHONE.**
**NO EXCEPTIONS!**

PUBLIC ACCESS INFORMATION:  www.co.delaware.pa.us

CC: Known and Unknown Heirs of Margaret Jane Faggiolo

«DisplayName»        CV-2021-062986
«Address»

Exhibit F1

# 53 Pa. Stat. § 7185

> SUBSTANTIALLY... About, actually, competently, and essentially. Gilmore v. Red Top Cab Co. of Washington, 171 Wash. 346, 17 P.2d 886, 887

Section 7185 - Form of scire facias; addition of parties; amicable scire facias

The claim shall be sued by writ of scire facias, and the form thereof shall be substantially as follows:

The Commonwealth of Pennsylvania to (names of the parties defendant), Greeting:

Whereas, The (city, borough, or other municipality, as the case may be,) on the .......... day of .........., A.D. 1 ...., filed its claim in our court of common pleas of .......... County; at No. .........., .......... Term, 1 .........., M.L.D., for the sum of $.........., with interest from the .......... day of .........., 1 .........., for (give the improvement, or that for which the claim is filed), against the following property situate in (give location and brief description of the property), owned or reputed to be owned by you.

And whereas, We have been given to understand that said claim is still due and unpaid, and remains a lien against the said property;

Now, you are hereby notified to file your affidavit of defense to said claim, if defense you have thereto, in the office of the prothonotary of our said court, within fifteen days after the service of this writ upon you. If no affidavit of defense be filed within said time, judgment may be entered against you for the whole claim, and the property described in the claim be sold to recover the amount thereof.

Witness the Honorable .........., President Judge of our said court, this .......... day of .........., A.D. 1 ..........

> Not just any Judge's signature, it requires the President of the Court's signature!

.........., Prothonotary.

(Seal)

> A Writ of Scire Facias must have a Court Seal or it is void ab initio!

The claimant, when he files his praecipe for the writ of scire facias, may direct the prothonotary to add and insert the names of any persons whom the claimant may know to have an interest in the premises, and the scire facias shall be issued containing such additional names. But the parties to the claim may agree upon an amicable scire facias, upon such terms as may be agreed upon, with the same effect as if a scire facias, in the form aforesaid, had been duly issued, served, and returned; or the defendants, or any of them, may waive the issue of a scire facias, and appear with like effect as if the scire facias had been issued and served.

*53 P.S. § 7185*

1923, May 16, P.L. 207, § 17.

casetext

1

## Exhibit F2

20-47983-0/20-48061-0/21-52028-0/21-52081-0/RP6/_JS
PORTNOFF LAW ASSOCIATES, LTD.
BY:  ROBERT P. DADAY, ESQUIRE
P.O. BOX 391
NORRISTOWN, PA 19404
(866) 211-9466

ATTORNEY FOR PLAINTIFF
ATTORNEY ID 43006

| | | |
|---|---|---|
| Borough of Ridley Park | : | IN THE COURT OF COMMON PLEAS |
| Plaintiff | : | |
| vs. | : | DELAWARE COUNTY, PA |
| The Heirs of Margaret J. Faggiolo, and Unknown Heirs, | : | |
| Successors or Assigns of Margaret J. Faggiolo, | : | NO. CV-2021-062985 |
| Deceased, and All Persons, Firms or Associations | : | |
| Claiming Right, Title or Interest From or Under | : | IN REM |
| Margaret J. Faggiolo, Deceased, Owner, Reputed | : | |
| Owner or Whoever May Be the Owner by operation of | | |
| law | | |
| Defendant(s) | | |

## WRIT OF SCIRE FACIAS

The Commonwealth of
Pennsylvania to:

The Heirs of Margaret J. Faggiolo, and Unknown Heirs, Successors or Assigns of Margaret J. Faggiolo, Deceased, and All Persons, Firms or Associations Claiming Right, Title or Interest From or Under Margaret J. Faggiolo, Deceased, Owner, Reputed Owner or Whoever May Be the Owner by operation of law

GREETINGS:

WHEREAS, Borough of Ridley Park, on July 27, 2021, filed its claim in the Court of Common Pleas of Delaware County; Docket No. CV-2021-062985, for the sum of $3,744.98* for real estate taxes and sewer and trash fees due Borough of Ridley Park, said Claim filed against property owned by you in Borough of Ridley Park located at 505 Johnson Avenue, Ridley Park, Pennsylvania 19078, as more particularly described in said Claim, and said property being further described as Folio Number 37-00-01192-00, owned or reputed to be owned by you;

AND WHEREAS, we have been given to understand that said Claim is still due and unpaid, and remains a lien against the said property;

NOW, you are hereby notified to file your Affidavit of Defense to said Claim, if defense you have thereto, in the Office of Judicial Support of our said Court, within fifteen (15) days after the service of this Writ upon you.  If no Affidavit of Defense is filed within said time, Judgment may be entered against you for the whole Claim, and the property described in the Claim will be sold to recover the amount thereof.

(SEAL)

**COSTS**
OJS $17.50
JUDG. FEE $41.00
SAT $10.00


OFFICE OF JUDICIAL SUPPORT

\* The amount set forth above reflects the balance due as of the date of the filing of the Claim. It does not include any costs or attorney fees added, interest accrued, or credits for payments applied after the date of the filing of the Claim. Additionally, interest accrues on a daily basis.

**President of the Court Signature and the Court Seal have been Purposely Omitted!**

**Mary Jane Walk is Not the President of the Court!**

ISSUED
08-25-2022 04:30 PM
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY, PA

Copying Prohibited

## Exhibit F3

20-47984-0/21-52029-0/RP6/_JS
PORTNOFF LAW ASSOCIATES, LTD.
BY: ROBERT P. DADAY, ESQUIRE
P.O. BOX 391
NORRISTOWN, PA 19404
(866) 211-9466

ATTORNEY FOR PLAINTIFF
ATTORNEY ID 43006

| | | |
|---|---|---|
| Borough of Ridley Park | : | IN THE COURT OF COMMON PLEAS |
| Plaintiff | | |
| vs. | : | DELAWARE COUNTY, PA |
| The Heirs of Margaret J. Faggiolo, and Unknown Heirs, Successors or Assigns of Margaret J. Faggiolo, Deceased, and All Persons, Firms or Associations Claiming Right, Title or Interest From or Under Margaret J. Faggiolo, Deceased, Owner, Reputed Owner or Whoever May Be the Owner by operation of law | : | NO. CV-2021-062986 |
| | : | IN REM |
| Defendant(s) | | |

### WRIT OF SCIRE FACIAS

The Commonwealth of Pennsylvania to:

The Heirs of Margaret J. Faggiolo, and Unknown Heirs, Successors or Assigns of Margaret J. Faggiolo, Deceased, and All Persons, Firms or Associations Claiming Right, Title or Interest From or Under Margaret J. Faggiolo, Deceased, Owner, Reputed Owner or Whoever May Be the Owner by operation of law

GREETINGS:

WHEREAS, Borough of Ridley Park, on July 27, 2021, filed its claim in the Court of Common Pleas of Delaware County; Docket No. CV-2021-062986, for the sum of $117.69* for real estate taxes and real estate taxes due Borough of Ridley Park, said Claim filed against property owned by you in Borough of Ridley Park located at Kane Avenue, Ridley Park, Pennsylvania, as more particularly described in said Claim, and said property being further described as Folio Number 37-00-01210-00, owned or reputed to be owned by you;

AND WHEREAS, we have been given to understand that said Claim is still due and unpaid, and remains a lien against the said property;

NOW, you are hereby notified to file your Affidavit of Defense to said Claim, if defense you have thereto, in the Office of Judicial Support of our said Court, within fifteen (15) days after the service of this Writ upon you. If no Affidavit of Defense is filed within said time, Judgment may be entered against you for the whole Claim, and the property described in the Claim will be sold to recover the amount thereof.

(SEAL)

**COSTS**
CJS $72.50
JUDG. FEE $41.00
SAT. $10.00

OFFICE OF JUDICIAL SUPPORT

*Mary J. Walk* (signature)

> **President of the Court Signature and the Court Seal have been Purposely Omitted!**

> **Mary Jane Walk is Not the President of the Court!**

* The amount set forth above reflects the balance due as of the date of the filing of the Claim. It does not include any costs or attorney fees added, interest accrued, or credits for payments applied after the date of the filing of the Claim. Additionally, interest accrues on a daily basis.

ISSUED
08-25-2022 04:30 PM
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY, PA

Copying prohibited

## Exhibit F4

20-47985-0/20-48060-0/21-52030-0/21-52082-0/RP6/_JS
PORTNOFF LAW ASSOCIATES, LTD.                    ATTORNEY FOR PLAINTIFF
BY:  ROBERT P. DADAY, ESQUIRE                    ATTORNEY ID 43006
P.O. BOX 391
NORRISTOWN, PA 19404
(866) 211-9466

| | |
|---|---|
| Borough of Ridley Park | |
|     Plaintiff             : | IN THE COURT OF COMMON PLEAS |
|           vs.    : | |
| The Heirs of Margaret J. Faggiolo, and Unknown  : | DELAWARE COUNTY, PA |
| Heirs, Successors or Assigns of Margaret J. | |
| Faggiolo, Deceased, and All Persons, Firms or   : | NO. CV-2021-062988 |
| Associations Claiming Right, Title or Interest | |
| From or Under Margaret J. Faggiolo, Deceased,  : | IN REM |
| Owner, Reputed Owner or Whoever May Be the | |
| Owner by operation of law | |
|     Defendant(s) | |

### WRIT OF SCIRE FACIAS

The Commonwealth of       The Heirs of Margaret J. Faggiolo, and Unknown Heirs, Successors or Assigns
Pennsylvania to:          of Margaret J. Faggiolo, Deceased, and All Persons, Firms or Associations
                          Claiming Right, Title or Interest From or Under Margaret J. Faggiolo, Deceased,
                          Owner, Reputed Owner or Whoever May Be the Owner by operation of law

    GREETINGS:

    WHEREAS, Borough of Ridley Park, on July 27, 2021, filed its claim in the Court of
Common Pleas of Delaware County; Docket No. CV-2021-062988, for the sum of $3,381.40* for
real estate taxes and sewer and trash fees due Borough of Ridley Park, said Claim filed against
property owned by you in Borough of Ridley Park located at 215 Kane Avenue, Ridley Park,
Pennsylvania 19078, as more particularly described in said Claim, and said property being further
described as Folio Number 37-00-01211-00, owned or reputed to be owned by you;

    AND WHEREAS, we have been given to understand that said Claim is still due and unpaid,
and remains a lien against the said property;

    NOW, you are hereby notified to file your Affidavit of Defense to said Claim, if defense you
have thereto, in the Office of Judicial Support of our said Court, within fifteen (15) days after the
service of this Writ upon you. If no Affidavit of Defense is filed within said time, Judgment may be
entered against you for the whole Claim, and the property described in the Claim will be sold to
recover the amount thereof.

    (SEAL)

**COSTS**
CJS $ 17.50
JUDG. FEE $ 41.00
SAT. $ 10.00

*Mary J. Walk* (signature)
OFFICE OF JUDICIAL SUPPORT

---

\* The amount set forth above reflects the balance due as of the date of the filing of the Claim. It
does not include any costs or attorney fees added, interest accrued, or credits for payments applied
after the date of the filing of the Claim. Additionally, interest accrues on a daily basis.

**President of the Court Signature and the
Court Seal have been Purposely Omitted!**

**Mary Jane Walk is
Not the President
of the Court!**

ISSUED
08-25-2022 04:30 PM
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY, PA

Copying Prohibited

20-47983-0

**Exhibit G1**

# SHERIFF'S DEPARTMENT
### DELAWARE COUNTY
201 WEST FRONT STREET, MEDIA, PENNSYLVANIA 19063 (610) 891-4296

| SHERIFF SERVICE<br>PROCESS RECEIPT, and AFFIDAVIT OF RETURN | INSTRUCTIONS FOR SERVICE OF PROCESS: You must file one<br>instruction sheet for each defendant. Please type.<br>Do Not detach any copies. |
|---|---|

| 1. PLAINTIFF/S/ Borough of Ridley Park | 2. COURT NUMBER CV-2021-062985 |
|---|---|

**3. DEFENDANT/S/** Heirs known and Unknown of Margaret Faggiolo

**4. TYPE OF WRIT OR COMPLAINT** Writ of Scire Facias

**SERVE ➤ AT**

5. NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC, TO SERVICE
Alphonso Faggiolo, Heir of Margret Faggiolo

6. ADDRESS (Street or RFD, Apartment No., City, Boro, Twp., State and ZIP Code)
Delaware County Courthouse, 201 W Front Street, Media, PA 19063

7. INDICATE UNUSUAL SERVICE: ☐ REG. MAIL ☐ DEPUTIZE ☐ POST ☐ OTHER

Now, _____, 20 _____, I, SHERIFF OF DELAWARE COUNTY, PA., do hereby deputize the Sheriff of _____ County to execute this Writ and make return thereof according to law. This deputation being made at the request and risk of the plaintiff.

SHERIFF OF DELAWARE COUNTY

**8. SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE**

Deputy Sheriff

Invoice No.
Amount Pd. $52.80
Docket #
Page

/copy

NOTE ONLY APPLICABLE ON WRIT OF EXECUTION: N.B. WAIVER OF WATCHMAN — Any deputy sheriff levying upon or attaching any property under within writ may leave same without a watchman, in custody of whomever is found in possession, after notifying person of levy or attachment, without liability on the part of such deputy or the sheriff to any plaintiff herein for any loss, destruction or removal of any such property before sheriff's sale thereof.

| 9. PRINT/TYPE NAME AND ADDRESS OF ATTORNEY/ORIGINATOR | 10. TELEPHONE NUMBER | 11. DATE |
|---|---|---|
| | 12. SIGNATURE | |

## SPACE BELOW FOR USE OF SHERIFF ONLY – DO NOT WRITE BELOW THIS LINE

| 13. I acknowledge receipt of the writ or complaint as indicated above | SIGNATURE of Authorized DCSD Deputy or Clerk and Title GJ | 14. Date Filed 8/25/22 | 15. Expiration/Hearing date 90 days |
|---|---|---|---|

**TO BE COMPLETED BY SHERIFF**

16. Served and made known to Alphonso Faggiolo , Defendant(s)
on the 30 day of Aug 20 22 at 9:00 o'clock, A. M.
at 201 W Front, Media Court 7 Street, County of Delaware.
Commonwealth of Pennsylvania, in the manner described below:
☒ Defendant(s) personally served.
☐ Adult family member with whom said Defendant(s) reside(s). Relationship is _____
☐ Adult in charge of Defendant's residence.
☐ Manager/Clerk of place of lodging in which Defendant(s) reside(s).
☐ Agent or person in charge of Defendant's office or usual place of business.
☐ Posted _____
☐ Other _____

On the _____ day of _____, 20 _____, at _____ o'clock, _____ M.
Defendant not found because:
☐ Moved   ☐ Unknown   ☐ No Answer   ☐ Vacant   ☐ Other _____

REMARKS:
RETURNED:

SO ANSWER.

| 17. AFFIRMED and subscribed to before me this _____ | 18. Signature of Dep. Sheriff | 19. Date 8-30-22 |
|---|---|---|
| 20. day of _____ 20 _____ | 21. Signature of Sheriff Jerry R. Sanders Jr. | 22. Date 8/30/22 |
| 23. _____ Notary Public | SHERIFF OF DELAWARE COUNTY | |
| MY COMMISSION EXPIRES | | |

| 24. I ACKNOWLEDGE RECEIPT OF THE SHERIFF'S RETURN SIGNATURE OF AUTHORIZED ISSUING AUTHORITY AND TITLE. | 25. Date Received |
|---|---|

DCSD-1-1989

**1. ISSUING AUTHORITY**

Exhibit G2

# SHERIFF'S DEPARTMENT
## DELAWARE COUNTY
201 WEST FRONT STREET, MEDIA, PENNSYLVANIA 19063 (610) 891-4296

**SHERIFF SERVICE**
**PROCESS RECEIPT, and AFFIDAVIT OF RETURN**

INSTRUCTIONS FOR SERVICE OF PROCESS: You must file one instruction sheet for each defendant. Please type. Do Not detach any copies.

1. PLAINTIFF/S/
Borough of Ridley Park

2. COURT NUMBER
CV-2021-062986

3. DEFENDANT(S)
Heirs Known and Unknown of Margaret Faggiolo

4. TYPE OF WRIT OR COMPLAINT
Writ of Scire Facias

5. NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE
**SERVE** Alphonso Faggiolo, heir of Margaret Faggiolo

6. ADDRESS (Street or RFD, Apartment No., City, Boro, Twp., State and ZIP Code)
**AT** Delaware County Courthouse, 201 W. Front Street, Media, PA 19063

7. INDICATE UNUSUAL SERVICE ☐ REG MAIL ☐ DEPUTIZE ☐ POST ☐ OTHER

Now, _____ 20_____, I, SHERIFF OF DELAWARE COUNTY, PA., do hereby deputize the Sheriff of _____ County to execute this Writ and make return thereof according to law. This deputation being made at the request and risk of the plaintiff.

8. SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE

SHERIFF OF DELAWARE COUNTY

Deputy Sheriff

Invoice No.
Amount Pd    $52.50
Docket #
Page    Copy

NOTE ONLY APPLICABLE ON WRIT OF EXECUTION: N.B. WAIVER OF WATCHMAN — Any deputy sheriff levying upon or attaching any property within writ may leave same without a watchman, in custody of whomever is found in possession, after notifying person of levy or attachment, without liability on the part of such deputy or the sheriff to any plaintiff herein for any loss, destruction or removal of any such property before sheriff's sale thereof.

9. PRINT/TYPE NAME AND ADDRESS OF ATTORNEY/ORIGINATOR

10. TELEPHONE NUMBER

11. DATE

12. SIGNATURE

## SPACE BELOW FOR USE OF SHERIFF ONLY – DO NOT WRITE BELOW THIS LINE

13. I acknowledge receipt of the writ or complaint as indicated above

SIGNATURE of Authorized DCSD Deputy or Clerk and Title

14. Date Filed    8/25/22

15. Expiration/Hearing date    90 days

**TO BE COMPLETED BY SHERIFF**

16. Served and made known to Alphonso Faggiolo
on the 20 day of July Media Court, 20 22 at 9:00 o'clock, _____M., Defendant(s)
at 201 W. Front Street, County of Delaware,
Commonwealth of Pennsylvania, in the manner described below:
☐ Defendant(s) personally served.
☐ Adult family member with whom said Defendant(s) reside(s). Relationship is _____
☐ Adult in charge of Defendant's residence.
☐ Manager/Clerk of place of lodging in which Defendant(s) reside(s).
☐ Agent or person in charge of Defendant's office or usual place of business.
☐ Posted _____
☐ Other _____

On the _____ day of _____, 20_____, at _____ o'clock, _____M.,
Defendant not found because:
☐ Moved    ☐ Unknown    ☐ No Answer    ☐ Vacant    ☐ Other _____

REMARKS:
RETURNED:

17. AFFIRMED and subscribed to before me this
20 day of _____ 20
23 _____
Notary Public
MY COMMISSION EXPIRES

SO ANSWER,

18. Signature of Dep Sheriff

19. Date    9/30/22

21. Signature of Sheriff    Jerry R. Sanders Jr.

22. Date    8/30/22

SHERIFF OF DELAWARE COUNTY

24. I ACKNOWLEDGE RECEIPT OF THE SHERIFF'S RETURN SIGNATURE OF AUTHORIZED ISSUING AUTHORITY AND TITLE

25. Date Received

DCSD-1-1989

FILED
09-07-2022 03:02 PM
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY, PA

1. ISSUING AUTHORITY

20-16-47985-0

Exhibit G3

# SHERIFF'S DEPARTMENT
## DELAWARE COUNTY
201 WEST FRONT STREET, MEDIA, PENNSYLVANIA 19063 (610) 891-4296

| SHERIFF SERVICE PROCESS RECEIPT, and AFFIDAVIT OF RETURN | INSTRUCTIONS FOR SERVICE OF PROCESS: You must file one instruction sheet for each defendant. Please type. Do Not detach any copies. |
|---|---|

1. PLAINTIFF/S/ Borough of Ridley

2. COURT NUMBER CV-2021-062988

3. DEFENDANT/S/ Heirs Known and Unknown of Margaret Faggiolo

4. TYPE OF WRIT OR COMPLAINT Writ of scire facias

**SERVE** 5. NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC, TO SERVICE
Alphonso Faggiolo, heir of Margaret Faggiolo

**AT** 6. ADDRESS (Street or R.F.D. Apartment No. City, Boro, Twp. State and ZIP Code)
Delaware County Courthouse, 201 W. Front Street, Media, PA 19063

7. INDICATE UNUSUAL SERVICE. ☐ REG MAIL ☐ DEPUTIZE ☐ POST ☐ OTHER

Now, _____ 20 ____ , I, SHERIFF OF DELAWARE COUNTY, PA., do hereby deputize the Sheriff of _____ County to execute this Writ and make return thereof according to law. This deputation being made at the request and risk of the plaintiff. _____ SHERIFF OF DELAWARE COUNTY

8. SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE

Deputy Sheriff

Invoice No.

Amount Pd. $52.80

Docket #

Page _____ 1 Copy

NOTE ONLY APPLICABLE ON WRIT OF EXECUTION: N.B. WAIVER OF WATCHMAN — Any deputy sheriff levying upon or attaching any property under within writ may leave same without a watchman, in custody of whomever is found in possession, after notifying person of levy or attachment, without liability on the part of such deputy or the sheriff to any plaintiff herein for any loss, destruction or removal of any such property before sheriff's sale thereof.

9. PRINT/TYPE NAME AND ADDRESS OF ATTORNEY/ORIGINATOR

10. TELEPHONE NUMBER

11. DATE

12. SIGNATURE

## SPACE BELOW FOR USE OF SHERIFF ONLY – DO NOT WRITE BELOW THIS LINE

13. I acknowledge receipt of the writ or complaint as indicated above | SIGNATURE of Authorized DCSD Deputy or Clerk and Title GS | 14. Date Filed 8/25/22 | 15. Expiration/Hearing date 90 days

### TO BE COMPLETED BY SHERIFF

16. Served and made known to Alphonso Faggiolo , Defendant(s)
on the 30 day of Aug 20 22 at 9:00 o'clock, A M.,
at 201 W. Front Media Court # 7 Street, County of Delaware,
Commonwealth of Pennsylvania, in the manner described below:
☒ Defendant(s) personally served.
☐ Adult family member with whom said Defendant(s) reside(s). Relationship is _____
☐ Adult in charge of Defendant's residence.
☐ Manager/Clerk of place of lodging in which Defendant(s) reside(s).
☐ Agent or person in charge of Defendant's office or usual place of business.
☐ Posted _____
☐ Other _____

On the _____ day of _____ , 20 ___ , at _____ o'clock, _____ M.
Defendant not found because:
☐ Moved  ☐ Unknown  ☐ No Answer  ☐ Vacant  ☐ Other _____

REMARKS:

RETURNED:

SO ANSWER,

17. AFFIRMED and subscribed to before me this
20 day of _____ 20

18. Signature of Dep Sheriff

19. Date 8/30/22

21. Signature of Sheriff Jerry L. Sanders Jr.

22. Date 8/30/22 SHERIFF OF DELAWARE COUNTY

23. _____ Notary Public

MY COMMISSION EXPIRES

24. I ACKNOWLEDGE RECEIPT OF THE SHERIFF'S RETURN SIGNATURE OF AUTHORIZED ISSUING AUTHORITY AND TITLE.

25. Date Received

DCSD-1-1989

## 1. ISSUING AUTHORITY

Copying Prohibited

Exhibit H1          CV-2021-062985

United States certified mail, return receipt requested, postage prepaid, mail to the owner the notice required by this subsection.

53 P.S. § 7106.

17.    Here, all of the attorney's fees assessed against the Property were authorized by ordinance, pursuant to 53 P.S. § 7106(a.1).

18.    Portnoff Law Associates mailed a certified Notice of Delinquency to Petitioner at numerous addresses 30 days prior to the assessment of any attorney's fees.

19.    The certified Notices were returned as received.

20.    Petitioner therefore received adequate notice pursuant 53 P.S. § 7106(a.3) prior to the assessment of any attorney's fees.

21.    All of the attorney's fees incurred by the Borough were lawfully assessed pursuant to the MCTLA.

22.    All of the costs incurred by the Borough were lawfully assessed pursuant to the MCTLA.

23.    Section 7143 of the MCTLA provides in pertinent part:
       iii.    ...Interest as determined by the municipality at a rate not to exceed ten per cent per annum shall be collectible on all municipal claims from the date of the completion of the work after it is filed as a lien, and on claims for taxes, water rents or rates, lighting rates, or sewer rates from the date of the filing of the lien...

       53 P.S. § 7143.

24.    The interest that accrued on the lien filed by the Borough was lawfully assessed pursuant to the MCTLA.

## CONCLUSION

For all of the above reasons, including the specific amounts set forth in the beginning of this Order, a judgment should be entered in favor of Plaintiff and against Defendant/Petitioner in the amount of **$9,810.01**

BY THE COURT:

Barry C. Dozor, J.

**Exhibit H2**      CV-2021-062988

> municipal claims, municipal liens, taxes, tax claims and tax liens, a municipality shall, by United States certified mail, return receipt requested, postage prepaid, mail to the owner the notice required by this subsection.

53 P.S. § 7106.

17. Here, all of the attorney's fees assessed against the Property were authorized by ordinance, pursuant to 53 P.S. § 7106(a.1).

18. Portnoff Law Associates mailed a certified Notice of Delinquency to Petitioner at numerous addresses 30 days prior to the assessment of any attorney's fees.

19. The certified Notices were returned as received.

20. Petitioner therefore received adequate notice pursuant 53 P.S. § 7106(a.3) prior to the assessment of any attorney's fees.

21. All of the attorney's fees incurred by the Borough were lawfully assessed pursuant to the MCTLA.

22. All of the costs incurred by the Borough were lawfully assessed pursuant to the MCTLA.

23. Section 7143 of the MCTLA provides in pertinent part:
   iii. ...Interest as determined by the municipality at a rate not to exceed ten per cent per annum shall be collectible on all municipal claims from the date of the completion of the work after it is filed as a lien, and on claims for taxes, water rents or rates, lighting rates, or sewer rates from the date of the filing of the lien...

   53 P.S. § 7143.

24. The interest that accrued on the lien filed by the Borough was lawfully assessed pursuant to the MCTLA.

**CONCLUSION**

For all of the above reasons, including the specific amounts set forth in the beginning of this Order, a judgment should be entered in favor of Plaintiff and against Defendant/Petitioner in the amount of **$4,867.63.**

BY THE COURT:

_____

Barry C. Dozor, J.

**Exhibit H3**                  CV-2021-062986

## **CONCLUSION**

For all of the above reasons, including the specific amounts set forth in the beginning of this Order, a judgment should be entered in favor of Plaintiff and against Defendant/Petitioner in the amount of **$1,372.2.**

BY THE COURT:

_____
Barry C. Dozor, J.

## Exhibit I1

20-47983-0/WED/BPZ
PORTNOFF LAW ASSOCIATES, LTD.
BY: ROBERT P. DADAY, ESQUIRE
BY: DAVID D. DUGAN, ESQUIRE
POST OFFICE BOX 391
NORRISTOWN, PA 19404
(866) 211-9466

ATTORNEY FOR PLAINTIFFS
ATTORNEY ID 43006
ATTORNEY ID 312395

| | | |
|---|---|---|
| Borough of Ridley Park<br>Plaintiff | : | IN THE COURT OF COMMON PLEAS |
| vs. | : | DELAWARE COUNTY, PA |
| Unknown Heirs of Margaret J. Faggiolo<br>Alphonso Faggiolo, Heir<br>of Margaret J. Faggiolo<br>Defendants | : | NO. CV-2021-062985 |
| | : | CIVIL ACTION - IN REM |

**WRIT OF EXECUTION**
MONEY JUDGMENT

To the Sheriff of Delaware County:

To satisfy the Judgment, interest and costs against Defendant(s), Unknown Heirs of Margaret J. Faggiolo and Alphonso Faggiolo, Heir of Margaret J. Faggiolo:

(1)     You are directed to levy upon the property of the defendant(s) and to sell his, her or their interest therein:
        Real Estate located at 505 Johnson Avenue, Ridley Park, Pennsylvania 19078
        Deed Book 2630 and Page No. 333

(2)     You are also directed to attach the property of the defendant(s) not levied upon in the possession of the real estate located at 505 Johnson Avenue, Ridley Park, Pennsylvania 19078 and to notify the garnishee that:
    (a)     an attachment has been issued;
    (b)     the garnishee is enjoined from paying any debt to or for the account of the defendant(s) and from delivering any property of the defendant(s) or otherwise disposing thereof.

(3)     If property of the defendant(s) not levied upon and subject to attachment is found in the possession of anyone other than a named garnishee, you are directed to notify him that he has been added as a garnishee and is enjoined as above stated.

COSTS:

| | | | | | |
|---|---|---|---|---|---|
| | | | Judgment amount: | $ | 9,810.01 |
| | | | Interest from 6/13/23 to 7/18/23:* | $ | 34.47 |
| Prothonotary Fee: | $ | 31.50 | Costs to be added: | $ | 3,916.50 |
| Sheriff Deposit: | $ | 3,000.00 | Credit Payments Received: | ($ | 0.00  ) |
| Portnoff Law Writ of Execution Attorney's Fee | $ | 800.00 | TOTAL AMOUNT DUE: | $ | 13,760.98 |
| Title Search Cost: | $ | 85.00 | * Plus interest from 7/18/23 at a rate of 10% per annum. | | |
| Seal of the Court | | | | | |

PROTHONOTARY

BY: _John Oliver_
DEPUTY PROTHONOTARY

Date: _August 10, 2023_

**COSTS**
**OJS $** 30.00
**JUDG. FEE $** 93.80
**SAT. $** 10.00

ISSUED
08-10-2023 01:04 PM
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY, PA

Exhibit J1

# IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
## CIVIL DIVISION

| | |
|---|---|
| BOROUGH OF RIDLEY PARK | : |
| Plaintiff | : |
| v. | : NO:  CV- 2021-062988 |
| | : NO:  CV- 2021-062986 |
| KNOWN AND UNKNOWN HERIS OF | :215 Kane Avenue, folio 37-00-01210-00 |
| MARGARET FAGGIOLO, *et al* | : 0 Kane Avenue, Ridley Park, PA |
| | : Folio# 37-00-01210-00 |
| Defendant(s) | : |

Robert Daday, Esquire, for Plaintiff
Alphonso Faggiolo, *self-represented party*

### ORDER OF RECUSAL

**AND NOW**, this ___28___ day of August 2023, upon consideration of

Defendant's Response to Plaintiff's Motion to Consolidate Judgments and Reassess

Damages and Defendant/Petitioner's Mandatory Judicial Notice of parameters of Judicial

Immunity, and Defendant's hostile, virulent and threatening responses therein, it is

hereby ORDERED and DECREED that this Court is constrained to RECUSE itself from the

above cases and any other cases in which involve Mr. Faggiolo.

These cases are therefore sent back to Civil Court Administration for

reassignment and the Hearings that had been scheduled for December 21, 2023 are

now cancelled.

BY THE COURT:

_____
Barry C. Dozor, J.

Page **1** of **1**

Exhibit K1

20-47983-0/20-48061-0/21-52028-0/MOT/_JS
PORTNOFF LAW ASSOCIATES, LTD.                    ATTORNEY FOR PLAINTIFF
BY: ROBERT P. DADAY, ESQUIRE                     ATTORNEY ID 43006
P.O. BOX 391
NORRISTOWN, PA 19404
(866) 211-9466

| | | |
|---|---|---|
| Borough of Ridley Park | : | IN THE COURT OF COMMON PLEAS |
|     Plaintiff | | |
|        vs. | : | DELAWARE COUNTY, PA |
| The Heirs of Margaret J Faggiolo, and Unknown | : | NO. CV-2021-062985 |
| Heirs, Successors or Assigns of Margaret J | | |
| Faggiolo, Deceased, and All Persons, Firms or | : | IN REM |
| Associations Claiming Right, Title or Interest | | |
| From or Under Margaret J Faggiolo, Deceased, | | |
| Owner, Reputed Owner or Whoever May Be the | | |
| Owner by operation of law | | |
|     Defendants | | |

## MOTION TO REASSESS DAMAGES

AND NOW COMES Plaintiff, Borough of Ridley Park, by and through its attorney, Robert P. Daday of Portnoff Law Associates, Ltd., and moves this Honorable Court to grant this Motion to Reassess Damages, and in support thereof, avers as follows:

1.    Borough of Ridley Park is a municipality as defined in the Municipal Claims and Tax Liens Act, 53 P.S. § 7101 et seq., with a principal place of business of Borough of Ridley Park, 105 East Ward Street, Ridley Park, PA 19078.

2.    The Heirs of Margaret Jane Faggiolo, and Unknown Heirs, Successors or Assigns off Margaret Jane Faggiolo, Deceased, and All Persons, Firms or Associations Claiming Right, Title, or Interest From or Under Margaret Jane Faggiolo, Deceased, Owner, Reputed Owner or Whoever may Be the Owner by Operation of Law (hereinafter "Defendants").

3.    Defendants are the legal owners of following tax-delinquent real property in Borough of

## Exhibit K1

Ridley Park located at 505 Johnson Avenue, Ridley Park, PA 19078 (hereinafter the "Property").

4.    Defendants are delinquent in the payment of borough real estate taxes, sewer fees, and trash fees for the years 2019-2020.

5.    Plaintiff has complied with all statutory notice requirements in connection with the collection of the borough real estate taxes, sewer fees, and trash fees for the years 2019-2020.

6.    On April 13, 2023, by Order of Court, a Judgment has been entered against the Property for the 2019-2020 delinquent real estate taxes, sewer fees, and trash fees in the amount of $9,810.01.

7.    Following the Judgment, in the amount of $9,810.10, Plaintiff has incurred attorney's fees in the amount of $1,175.00 assessed pursuant to the MCTLA and Local Resolution, costs in the amount of $3,804.18, and interest has accrued in the amount of $144.69, for a total amount of $14,933.88 as follows:

| | | |
|---|---|---|
| Judgment Amount as of 04/13/2023 | $ | 9,810.01 |
| Sheriff's Sale Cost | $ | 3,000.00 |
| Attorney Fees | $ | 1,175.00 |
| Court Transcript Costs | $ | 687.68 |
| Court Costs | $ | 31.50 |
| Title Search Cost | $ | 85.00 |
| Interest 04/13/2023 – 09/11/2023 | $ | 144.69 |
| Total Due | $ | 14,933.88 |

8.    A true and correct copy of the financial statements regarding the current delinquencies of the Property are attached hereto as Exhibit "A".

WHEREFORE, Plaintiff respectfully requests that Plaintiff's Motion to reassess damages be granted, and the damages in the matter reflect the balance due Plaintiff as $14,933.88.

Respectfully Submitted,

PORTNOFF LAW ASSOCIATES, LTD.

Date: _9/11/23_

BY: _____

ROBERT P. DADAY, ESQUIRE
Attorney for Plaintiff

Copying Prohibited

## Exhibit K2

20-47985-0/20-47984-0/COJ/_JS
PORTNOFF LAW ASSOCIATES, LTD.                    ATTORNEY FOR PLAINTIFF
BY: ROBERT P. DADAY, ESQUIRE                      ATTORNEY ID 43006
POST OFFICE BOX 391
NORRISTOWN, PA 19404
(866) 720-9748

---

| | |
|---|---|
| Borough of Ridley Park, | |
|     Plaintiff,      : | IN THE COURT OF COMMON PLEAS |
|       vs. | |
| The Heirs of Margaret J. Faggiolo, and  : | DELAWARE COUNTY, PA |
| Unknown Heirs, Successors or Assigns of | |
| Margaret J. Faggiolo, Deceased, and All Persons,  : | DOCKET NO. CV-2021-062988 |
| Firms or Associations Claiming Right, Title, or | |
| Interest From or Under Margaret J. Faggiolo, | |
| Deceased, Owner, Reputed Owner or Whoever | |
| May Be the Owner by operation of law | |
|     Defendants | |

### ORDER

AND NOW, this        day                              , 2023, upon consideration of

Borough of Ridley Park's Motion to Consolidate Judgments and Reassess Damages pursuant to

Rule 213 and to Rule 3118(a)(6) of the Pennsylvania Rules of Civil Procedure, the following

Judgments are consolidated as follows:

| Docket Number | Property ID No. | Judgment Amount | Post-Judgment Interest | Post-Judgment Costs | Post-Judgment Attorney fees | Total |
|---|---|---|---|---|---|---|
| CV-2021-062988 | 37-00-01211-00 | $4,867.63 | $97.53 | $85.00 | $375.00 | $5,425.16 |
| CV-2021-062986 | 37-00-01210-00 | $1,372.21 | $2.26 | $85.00 | $375.00 | $1834.47 |
| TOTALS: | | $6,239.84 | $99.79 | $170.00 | $750.00 | $7,259.63 |

It is hereby ORDERED and DECREED that the Judgments are CONSOLIDATED at

docket number CV-2021-062988 for the purposes of filing a single Writ of Execution, and the

aforesaid consolidated judgment is reassessed in the amount of $7,259.63, inclusive of accrued

post-judgment interest, costs, attorney fees, and credits.

BY THE COURT:

_____
                                    J.

Copying Prohibited

Exhibit K2

20-47985-0/20-47984-0/COJ/_JS
PORTNOFF LAW ASSOCIATES, LTD.                    ATTORNEY FOR PLAINTIFF
BY: ROBERT P. DADAY, ESQUIRE                     ATTORNEY ID 43006
POST OFFICE BOX 391
NORRISTOWN, PA 19404
(866) 720-9748

---

| | | |
|---|---|---|
| Borough of Ridley Park, | : | IN THE COURT OF COMMON PLEAS |
|     Plaintiff, | | |
|        vs. | : | DELAWARE COUNTY, PA |
| The Heirs of Margaret Jane Faggiolo, and Unknown Heirs, Successors or Assigns of Margaret Jane Faggiolo, Deceased, and All Persons, Firms or Associations Claiming Right, Title, or Interest From or Under Margaret Jane Faggiolo, Deceased, Owner, Reputed Owner or Whoever May Be the Owner by operation of law | : | DOCKET NO. CV-2021-062988<br>CV-2021-062986 |
|     Defendants | | |

---

## MOTION TO CONSOLIDATE JUDGMENTS AND REASSESS DAMAGES

AND NOW COMES Plaintiff, Borough of Ridley Park, by and through its attorney, Robert P. Daday of Portnoff Law Associates, Ltd., and moves this Honorable Court to grant this Motion to Consolidate Judgments and Reassess Damages pursuant to Rule 213 and to Rule 3118(a)(6) of the Pennsylvania Rules of Civil Procedure, and in support thereof, avers as follows:

1.      Borough of Ridley Park is a municipality as defined in the Municipal Claims and Tax Liens Act, 53 P.S. § 7101 et seq., with a principal place of business of Borough of Ridley Park, 105 East Ward Street, Ridley Park, PA 19078.

2.      The Heirs of Margaret Jane Faggiolo, and Unknown Heirs, Succesors or Assigns off Margaret Jane Faggiolo, Deceased, and All Persons, Firms or Associations Claiming Right, Title, or Interest From or Under Margaret Jane Faggiolo, Deceased, Owner, Reputed Owner or Whoever may Be the Owner by Operation of Law (hereinafter "Defendant").

3.      Defendant is the record owners of following tax-delinquent real properties in

Exhibit L1

**IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
CIVIL DIVISION**

Borough of Ridley Park            :  ·  ·No. CV-2021-062985
                                :
          v.                :
                                :
The Heirs of Margaret Jane Faggiolo, and  :
Unknown Heirs, Successors or Assigns to  :
Margaret Jane Faggiolo, Deceased, and All  :
Persons, Firms or Associations Claiming   :
Right, Title, or Interest From or Under     :
Margaret Jane Faggiolo, Deceased, Owner, :
Reputed Owner or Whoever May Be the   :
Owner by operation of law            :

## <u>HEARING NOTICE</u>

**AND NOW**, this **30th** day of **October 2023**, upon consideration of plaintiff's

Motion to Reassess Damages, and defendant's response thereto, it is hereby

**ORDERED** and **DECREED** that a hearing has been scheduled for **Wednesday,**

**December 13, 2023 at 9:00 a.m.** in Courtroom #TBD, Delaware County Courthouse,

Media, Pennsylvania.

BY THE COURT:

_____
**JOHN P. CAPUZZI, SR., SJ**

CC:   Robert P. Daday, Esquire
       Alphonso Faggiolo, *pro se*

Copying Prohibited

Exhibit L2

# IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
# CIVIL DIVISION

Borough of Ridley Park                    :       No.  CV-2021-062986
                                          :            CV-2021-062988
     v.                                  :
                                          :
The Heirs of Margaret Jane Faggiolo, and  :
Unknown Heirs, Successors or Assigns to   :
Margaret Jane Faggiolo, Deceased, and All :
Persons, Firms or Associations Claiming   :
Right, Title, or Interest From or Under   :
Margaret Jane Faggiolo, Deceased, Owner,  :
Reputed Owner or Whoever May Be the       :
Owner by operation of law                 :

## **HEARING NOTICE**

**AND NOW**, this **30th** day of **October 2023**, upon consideration of plaintiff's

Motion to Consolidate Judgments and Reassess Damages, and defendant's response

thereto, it is hereby **ORDERED** and **DECREED** that a hearing has been scheduled for

**Wednesday, December 13, 2023 at 9:00 a.m.** in Courtroom #TBD, Delaware County

Courthouse, Media, Pennsylvania.

                                    BY THE COURT:

                                  _____

                                  JOHN P. CAPUZZI, SR., SJ

CC:   Robert P. Daday, Esquire
        Alphonso Faggiolo, *pro se*

12-36

# SHERIFF'S DEPARTMENT

**Exhibit M1**

DELAWARE COUNTY

201 WEST FRONT STREET, MEDIA, PENNSYLVANIA 19063 (610) 891-4296

**SHERIFF SERVICE**
**PROCESS RECEIPT, and AFFIDAVIT OF RETURN**

INSTRUCTIONS FOR SERVICE OF PROCESS: You must file one instruction sheet for *each defendant*. Please type.
Do Not detach any copies.

1. PLAINTIFF/S/ Borough of Ridley Park

2. COURT NUMBER CV-2021-062985

3. DEFENDANT/S/ Alphonso Faggiolo, Heir

4. TYPE OF WRIT OR COMPLAINT: Notice of Sale

**SERVE AT** {
5. NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVICE
Alphonso Faggiolo

6. ADDRESS (Street or RFD, Apartment No., City, Boro, Twp., State and ZIP Code)
713 Camp Post Lane, Aston, PA 19014
}

7. INDICATE UNUSUAL SERVICE: ☐ REG. MAIL ☐ DEPUTIZE ☐ POST ☐ OTHER

Now, _____ 20_____. I, SHERIFF OF DELAWARE COUNTY, PA., do hereby deputize the Sheriff of _____ County to execute this Writ and make return thereof according to law. This deputation being made at the request and risk of the plaintiff.

SHERIFF DELAWARE COUNTY

8. SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE

Deputy Sheriff

Invoice No.

Amount Pd.

Docket #

Page    1 copy

11/9/23

NOTE ONLY APPLICABLE ON WRIT OF EXECUTION: N.B. WAIVER OF WATCHMAN — Any deputy sheriff levying upon or attaching any property under within writ may leave same without a watchman, in custody of whomever is found in possession, after notifying person of levy or attachment, without liability on the part of such deputy or the sheriff to any plaintiff herein for any loss, destruction or removal of any such property before sheriff's sale thereof.

9. PRINT/TYPE NAME AND ADDRESS OF ATTORNEY/ORIGINATOR
Robert P. Daday, Esq
2700 Horizon Drive, Ste 100
King of Prussia PA 19406

10. TELEPHONE NUMBER
866-720-9748

11. DATE
11/2/23

12. SIGNATURE

**SPACE BELOW FOR USE OF SHERIFF ONLY – DO NOT WRITE BELOW THIS LINE**

13. I acknowledge receipt of the writ or complaint as indicated above.

SIGNATURE of Authorized DCSD Deputy or Clerk and Title

14. Date Filed 11/8/23

15. Expiration/Hearing date 11/9/23

**TO BE COMPLETED BY SHERIFF**

16. Served and made known to Alphonso Faggiolo _____, Defendant(s) on the 29 day of November 20 23, at 3:10 o'clock, P M. at 713 Camp Post Ln Aston Pa. 19014 _____ Street, County of Delaware,

Commonwealth of Pennsylvania, in the manner described below:
☒ Defendant(s) personally served.
☐ Adult family member with whom said Defendant(s) reside(s). Relationship is _____
☐ Adult in charge of Defendant's residence.
☐ Manager/Clerk of place of lodging in which Defendant(s) reside(s).
☐ Agent or person in charge of Defendant's office or usual place of business.
☐ Posted _____
☐ Other _____

On the _____ day of _____, 20_____, at _____ o'clock, _____ M.
Defendant not found because:
☐ Moved   ☐ Unknown   ☐ No Answer   ☐ Vacant   ☐ Other _____

REMARKS:

RETURNED:

17. AFFIRMED and subscribed to before me this

**SO ANSWER.**

20. day of _____ 20_____

18. Signature of Dep. Sheriff Capt Regto Kgh

19. Date 11-9-23

23. _____
Notary Public

21. Signature of Sheriff Jerry C. Sanders Jr.

22. Date 11/9/23
SHERIFF OF DELAWARE COUNTY

MY COMMISSION EXPIRES

24. I ACKNOWLEDGE RECEIPT OF THE **SHERIFF'S RETURN** SIGNATURE OF AUTHORIZED ISSUING AUTHORITY AND TITLE.

25. Date Received

DCSD-1-1989

FILED
12-06-2023 03:51 PM
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY, PA

**1. ISSUING AUTHORITY**

Copying Prohibited