**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ALPHONSO NICHOLAS FAGGIOLO | : | |
| | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 23-cv-4920 |
| v. | : | |
| | : | Hon. Joel H. Slomsky |
| BOROUGH OF RIDLEY PARK, et al. | : | |
| | : | |
| *Defendants* | : | |

**O R D E R**

AND NOW this          day of                    2024, upon consideration of the Motion
to Dismiss Plaintiff's Complaint filed on behalf of Defendant the Honorable Barry C. Dozor, and
any response,

It is **ORDERED** and **DECREED** that the Motion to Dismiss is hereby **GRANTED**.
Plaintiff's Complaint is **DISMISSED**, with prejudice.

**BY THE COURT:**

_____
                                                                                      **J.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ALPHONSO NICHOLAS FAGGIOLO | : | |
| | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 23-cv-4920 |
| v. | : | |
| | : | Hon. Joel H. Slomsky |
| BOROUGH OF RIDLEY PARK, et al. | : | |
| | : | |
| *Defendants* | : | |

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT FILED
ON BEHALF OF THE HONORABLE BARRY C. DOZOR**

**NOW COMES** Defendant the Honorable Barry C. Dozor, by and through undersigned counsel, who moves this Honorable Court to dismiss Plaintiff's Complaint as to him pursuant to F.R.C.P. 12 (b)(1) and 12(b)(6) and avers in support as follows:

1.      On December 18, 2023, Plaintiff filed a Civil Action Complaint for monetary damages pursuant to the civil rights enabling statute, 42 U.S.C. § 1983 against numerous municipal, county, and commonwealth Defendants including, *inter alia*, the Honorable Barry C. Dozor, a judicial officer of the 32nd Judicial District of Pennsylvania.

2.      The Complaint is one hundred fourteen (114) pages, three hundred fifty (350) paragraphs, and attempts to set forth alleged constitutional violations against numerous defendants, all related to underlying tax lien litigation from 2019 to present.

3.      Plaintiff's Complaint appears to allege violations of the Fourth, Fifth, and Fourteenth Amendments (Complaint, ¶ 335), and his "rights to property ownership, due process, and the equal protection of the law" (Complaint, ¶ 330), related to "the custom, practice, and

1

policy, of all Defendants, of adopting and enforcing their perversion of the COMMONWEALTH OF PENNSYLVANIA Municipal Claim and Tax Lien Law." (Complaint, ¶ 323)

4.      Although Plaintiff premises his Complaint on unconstitutional "practices and polices" of unspecified Defendants, the Honorable Barry C. Dozor is sued in his *individual* capacity. (Complaint, ¶ 15)

5.      The Honorable Barry C. Dozor is a judicial officer of the 32nd Judicial District of Pennsylvania who has presided over various aspects of the numerous underlying State Court cases.

6.      While Plaintiff's Complaint is disorganized and lacks specificity as it pertains to Judge Dozor, a review of publicly available Delaware County Dockets shows that Judge Dozor presided over at least eight civil cases related to these claims:

- CV-2019-067886
  - *Southwest Delaware County Municipal Authority v. Alphonso N. Faggiolo*
- CV-2020-061603
  - *Township of Aston v. Alphonso Faggiolo & Margaret Faggiolo*
- CV-2021-060113
  - *Borough of Ridley Park v. Alphonso P. Faggiolo & Margaret Faggiolo*
- CV-2021-060568
  - *Borough of Ridley Park v. Alphonso P. Faggiolo & Margaret Faggiolo*
- CV-2021-061187
  - *Township of Aston v. Alphonso Faggiolo & Margaret Faggiolo*
- CV-2021-062985
  - *Borough of Ridley Park v. Known & Unknown Heirs of Margaret J. Faggiolo etal*
- CV-2021-062986
  - *Borough of Ridley Park v. The Heirs of Margaret J. Faggiolo, and Unknown Heirs, Successors or Assigns of Margaret J. Faggiolo, Deceased, and All Persons, Firms, or Associations Claiming Right, Title or Interest From or under Margaret J. Faggiolo, Deceased, Owner, Reputed owner or Whoever May Be the Owner by Operation of Law*
- CV-2021-062988
  - *Borough of Ridley Park v. Known & Unknown Heirs of Margaret J. Faggiolo etal*

7.      Judge Dozor is a neutral arbiter of the Court of Common Pleas, and the Court and its Judges do not promulgate municipal ordinances or other legislative or statutory regulations.

8.      The majority of the 350 paragraphs are a recitation of Plaintiff's belief that various tax laws and municipal ordinances should not apply to him, his property, or his family's property, and thus any attempt to collect or enforce applicable property taxes is "unconstitutional."

9.      Though Plaintiff repeatedly references "constitutional deprivations" and "unconstitutional applications," his averments are bald assertions with no factual basis or legal support.

10.     In reality, Plaintiff's Complaint does not set forth a lack of due process, but attempts to rehash the merits of any underlying tax assessments and subsequent tax lien litigation.

11.     Plaintiff first references Judge Dozor in paragraph 48, wherein he appears to attribute an italicized sentence to Judge Dozor, without any additional context or explanation.

12.     While Plaintiff does not clearly explain Judge Dozor's purported participation in this action, wherein he has acted solely as a presiding Judge, he alleges that Judge Dozor "acted in clear absence of all jurisdiction." (Complaint, pg. 36)

13.     As it pertains to Judge Dozor, Plaintiff's allegations stem from his dissatisfaction with the judicial rulings and determinations made in the underlying civil litigation.

14.     For example, Plaintiff alleges Judge Dozor erred in his determinations of party and intervener standing, determinations of in personam and subject matter jurisdiction, and in ruling on Plaintiff's various underlying Motions.[1] (Complaint, ¶¶ 93-96, 278-287)

15.     Judge Dozor eventually recused himself from further proceedings involving Faggiolo based upon Faggiolo's behavior and rhetoric in the underlying litigation, which Plaintiff believes "demonstrated a bias and prejudice" toward him.[2] (Complaint, ¶ 103)

16.     Plaintiff's Complaint appears to assert the claims of "Securities Fraud," violations of various criminal codes, "falsification" or "forgery" of various records, "mail fraud," and "conversion."

17.     Plaintiff's allegations that Judge Dozor "did print, process, produce, and issue counterfeit and fictitious instruments of claim," and similar sentiments, presumably refer to Judge Dozor's issuance of Orders and rulings in the underlying civil litigation.[3] (Complaint, ¶ 199-207)

18.     Plaintiff's requested relief includes:

- Actual damages of $22,193.51 (Complaint, ¶ 334);
- Compensatory damages of $3,022,193.51 for emotional distress and mental anguish (Complaint ¶ 340);
- Treble Compensatory damages of $9,066,580.53 (Complaint ¶ 343);
- Punitive damages of $32,000,000.00 (Complaint ¶ 348);

---

[1] Attached as Exhibit "A" are examples of Orders issued by Judge Dozor in the underlying civil dockets related to Plaintiff's Motions. This Court may take judicial notice of state court orders, opinions, and dockets. *M & M Stone Co. v. Commonwealth*, 388 Fed. Appx. 156, 162 (3d Cir. 2010); *Hadesty v. Rush Twp. Police Dep't*, No. 14-cv-2319, 2016 WL 1039063, at *5 (M.D. Pa. 2016). It may also consider public documents and records attached to a motion to dismiss. *See Pension Benefit Guaranty Corp. v. White Consolidated Indust., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1992), *cert. denied*, 510 U.S. 1042 (1994).
[2] Attached as Exhibit "B" is Judge Dozor's Order of Recusal.
[3] Attached as Exhibit "C" are Judicial Orders issued in Dockets CV-2021-062985, CV-2021-062986, and CV-2021-062988, of which Plaintiff takes umbrage.

- an injunction against the Borough of Ridley Park, preventing it from enforcing any "taxation policies" on Plaintiff or his property. (Complaint, ¶ 349); and
- "demand for empanelment of grand jury" to "institute prosecutions" against Defendants. (Complaint, ¶ 219)

19.     Despite the lengthy and repetitive nature of the Complaint, Plaintiff's allegations that pertain to Judge Dozor do nothing more than complain about quintessential judicial acts. Moreover, Plaintiff's averments constitute baseless speculation, without any factual support, and conjecture that does not constitute a cause of action in federal District Court.

20.     At bottom, Plaintiff's allegations against Judge Dozor are simply that he disagrees with the judicial decisions he made, and is dissatisfied with Orders and rulings he finds adverse to his underlying litigation interests.

21.     What Plaintiff complains of and seeks here is really in the nature of appellate review, as he attempts to rehash his arguments on the merits of the underlying tax assessments and liens.

22.     Despite fashioning this as a 1983 claim, Plaintiff does not allege he was denied due process. Plaintiff participated in numerous hearings and the filing of and disposition of extensive motions, *even where he lacked standing himself*.[4] He simply disagrees with the resulting Judicial decisions.

23.     Plaintiff does not allege that Judge Dozor has a practice or policy that is unconstitutional. Plaintiff merely alleges Judge Dozor made judicial rulings in the underlying cases that Plaintiff believes are inconsistent with the law.

---

[4] Attached as Exhibit "D" are examples of Hearing Notices issued in the underlying civil litigation. These are merely a few examples, which demonstrate that Plaintiff's underlying Motions/Petitions were heard and he participated in the various proceedings.

24.     This Honorable Court lacks jurisdiction in this case because Plaintiff's claims are barred by the *Rooker-Feldman* doctrine.

25.     Plaintiff's remedy for challenging Judicial Orders with which they disagree is in the state appellate system.

26.     Any individual capacity claims against Judge Dozor are barred by the doctrine of absolute judicial immunity.

27.     While Plaintiff's Complaint only asserts a claim against Judge Dozor in his individual capacity, to the extent his claims are construed as an official capacity claim, they are properly dismissed pursuant to the immunity afforded by the Eleventh Amendment to the United States Constitution.

28.     Under federal law, the Eleventh Amendment acts as a jurisdictional bar to actions in federal Court to suits against states, state agencies and entities, and state officials acting within the scope of their official capacities, regardless of the type of relief sought.

29.     Claims brought under 42 U.S.C. § 1983 and the RICO statute are subject to the Eleventh Amendment.

30.     Any claims which pertain to Judge Dozor in his official capacity are barred by the fact that the Delaware County Court of Common Pleas over which he presides is not "a person" as defined by 42 U.S.C. §1983.

31.     Abstention is proper pursuant to principles of federalism and comity since the complained-of actions were part of the underlying state tax cases which are ongoing in the state court system.

6

32.     Any state law claims are barred as to Judge Dozor by the Sovereign Immunity Act, 42 Pa. C.S. 8521 *et seq*.

33.     Plaintiff's Complaint fails to set forth a claim or a cause of action for conspiracy.

34.     Judge Dozor is immune from the imposition of damages, including punitive damages.

35.     Any request on the part of Plaintiff for leave to amend the Complaint would be futile since the Court lacks subject-matter jurisdiction over these claims, and Plaintiff cannot state a claim upon which relief can be granted in light of the legal defenses set forth above and in the accompanying Memorandum of Law.

**WHEREFORE** Defendant the Honorable Barry C. Dozor respectfully requests that this Honorable Court dismiss Plaintiff's Complaint as to him, with prejudice.

Respectfully submitted,

**/s/ Nicole Feigenbaum**
**NICOLE FEIGENBAUM, ESQUIRE**
Attorney I.D. No. PA 319765
Supreme Court of Pennsylvania
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
Nicole.Feigenbaum@pacourts.us
(215) 560-6326, Fax: (215) 560-5486
***Attorney for the Honorable Barry C. Dozor***

7

# EXHIBIT A

**IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
CIVIL DIVISION**

| | |
|---|---|
| BOROUGH OF RIDLEY PARK | : |
| Plaintiff | : |
| | : |
| v. | : NO:  CV- 2021-062985 |
| | : |
| KNOWN AND UNKNOWN HERIS OF | :505 Johnson Avenue, folio 37-0001192-00 |
| MARGARET FAGGIOLO, *et al* | :2019/2020 Real Estate taxes, Sewer |
| Defendant(s) | :and Trash fees |

| | |
|---|---|
| BOROUGH OF RIDLEY PARK | : |
| Plaintiff | : |
| | : |
| v. | : NO:  CV- 2021-062988 |
| | : |
| KNOWN AND UNKNOWN HERIS OF | :215 Kane Avenue, folio 37-000121100 |
| MARGARET FAGGIOLO, *et al* | :2019/2020 Real Estate taxes, Sewer |
| Defendant(s) | :and Trash fees |

Robert Daday, Esquire, for Plaintiff
Alphonso Faggiolo, *self-represented party*

### ORDER DISMISSING PETITIONER'S MOTIONS TO STRIKE

**AND NOW**, this _30_ day of August 2022, upon consideration of the

Petitioner's Motion to Strike Tax Claim and Municipal Claim, and the Hearing held on

August 30, 2022, it is hereby ORDERED and DECREED that said Petition is **DENIED** for

the following reasons:

1. This Court notes that the dockets of CV2021-060113 and CV2021-060568
   since in both cases the Borough of Ridley filed a "PRAECIPE TO STRIKE
   TAX CLAIM & MUNICIPAL CLAIM & WRIT OF SCIRE FACIAS" on July 22,
   2022, those cases are closed.

2. This Court notes that the underlying issue in these cases are alleged
   municipal liens, filed on July 27, 2021 by the Borough of Ridley, which are
   governed under Title 53 of the Pennsylvania Statues and Consolidated

Statutes, Section 7000 et seq. "Municipal and Quasi-Municipal Corporations, specifically Chapter 25 "Municipal Claims and Tax Liens."

3. A municipal lien arises, by operation of law, whenever a municipal claim is assessed or imposed upon the property and it does not affect the owner's right to possession or control of their property. Title 53 P.S. Section 7106(a), provides that

> [a]ll municipal claims, municipal liens, taxes, tax claims and tax liens which may hereafter be lawfully imposed or assessed on any property in this Commonwealth ... shall be and they are hereby declared to be a lien on said property, together with all charges, expenses, and fees incurred in the collection of any delinquent account, including reasonable attorney fees....

4. In both cases, Petitioner filed a Motion to Strike, captioned in both cases a request for this Court to "TO ENTER AN ORDER TO STRIKE THE TAX CLAIM AND MUNICIPAL CLAIM AND TO DISMISS/CLOSE CASE NO CV 2021 062985 DUE TO THE COURT S LACK OF IN PERSONAM SUBJECT MATTER AND IN REM JURISDCITION"

5. In the instant Petition, Petitioner has neither demonstrated or inferred any evidence that the Municipal Liens are defective on their face by failing to comply with the Statutory requirements relating to the forms of such liens.

6. The liens have no known defects and comply with the requirements of section 10 of the Municipal Claims and Liens Act.

7. This Court therefore determines that the outstanding Petitions are **DISMISSED.**

BY THE COURT:

Barry C. Dozor, J.

FILED
08-30-2022 03:29 PM
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY, PA

## IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA

SOUTHWEST DELAWARE COUNTY :
MUNICIPAL AUTHORITY :
1 Gamble Lane :
Aston, PA 19014 :
                         :    NO.: CV-2019-067886
         v. :
                         :
ALPHONSO N. FAGGIOLO :
713 Lamp Post Lane :
Aston, PA 19014 :

## DECISION AND ORDER

This action was initiated by the filing of a Municipal Lien in the amount of $402.53

on October 26, 2019 by Southwest Delaware County Municipal Authority (hereinafter

referred to as "SWDCMA") against real estate owned by Alphonso N. Faggiolo

(hereinafter referred to "Faggiolo") located at 713 Lamp Post Lane, Aston, PA 19014

("Property"). On October 2, 2019 a Writ of Scire Facias was filed by SWDCMA. From

October 16, 1019 through December 31, 2020, Alphonso N. Faggiolo filed the following

Motions/Statements/Affidavits and other Filings that were responded to by SWDCMA.

| Faggioli's Filings | SWDCMA Responses |
|---|---|
| a.   Motion to Dismiss for Insufficiency of Service | Reply to Motion to Dismiss for Insufficiency of Service |
| b.   Motion to Dismiss for Failure to State a Cause of Action | Reply to Motion to Dismiss for Failure to State a Cause of Action |

| | | |
|---|---|---|
| c. | Motion to Strike Lien and Dismiss | Reply to Motion to Strike Lien and Dismiss |
| d. | Motion to Recuse Judge | Response to Motion to Recuse Judge |
| e. | Motion to Dismiss | Response to Motion to Dismiss |
| f. | Affidavit of Fact | Response to Affidavit of Fact |
| g. | Motion for Default Judgment | Response to Motion for Default Judgment with New Matter |
| h. | Statement of Objection – Demand for Default Judgment | Response to Motion for Default Judgment |

All of these filings (a through h) have been addressed by Court Orders from Judge John J. Whalen dated April 28, 2020 and June 22, 2020 (3 Orders). The April 28, 2020 Orders strike various filings and provided that, "the parties are directed to proceed to the hearing on the Writ of Scire Facias". No appeal was filed to the 3 Orders. Since the April 28, 2020 Order disposing of the various filings, Faggiolo has filed the following Motions/Statements and Notices as set forth on the Delaware County Office of Judicial Support Civil Docket for this action.

a. Statement of Objection – Objection to Motion Court Cover Sheet;

b. Statement of Objection to Entry of Appearance;

c. Statement of Objection to Unlawful Medial Intervention to Access Open Court;

d. Notice to Cease and Desist and Notice of Mail Fraud;

e. Statement of Objection and Notice: Forgery, Fraud and Trespass.

2

f.      Important Notice to Court of Criminal Complaint Filing.

g.      Statement of Objection to Unlawful Medical Intervention to Access Public Court.

h.      Important Notice – Private Criminal Complaint.

i.      Motion for Curative Instruction as it Relates to Rights under Pennsylvania Law.

On September 24, 2021, SWDCMA filed an Omnibus Response to Alphonso N.

Faggiolo's Frivolous Statements/Motions/Affidavits and FILINGS since October 23, 2019. After SWDCMA's filing of its Omnibus Motions, Faggiolo filed the following;

a.      9/24/21 Disciplinary Complaint - Attorney Complaint

b.      9/27/21 Motion to Dismiss Case for Fatal Defects of Entered Judgment

The post October 23, 2019 filings by Faggiolo, as shown on the current docket, and (a) through (i) above and the September 24th and 27th filings are not permitted by the statutes governing the proceedings relevant to a hearing on a Writ of Scire Facias (53 P.S. 7182 et seq), nor were they permitted by Court Order or agreement of the parties and consequently are hereby dismissed and stricken and were not considered by this Court in addressing this matter.

The hearing on SWDCMA's Writ of Scire Facias (filed on October 2, 2019) and Faggiolo's Affidavit of Defense (filed on November 12, 2019) was held by this Court on Tuesday, September 28, 2021.  At the hearing the SWDCMA presented documentary evidence and the testimony of the Authority's Administrator, Cecelia Nelson.  The

3

Documentary evidence introduced by SWDCMA that was admitted into evidence was labelled as Exhibits 1, 2 and 3 as follows:

**Exhibit 1:**   Faggiolo's nine (9) page Affidavit of Defense

**Exhibit 2:**   Pennsylvania Department of State Certified Records of the Articles of Incorporation and Amendments to date of the SWDCMA

**Exhibit 3:**   Binder of SWDCMA records numbered as follows:

1.   Time-stamped copy of Municipal Lien as filed (6 pages).

2.   Delaware County Public Access printout for 713 Lamp Post Lane, Aston, PA (4 pages).

3.   SWDCMA Account Summary for 713 Lamp Post Lane, Aston, PA (1 page).

4.   A set of SWDCMA Resolutions setting forth Billing Rate, Solicitor Fees and Costs, Modified Delinquency Process and Collection Procedure Guidelines (8 pages).

 a. Resolution No. 2018-3 – 2019 Resolution Adopting 2019 Billing Rates Schedule.

 b. Resolution No. 2019-06 – Resolution Adopting 2020 Billing Rates Schedule.

 c. Resolution No. 2020-04 – Resolution Adopting 2021 Billing Rates Schedule.

 d. Resolution No. 2019-01 – Resolution Adopting Solicitor Fees and Costs.

 e. Resolution No. 2020-01 - Resolution Adopting Solicitor Fees and Costs.

 f. Resolution No. 2021-03 - Resolution Adopting Solicitor Fees and Costs.

 g. Resolution No. 2019-02 – Resolution Adopting 2019 Modified Delinquency Process.

 h. Resolution No. 2019-04 – Resolution Adopting 2019 Collection Procedure Guidelines.

5.      SWDCMA Account Summary for 713 Lamp Post Lane, Aston, PA
Statement dated September 23, 2021 (1 page).

6.      SWDCMA bills sent to 713 Lamp Post Lane, Aston, PA 19014 and
505 Johnson Avenue, Ridley Park, PA 19078 (20 pages).

| 713 Lamp Post Lane | | 505 Johnson Avenue |
| --- | --- | --- |
| a. | Invoice Date 1/31/2019 | |
| b. | Invoice Date 4/30/2019 | |
| c. | Invoice Date 7/31/2019 | Invoice Date 7/31/2019 |
| d. | Invoice Date 10/31/2019 | Invoice Date 10/31/2019 |
| e. | Invoice Date 1/31/2020 | Invoice Date 1/31/2020 |
| f. | Invoice Date 4/30/2020 | Invoice Date 4/30/2020 |
| g. | Invoice Date 7/31/2020 | Invoice Date 7/31/2020 |
| h. | Invoice Date 10/31/2020 | Invoice Date 10/31/2020 |
| i. | Invoice Date 1/31/2021 | Invoice Date 1/31/2021 |
| j. | Invoice Date 4/30/2021 | Invoice Date 4/30/2021 |
| k. | Invoice Date 7/31/2021 | Invoice Date 7/31/2021 |

7.      Delinquency Notices for 713 Lamp Post Lane, Aston, PA (8 pages).

a.      Due Date 2/28/2019
b.      Due Date 5/31/2019
c.      Due Date 8/31/2019
d.      Due Date 11/302019
e.      Due Date 2/29/2020
f.      Due Date 5/31/2020
g.      Due Date 8/31/2020
h.      Due Date 11/30/2020

8.      Delaware County Civil Docket – *Southwest Delaware County
Municipal Authority v. Alphonso Faggiolo* No. CV-2019-067886 (6
pages).

Ms. Nelson in her testimony authenticated all of the documents as part of the

Binder labelled Exhibit 3 and testified credibly as to the facts set forth in the SWDCMA

October 26, 2019 lien and the SWDCMA Writ of Scire Facias including the fact that

SWDCMA provided sewer service to the Property both before and during the time at issue in this matter, the sewer and ancillary rates and charges as established by SWDCMA, the billing procedure and collection methods used by SWDCMA in this matter, the amount of the current delinquency of sewer charges and fees and the amount due SWDCMA for sewer service rates, fees and costs for the Property are in the amount of $1,814.60.

In 2018, Commonwealth Court Judge Brobson authored an unreported Opinion captioned *Borough of Bellevue v. Mortimer*, 2018 Pa. Commw. Unpub. No. 51 C.D. 2017, LEXIS 315 (June 7, 2018) relying on *Western Clinton County Municipal Authority v. Estate of Rosamilia*, 826 A.2d 52 (Pa. Cmwlth. 2003) to sets forth the procedure to be followed in Pennsylvania Courts in Writ of Scire Facias proceedings.

> In *Western Clinton County Municipal Authority v. Estate of Rosamilia*, 826 A.2d 52 (Pa. Cmwlth. 2003), this Court explained the procedure governing municipal claims and scire facias procedure in Pennsylvania, as follows:
>
>> Once the municipality files a claim . . . , the claim becomes a lien on the property. If the owner does not dispute the claim and assessment, the owner simply pays and removes the lien. To contest the claim or amount of assessment and to force the issue to an original hearing, the owner may file and serve a notice upon the claimant municipality to issue a writ of scire facias. In the proceeding commenced by the writ of scire facias, the owner then files an "affidavit of defense." In that affidavit the owner may raise all defenses he or she has to the municipal claim. Alternatively, the municipality may pursue a writ of scire facias without waiting for prompting by the

6

owner . . . . In response to the writ, the owner may file an affidavit of defense raising all defenses. [4]
. . . .

> Where a judgment for insufficient affidavit of defense is sought, the averments in the affidavit of defense are taken as true. The court may not go outside the case as presented by the pleadings for the purpose of considering extraneous facts, either in support of or against the line of defense disclosed by the affidavit. In this regard, the procedure followed is analogous to a motion for judgment on the pleadings. A rule for judgment for insufficient affidavit of defense may be discharged where the appellate court thinks it advisable that the case go to trial so that the facts may be more fully developed and passed upon.

*Estate of Rosamilia,* 826 A.2d at 56-57 (citations omitted).

Furthermore, Section 20 of the Municipal Claims and Tax Lien Act ("MCTLA"), 53 P.S. § 7187, provides, in part:

> Tax claims and municipal claims shall be prima facie evidence of the facts averred therein in all cases; and the averments in both tax and municipal claims shall be conclusive evidence of the facts averred therein, except in the particulars in which those averments shall be specifically denied by the affidavit of defense, or amendment thereof duly allowed.

(Emphasis added.)

See Section 20 of the MCTLA, as amended, 53 P.S. § 7187 ("Tax claims and municipal claims shall be prima facie evidence of the facts averred therein in all cases [.]").

Consequently, for purposes of the September 28, 2021 hearing, SWDCMA

established prima facie evidence of its lien and the amount due SWDCMA, $1,814.60, by

the filing of its lien, the filing of its Writ of Scire Facias, all supported by the unrefuted

documentary evidence it submitted at the hearing and the testimonial evidence of Cecelia Nelson, the Authority Administrator. The burden then shifted to Faggiolo to consider both the contents of his filed Affidavit of Defense and the evidence presented by Faggiolo at the September 28, 2021 hearing to support the filed Affidavit of Defense.

In that Affidavit Faggiolo was required to raise all defenses that he has to the municipal claim. He did not raise any credible factual or legal defenses in his filed Affidavit. For example, Faggiolo did not argue that the sewer charges had been paid (because they were not paid) or that the sewer charges were not properly calculated. Instead he raised legal arguments relevant to *in personam* proceedings which have no relevance to the instant in rem proceeding against the Property. Faggiolo failed to plead in his Affidavit of Defense nor did he introduce specific evidence to show that he had any arguable defense to the requirement that the Property receiving sewer service was required to pay for it. Section 20 of the MCTLA, which provides, in part: "[T]he averments in both tax and municipal claims shall be conclusive evidence of the facts averred therein, except in the particulars in which those averments shall be specifically denied by the affidavit of defense, or amendment thereof duly allowed[.]" (Emphasis added.) Faggiolo failed to specifically deny the SWDCMA Lien and Writ in both his filed Affidavit and in his testimony and, therefore, his Affidavit should be stricken as insufficient to establish a defense.

In *General Municipal Authority of Borough of Harvey's Lake v. Yuhas*, 572
A.2d 1291 (Pa. Super.) (Yuhas), appeal denied, 593 A.2d 419 (Pa. 1990),
the Superior Court held that the allegations in the affidavit of defense
must be certain and definite. Consequently, in the absence of detailed
and specific proof of payment, the Affidavit of defense should be stricken
or denied for want of a specifically pled and proven defense.

In *Yuhas*, a general municipal authority filed a writ of scire facias with respect to

three municipal sewer lines relating to several parcels of real estate. The owners of the

parcels filed a motion to strike writ of scire facias, which the trial court treated as an

affidavit of defense. In the "affidavit," the owners of the parcels disputed the amount of

the sewer charges owed to the general municipal authority and the manner in which

payment was to be made, but none of the documents filed by the owners of the parcels

indicated how the specific charges were inaccurate. The general municipal authority

filed a motion for entry of judgment for want of an affidavit of defense, which the trial

court granted. In so doing, the trial court found that the affidavit "was indefinite,

equivocal, vague, and evasive and contained unsupported conclusions and opinions."

*Yuhas*, 572 A.2d at 1293. The trial court concluded that the "documents [did] not satisfy

the requirement that the affidavit be 'certain and definite.'" Id. at 1294 (quoting *Borough

of Fairview v. Prop.* Located at Tax Index No. 48-67-4, 453 A.2d 728, 730 n.3 (Pa. Cmwlth.

1982)). Faggiolo's filed Affidavit fails the test set forth in *Yuhas* and his Affidavit should

be set aside and stricken.

*Yuhas* involved challenges to the affidavits of defense themselves. In the instant matter both the Affidavit of Defense is insufficient to inform the Court of the basis for Faggiolo's challenge to the Writ of Scire Facias and Faggiolo failed to produce evidence at the hearing to overcome the SWDCMA's prima facie evidence that the sewer charges are owing to SWDCMA.

The remaining issue for this Court to determine is set forth in 53 P.S. 7182. <u>Petition of defendant; payment into court; affidavit; rule; decree; jury trial,</u> which provides in part as follows (**emphasis added**):

> Any defendant named in the claim, or any person allowed to intervene and defend there against, may, at any stage of the proceedings, present his petition, under oath or affirmation, setting forth that he has a defense in whole or in part thereto, and of what it consists; and praying that a rule be granted upon the claimant to file an affidavit of the amount claimed by him, and to show cause why the petitioner should not have leave to pay money into court; and, in the case of a municipal claim, to enter security in lieu of the claim; whereupon a rule shall be granted as prayed for. **Upon the pleadings filed, or from the claim and the affidavit of defense, and without a petition where an affidavit of defense has been filed, the court shall determine how much of the claim is admitted or not sufficiently denied; and shall enter a decree that upon payment by such petitioner to the claimant of the amount thus found to be due,** with interest and costs if anything be found to be due, or upon payment into court......(emphasis added).

Consequently, the following Order is entered.

## ORDER

AND NOW, this ____3rd____ day of ~~October~~ November, 2021, after the September 28, 2021 hearing on and consideration of the outstanding Motions of the parties and SWDCMA's Writ of Scire Facias and Faggiolo's Affidavit of Defense, it is hereby ORDERED and DECREED as follows:

a.    SWDCMA's Omnibus Response Motion is GRANTED.

b.    Defendant, Alphonso N. Faggiolo's Frivolous Statements/Motions/ Affidavits and Filings since October 23, 2019 are DISMISSED with prejudice and STRICKEN from the docket.

c.    Defendant, Alphonso N. Faggiolo's Affidavit of Defense is DISMISSED due to being insufficient, lacking in specificity and details, and Defendant Faggiolo neither pled nor proved a sufficient defense.

d.    SWDCMA's lien is confirmed in the amount of $1,814.60, plus interest, penalties, costs and attorney's fees to be determined upon further application to this Court.

BY THE COURT:

_____   11/3/2021
BARRY C. DOZOR, J.

11

**IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

| | |
|---|---|
| BOROUGH OF RIDLEY PARK | : |
|       Plaintiff | : |
| v. | : NO:  CV- 2021-062985 |
| | : |
| KNOWN AND UNKNOWN HERIS OF | :505 Johnson Avenue, folio 37-0001192-00 |
| MARGARET FAGGIOLO, *et al* | :2019/2020 Real Estate taxes, Sewer |
|       Defendant(s) | :and Trash fees |

Robert Daday, Esquire, for Plaintiff
Alphonso Faggiolo, *self-represented party*

## ORDER DISMISSING PETITIONER'S MOTION FOR SUMMARY JUDGMENT

**AND NOW**, this $\underline{30^{th}}$ day of November 2022, upon consideration of the

Petitioner's Motion for Summary Judgment, and the Hearings held on November 14,

2022 and August 30, 2022 and the August 30, 2022 Order, it is hereby ORDERED and

DECREED that said Petition is **DENIED** for the following reasons:

1. On July 27, 2021, Plaintiff initiated this action by filing a Municipal claim for delinquent 2019 and 2020 real estate taxes, sewer and trash fees due on the property located at 505 Johnson Avenue, Ridley Park, Delaware County, Pennsylvania, also known as folio number 37-00-01192-00 pursuant to the Municipal Claims and Tax Liens Act, (hereinafter "MCTLA"), 53 P.S. 7101 et seq

2. On January 18, 2022 Defendant/Petitioner, filed a Motion to Strike Tax Claim and Municipal claim with a request for this Court to "TO ENTER AN ORDER TO STRIKE THE TAX CLAIM AND MUNICIPAL CLAIM AND TO DISMISS/CLOSE CASE NO CV 2021 062985 DUE T0 THE COURT S LACK OF IN PERSONAM SUBJECT MATTER AND IN REM JURISDCITION"

3. Plaintiff filed a Response on January 31, 2022.

4. A Writ of Scire Facias on the Municipal Claim was filed on August 25, 2022.

5. The Court held a Hearing on the Petitioner's Motion to Strike Tax Claim and Municipal Claim was held on August 30, 2022. During this Hearing,

Petitioner testified that he is the sole heir of Margaret Faggiolo, the record owner of the property, as well as advising that he has/had other siblings, and that he had no intention of raising an estate on her behalf in order to transfer the Property to himself or to object to tax and municipal claims.

6. Petitioner was served with a Writ of Scire Facias during the August 30, 2022 Hearing.

7. The Court issued an Order on August 30, 2022 denying Petitioner's Motion to Strike Tax Claim and Municipal Claim.

8. Thereafter, Petitioner filed this Motion for Summary Judgment on September 29, 2022.

9. Plaintiff filed a Response to the Motion for Summary Judgment on November 3, 2022.

10. This Court held a Hearing on the Motion for Summary Judgment on November 14, 2022.

11. Petitioner reiterated at the Hearing that the Property remains titled in his deceased Mother's name and he has no intention on raising an estate.

12. Petitioner is not the record owner of the Property in question and has not intervened as an interested party.

13. There are no provisions in the Municipal Claims and Tax Liens Act authorizing the filing of a Motion for Summary Judgment.

14. This Court therefore determines that the outstanding Motion for Summary Judgment is **DISMISSED.**

BY THE COURT:

_____
Barry C. Dozor, J.

FILED
12-20-2022 02:00 PM
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY, PA

**IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

| | |
|---|---|
| TOWNSHIP OF ASTON | : |
|     Plaintiff | : |
| v. | : NO:  CV- 2020-061603 |
| | : |
| ALPHONOS FAGGIOLO and | : |
| MARGARET FAGGIOLO | : |
|     Defendant | : |

Michael Pierce, Esquire, for Plaintiff
Alphonso Faggiolo, *self-represented party*

## ORDER

**AND NOW**, this  22  day of June 2022, upon consideration of the

Petitioner's Petition titled "Alphonso Nicholas Faggiolo Moves This Honorable Court to

Enter An Order, Pursuant to 231 Pa. Code Rule 1037(a), Directing The Prothonotary Of

This Court To Enter A Rule Upon The Township of Aston to File a Complaint Within

Twenty Days," the Answer filed by Respondent, the Response to Respondent's Answer,

the Hearing held on June 7, 2022 and this Court's Review of the Pennsylvania Code and

the Pennsylvania Rules of Civil Procedure, it is hereby ORDERED and DECREED that

said Petition is **DENIED** for the following reasons:

1. Petitioner's Petition was filed under 231 Pa. Code Section 1037(a).

2. This Court notes that Pennsylvania Code 231, is the section where the
   Pennsylvania Rules of Civil Procedure are found.

3. Petitioner seeks to require Plaintiffs to file a Complaint under Pa.R.C.P.
   No. 1037(a), which states,
   > (a) If an action is not commenced by a complaint, the
   > prothonotary, upon praecipe of the defendant, shall
   > enter a rule upon the plaintiff to file a complaint. If a
   > complaint is not filed within twenty days after service

Page **1** of **3**

of the rule, the prothonotary, upon praecipe of the defendant, shall enter a judgment of non pros.

4. This Court notes that the underlying issue in this case is an alleged municipal lien, which is governed under Title 53 of the Pennsylvania Statues and Consolidated Statutes, Section 7000 et seq. "Municipal and Quasi-Municipal Corporations, specifically Chapter 25 "Municipal Claims and Tax Liens."

5. A municipal lien arises, by operation of law, whenever a municipal claim is assessed or imposed upon the property and it does not affect the owner's right to possession or control of their property. Title 53 P.S. Section 7106(a), provides that

> [a]ll municipal claims, municipal liens, taxes, tax claims and tax liens which may hereafter be lawfully imposed or assessed on any property in this Commonwealth ... shall be and they are hereby declared to be a lien on said property, together with all charges, expenses, and fees incurred in the collection of any delinquent account, including reasonable attorney fees....

6. Further in Title 53, Section 7184, states that

> Any party named as defendant in the [municipal] claim filed, or admitted to defend there against, may file, as of course, and serve a notice upon the claimant or upon the counsel of record to issue a scire facias thereon, within fifteen days after notice so to do. If no scire facias be issued within fifteen days after the affidavit of service of notice is filed of record, the claim shall be stricken off by the court, upon motion. If a scire facias be issued in accordance with such notice, the claimant shall not be permitted to discontinue the same, or suffer a nonsuit upon the trial thereof, but a compulsory nonsuit shall be entered by the court if the claimant does not appear, or withdraws, or for reason fails to maintain his claim.

7. This Court notes that Petitioner in this case did not file a notice upon the Township of Aston to file a *scire facias*, within fifteen days of the lien being placed upon his property.

8. A *scire facias* proceeding is an action in rem. ***N. Coventry Twp. v. Tripodi***, 64 A.3d 1128, 1133 (Pa.Cmwlth. 2013) citing ***Borough of Walnutport v. Dennis***, 13 A.3d 541 (Pa.Cmwlth.2010).

9. Even if this Court were to consider the Petition filed by Petitioner in this case a "*scire facias*" this Court notes that by his own documentation, Petitioner states the lien was placed on July 20, 2020 and Petitioner's Petition was not filed until December 1, 2021, well outside the fifteen (15) day requirement.

10. This Court therefore determines that the outstanding Petition is **DISMISSED.**

BY THE COURT:

Barry C. Dozor, J.

Page **3** of **3**

# EXHIBIT B

**IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

| | |
|---|---|
| BOROUGH OF RIDLEY PARK | : |
|      Plaintiff | : |
| v. | : NO:  CV- 2021-062988 |
| | : NO:  CV- 2021-062986 |
| KNOWN AND UNKNOWN HERIS OF | :215 Kane Avenue, folio 37-00-01210-00 |
| MARGARET FAGGIOLO, *et al* | : 0 Kane Avenue, Ridley Park, PA |
| | : Folio# 37-00-01210-00 |
|      Defendant(s) | : |

Robert Daday, Esquire, for Plaintiff
Alphonso Faggiolo, *self-represented party*

### ORDER OF RECUSAL

**AND NOW**, this __28__ day of August 2023, upon consideration of

Defendant's Response to Plaintiff's Motion to Consolidate Judgments and Reassess

Damages and Defendant/Petitioner's Mandatory Judicial Notice of parameters of Judicial

Immunity, and Defendant's hostile, virulent and threatening responses therein, it is

hereby ORDERED and DECREED that this Court is constrained to RECUSE itself from the

above cases and any other cases in which involve Mr. Faggiolo.

These cases are therefore sent back to Civil Court Administration for

reassignment and the Hearings that had been scheduled for December 21, 2023 are

now cancelled.

BY THE COURT:

Barry C. Dozor, J.

Page **1** of **1**

FILED
08-30-2023 11:11 AM
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY, PA

# EXHIBIT C

**IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

| | |
|---|---|
| BOROUGH OF RIDLEY PARK | : |
|      Plaintiff | : |
| | : |
| v. | : NO:  CV- 2021-062985 |
| | : |
| KNOWN AND UNKNOWN HERIS OF | : 505 Johnson Avenue, Ridley Park, PA |
| MARGARET FAGGIOLO, *et al* | : Folio# 37-00-01192-00: |
|     Defendant(s) | : |

Robert Daday, Esquire, for Plaintiff
Alphonso Faggiolo, *self-represented party*

## AMENDED[1] ORDER DISMISSING DEFENDANT/PETITIONER'S MOTION TO STRIKE DOCUMENT PURPORTED TO BE A WRIT OF SCIRE FACIAS, DUE TO FATAL DEFICIENCIES ON THE FACE OF THE DOCUMENT AND MOTION TO DISMISS THE UNLAWFULLY COMMENCED AND FRAUDULENT CASE DESIGNATED AS CV-2021-062988 REGARDING REAL PROPERTY 505 JOHNSON AVENUE, RIDLEY PARK, PA, ALSO KNOWN AS FOLIO# 37-00-01192-00

**AND NOW**, this __13th__ day of June 2023, upon consideration of

Defendant/Petitioner's Motion to Strike Document Purported to be a Writ of Scire

Facias, Due to Fatal Deficiencies on the Face of the Document and

Defendant/Petitioner's Motion to Dismiss the Unlawfully Commenced and Fraudulent

Case Designated as CV-2021-062985 regarding Real Property 505 Johnson Avenue,

Ridley Park, PA, also known as Folio# 37-00-01192-00, and after hearing held on April

13, 2023 and all Plaintiff's Exhibits admitted therein, it is hereby ORDERED and

DECREED that for the Findings of Fact and Conclusions of Law set forth below, this

Court Orders as follows:

---

[1] This order is ONLY Amended to reflect the correct Docket number for the address and folio number. All other portions of the Order are the same as on filed on June 6, 2023.

1.  The Motion to Strike Document Purported to be a Writ of Scire Facias, Due to Fatal Deficiencies on the Face of the Document is **DENIED**;

2.  The Motion to Dismiss the Unlawfully Commenced and Fraudulent Case Designated as CV-2021-062985 is **DENIED**;

3.  Judgment is entered in favor of Plaintiff and against Defendants in the amount of **$9,810.01 as follows:**

| Year | Type of Delinquency | Face $ | Penalty | Total |
|------|---------------------|--------|---------|-------|
| 2019 | Borough Real Estate Taxes | 979.39 | $ 97.94 | $ 1,077.33 |
| 2019 | Trash Fees | $ 265.00 | $ 26.50 | $ 291.50 |
| 2019 | Sewer Fees | $ 392.00 | $ 39.20 | $ 431.20 |
| 2020 | Borough Real Estate Taxes | $ 1,033.56 | $ 103.36 | $ 1,136.92 |
| 2020 | Trash Fees | $ 265.00 | $ 26.50 | $ 291.50 |
| 2020 | Sewer Fees | $ 396.00 | $ 39.60 | $ 435.60 |
| | Placement Amount | | | $ 3,664.05 |
| | Notice Expense *plus Certified Mail Postage* | | | $ 51.61 |
| | Interest 10% per annum on Placement Amount 7/27/21 - 4/13/23 | | | $ 603.00 |
| | Attorney Fees | | | $ 5,300.00 |
| | Court Costs | | | $ 53.55 |
| | Sheriff's Costs | | | $ 52.80 |
| | Title Search Fee | | | $ 85.00 |
| | Total Amount Due as of 4/13/23 | | | $ 9,810.01 |

## FINDINGS OF FACT

1.  Plaintiff Borough of Ridley Park is a municipal corporation with offices located at 230 W. Chester Pike, Ridley Park, PA 19078.

2.  The record owners of the property located at 505 Johnson Avenue, Ridley Park, Pennsylvania, tax parcel 37-00-01192-00 (hereinafter the "Property") are Alphonse P. Faggiolo and Margaret Faggiolo, husband and wife. *See* Plaintiff's Exhibit 6.

3.  Alphonse P. Faggiolo died on August 4, 2008 and Margaret Faggiolo died intestate on January 28, 2019.

4.  Alphonse Faggiolo (hereinafter "Petitioner") is the sole heir of Margaret.

5.   Richard Tutak is the Borough Manager for the Borough of Ridley Park.

6.   In his capacity as Borough Manager, Mr. Tutak is responsible for maintaining the Borough ordinances and resolutions as well as administering the real estate taxes, rubbish fees, and sewer fees.

7.   The Borough of Ridley Park hired Portnoff Law Associates to collect its delinquent tax and municipal claims to include real estate taxes, rubbish fees, and sewer fees.

8.   The Borough passed Ordinance 1187 in 2009, which authorized the collection of delinquent municipal claims and taxes pursuant to the Municipal Claims and Tax Liens Act, 53 P.S. § 7101 et seq (hereinafter "MCTLA"). *See* Plaintiff's Exhibit 1.

9.   Ordinance 1187 authorizes the addition of attorney's fees and costs to unpaid municipal claims. *See* Plaintiff's Exhibit 1.

10.  The Borough adopted ordinance 2018-2, which set the millage rate for the 2019 real estate taxes at 9.04 mills.

11.  The Borough adopted ordinance 2018-3, which set the 2019 rubbish fee at $265 per living unit.

12.  The Borough adopted ordinance 2018-4, which set the 2019 sewer fee at $392 per living unit.

13.  The Borough adopted ordinance 2019-6, which set the 2020 real estate tax millage rate at 9.54 mills.

14.  The Borough adopted ordinance 2019-7, which set the 2020 sewer fee at $396 per living unit.

15.  The Borough adopted ordinance 2019-8, which set the rubbish fee at $265 per living unit.

16.  Petitioner has failed to pay the 2019 and 2020 real estate taxes due on the Property.

17.  The Borough turned over unpaid balances of $1,077.33 ($979.39 in face amount plus $97.94 in penalty) for the delinquent 2019 real estate taxes and $1,136.92 ($1,033.56 in face amount plus $103.36 in penalty for the delinquent 2020 real estate taxes over to Portnoff Law Associates for collection. *See* Plaintiff's Exhibit 12.

18. Petitioner likewise failed to pay the sewer and rubbish fees for 2019 and 2020.

19. The Borough turned over a claim for the 2019 sewer fee in the amount of $431.20, comprised of $392 in base charge plus a penalty of $39.20. *See* Plaintiff's Exhibit 2.

20. The Borough also turned over a claim for the 2020 sewer fee in the amount of $435.60, comprised of $396 in base charge plus a penalty of $39.60. *See* Plaintiff's Exhibit 2.

21. The Borough turned over a claim for the 2019 rubbish fee in the amount of $291.50, comprised of $265 in base charge plus a penalty of $26.50. *See* Plaintiff's Exhibit 2.

22. The Borough turned over a claim for the 2020 rubbish fee in the amount of $291.50, comprised of $265 in base charge plus a penalty of $26.50. *See* Plaintiff's Exhibit 2.

23. Petitioner does not contest that these amounts were unpaid, but rather he argues that he is not required to pay the real estate taxes or municipal fees because he is not considered a taxpayer under Pennsylvania law and because he has not filed a tax return.

24. Joseph Schultheis is the litigation manager at Portnoff Law Associates.

25. In his capacity as litigation manager, Mr. Schultheis compiles documents and information in response to litigation regarding the collection of delinquent taxes and municipal claims.

26. Portnoff Law Associates collects delinquent real estate taxes and municipal claims pursuant to the Municipal Claims and Tax Liens Act 53 P.S. 7101 et seq.

27. With regard to the present matter, Portnoff Law Associates initiated its collection efforts by filing a lien against the Property on July 27, 2021. *See* Plaintiff's Exhibit 7.[2]

---

[2] Prior to filing the lien in this matter, On June 16, 2020, PLA sent a certified Notice of Delinquency to Alphonso P. Faggiolo and Margaret J. Faggiolo. PLA invoiced the Borough for a $40 administration fee and the $5.75 certified postage fee in connection with the certified notices of delinquency. Tr. 76; Plaintiff's Exhibit 5. On July 27, 2021, PLA thereafter filed a lien and on August 25, 2022 a writ of scire facias docketed at CV-2021-062988 for the 2019-2020 borough real estate taxes, sewer fees, and rubbish fees. The lien listed Alphonso P. Faggiolo and Margaret J. Faggiolo as the Defendants in the caption.

28. On June 16, 2020, Portnoff Law Associates invoiced the Borough for a $40 administration fee and incurred a $5.75 certified postage fee in connection with the certified notices of delinquency. *See* Plaintiff's Exhibit 5.

29. Portnoff Law Associates did not assess any attorney's fees for filing the lien.

30. On July 27, 2021, Portnoff Law Associates incurred a filing fee of $35.18 for the filing of the lien. *See* Plaintiff's Exhibit 12.

31. Following the filing of the lien, Portnoff Law Associates sent a certified Notice of Delinquency to the heirs and unknown heirs of Margaret J. Petitioner on August 13, 2021 and incurred a $5.86 certified postage fee in connection with the certified notices of delinquency. *See* Plaintiff's Exhibit 8.

32. The certified notices were sent to the unknown heirs of Margaret J. Petitioner at 215 Kane Avenue, Ridley Park, PA 19078 and 505 Johnson Avenue, Ridley Park, PA 19078.  The notice was also sent to Petitioner at 505 Johnson Avenue, Ridley Park, PA 19078 and 713 Lamp Post Lane, Aston, PA 19014.

33. The postal service delivered the notices of delinquency and signed the receipt consistent with the COVID-19 policy in place at the time.

34. The notices of delinquency offered the opportunity for the property owner to enter into a payment plan or to submit a hardship application if a longer payment was necessary. *See* Plaintiff's Exhibit 8.

35. The notice of delinquency also provided the schedule of attorney's fees that would be assessed absent payment arrangements. *See* Plaintiff's Exhibit 8.

36. Petitioner never contacted Portnoff Law Associates  to enter into a payment plan or submit a hardship application.

37. Thereafter, on November 16, 2021, Portnoff Law Associates sent a copy of the lien to Petitioner at 505 Johnson Avenue, Ridley Park, PA 19078 and 713 Lamp Post Lane, Aston, PA 19014 and to the unknown heirs of Margaret J. Petitioner at 505 Johnson Avenue, Ridley Park, PA 19078.

---

Upon discovering that Alphonso P. Faggiolo and Margaret J. Faggiolo were deceased, PLA struck the lien and writ of scire facias.

38. Portnoff Law Associates did not assess any attorney's fees for the notice of lien that was mailed to Petitioner on November 16, 2021.

39. On August 25, 2022, Plaintiff filed a writ of scire facias regarding the delinquent real estate taxes and sewer fees and rubbish fees. *See* Plaintiff's Exhibit 10.

40. Prior to filing the writ of scire facias, Portnoff Law Associates reviewed the county assessment records to ensure ownership of the Property had not changed. Portnoff Law Associates also reviewed its database for any contact or payment from the defendant and to ensure that the amount of the claim was correct.

41. Portnoff Law Associates assessed a $250 attorney's fee for the preparation and filing of the writ of scire facias, per Ordinance 1187 passed by the Borough. *See* Plaintiff's Exhibit 1.

42. Per the sheriff's return of service, Petitioner was personally served with the writ of scire facias on August 30, 2022.

43. Portnoff Law Associates incurred a $18.37 filing fee for the writ of scire facias as well as a fee of $52.80 for the sheriff's order of service.

44. In addition, Portnoff Law Associates incurred attorney's fees in responding to Petitioner's various filings during the course of the litigation.

45. Portnoff Law Associates assessed attorney's fees at $200 per hour for work done by David Dugan, Esquire; and $75 per hour for work done by Mr. Schultheis. *See* Plaintiff's Exhibit 1.

46. Petitioner filed a Motion to Strike the Tax Claim and Municipal Claim, and to Dismiss/Close Case No. CV-2021-062985, Due to the Court's Lack of In Personam, Subject Matter, and In Rem Jurisdiction on January 18, 2022.

47. The Court scheduled a hearing on Petitioner's Motion for August 30, 2022.

48. The Borough incurred $1,130 in attorney's fees in responding to Petitioner's Motion and preparing for and attending a hearing on the Motion. Specifically, David Dugan, Esquire billed one hour at $200/hour for the preparation of a memorandum of law. Robert P. Daday, Esquire billed 2 hours at $225/hour to attend, travel, and appear at the hearing on August 30, 2022. Mr. Schultheis billed 6.4 hours at $75/hour to prepare binders for the hearing and to attend the hearing. *See* Plaintiff's Exhibit 12.

49. Portnoff Law Associates also incurred an $85 fee for a title report for the Property which was in turn assessed that fee to the claim. *See* Plaintiff's Exhibit 6.

50. Pursuant to Order of Court dated August 30, 2022, the Court denied Petitioner's Motion.

51. Petitioner thereafter filed a Motion for Summary Judgment on September 29, 2022. Portnoff Law Associates prepared a Response to Petitioner's Motion for Summary Judgment as well as a Motion to Strike Motion for Summary Judgment and a Brief in Support of its Motion to Strike.

52. The Borough incurred $695 in attorney's fees for preparation of the Response to Petitioner's Motion. Specifically, David Dugan, Esquire billed one hour at $200/hour and Robert P. Daday, Esquire billed 2.2hours at $225/hour. *See* Plaintiff's Exhibit 12.

53. The Borough incurred $700 in attorney's fees for the preparation for the Motion to Strike Motion for Summary Judgment and the Brief in Support of its Motion to Strike. Specifically, David Dugan, Esquire billed 3.5 hours at $200/hour. *See* Plaintiff's Exhibit 12.

54. The Court scheduled a hearing on Petitioner's Motion for November 14, 2022.

55. The Borough also incurred $1,462.50 in attorney's fees for preparing for and attending the November 14, 2022, hearing. Plaintiff"s Exhibit 12. Tr. 95. Specifically, Robert P. Daday, Esquire billed 6.5 hours at $225/hour for preparation for the hearing and attending the hearing. *See* Plaintiff's Exhibit 12.

56. Following the hearing, the Court requested that the parties submit proposed orders regarding the Motion for Summary Judgment. The Borough incurred $300 in attorney's fees for the preparation of the proposed order. Specifically, David Dugan, Esquire billed 1.5 hours at $200/hour for the preparation of the proposed order. *See* Plaintiff's Exhibit 12.

57. Pursuant to Order of Court dated December 20, 2022, the Court denied Petitioner's Motion for Summary Judgment.

58. The Borough incurred $100 in attorney's fees for the Plaintiff's Motion to List Matter for Hearing. Specifically, David Dugan, Esquire billed 0.5 hours

at $200/hour for the preparation of the proposed order. *See* Plaintiff's Exhibit 12.

61.   On March 21, 2023, Petitioner filed yet another Motion to Strike.

62.   On March 29, 2023, Portnoff Law Associates filed a Response to Petitioner's Motion to Strike.

63.   The Borough incurred attorney's fees in the amount of $450 for the preparation of the Response. Specifically, Robert P. Daday, Esquire billed 2 hours at $225/hour. *See* Plaintiff's Exhibit 12.

64.   Petitioner filed a Motion to Dismiss on April 7, 2023.

65.   On April 12, 2023, Portnoff Law Associates filed a Response to the Motion to Dismiss.

66.   The Borough incurred attorney's fees in the amount of $212.50 for the preparation of the Response. Specifically, David Dugan, Esquire billed .5 hours at $200/hour and Robert P. Daday billed .5 hours at $225/hour. *See* Plaintiff's Exhibit 12.

67.   In addition, $603 in interest has accrued since the lien was filed. *See* Plaintiff's Exhibit 1.

## CONCLUSIONS OF LAW

1.   The 2019 and 2020 borough real estate taxes, sewer fees, and rubbish fees assessed by the Borough were authorized by Ordinance.

2.   Ordinance 2018-2 set the millage rate for the 2019 real estate taxes at 9.04 mills.

3.   Ordinance 2018-3 set the 2019 rubbish fee at $265 per living unit.

4.   Ordinance 2018-4 set the 2019 sewer fee at $392 per living unit.

5.   Ordinance 2019-6 set the 2020 real estate tax millage rate at 9.54 mills.

6.   Ordinance 2019-7 set the 2020 sewer fee at $396 per living unit.

7.   Ordinance 2019-8 set the 2020 rubbish fee at $265 per living unit.

8. Section 188-9 of the Borough of Ridley Park municipal code authorizes a 10% penalty for real estate taxes that were not paid within four months of the date of the tax bill.

9. Section 172-6 of the Borough of Ridley Park municipal code authorizes a 10% penalty for sewer fees that were not paid within four months of the date of the sewer bill.

10. Section 115-7 of the Borough of Ridley Park municipal code authorizes a 10% penalty for rubbish fees not paid by the deadline set forth in the bill.

11. By his own admission, Petitioner failed to timely pay these amounts.

12. The 2019 and 2020 borough real estate taxes, sewer fees, and rubbish fees are therefore delinquent.

13. Section 7185 of the MCTLA provides:

§ 7185. Form of scire facias; addition of parties; amicable scire facias
The claim shall be sued by writ of scire facias, and the form thereof shall be **substantially** (emphasis added) as follows:
The Commonwealth of Pennsylvania to (names of the parties defendant), Greeting:

Whereas, The (city, borough, or other municipality, as the case may be,) on the ............ day of ............, A.D. 1 ....................., filed its claim in our court of common pleas of ........................ County; at No. ............, ........... Term, 1 ....................., M.L.D., for the sum of $.............., with interest from the ............ day of ............, 1 ....................., for (give the improvement, or that for which the claim is filed), against the following property situate in (give location and brief description of the property), owned or reputed to be owned by you.

And whereas, We have been given to understand that said claim is still due and unpaid, and remains a lien against the said property;

Now, you are hereby notified to file your affidavit of defense to said claim, if defense you

have thereto, in the office of the prothonotary
of our said court, within fifteen days after the
service of this writ upon you. If no affidavit of
defense be filed within said time, judgment may
be entered against you for the whole claim, and
the property described in the claim be sold to
recover the amount thereof.

Witness the Honorable .......................,
President Judge of our said court, this ............
day of ............, A.D. 1 ......................
Prothonotary.

(Seal)

14. The Writ of Scire Facias filed on August 25, 2022, is in substantially the
same format at 53 P.S. Section 7185.

15. To the extent that Petitioner failed to file an affidavit of defense and chose
not to present any testimony or any other witnesses, he has waived any
objections to the municipal claim except for his challenge to the form of
the writ of scire facias. See **Gen. Mun. Auth. v. Yuhas**, 392 Pa. Super.
397, 402, 572 A.2d 1291, 1294 (1990)(holding that it is the defendant's
burden to show how the charges at issue are inaccurate or otherwise
defective); **Borough of Fairview v. Prop. Located at Tax Index No.
48-67-4**, 70 Pa. Cmwlth. 636, 639, 453 A.2d 728, 730 (1982)(holding
that an affidavit of defense must be certain and definite).

16. Section 7106 of the MCTLA provides in pertinent part:
   (a) All municipal claims, municipal liens, taxes, tax claims
   and tax liens which may hereafter be lawfully imposed
   or assessed on any property in this
   Commonwealth...shall be and they are hereby declared
   to be a lien on said property, together with all charges,
   expenses, and fees incurred in the collection of any
   delinquent account, including reasonable attorney fees.
      i. (a.1) ...A municipality by ordinance, or by
      resolution if the municipality is of a class which
      does not have the power to enact an ordinance,
      shall adopt the schedule of attorney fees.

      ii. (a.3) At least thirty days prior to assessing or
      imposing attorney fees in connection with the
      collection of a delinquent account, including
      municipal claims, municipal liens, taxes, tax
      claims and tax liens, a municipality shall, by

Page **10** of **11**

United States certified mail, return receipt requested, postage prepaid, mail to the owner the notice required by this subsection.

53 P.S. § 7106.

17.  Here, all of the attorney's fees assessed against the Property were authorized by ordinance, pursuant to 53 P.S. § 7106(a.1).

18.  Portnoff Law Associates mailed a certified Notice of Delinquency to Petitioner at numerous addresses 30 days prior to the assessment of any attorney's fees.

19.  The certified Notices were returned as received.

20.  Petitioner therefore received adequate notice pursuant 53 P.S. § 7106(a.3) prior to the assessment of any attorney's fees.

21.  All of the attorney's fees incurred by the Borough were lawfully assessed pursuant to the MCTLA.

22.  All of the costs incurred by the Borough were lawfully assessed pursuant to the MCTLA.

23.  Section 7143 of the MCTLA provides in pertinent part:
    iii.  ...Interest as determined by the municipality at a rate not to exceed ten per cent per annum shall be collectible on all municipal claims from the date of the completion of the work after it is filed as a lien, and on claims for taxes, water rents or rates, lighting rates, or sewer rates from the date of the filing of the lien...

    53 P.S. § 7143.

24.  The interest that accrued on the lien filed by the Borough was lawfully assessed pursuant to the MCTLA.

## CONCLUSION

For all of the above reasons, including the specific amounts set forth in the beginning of this Order, a judgment should be entered in favor of Plaintiff and against Defendant/Petitioner in the amount of **$9,810.01**

BY THE COURT:

Barry C. Dozor, J.

Page **11** of **11**

FILED
06-20-2023 02:12 PM
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY, PA

**IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

| | |
|---|---|
| BOROUGH OF RIDLEY PARK | : |
| Plaintiff | : |
| | : |
| v. | : NO:  CV- 2021-062986 |
| | : |
| KNOWN AND UNKNOWN HERIS OF | : 0 Kane Avenue, Ridley Park, PA |
| MARGARET FAGGIOLO, *et al* | : Folio# 37-00-01210-00 |
| Defendant(s) | : |

Robert Daday, Esquire, for Plaintiff
Alphonso Faggiolo, *self-represented party*

## ORDER DISMISSING DEFENDANT/PETITIONER'S MOTION TO DISMISS THE UNLAWFULLY COMMENCED AND FRAUDULENT CASE DESIGNATED AS CV-2021-062986 REGARDING REAL PROPERTY 0 KANE AVENUE, RIDLEY PARK, PA, ALSO KNOWN AS FOLIO# 37-00-01210-00

**AND NOW**, this $\underline{6^{th}}$ day of June 2023, upon consideration of

Defendant/Petitioner's Motion to Dismiss the Unlawfully Commenced and Fraudulent

Case Designated as CV-2021-062986 regarding Real Property 0 Kane Avenue, Ridley

Park, PA, also known as Folio# 37-00-01210-00, and after hearing held on April 13,

2023 and all Plaintiff's Exhibits admitted therein, it is hereby ORDERED and DECREED

that for the Findings of Fact and Conclusions of Law set forth below, this Court Orders

as follows:

1.     The Motion to Dismiss the Unlawfully Commenced and Fraudulent Case
        Designated as CV-2021-062986 is **DENIED**:

2.     Judgment is entered in favor of Plaintiff and against Defendants in the
        amount of **$1,326.73 as follows:**

| Year | Type of Delinquency | Face | | Penalty | | Total | |
|------|---------------------|------|------|---------|------|-------|------|
| 2019 | Borough Real Estate Taxes | $ | 33.90 | $ | 3.39 | $ | 37.29 |
| 2020 | Borough Real Estate Taxes | $ | 35.78 | $ | 3.58 | $ | 39.36 |
| | Placement Amount | | | | | $ | 76.65 |
| | Certified Mail Postage | | | | | $ | 11.72 |
| | Interest 10% per annum on Placement Amount 7/27/21 – 4/13/23 | | | | | $ | 12.49 |
| | Attorney Fees | | | | | $ | 1,080.00 |
| | Court Costs | | | | | $ | 53.55 |
| | Sheriff's Costs | | | | | $ | 52.80 |
| | Title Search Fee | | | | | $ | 85.00 |
| | Total Amount Due as of 4/13/23 | | | | | $ | 1,372.21 |

## FINDINGS OF FACT

1. Plaintiff Borough of Ridley Park is a municipal corporation with offices located at 230 W. Chester Pike, Ridley Park, PA 19078.

2. The record owners of the property located at 0 Kane Avenue, Ridley Park, Pennsylvania, tax parcel 37-00-01210-00 (hereinafter the "Property") are Alphonse P. Faggiolo and Margaret Faggiolo, husband and wife. *See* Plaintiff's Exhibit 21.

3. Alphonse P. Faggiolo died on August 4, 2008 and Margaret Faggiolo died intestate on January 28, 2019.

4. Alphonse Faggiolo (hereinafter "Petitioner") is the sole heir of Margaret.

5. Richard Tutak is the Borough Manager for the Borough of Ridley Park.

6. In his capacity as Borough Manager, Mr. Tutak is responsible for maintaining the Borough ordinances and resolutions as well as administering the real estate taxes, rubbish fees, and sewer fees.

7.    The Borough of Ridley Park hired Portnoff Law Associates to collect its delinquent tax and municipal claims to include real estate taxes, rubbish fees, and sewer fees.

8.    The Borough passed Ordinance 1187 in 2009, which authorized the collection of delinquent municipal claims and taxes pursuant to the Municipal Claims and Tax Liens Act, 53 P.S. § 7101 et seq (hereinafter "MCTLA"). *See* Plaintiff's Exhibit 1.

9.    Ordinance 1187 authorizes the addition of attorney's fees and costs to unpaid municipal claims. *See* Plaintiff's Exhibit 1.

10.    The Borough adopted ordinance 2018-2, which set the millage rate for the 2019 real estate taxes at 9.04 mills.

11.    The Borough adopted ordinance 2019-6, which set the 2020 real estate tax millage rate at 9.54 mills.

12.    Petitioner has failed to pay the 2019 and 2020 real estate taxes due on the Property.

13.    The Borough turned over unpaid balances of $37.29 ($33.90 in face amount plus $3.39 in penalty) for the delinquent 2019 real estate taxes and $39.36 ($35.78 in face amount plus $3.58 in penalty for the delinquent 2020 real estate taxes over to Portnoff Law Associates for collection. *See* Plaintiff's Exhibit 4.

14.    Petitioner does not contest that these amounts were unpaid, but rather he argues that he is not required to pay the real estate taxes or municipal fees because he is not considered a taxpayer under Pennsylvania law and because he has not filed a tax return.

15.    Joseph Schultheis is the litigation manager at Portnoff Law Associates.

16.    In his capacity as litigation manager, Mr. Schultheis compiles documents and information in response to litigation regarding the collection of delinquent taxes and municipal claims.

17.    Portnoff Law Associates collects delinquent real estate taxes and municipal claims pursuant to the Municipal Claims and Tax Liens Act 53 P.S. 7101 et seq.

18.   With regard to the present matter, Portnoff Law Associates initiated its collection efforts by filing a lien against the Property on July 27, 2021. *See* Plaintiff's Exhibit 23.[1]

19.   On May 17, 2021, Portnoff Law Associates incurred a $5.86 certified postage fee in connection with the certified notices of delinquency. *See* Plaintiff's Exhibit 28.

20.   Portnoff Law Associates did not assess any attorney's fees for filing the lien. *See* Plaintiff's Exhibit 28

21.   Portnoff Law Associates incurred a filing fee of $35.18 for the filing of the lien. *See* Plaintiff's Exhibit 28.

22.   Following the filing of the lien, Portnoff Law Associates sent a certified Notice of Delinquency to the heirs and unknown heirs of Margaret J. Petitioner on August 13, 2021 and incurred a $5.86 certified postage fee in connection with the certified notices of delinquency. *See* Plaintiff's Exhibit 28.

23.   The certified notices were sent to the unknown heirs of Margaret J. Petitioner at 215 Kane Avenue, Ridley Park, PA 19078 and 505 Johnson Avenue, Ridley Park, PA 19078.  The notice was also sent to Petitioner at 505 Johnson Avenue, Ridley Park, PA 19078 and 713 Lamp Post Lane, Aston, PA 19014. *See* Plaintiff's Exhibit 24.

24.   The postal service delivered the notices of delinquency and signed the receipt consistent with the COVID-19 policy in place at the time. *See* Plaintiff's Exhibit 24.

25.   The notices of delinquency offered the opportunity for the property owner to enter into a payment plan or to submit a hardship application if a longer payment was necessary. *See* Plaintiff's Exhibit 24.

26.   The notice of delinquency also provided the schedule of attorney's fees that would be assessed absent payment arrangements. *See* Plaintiff's Exhibit 24.

---

[1] Prior to filing the lien in this matter, On June 16, 2020, PLA sent a certified Notice of Delinquency to Alphonso P. Faggiolo and Margaret J. Faggiolo.  PLA invoiced the Borough for a $40 administration fee and the $5.75 certified postage fee in connection with the certified notices of delinquency.  Tr. 76; Plaintiff's Exhibit 5. On July 27, 2021, PLA thereafter filed a lien and on August 25, 2022 a writ of scire facias docketed at CV-2021-062988 for the 2019-2020 borough real estate taxes, sewer fees, and rubbish fees.  The lien listed Alphonso P. Faggiolo and Margaret J. Faggiolo as the Defendants in the caption. Upon discovering that Alphonso P. Faggiolo and Margaret J. Faggiolo were deceased, PLA struck the lien and writ of scire facias.

27.     Petitioner never contacted Portnoff Law Associates to enter into a
        payment plan or submit a hardship application.

28.     Thereafter, on November 16, 2021, Portnoff Law Associates sent a copy
        of the lien to Petitioner at 505 Johnson Avenue, Ridley Park, PA 19078
        and 713 Lamp Post Lane, Aston, PA 19014 and to the unknown heirs of
        Margaret J. Petitioner at 505 Johnson Avenue, Ridley Park, PA 19078.

29.     Portnoff Law Associates did not assess any attorney's fees for the notice
        of lien that was mailed to Petitioner on November 16, 2021.

30.     On August 15, 2022, Plaintiff filed a writ of scire facias regarding the
        delinquent real estate taxes and sewer fees and rubbish fees. *See*
        Plaintiff's Exhibit 26.

31.     Prior to filing the writ of scire facias, Portnoff Law Associates reviewed the
        county assessment records to ensure ownership of the Property had not
        changed.  Portnoff Law Associates also reviewed its database for any
        contact or payment from the defendant and to ensure that the amount of
        the claim was correct.

32.     Portnoff Law Associates assessed a $250 attorney's fee for the
        preparation and filing of the writ of scire facias, per Ordinance 1187
        passed by the Borough. *See* Plaintiff's Exhibit 28.

33.     Per the sheriff's return of service, Petitioner was personally served with
        the writ of scire facias on August 30, 2022. *See* Plaintiff's Exhibit 27.

34.     Portnoff Law Associates incurred a $18.37 filing fee for the writ of scire
        facias as well as a fee of $52.80 for the sheriff's order of service. *See*
        Plaintiff's Exhibit 28.

35.     In addition, Portnoff Law Associates incurred attorney's fees in responding
        to Petitioner's various filings during the course of the litigation.

36.     Portnoff Law Associates assessed attorney's fees at $200 per hour for
        work done by David Dugan, Esquire; and $75 per hour for work done by
        Mr. Schultheis. *See* Plaintiff's Exhibit 1.

37.     Petitioner filed a Motion to Strike the Tax Claim and Municipal Claim, and
        to Dismiss/Close Case No. CV-2021-062985, Due to the Court's Lack of In
        Personam, Subject Matter, and In Rem Jurisdiction on January 18, 2022.

38.   The Court scheduled a hearing on Petitioner's Motion for August 30, 2022.

39.   The Borough incurred $1,130 in attorney's fees in responding to Petitioner's Motion and preparing for and attending a hearing on the Motion. Specifically, David Dugan, Esquire billed one hour at $200/hour for the preparation of a memorandum of law. Robert P. Daday, Esquire billed 2 hours at $225/hour to attend, travel, and appear at the hearing on August 30, 2022.  Mr. Schultheis billed 6.4 hours at $75/hour to prepare binders for the hearing and to attend the hearing. *See* Plaintiff's Exhibit 28.

40.   Portnoff Law Associates also incurred an $85 fee for a title report for the Property which was in turn assessed that fee to the claim. *See* Plaintiff's Exhibit 28.

41.   Pursuant to Order of Court dated August 30, 2022, the Court denied Petitioner's Motion.

42.   The Court thereafter scheduled a hearing for November 14, 2022.

43.   The Borough incurred $300 in attorney's fees for the preparation of the proposed order.  Specifically, David Dugan, Esquire billed 1.5 hours at $200/hour for the preparation of the proposed order. *See* Plaintiff's Exhibit 28.

44.   The Borough incurred $100 in attorney's fees for the Plaintiff's Motion to List Matter for Hearing.  Specifically, David Dugan, Esquire billed 0.5 hours at $200/hour for the preparation of the proposed order. *See* Plaintiff's Exhibit 28.

47.   Petitioner filed a Motion to Dismiss on April 7, 2023.

48.   On April 12, 2023, PLA filed a Response to the Motion to Dismiss.

49.   The Borough incurred attorney's fees in the amount of $100 for the preparation of the Response.  Specifically, David Dugan, Esquire billed .5 hours at $200/hour. *See* Plaintiff's Exhibit 28.

50.   In addition, $12.49 in interest has accrued since the lien was filed. *See* Plaintiff's Exhibit 1.

## CONCLUSIONS OF LAW

1. The 2019 and 2020 borough real estate taxes, were authorized by Ordinance.

2. Ordinance 2018-2 set the millage rate for the 2019 real estate taxes at 9.04 mills.

3. Ordinance 2019-6 set the 2020 real estate tax millage rate at 9.54 mills.

4. Section 188-9 of the Borough of Ridley Park municipal code authorizes a 10% penalty for real estate taxes that were not paid within four months of the date of the tax bill.

5. By his own admission, Petitioner failed to timely pay these amounts.

6. The 2019 and 2020 borough real estate taxes, are therefore delinquent.

7. Section 7185 of the MCTLA provides:
   § 7185. Form of scire facias; addition of parties; amicable scire facias
   The claim shall be sued by writ of scire facias, and the form thereof shall be **substantially** (emphasis added) as follows:
   The Commonwealth of Pennsylvania to (names of the parties defendant), Greeting:

   Whereas, The (city, borough, or other municipality, as the case may be,) on the ........... day of ............, A.D. 1 ....................., filed its claim in our court of common pleas of ........................ County; at No. ............, ............ Term, 1 ....................., M.L.D., for the sum of $.............., with interest from the ........... day of ............, 1 ....................., for (give the improvement, or that for which the claim is filed), against the following property situate in (give location and brief description of the property), owned or reputed to be owned by you.

   And whereas, We have been given to understand that said claim is still due and unpaid, and remains a lien against the said property;

   Now, you are hereby notified to file your affidavit of defense to said claim, if defense you

> have thereto, in the office of the prothonotary
> of our said court, within fifteen days after the
> service of this writ upon you. If no affidavit of
> defense be filed within said time, judgment may
> be entered against you for the whole claim, and
> the property described in the claim be sold to
> recover the amount thereof.
>
> Witness the Honorable ......................,
> President Judge of our said court, this ............
> day of ............, A.D. 1 ......................
> Prothonotary.

(Seal)

8.  The Writ of Scire Facias filed on August 25, 2022, is in substantially the same format at 53 P.S. Section 7185.

9.  To the extent that Petitioner failed to file an affidavit of defense and chose not to present any testimony or any other witnesses, he has waived any objections to the municipal claim except for his challenge to the form of the writ of scire facias. See **Gen. Mun. Auth. v. Yuhas**, 392 Pa. Super. 397, 402, 572 A.2d 1291, 1294 (1990)(holding that it is the defendant's burden to show how the charges at issue are inaccurate or otherwise defective); **Borough of Fairview v. Prop. Located at Tax Index No. 48-67-4**, 70 Pa. Cmwlth. 636, 639, 453 A.2d 728, 730 (1982)(holding that an affidavit of defense must be certain and definite).

10. Section 7106 of the MCTLA provides in pertinent part:
    (a) All municipal claims, municipal liens, taxes, tax claims
    and tax liens which may hereafter be lawfully imposed
    or assessed on any property in this
    Commonwealth...shall be and they are hereby declared
    to be a lien on said property, together with all charges,
    expenses, and fees incurred in the collection of any
    delinquent account, including reasonable attorney fees.
      i. (a.1) ...A municipality by ordinance, or by
         resolution if the municipality is of a class which
         does not have the power to enact an ordinance,
         shall adopt the schedule of attorney fees.

      ii. (a.3) At least thirty days prior to assessing or
          imposing attorney fees in connection with the
          collection of a delinquent account, including

> municipal claims, municipal liens, taxes, tax claims and tax liens, a municipality shall, by United States certified mail, return receipt requested, postage prepaid, mail to the owner the notice required by this subsection.

53 P.S. § 7106.

11. Here, all of the attorney's fees assessed against the Property were authorized by ordinance, pursuant to 53 P.S. § 7106(a.1).

12. Portnoff Law Associates mailed a certified Notice of Delinquency to Petitioner at numerous addresses 30 days prior to the assessment of any attorney's fees.

13. The certified Notices were returned as received.

14. Petitioner therefore received adequate notice pursuant 53 P.S. § 7106(a.3) prior to the assessment of any attorney's fees.

15. All of the attorney's fees incurred by the Borough were lawfully assessed pursuant to the MCTLA.

16. All of the costs incurred by the Borough were lawfully assessed pursuant to the MCTLA.

17. Section 7143 of the MCTLA provides in pertinent part:
    iii. ...Interest as determined by the municipality at a rate not to exceed ten per cent per annum shall be collectible on all municipal claims from the date of the completion of the work after it is filed as a lien, and on claims for taxes, water rents or rates, lighting rates, or sewer rates from the date of the filing of the lien...

    53 P.S. § 7143.

18. The interest that accrued on the lien filed by the Borough was lawfully assessed pursuant to the MCTLA.

## CONCLUSION

For all of the above reasons, including the specific amounts set forth in the beginning of this Order, a judgment should be entered in favor of Plaintiff and against Defendant/Petitioner in the amount of **$1,372.2.**

BY THE COURT:

_____
Barry C. Dozor, J.

FILED
06-09-2023 03:19 PM
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY, PA

**IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

| | |
|---|---|
| BOROUGH OF RIDLEY PARK | : |
|       Plaintiff | : |
| v. | : NO:  CV- 2021-062988 |
| | : |
| KNOWN AND UNKNOWN HERIS OF | :215 Kane Avenue, folio 37-00-01210-00 |
| MARGARET FAGGIOLO, *et al* | : |
|       Defendant(s) | : |

Robert Daday, Esquire, for Plaintiff
Alphonso Faggiolo, *self-represented party*

### AMENDED[1] ORDER DISMISSING DEFENDANT/PETITIONER'S MOTION TO STRIKE DOCUMENT PURPORTED TO BE A WRIT OF SCIRE FACIAS, DUE TO FATAL DEFICIENCIES ON THE FACE OF THE DOCUMENT AND MOTION TO DISMISS THE UNLAWFULLY COMMENCED AND FRAUDULENT CASE DESIGNATED AS CV-2021-062988 REGARDING REAL PROPERTY 215 KANE AVENUE, RIDLEY PARK, PA, ALSO KNOWN AS FOLIO# 37-00-01211-00

**AND NOW**, this $\underline{13^{th}}$ day of June 2023, upon consideration of

Defendant/Petitioner's Motion to Strike Document Purported to be a Writ of Scire

Facias, Due to Fatal Deficiencies on the Face of the Document and

Defendant/Petitioner's Motion to Dismiss the Unlawfully Commenced and Fraudulent

Case Designated as CV-2021-062988 regarding Real Property 215 Kane Avenue, Ridley

Park, PA, also known as Folio# 37-00-01211-00, and after hearing held on April 13,

2023 and all Plaintiff's Exhibits admitted therein, it is hereby ORDERED and DECREED

that for the Findings of Fact and Conclusions of Law set forth below, this Court Orders

as follows:

---

[1] This order is ONLY Amended to reflect the correct Docket number for the address and folio number. All other portions of the Order are the same as on filed on June 6, 2023.

1.  The Motion to Strike Document Purported to be a Writ of Scire Facias, Due to Fatal Deficiencies on the Face of the Document is **DENIED**;

2.  The Motion to Dismiss the Unlawfully Commenced and Fraudulent Case Designated as CV-2021-062988 is **DENIED**:

3.  Judgment is entered in favor of Plaintiff and against Defendants in the amount of $4,867.63 as follows:

| Year | Type of Delinquency | Face | Penalty | Total |
|------|---------------------|------|---------|-------|
| 2019 | Borough Real Estate Taxes | $818.57 | $ 81.86 | $ 900.43 |
| 2019 | Trash Fees | $265.00 | $ 26.50 | $ 291.50 |
| 2019 | Sewer Fees | $392.00 | $ 39.20 | $ 431.20 |
| 2020 | Borough Real Estate Taxes | $863.85 | $ 86.39 | $ 950.24 |
| 2020 | Trash Fees | $265.00 | $ 26.50 | $ 291.50 |
| 2020 | Sewer Fees | $396.00 | $ 39.60 | $ 435.60 |
| | Placement Amount | | | $ 3,300.47 |
| | Notice Expense *plus Certified Mail Postage* | | | $ 51.61 |
| | Interest 10% per annum on Placement Amount 7/27/21 - 4/13/23 | | | $ 544.20 |
| | Attorney Fees | | | $ 780.00 |
| | Court Costs | | | $ 53.55 |
| | Sheriff's Costs | | | $ 52.80 |
| | Title Search Fee | | | $ 85.00 |
| | Total Amount Due as of 4/13/23 | | | $ 4,867.63 |

## FINDINGS OF FACT

1.  Plaintiff Borough of Ridley Park is a municipal corporation with offices located at 230 W. Chester Pike, Ridley Park, PA 19078.

2.  The record owners of the property located at 215 Kane Avenue, Ridley Park, Pennsylvania, tax parcel 37-00-01211-00 (hereinafter the "Property") are Alphonse P. Faggiolo and Margaret Faggiolo, husband and wife.

3.    Alphonse P. Faggiolo died on August 4, 2008 and Margaret Faggiolo died intestate on January 28, 2019.

4.    Alphonse Faggiolo (hereinafter "Petitioner") is the sole heir of Margaret.

5.    Richard Tutak is the Borough Manager for the Borough of Ridley Park.

6.    In his capacity as Borough Manager, Mr. Tutak is responsible for maintaining the Borough ordinances and resolutions as well as administering the real estate taxes, rubbish fees, and sewer fees.

7.    The Borough of Ridley Park hired Portnoff Law Associates to collect its delinquent tax and municipal claims to include real estate taxes, rubbish fees, and sewer fees.

8.    The Borough passed Ordinance 1187 in 2009, which authorized the collection of delinquent municipal claims and taxes pursuant to the Municipal Claims and Tax Liens Act, 53 P.S. § 7101 et seq (hereinafter "MCTLA"). *See* Plaintiff's Exhibit 1.

9.    Ordinance 1187 authorizes the addition of attorney's fees and costs to unpaid municipal claims. *See* Plaintiff's Exhibit 1.

10.   The Borough adopted ordinance 2018-2, which set the millage rate for the 2019 real estate taxes at 9.04 mills.

11.   The Borough adopted ordinance 2018-3, which set the 2019 rubbish fee at $265 per living unit.

12.   The Borough adopted ordinance 2018-4, which set the 2019 sewer fee at $392 per living unit.

13.   The Borough adopted ordinance 2019-6, which set the 2020 real estate tax millage rate at 9.54 mills.

14.   The Borough adopted ordinance 2019-7, which set the 2020 sewer fee at $396 per living unit.

15.   The Borough adopted ordinance 2019-8, which set the rubbish fee at $265 per living unit.

16.   Petitioner has failed to pay the 2019 and 2020 real estate taxes due on the Property.

17. The Borough turned over unpaid balances of $900.43 ($818.57 in face amount plus $81.86 in penalty) for the delinquent 2019 real estate taxes and $950.24 ($863.85 in face amount plus $86.39 in penalty for the delinquent 2020 real estate taxes over to Portnoff Law Associates for collection. *See* Plaintiff's Exhibit 20.

18. Petitioner likewise failed to pay the sewer and rubbish fees for 2019 and 2020.

19. The Borough turned over a claim for the 2019 sewer fee in the amount of $431.20, comprised of $392 in base charge plus a penalty of $39.20. *See* Plaintiff's Exhibit 3.

20. The Borough also turned over a claim for the 2020 sewer fee in the amount of $435.60, comprised of $396 in base charge plus a penalty of $39.60. *See* Plaintiff's Exhibit 3.

21. The Borough turned over a claim for the 2019 rubbish fee in the amount of $291.50, comprised of $265 in base charge plus a penalty of $26.50. *See* Plaintiff's Exhibit 3.

22. The Borough turned over a claim for the 2020 rubbish fee in the amount of $291.50, comprised of $265 in base charge plus a penalty of $26.50. *See* Plaintiff's Exhibit 3.

23. Petitioner does not contest that these amounts were unpaid, but rather he argues that he is not required to pay the real estate taxes or municipal fees because he is not considered a taxpayer under Pennsylvania law and because he has not filed a tax return.

24. Joseph Schultheis is the litigation manager at Portnoff Law Associates.

25. In his capacity as litigation manager, Mr. Schultheis compiles documents and information in response to litigation regarding the collection of delinquent taxes and municipal claims.

26. Portnoff Law Associates collects delinquent real estate taxes and municipal claims pursuant to the Municipal Claims and Tax Liens Act 53 P.S. 7101 et seq.

27. With regard to the present matter, Portnoff Law Associates initiated its collection efforts by filing a lien against the Property on July 27, 2021. *See* Plaintiff's Exhibit 7.[2]

28. On June 16, 2020, Portnoff Law Associates invoiced the Borough for a $40 administration fee and incurred a $5.75 certified postage fee in connection with the certified notices of delinquency. *See* Plaintiff's Exhibit 20.

29. Portnoff Law Associates did not assess any attorney's fees for filing the lien.

30. On July 27, 2021, Portnoff Law Associates incurred a filing fee of $35.18 for the filing of the lien. *See* Plaintiff's Exhibit 20.

31. Following the filing of the lien, Portnoff Law Associates sent a certified Notice of Delinquency to the heirs and unknown heirs of Margaret J. Petitioner on August 13, 2021 and incurred a $5.86 certified postage fee in connection with the certified notices of delinquency. *See* Plaintiff's Exhibit 16.

32. The certified notices were sent to the unknown heirs of Margaret J. Petitioner at 215 Kane Avenue, Ridley Park, PA 19078 and 505 Johnson Avenue, Ridley Park, PA 19078. The notice was also sent to Petitioner at 505 Johnson Avenue, Ridley Park, PA 19078 and 713 Lamp Post Lane, Aston, PA 19014.

33. The postal service delivered the notices of delinquency and signed the receipt consistent with the COVID-19 policy in place at the time.

34. The notices of delinquency offered the opportunity for the property owner to enter into a payment plan or to submit a hardship application if a longer payment was necessary. *See* Plaintiff's Exhibit 16.

35. The notice of delinquency also provided the schedule of attorney's fees that would be assessed absent payment arrangements. *See* Plaintiff's Exhibit 16.

---

[2] Prior to filing the lien in this matter, On June 16, 2020, PLA sent a certified Notice of Delinquency to Alphonso P. Faggiolo and Margaret J. Faggiolo. PLA invoiced the Borough for a $40 administration fee and the $5.75 certified postage fee in connection with the certified notices of delinquency. Tr. 76; Plaintiff's Exhibit 5. On July 27, 2021, PLA thereafter filed a lien and on August 25, 2022 a writ of scire facias docketed at CV-2021-062988 for the 2019-2020 borough real estate taxes, sewer fees, and rubbish fees. The lien listed Alphonso P. Faggiolo and Margaret J. Faggiolo as the Defendants in the caption. Upon discovering that Alphonso P. Faggiolo and Margaret J. Faggiolo were deceased, PLA struck the lien and writ of scire facias.

36. Thereafter, on November 16, 2021, Portnoff Law Associates sent a copy of the lien to Petitioner at 505 Johnson Avenue, Ridley Park, PA 19078 and 713 Lamp Post Lane, Aston, PA 19014 and to the unknown heirs of Margaret J. Petitioner at 505 Johnson Avenue, Ridley Park, PA 19078. *See* Plaintiff's Exhibit 17.

37. Portnoff Law Associates did not assess any attorney's fees for the notice of lien that was mailed to Petitioner on November 16, 2021.

38. On August 25, 2022, Plaintiff filed a writ of scire facias regarding the delinquent real estate taxes and sewer fees and rubbish fees. *See* Plaintiff's Exhibit 18.

39. Prior to filing the writ of scire facias, Portnoff Law Associates reviewed the county assessment records to ensure ownership of the Property had not changed. Portnoff Law Associates also reviewed its database for any contact or payment from the defendant and to ensure that the amount of the claim was correct.

40. Portnoff Law Associates assessed a $250 attorney's fee for the preparation and filing of the writ of scire facias, per Ordinance 1187 passed by the Borough. *See* Plaintiff's Exhibit 1.

41. Per the sheriff's return of service, Petitioner was personally served with the writ of scire facias on August 30, 2022.

42. Portnoff Law Associates incurred a $18.37 filing fee for the writ of scire facias as well as a fee of $52.80 for the sheriff's order of service. *See* Plaintiff's Exhibit 20.

43. In addition, Portnoff Law Associates incurred attorney's fees in responding to Petitioner's various filings during the course of the litigation.

44. Portnoff Law Associates assessed attorney's fees at $200 per hour for work done by David Dugan, Esquire; and $75 per hour for work done by Mr. Schultheis. *See* Plaintiff's Exhibit 1.

45. Petitioner filed a Motion to Strike the Tax Claim and Municipal Claim, and to Dismiss/Close Case No. CV-2021-062985, Due to the Court's Lack of In Personam, Subject Matter, and In Rem Jurisdiction on January 18, 2022.

46. The Court scheduled a hearing on Petitioner's Motion for August 30, 2022.

47.    The Borough incurred $330 in attorney's fees in responding to Mr.
       Petitioner's and preparing for and attending a hearing on the Motion.  Mr.
       Schultheis billed 4.4 hours at $75/hour to prepare binders for the hearing
       and to attend the hearing. *See* Plaintiff's Exhibit 12.

48.    Portnoff Law Associates also incurred an $85 fee for a title report for the
       Property which was in turn assessed that fee to the claim. *See* Plaintiff's
       Exhibit 12.

49.    The Borough incurred $100 in attorney's fees for the Plaintiff's Motion to
       List Matter for Hearing.  Specifically, David Dugan, Esquire billed 0.5 hours
       at $200/hour for the preparation of the proposed order. *See* Plaintiff's
       Exhibit 20.

50.    Petitioner filed a Motion to Dismiss on April 7, 2023.

51.    On April 12, 2023, Portnoff Law Associates filed a Response to the Motion
       to Dismiss.

52.    The Borough incurred attorney's fees in the amount of $100 for the
       preparation of the Response. Specifically, David Dugan, Esquire billed .5
       hours at $200/hour. *See* Plaintiff's Exhibit 20,

53.    In addition, $544.20 in interest has accrued since the lien was filed. *See*
       Plaintiff's Exhibit 1.

## CONCLUSIONS OF LAW

1.  .   The 2019 and 2020 borough real estate taxes, sewer fees, and rubbish
        fees assessed by the Borough were authorized by Ordinance.

2.     Ordinance 2018-2 set the millage rate for the 2019 real estate taxes at
       9.04 mills.

3.     Ordinance 2018-3 set the 2019 rubbish fee at $265 per living unit.

4.     Ordinance 2018-4 set the 2019 sewer fee at $392 per living unit.

5.     Ordinance 2019-6 set the 2020 real estate tax millage rate at 9.54 mills.

6.     Ordinance 2019-7 set the 2020 sewer fee at $396 per living unit.

7.     Ordinance 2019-8 set the 2020 rubbish fee at $265 per living unit.

8.  Section 188-9 of the Borough of Ridley Park municipal code authorizes a 10% penalty for real estate taxes that were not paid within four months of the date of the tax bill.

9.  Section 172-6 of the Borough of Ridley Park municipal code authorizes a 10% penalty for sewer fees that were not paid within four months of the date of the sewer bill.

10. Section 115-7 of the Borough of Ridley Park municipal code authorizes a 10% penalty for rubbish fees not paid by the deadline set forth in the bill.

11. By his own admission, Petitioner failed to timely pay these amounts.

12. The 2019 and 2020 borough real estate taxes, sewer fees, and rubbish fees are therefore delinquent.

13. Section 7185 of the MCTLA provides:
    § 7185. Form of scire facias; addition of parties; amicable scire facias
        The claim shall be sued by writ of scire facias, and the form thereof shall be **substantially** (emphasis added) as follows:
            The Commonwealth of Pennsylvania to (names of the parties defendant), Greeting:

            Whereas, The (city, borough, or other municipality, as the case may be,) on the ............ day of ............, A.D. 1 ....................., filed its claim in our court of common pleas of ....................... County; at No. ............, ............ Term, 1 ....................., M.L.D., for the sum of $............., with interest from the ............ day of ............, 1 ....................., for (give the improvement, or that for which the claim is filed), against the following property situate in (give location and brief description of the property), owned or reputed to be owned by you.

            And whereas, We have been given to understand that said claim is still due and unpaid, and remains a lien against the said property;

> Now, you are hereby notified to file your affidavit of defense to said claim, if defense you have thereto, in the office of the prothonotary of our said court, within fifteen days after the service of this writ upon you. If no affidavit of defense be filed within said time, judgment may be entered against you for the whole claim, and the property described in the claim be sold to recover the amount thereof.
>
> Witness the Honorable ....................., President Judge of our said court, this ............ day of ..........., A.D. 1 ...................... Prothonotary.

(Seal)

14. The Writ of Scire Facias filed on August 25, 2022, is in substantially the same format at 53 P.S. Section 7185.

15. To the extent that Petitioner failed to file an affidavit of defense and chose not to present any testimony or any other witnesses, he has waived any objections to the municipal claim except for his challenge to the form of the writ of scire facias. See *Gen. Mun. Auth. v. Yuhas*, 392 Pa. Super. 397, 402, 572 A.2d 1291, 1294 (1990)(holding that it is the defendant's burden to show how the charges at issue are inaccurate or otherwise defective); *Borough of Fairview v. Prop. Located at Tax Index No. 48-67-4*, 70 Pa. Cmwlth. 636, 639, 453 A.2d 728, 730 (1982)(holding that an affidavit of defense must be certain and definite).

16. Section 7106 of the MCTLA provides in pertinent part:
    (a) All municipal claims, municipal liens, taxes, tax claims and tax liens which may hereafter be lawfully imposed or assessed on any property in this Commonwealth...shall be and they are hereby declared to be a lien on said property, together with all charges, expenses, and fees incurred in the collection of any delinquent account, including reasonable attorney fees.
        i. (a.1) ...A municipality by ordinance, or by resolution if the municipality is of a class which does not have the power to enact an ordinance, shall adopt the schedule of attorney fees.

        ii. (a.3) At least thirty days prior to assessing or imposing attorney fees in connection with the collection of a delinquent account, including

> municipal claims, municipal liens, taxes, tax claims and tax liens, a municipality shall, by United States certified mail, return receipt requested, postage prepaid, mail to the owner the notice required by this subsection.

53 P.S. § 7106.

17. Here, all of the attorney's fees assessed against the Property were authorized by ordinance, pursuant to 53 P.S. § 7106(a.1).

18. Portnoff Law Associates mailed a certified Notice of Delinquency to Petitioner at numerous addresses 30 days prior to the assessment of any attorney's fees.

19. The certified Notices were returned as received.

20. Petitioner therefore received adequate notice pursuant 53 P.S. § 7106(a.3) prior to the assessment of any attorney's fees.

21. All of the attorney's fees incurred by the Borough were lawfully assessed pursuant to the MCTLA.

22. All of the costs incurred by the Borough were lawfully assessed pursuant to the MCTLA.

23. Section 7143 of the MCTLA provides in pertinent part:
    iii. ...Interest as determined by the municipality at a rate not to exceed ten per cent per annum shall be collectible on all municipal claims from the date of the completion of the work after it is filed as a lien, and on claims for taxes, water rents or rates, lighting rates, or sewer rates from the date of the filing of the lien...
    53 P.S. § 7143.

24. The interest that accrued on the lien filed by the Borough was lawfully assessed pursuant to the MCTLA.

## CONCLUSION

For all of the above reasons, including the specific amounts set forth in the beginning of this Order, a judgment should be entered in favor of Plaintiff and against Defendant/Petitioner in the amount of **$4,867.63**.

BY THE COURT:

_____
Barry C. Dozor, J.

Page **10** of **10**

# EXHIBIT D

**IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

| | |
|---|---|
| **Borough of Ridley Park**<br>**Plaintiff(s)**<br><br>**v.**<br><br>**The Heirs of Margaret J. Faggiolo, and Unknown Heirs, Successors or Assigns of Margaret J. Faggiolo, Deceased, and All Persons, Firms or Associations Claiming Right, Title or Interest From or under Margaret J. Faggiolo, Deceased, Owner, Reputed owner or Whoever May Be the Owner by Operation of Law**<br>**Defendant(s)** | **No. CV-2021-062986** |

Robert Daday, Esquire for Plaintiff
Alphonso Faggiolo, *self-represented party*

## NOTICE OF HEARING

**AND NOW**, this ___12th___ day of October, 2022, in consideration of Plaintiff's Motion to Schedule Hearing on Movant's Motion for "An Order to Strike the Tax Claim and Municipal Claim and to Dismiss/Close Case No. CV-2021-062986," **NOW THEREFORE**, the above captioned case is scheduled for a hearing on **Monday, November 14, 2022 at 3:30 p.m. in Courtroom 7** at the Delaware County Courthouse in Media, Pennsylvania.

BY THE COURT:

Barry C. Dozor, J.

# IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA

## CIVIL DIVISION

|  |  |  |
|---|---|---|
| **Borough of Ridley Park** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. CV-2021-062986 |
| | : | |
| **The Heirs of Margaret J. Faggiolo,** | | |
| **And Unknown Heirs, Successors or** | | |
| **Assigns of Margaret J. Faggiolo,** | | |
| **Deceased, and All Persons, Firms** | | |
| **Or Associations Claiming Right, Title** | | |
| **Or Interest from or Under Margaret J.** | | |
| **Faggiolo, Deceased, Owner, Reputed** | | |
| **Owner or Whoever May be the Owner by** | | |
| **Operation of law** | : | |
| Defendant. | : | |

## NOTICE OF HEARING

AND NOW, this 27th day of March 2023, the above captioned matter is already listed for a Hearing on April 13, 2023 at 2PM and in consideration of Petitioner's "Motion to Strike Document", and any responses thereto, it is hereby ORDERED and DECREED that the "Motion to Strike Document" will be scheduled for the April 13, 2023 hearing at 2PM in Courtroom 7 at the Delaware County Courthouse and all parties shall plan accordingly.

BY THE COURT:

Barry C. Dozor, J.



20-47983-0/RPD
PORTNOFF LAW ASSOCIATES, LTD.                    ATTORNEY FOR PLAINTIFF
BY: DAVID D. DUGAN, ESQUIRE                       ATTORNEY ID 312395
POST OFFICE BOX 391
NORRISTOWN, PA  19ss404
(866) 720-9748

| | | |
|---|---|---|
| Borough of Ridley Park,<br>     Plaintiff, | : | IN THE COURT OF COMMON PLEAS |
| vs. | : | DELAWARE COUNTY, PA |
| The Heirs of Margaret J. Faggiolo, and<br>Unknown Heirs, Successors or Assigns of<br>Margaret J. Faggiolo, Deceased, and All Persons,<br>Firms or Associations Claiming Right, Title, or<br>Interest From or Under Margaret J. Faggiolo,<br>Deceased, Owner, Reputed Owner or Whoever<br>May Be the Owner by operation of law<br>     Defendants | : | DOCKET NO. CV-2021-~~062985~~<br>062986 |

## ORDER

AND NOW, this 6th day of march 2023, upon consideration

of Plaintiff's Motion to List Matter for Hearing, the above-captioned case is scheduled for

hearing on 13th day of April 2023 at 2 . a.m/(p.m.) in courtroom 7

before the Honorable Barry C. Dozor in the Delaware County Courthouse, 201 W. Front Street,

Media, PA.

BY THE COURT:

Barry C. Dozor    J.



20-47983-0/RPD
PORTNOFF LAW ASSOCIATES, LTD.                 ATTORNEY FOR PLAINTIFF
BY: DAVID D. DUGAN, ESQUIRE                    ATTORNEY ID 312395
POST OFFICE BOX 391
NORRISTOWN, PA  19ss404
(866) 720-9748

Borough of Ridley Park,              :        IN THE COURT OF COMMON PLEAS
      Plaintiff,
              vs.                    :        DELAWARE COUNTY, PA
The Heirs of Margaret J. Faggiolo, and
Unknown Heirs, Successors or Assigns of   :   DOCKET NO. CV-2021-062985
Margaret J. Faggiolo, Deceased, and All Persons,
Firms or Associations Claiming Right, Title, or
Interest From or Under Margaret J. Faggiolo,
Deceased, Owner, Reputed Owner or Whoever
May Be the Owner by operation of law
      Defendants

## ORDER

AND NOW, this ⟨6th⟩ day of ⟨March⟩ 2023, upon consideration

of Plaintiff's Motion to List Matter for Hearing, the above-captioned case is scheduled for

hearing on ⟨13th⟩ day of ⟨April⟩ 2023 at ⟨2⟩ a.m./⟨p.m.⟩ in courtroom ⟨7⟩

before the Honorable Barry C. Dozor in the Delaware County Courthouse, 201 W. Front Street,

Media, PA.

                                 BY THE COURT:


                                 Barry C. Dozor  J.

# IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA

## CIVIL DIVISION

|  |  |  |
|---|---|---|
| **Borough of Ridley Park**<br>Plaintiff, | : | |
| | : | |
| v. | : | NO. CV-2021-062985 |
| | : | |
| **The Heirs of Margaret J. Faggiolo,**<br>**And Unknown Heirs, Successors or**<br>**Assigns of Margaret J. Faggiolo,**<br>**Deceased, and All Persons, Firms**<br>**Or Associations Claiming Right, Title**<br>**Or Interest from or Under Margaret J.**<br>**Faggiolo, Deceased, Owner, Reputed**<br>**Owner or Whoever May be the Owner by**<br>**Operation of law** | : | |
| Defendant. | : | |

## NOTICE OF HEARING

AND NOW, this 27ᵗʰ day of March 2023, the above captioned matter is already listed

for a Hearing on April 13, 2023 at 2PM and in consideration of Petitioner's "Motion to Strike

Document", and any responses thereto, it is hereby ORDERED and DECREED that the "Motion

to Strike Document" will be scheduled for the April 13, 2023 hearing at 2PM in Courtroom 7 at

the Delaware County Courthouse and all parties shall plan accordingly.

This Court, in having been in receipt of two new filings, documents titled "The Court and

Its Judges are to take Judicial Notice of the Following Adjudicative Fact" will also be addressed

at the time of this hearing.

BY THE COURT:

Barry C. Dozor, J.

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA

CIVIL ACTION AT LAW

| | | |
|---|---|---|
| BOROUGH OF RIDLEY PARK | : | No.: 2021-060113 |
| | : | |
| v. | : | |
| | : | |
| ALPHONSO P. FAGGIOLO and | : | |
| MARGARET JANE FAGGIOLO | : | |

| | | |
|---|---|---|
| BOROUGH OF RIDLEY PARK | : | No.: 2021-060568 |
| | : | |
| v. | : | |
| | : | |
| ALPHONSO P. FAGGIOLO and | : | |
| MARGARET JANE FAGGIOLO | : | |

| | | |
|---|---|---|
| BOROUGH OF RIDLEY PARK | : | No.: 2021-062985 |
| | : | |
| v. | : | |
| | : | |
| KNOWN AND UNKNOWN HEIRS OF | : | |
| MARGARET J. FAGGIOLO, *et al.* | : | |

| | | |
|---|---|---|
| BOROUGH OF RIDLEY PARK | : | No.: 2021-062988 |
| | : | |
| v. | : | |
| | : | |
| KNOWN AND UNKNOWN HEIRS OF | : | |
| MARGARET J. FAGGIOLO, *et al.* | : | |

## ORDER

AND NOW, this __31st__ day of May, 2022, the above captioned cases are now

scheduled for a hearing on "Defendant's Motion to Strike Tax Claim, Municipal Claim, and Writ

of Scire Facias" on Tuesday, August 30, 2022 at 9AM in Courtroom 7 at the Delaware County

Courthouse, Media PA.

BY THE COURT:

BARRY C. DOZOR, _____ J.

FILED
06-03-2022 03:36 PM
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY, PA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALPHONSO NICHOLAS FAGGIOLO    :
    :    CIVIL ACTION
    *Plaintiff*    :
    :    NO. 23-cv-4920
    v.    :
    :    Hon. Joel H. Slomsky
BOROUGH OF RIDLEY PARK, et al.    :
    :
    *Defendants*    :

**BRIEF IN SUPPORT OF THE MOTION TO DISMISS PLAINTIFF'S COMPLAINT
FILED ON BEHALF OF THE HONORABLE BARRY C. DOZOR**

## I.   INTRODUCTION

On December 18, 2023, Plaintiff filed a Civil Action Complaint for monetary damages

pursuant to the civil rights enabling statute, 42 U.S.C. § 1983 against numerous municipal,

county, and commonwealth Defendants including, *inter alia*, the Honorable Barry C. Dozor, a

judicial officer of the 32nd Judicial District of Pennsylvania. The Complaint is one hundred

fourteen (114) pages, three hundred fifty (350) paragraphs, and attempts to set forth alleged

constitutional violations against numerous defendants, all related to underlying tax lien litigation

from 2019 to present.

Plaintiff's Complaint appears to allege violations of the Fourth, Fifth, and Fourteenth

Amendments (Complaint, ¶ 335), and his "rights to property ownership, due process, and the

equal protection of the law" (Complaint, ¶ 330), related to "the custom, practice, and policy, of

all Defendants, of adopting and enforcing their perversion of the COMMONWEALTH OF

PENNSYLVANIA Municipal Claim and Tax Lien Law." (Complaint, ¶ 323) Although Plaintiff

1

premises his Complaint on unconstitutional "practices and polices" of unspecified Defendants, the Honorable Barry C. Dozor is sued in his *individual* capacity. (Complaint, ¶ 15)

The Honorable Barry C. Dozor is a judicial officer of the 32nd Judicial District of Pennsylvania who has presided over various aspects of the numerous underlying State Court cases. While Plaintiff's Complaint is disorganized and lacks specificity as it pertains to Judge Dozor, a review of publicly available Delaware County Dockets shows that Judge Dozor presided over at least eight civil cases related to these claims:

- CV-2019-067886
  - *Southwest Delaware County Municipal Authority v. Alphonso N. Faggiolo*
- CV-2020-061603
  - *Township of Aston v. Alphonso Faggiolo & Margaret Faggiolo*
- CV-2021-060113
  - *Borough of Ridley Park v. Alphonso P. Faggiolo & Margaret Faggiolo*
- CV-2021-060568
  - *Borough of Ridley Park v. Alphonso P. Faggiolo & Margaret Faggiolo*
- CV-2021-061187
  - *Township of Aston v. Alphonso Faggiolo & Margaret Faggiolo*
- CV-2021-062985
  - *Borough of Ridley Park v. Known & Unknown Heirs of Margaret J. Faggiolo etal*
- CV-2021-062986
  - *Borough of Ridley Park v. The Heirs of Margaret J. Faggiolo, and Unknown Heirs, Successors or Assigns of Margaret J. Faggiolo, Deceased, and All Persons, Firms, or Associations Claiming Right, Title or Interest From or under Margaret J. Faggiolo, Deceased, Owner, Reputed owner or Whoever May Be the Owner by Operation of Law*
- CV-2021-062988
  - *Borough of Ridley Park v. Known & Unknown Heirs of Margaret J. Faggiolo etal*

The majority of the 350 paragraphs are a recitation of Plaintiff's belief that various tax laws and municipal ordinances should not apply to him, his property, or his family's property, and thus any attempt to collect or enforce applicable property taxes is "unconstitutional." Plaintiff's Complaint does not set forth a lack of due process, but attempts to rehash the merits of any underlying tax assessments and subsequent tax lien litigation. Plaintiff participated in

numerous hearings and the filing of and disposition of extensive motions, even where he lacked standing himself.  He simply disagrees with the resulting Judicial decisions.

Plaintiff first references Judge Dozor in paragraph 48, wherein he appears to attribute an italicized sentence to Judge Dozor, without any additional context or explanation. While Plaintiff does not clearly explain Judge Dozor's purported participation in this action, wherein he has acted solely as a presiding Judge, he alleges that Judge Dozor "acted in clear absence of all jurisdiction." (Complaint, pg. 36) Plaintiff alleges Judge Dozor erred in his determinations of party and intervener standing, determinations of in personam and subject matter jurisdiction, and in ruling on Plaintiff's various underlying Motions.[5] (Complaint, ¶¶ 93-96, 278-287) Judge Dozor eventually recused himself from further proceedings involving Faggiolo based upon Faggiolo's behavior and rhetoric in the underlying litigation, which Plaintiff believes "demonstrated a bias and prejudice" toward him.[6] (Complaint, ¶ 103)

Plaintiff's Complaint appears to assert the claims of "Securities Fraud," violations of various criminal codes, "falsification" or "forgery" of various records, "mail fraud," and "conversion." Plaintiff's allegations that Judge Dozor "did print, process, produce, and issue counterfeit and fictitious instruments of claim," and similar sentiments, presumably refer to

---

[5] Attached as Exhibit "A" are examples of Orders issued by Judge Dozor in the underlying civil dockets related to Plaintiff's Motions. This Court may take judicial notice of state court orders, opinions, and dockets. *M & M Stone Co. v. Commonwealth*, 388 Fed. Appx. 156, 162 (3d Cir. 2010); *Hadesty v. Rush Twp. Police Dep't*, No. 14-cv-2319, 2016 WL 1039063, at *5 (M.D. Pa. 2016). It may also consider public documents and records attached to a motion to dismiss. *See Pension Benefit Guaranty Corp. v. White Consolidated Indust., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1992), *cert. denied*, 510 U.S. 1042 (1994).
[6] Attached as Exhibit "B" is Judge Dozor's Order of Recusal.

Judge Dozor's issuance of Orders and rulings in the underlying civil litigation.[7] (Complaint, ¶ 199-207)

Plaintiff's requested relief includes:

- Actual damages of $22,193.51 (Complaint, ¶ 334);
- Compensatory damages of $3,022,193.51 for emotional distress and mental anguish (Complaint ¶ 340);
- Treble Compensatory damages of $9,066,580.53 (Complaint ¶ 343);
- Punitive damages of $32,000,000.00 (Complaint ¶ 348);
- an injunction against the Borough of Ridley Park, preventing it from enforcing any "taxation policies" on Plaintiff or his property. (Complaint, ¶ 349); and
- "demand for empanelment of grand jury" to "institute prosecutions" against Defendants. (Complaint, ¶ 219)

Judge Dozor files this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) on the grounds set forth below.

## II.   <u>LEGAL ARGUMENT</u>

Motions under 12(b)(1) present either a facial or factual challenge to subject matter jurisdiction. *Gould Electronics, Inc. v. U.S.*, 220 F. 3d 169, 176 (3d Cir. 2000). With facial challenges, such as the Judge Dozor brings here, the Court must consider only the allegations of the complaint and any referenced documents with a view in the light most favorable to the plaintiff. *Id.*

When evaluating a 12(b)(6) motion, the court must consider whether, viewing all well-pleaded facts of the complaint as true and in the light most favorable to the plaintiff, the complaint states a claim as a matter of law. *Id.* at 178; *see also Ashcroft v. Iqbal*, 555 U.S. 1030 (2008); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In assessing the plausibility of a

---

[7] Attached as Exhibit "C" are Judicial Orders issued in Dockets CV-2021-062985, CV-2021-062986, and CV-2021-062988, of which Plaintiff takes umbrage.

plaintiff's claims, a district court first identifies those allegations that constitute nothing more than mere "legal conclusions" or "naked assertion[s]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 564 (2007). Such allegations are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

### A.   ABSOLUTE JUDICIAL IMMUNITY PRECLUDES PLAINTIFF'S INDIVIDUAL CAPACITY CLAIMS AGAINST JUDGE DOZOR

The allegations contained in Plaintiff's Complaint in this case against Judge Dozor are predicated upon acts that occurred within his judicial capacity in the underlying matters within the Court's jurisdiction for which he is immune. Judicial immunity was "the settled doctrine of the English courts for many centuries, and has never been denied, that we are aware of, in the courts of this country." *Bradley v. Fisher*, 80 U.S. 335, 347 (1871).  The concept of judicial immunity is deeply rooted in American Jurisprudence.

In *Bradley v. Fisher*, the United States Supreme Court established the principle that, "a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself."  *Gonzales v. Clerk of Courts of Bucks County*, 1991 WL 133647 at *1 (E.D. Pa. 1991), *citing Bradley*, 80 U.S. at 347. *See also*, *Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 768-70 (3d Cir. 2000) (stating that judges have absolute immunity for their actions if 1) they are those normally performed by judges and 2) the parties dealt with the judge in his judicial capacity, and notwithstanding the fact that the actions were taken in error, done maliciously, or were in excess of his authority. (citations omitted).

Absolute immunity defeats a lawsuit at the outset.  *Imbler v. Pachtman*, 424 U.S. 409, 418 at n. 13 (1976)  *See also*, *Siegert v. Gilley*, 500 U.S. 226, 232, (1991) ("One of the purposes

of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit"); *In re Montgomery County,* 215 F.3d 367, 373 (3d Cir. 2000) ("absolute immunity creates not only protection from liability, but also a right not to stand trial"), *cert. denied*, 531 U.S. 1126 (2001).

Judges are immune from liability when (1) the judge has jurisdiction over the subject matter before him; and (2) he is performing a judicial act. *Mireles v. Waco*, 502 U.S. 9, 11 - 12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *see Hanna v. Slevin*, 8 Pa. Super. 509, 510 (1898). Immunity applies regardless of whether the actions complained of are alleged to have been in error, performed with malice, or in excess of the judge's authority. *Stump v. Sparkman, supra; Pierson v. Ray*, 386 U.S. 547, 554 (1967). The doctrine also applies to any allegations concerning judicial conduct off as well as on the bench, so long as the conduct is judicial in nature. *See, generally, Holeman v. Elliott*, 732 F.Supp. 726 (S.D.Texas 1990), *aff'd without op.* 927 F.2d 601 (5th Cir. 1991), *cert. denied* 502 U.S. 812, *Meyer v. Foti*, 720 F.Supp. 1234, 1240 (E.D.La. 1989), *citing Forrester v. White*, 484 U.S. 219 (1988).

Judicial immunity is not forfeited because a judge committed "grave procedural errors," or because a judge has conducted a proceeding in an "informal and ex parte" manner. *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 769 (3d Cir. 2005). Immunity will not be lost merely because the judge's action is "unfair" or controversial. *Id*. A judge is immune even if the acts were committed during an alleged conspiracy, as is alleged here. *Dennis v. Sparks*, 449 U.S. 24 (1980). The doctrine applies to allegations of civil rights violations, *Pierson v. Ray, supra*, as well as to state tort claims. *Feingold v. Hill*, 360 Pa. Super. 539, 545-46, 521 A.2d 33, 36 (1987); *Praisner v. Stocker*, 313 Pa. Super. 332, 344-45, 459 A.2d 1255, 1261 (1983). The

doctrine is applicable to actions taken by courts of general jurisdiction in Pennsylvania and even the courts of limited jurisdiction. *Horne v. Farrell*, 560 F. Supp. 219, 222 - 23 (M.D. Pa. 1983); *Fox v. Castle*, 441 F. Supp. 411, 412 - 13 (M.D. Pa. 1977).

The doctrine of judicial immunity applies to Section 1983 civil rights claims. *Id*.; *Corliss v. O'Brien*, 2005 WL 2334792 (M.D. Pa. 2005), aff'd 200 Fed. Appx. 80 (3rd Cir. 2006). Judges are immune from liability when the judge has jurisdiction over the subject matter and s/he is performing a judicial act. *Stump*, 435 U.S. at 356. Whether an act is "judicial" depends on "whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id*. at 362. In Pennsylvania, the "courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings, including all actions and proceedings heretofore cognizable by law or usage in the courts of common pleas." 42 Pa. C.S. 931(a).

Plaintiff's allegations here complain about the rulings and decisions of Judge Dozor in the underlying state Court cases. As a judge of the Delaware County Court of Common Pleas, he had and the Court continues to have jurisdiction in the underlying cases. Even if the rulings were in error, in excess of authority or even malicious, all of which is denied, they were issued with appropriate jurisdiction and in the Judge's judicial capacity. For this reason, the conduct about which Plaintiff complains falls within the purview of judicial acts for which absolute immunity attaches. *Stump* at 356; *Azubuko v. Royal*, 443 F.3d 302, 303 (2006).

## B.   PLAINTIFF'S CLAIMS AGAINST JUDGE DOZOR ARE BARRED BY THE IMMUNITY AFFORDED BY THE ELEVENTH AMENDMENT

Judge Dozor is a presiding judicial officer of the Court of Common Pleas of Delaware County, which is an entity of the Unified Judicial System of Pennsylvania pursuant to 42 Pa.

C.S. §301(4).  As such, under the law in this Commonwealth, the Court and its Judges are fully entitled to the protection from suit in federal Court afforded by the Eleventh Amendment to the United States Constitution.

A suit against a state official in his or her official capacity is deemed a suit against the state.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  In such a circumstance, the real party in interest is the government entity of which the official is an agent.  *Hafer v. Melo*, 502 U.S. 21, 26 (1991).  Hence, by bringing suit against Judge Dozor in his official capacity, Plaintiff is actually suing the Delaware County Court of Common Pleas, which is an entity of the Commonwealth of Pennsylvania, as the term "Commonwealth government" includes "the courts and other officers or agencies of the unified judicial system," and "court" includes "any one or more of the judges of the court . . .." 42 Pa. C.S. § 102; Pa. Const. Art. V, § 1; *Callahan v. City of Philadelphia*, 207 F.3d 668, 672 (3d Cir. 2000).

Absent a state's consent, all states and state entities are entitled to immunity under the Eleventh Amendment.  *Lombardo v. Pennsylvania, Dept. of Public Welfare*, 540 F.3d 190, 194-95 (3d Cir. 2008).  Claims brought under 42 U.S.C. § 1983 are subject to the Eleventh Amendment.  *Chilcott v. Erie Co. Domestic Relations*, 283 Fed.Appx. 8, 10 (3d Cir. 2008).  Eleventh Amendment immunity and judicial immunity also apply to RICO actions, as Congress did not expressly abrogate Eleventh Amendment immunity in the RICO statute.  *Digianvittorio v. D'Antonio, Civ. A. No. 96-6781*, 1997 U.S. Dist. LEXIS 216, 1997 WL 13681, at *3 (E.D. Pa. Jan. 13, 1997).   There was no legislative intent to abrogate judicial immunity under the RICO statute.  *Slater v. Jokelson*, 1997 U.S. Dist. LEXIS 4173 at *24 (E.D. Pa. 1997).

Pennsylvania has not waived its sovereign immunity.  Statutory law provides that the Commonwealth and its officials are immune from suit.  1 Pa. C.S. § 2310; 42 Pa. C.S. § 8521(b)("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.").  This immunity extends to the Pennsylvania court system. *Benn v. First Judicial District*, 426 F.3d 233 (3d Cir. 2005)(the Third Circuit Court of Appeals held that the Delaware County Court of Common Pleas is entitled to federal Eleventh Amendment immunity.)

Eleventh Amendment immunity protects an un-consenting state or state agency from a suit brought in federal Court regardless of the relief sought, here money damages, and extends to employees of an agency sued in their official capacities.  *Capogrosso v. Supreme Court of New Jersey*, 588 F.3d 180 (3d Cir. 2005).

### C.    ANY STATE COURT CALIMS ARE BARRED BY THE SOVEREIGN IMMUNITY ACT

Pennsylvania has not waived its sovereign immunity.  Statutory law provides that the Commonwealth and its officials are immune from suit.  1 Pa. C.S. § 2310; 42 Pa. C.S. § 8521(b)("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.").  This immunity extends to the Pennsylvania court system. *Benn v. First Judicial District*, 426 F.3d 233 (3d Cir. 2005)(the Third Circuit Court of Appeals held that the Philadelphia Court of Common Pleas is entitled to federal Eleventh Amendment immunity.)  Thus, to the extent Plaintiff's complaints are construed to include state law claims, they are barred as to Judge Dozor.

9

### D.   JUDGE DOZOR IN HIS OFFICIAL CAPACITY IS NOT A "PERSON" SUBJECT TO SUIT UNDER 42 U.S.C. § 1983.

A claim under Section 1983 must allege that "a person" committed a civil rights violation. *Callahan v. City of Philadelphia et al.*, 207 F.3d 668, 672 (3d Cir. 2000). As set forth above, when a state official is sued in an official capacity, the real party in interest is the government entity of which the official is an agent, whether it is a named defendant. *Hafer v. Melo*, 502 U.S. 21, 26 (1991). It is well settled that a state defendant sued in an official capacity is not "a person" under §1983 and cannot be held liable for damages. *Will v. Michigan Department of State Police*, 491 U.S. 58, 63 (1989). Because the suit against Judge Dozor in his official capacity is really a suit against the government entity of which he is an agent, there is no basis for a Section 1983 claim. *Hafer v. Melo*, 502 U.S. 21, 26 (1991).

### E.   PLAINTIFF IMPROPERLY SEEKS REDRESS FOR INJURIES THAT RESULTED FROM ADJUDICATIVE ORDERS OF PENNSYLVANIA COURTS, WHICH VIOLATES THE *ROOKER-FELDMAN* DOCTRINE.

Plaintiff complains of allegedly improper decisions and orders issued by Judge Dozor in cases over which he presided in the Delaware County Court of Common Pleas. It is well settled, however, that federal courts lack jurisdiction to review state court judgments where the relief sought is in the nature of appellate review. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Under the long-established *Rooker-Feldman* doctrine, a federal District Court has no authority to review the propriety of judgments of a state Court where the losing state Court party complains of injuries from the state Court ruling. *Gary v. Braddock Cemetery*, 517 F.3d 195, 201 (3d Cir. 2008). The doctrine is "confined to cases . . . brought by State-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting

10

district court review and rejection of those judgments." *Great Western Ming & Mineral Company v. Fox Rothchild LLP*, 615 F.3d 159, 166 (3d Cir. 2010), quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 283, 292 (2005).

Because jurisdiction to review a state court's decisions rests in the Pennsylvania appellate Courts, federal district Courts lack subject matter jurisdiction over challenges that are the functional equivalent of an appeal of a state court judgment. *Marran v. Marran*, 376 F.3d 143, 149 (3d Cir. 2004). The *Rooker-Feldman* doctrine extends to claims actually raised in state Court and to those that were not raised in state Court but are "inextricably intertwined" with the state Court adjudication. See *Moncrief v. Chase Manhattan Mortg. Corp.*, 275 Fed.Appx. 149, 152-53 (3d Cir. 2009). A federal claim in "inextricably intertwined with a state adjudication" where "federal relief can only be predicated upon a conviction that the state court was wrong." See *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 192 (3d Cir. 2006); *McAllister v. Allegheny Cty. Fam. Div.*, 128 F. App'x. 901, 902 (3d Cir. 2005)

Here, Plaintiff challenges the propriety of state Court adjudicative rulings. In order to grant the requested relief, this Court would have to conclude, in violation of the *Rooker-Feldman* doctrine, that the state Court incorrectly issued its orders. District courts are barred, however, from "entertaining an action . . . if the relief requested effectively would reverse a state court decision or void its ruling." *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 192 (3d Cir. 2006). Thus, pursuant to *Rooker-Feldman*, this Honorable Court lacks subject matter jurisdiction over this case, as Plaintiff's claims are barred because they constitute "a prohibited call to review the state court's judgment."

### F.     ABSTENTION IS PROPER PURSUANT TO *YOUNGER V. HARRIS* AND PRINCIPLES OF FEDERALISM AND COMITY

11

To any extent that the underlying enforcement/collection actions are ongoing in the state Court system, abstention would also be proper pursuant to *Younger v. Harris*, 401 U.S. 37, 43-44 (1971).  Abstention is appropriate when: (1) the state judicial proceeding is ongoing; (2) important state interests are implicated in the state action and (3) the state proceeding offers sufficient opportunity to raise the claims asserted in federal Court.  See *Anthony v. Counsel,* 316 F.3d 412, 418 3d Cir. 2003).  Thus, concerns of comity and federalism which underlie the *Younger* doctrine dictate that abstention is proper here where all criteria are met.

The United States Supreme Court in *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013), limited *Younger* abstention to three categories of state proceedings, one of which is "civil enforcement proceedings," as are involved here since the municipality is attempting to enforce a judgement for unpaid taxes.  The third *Younger* criteria is also met, as the state Courts and its appellate system provide Plaintiff ample opportunity to raise any constitutional claims if he has standing in the case.  See *Gonzalez v. Waterfront Comm'n of N.Y. Harbor*, 755 F.3d 176, 184 (3d Cir. 2014)(holding that state law must "clearly bar" the chance to raise federal claims). See *Pennzoil Co. v. Texaco, Inc*., 481 U.S. 1, 15 (1987)(holding that a federal Court should assume that state Court appellate proceedings will afford an adequate remedy for federal claims).

Conclusory allegations of state-court bias are insufficient to overcome *Younger* abstention.  See *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 629-32 (finding plaintiff's claims of judicial bias and conspiracy did not prevent *Younger* abstention), aff'd, 572 F. App'x 68 (3d Cir. 2014).  Plaintiff has the opportunity in the state Court appellate system to address any alleged irregularities in any state Court proceedings, or to contest the validity of any of the state Court's orders and/or actions.  See *Gonzalez v. Waterfront Commission of New York Harbor*, 755 F.3d

176, 184 (3d Cir. 2014)(holding that state law must "clearly bar" the chance to raise federal claims.)  See also *Pennzoil Co. v. Texaco, Inc*., 481 U.S. 1, 15 (1987)(holding that a federal Court should assume that state Court appellate proceedings will afford an adequate remedy for federal claims). The Supreme Court holds that a federal plaintiff "need be accorded only an opportunity to fairly pursue their constitutional claims in the ongoing state proceedings," and the "failure to avail themselves of such opportunities does not mean that the state procedures were inadequate." *Juidice v. Vail*, 430 U.S. 327, 337 (1977). Thus, abstention is proper while Plaintiff adjudicates his concerns through the state appellate system, as all *Younger* criteria are met.

### G.    PLAINTIFF HAS FAILED TO SET FORTH A VIABLE CLAIM

For all the pages, paragraphs and named defendants, the Complaint nonetheless comes up far short in factual content supporting any actual claims, let alone "due process." Instead, it just piles speculation upon conjecture and conclusions. In order to comply with Federal Rule of Civil Procedure 8, a complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face.  See *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  To survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 667, citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *see also Fake v. Philadelphia Court of Common Pleas*, 2016 WL 6071365, at *5 (E.D. Pa. 2016)(Pappert, J.)(dismissing conspiracy claims involving litigants and the Philadelphia court system that were vague and conclusory).

A claim has facial plausibility when the plaintiff pleads factual content that allows a Court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Lopez v. Beard*, 333 Fed. Appx. 685, 687 (3d Cir. 2009). If the facts pleaded do not allow a

Court to infer more than the mere possibility of misconduct, that complaint has failed to show that the plaintiff is entitled to relief.  *Id.*  Mere "threadbare recitals" of the elements of a cause of action supported by speculative or conclusory allegations are insufficient.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

### 1. Due Process.

Plaintiff has failed to introduce any factual allegations to support a claim he was denied "right to a full and fair opportunity to be heard by an impartial and unbiased judicial tribunal." Plaintiff's procedural due process claims fail for the simple reason that they had and have opportunity to be heard in the state court proceedings. If Plaintiff believes that an improper or illegal ruling was entered, he may seek redress within the underlying cases or on appeal.

The well-known standard for a Fourteenth Amendment procedural due process claim requires Plaintiffs to show that: 1) they were deprived of an interest that the Fourteenth Amendment encompasses; and 2) the procedural safeguards surrounding the deprivation were inadequate. *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006). Due process' fundamental requirement is an opportunity to be heard "at a meaningful time and in a meaningful manner." *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976).

Due process neither is a guarantee against incorrect or ill-advised decisions nor is it violated because a state violates its own procedures or law. *Rivera v. Illinois*, 556 U.S. 148, 158 (2009). Due process is flexible. It is not a fixed concept that is unrelated to time, place, and circumstances. *Biliski v. Red Clay Sch. Dist.*, 574 F.3d 214, 220 (3d Cir. 2009). In addition, a due process violation is not complete when the deprivation occurs, but only when the state does not provide due process. *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000).

14

Here, Plaintiff has not pled any factual allegations that create a due process violation. Plaintiff has had opportunities to be heard. He just does not like the outcomes so far, but that is not the issue for purposes of due process.

### 2. Conspiracy

Plaintiff alleges that a conspiracy exists among Defendants although the Complaint is devoid of factual allegations that would actually state a claim for civil conspiracy. In order to state an adequately specific civil rights conspiracy claim, a plaintiff must plead with particularity "the 'circumstances' of the alleged wrongdoing in order to place the defendants on notice of the precise misconduct with which they are charged." *Labalokie v. Capitol Area Intermediate Unit*, 926 F. Supp. 503, 508 (M.D. Pa. 1996)

Only allegations of conspiracy which are particularized, such as those addressing (1) the period of the conspiracy, (2) the object of the conspiracy, and (3) certain actions of the alleged conspirators taken to achieve that purpose, will be deemed sufficient. *Labalokie v. Capitol Area Intermediate Unit, supra*. at 508-09 (M.D. Pa. 1996), citing *Rose v. Bartle*, 871 F.2d 331, 366 (3d Cir. 1989). The Third Circuit has set forth the three criteria required for a plaintiff to set forth a civil rights conspiracy claim: (1) the conduct that violated the plaintiff's rights; (2) the time and place of the conduct; and (3) the identity of the officials responsible for the conduct. *Simon v. Tennis*, 437 Fed. Appx. 60 LEXIS 14409 (3rd Cir. 2011).

"A plaintiff must therefore allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right . . . Where a civil rights conspiracy is alleged, there must be specific facts in the complaint which tend to show a

15

meeting of the minds and some type of concerted activity." *Matthews v. Beard*, 2012 U.S. Dist. LEXIS 82650 (W.D. Pa. 2012).  See also *Young v. Kann*, 926 F.2d 1396, 1405 n. 16 (3rd Cir. 1991)(a plaintiff cannot rely on subjective suspicions and unsupported speculation in a complaint alleging a civil rights conspiracy); *Capogroso v. Supreme Court of New Jersey*, 588 F.3d 180 (3rd Cir. 2009).  A conspiracy cannot be inferred from an *ex parte* communication.  *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 647 (E.D. Pa.), aff'd, 572 Fed. App'x 68 (3d Cir. 2014).

Plaintiff fails to set forth factual allegations in support of his claims of conspiracy, as his Complaint is rife with conclusions, suppositions, and conjecture without any conceivable motivation therefor on the part of Judge Dozor.  No averments pertain to the conduct that constituted conspiratorial actions, any actions of the alleged conspirators taken to achieve that purpose, or as to the time and place of that conduct.  Plaintiff has failed to allege facts that could potentially prove a civil rights conspiracy.

## III.   **CONCLUSION**

For the foregoing reasons, the Honorable Barry C. Dozor respectfully requests that this Honorable Court dismiss Plaintiff's Complaint as to him, with prejudice.

Respectfully submitted,

**/s/ Nicole Feigenbaum**
**NICOLE FEIGENBAUM, ESQUIRE**
Attorney I.D. No. PA 319765
Supreme Court of Pennsylvania
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
Nicole.Feigenbaum@pacourts.us
(215) 560-6326, Fax: (215) 560-5486
***Attorney for the Honorable Barry C. Dozor***

16

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ALPHONSO NICHOLAS FAGGIOLO    :
    :    CIVIL ACTION
    *Plaintiff*    :
    :    NO. 23-cv-4920
    v.    :
    :    Hon. Joel H. Slomsky
BOROUGH OF RIDLEY PARK, et al.    :
    :
    *Defendants*    :

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on January 24, 2024, she personally caused to be served upon the following a true and correct copy of the foregoing *Motion to Dismiss Plaintiffs' Complaint and Brief in Support of Motion* by ECF to all counsel of record, and by U. S. mail to Plaintiff at:

**/s/ Nicole Feigenbaum**
**NICOLE FEIGENBAUM, ESQUIRE**
Attorney I.D. No. PA 319765
Supreme Court of Pennsylvania
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
Nicole.Feigenbaum@pacourts.us
(215) 560-6326, Fax: (215) 560-5486
***Attorney for the Honorable Barry C. Dozor***