IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALPHONSO NICHOLAS FAGGIOLO | : | |
|     Plaintiff | : | No. 2023-CV-04920-JHS |
| | : | |
| v. | : | |
| | : | |
| BOROUGH OF RIDLEY PARK, ROBERT P. DADAY, BARRY C. DOZOR, MICHELLE PORTNOFF, RICHARD TUTAK, MARY J. WALK | : | |

### DEFENDANTS, BOROUGH OF RIDLEY PARK AND RICHARD TUTAK'S SUR-REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants, Borough of Ridley Park and Richard Tutak (hereinafter "Moving Defendants"), by and through their counsel, Ernest Angelos, Esq., Katherine Meehan, Esq. and Raffaele Puppio, submit the within brief reply to Plaintiff's Response to Defendants' Motion to underscore that the Municipal Claims and Tax Liens Act ("MCTLA"), 53 P.S. §§ 7101, et seq. is recognized by courts, including the Eastern District and Third Circuit, to contain proper due process for citizens impacted by liens imposed against their property.

1. Denied. It is denied that the MCTLA is not relevant to this matter. Plaintiff refuses to acknowledge that the liens imposed in this matter are "taxes" within the meaning of the Tax Injunction Act, 28 U.S.C. § 1341, as discussed in Defendants' Motion and Memorandum of Law. MCTLA is the "plain, adequate and complete" remedy for citizens wishing to challenge liens. Lehigh Valley Properties, Inc. v. Portnoff Law Associates, LTD., 2020 WL 1984889 (E.D.Pa 4/27/2020), citing Penn Township v. Hanover Foods Corp., 847 A.2d 219 (Pa. Cmwlth. 2004). The Penn Township Court identified three procedural alternatives available to the parties after a municipal claim is filed:

> (1)     the owner may contest the municipal claim or the amount of assessment by filing and serving a notice on the claimant municipality to issue a writ of *scire facias*, thereby forcing a hearing on the municipal claim; (2) the municipality may pursue a writ of *scire facias* without the owner's action; or (3) the owner and the municipality may choose not to do anything, thereby letting the municipal lien remain recorded indefinitely subject to revival of the lien in every twenty years upon the issuance of a suggestion of nonpayment and an averment of default.

Id. at 224.  In addition, the Third Circuit has held that "Pennsylvania provides a 'plain, adequate and complete' remedy for § 1983 Plaintiffs challenging state taxation policies."  Gass v. County of Allegheny, PA., 371 F.3d 134 (3d Cir. 2004).  Finally, it is important to note that the remedy does not have to be perfect, or grant the relief desired by the plaintiff.

> Rather, the state courts must provide the taxpayer with "a full hearing and judicial determination of the controversy," *id.*, and "a fair opportunity to challenge the accuracy and legal validity of their tax obligation.

Lehigh Valley Properties, at 5, quoting Berne Corp. v. Government of The Virgin Islands, 570 F.3d 130, 137 (3d Cirt. 2009) (quoting McKesson Corp. v. Division of Alcoholic Beverages and Tobacco, 496 U.S. 18, 39, 110 S.Ct. 2238, 110 L.Ed.2d 17 (1990)).

In the instant matter, Plaintiff engaged in and actively litigated the imposition of the liens before the Court of Common Pleas of Delaware County.  At paragraph 12 of his Response, Plaintiff acknowledges that he raised to the Court of Common Pleas of Delaware County the supposed "defects" he is setting forth to this Court.  Plaintiff had substantial opportunity to assert all of the arguments he is currently setting forth before this court.  Plaintiff did not receive the result he was hoping for, and now appears to be relitigating the matters before this Court. (See, Exhibits C, D, and E attached to Defendants' Motion to Dismiss).  Accordingly, the Court lacks jurisdiction in this matter as set forth in Defendants' Motion to Dismiss.

    2.       Denied.  See answer to number 1, supra.

    3.       Denied. See answer to number 1, supra.

  4.  Denied. See answer to number 1, supra.

  5.  Denied.  See answer to number 1, supra.

  6.  Denied.  See answer to number 1, supra.

  7.  Denied.  See answer to number 1, supra.

  8.  Denied.  The uncited recitation set forth herein is denied in its entirety.

  9.  Denied.  See answer to number 1, supra.

  10.  Denied.  See answer to number 1, supra.

  11.  Denied as stated; the document speaks for itself.  See, Exhibit "B", attached to Defendants' Motion to Dismiss.

  12.  Denied. See answer to number 1, supra.

  13.  Denied as conclusions of law.

  14.  Denied.  See Answer to number 1, supra and Defendants' Motion to Dismiss in this matter.

  WHEREFORE, Defendants Borough of Ridley Park and Richard Tutak pray that this Honorable Court will grant their Motion to Dismiss Plaintiff's Complaint.

              **RAFFAELE PUPPIO, LLP**

Date: 1/30/24        BY: _s/Ernest S. Angelos_
                Ernest S. Angelos, Esq.
                Katherine H. Meehan, Esq.
                *Attorneys for Defendants, Borough of*
                *Ridley Park and Richard Tutak*

## CERTIFICATE OF SERVICE

I, Katherine H. Meehan, Esquire, attorney for the Defendants, Borough of Ridley Park and Richard Tutak, do hereby certify that a true and correct copy of Defendants, Borough of Ridley Park and Richard Tutak's Sur-Reply to Plaintiff's Response to Defendants' Motion to Dismiss Plaintiff's Complaint, filed in the above-captioned matter was sent via the Court's electronic filing system to the following:

Alphonso N. Faggiolo, pro se
713 Lamp Post Lane
Aston, PA  19014

Donald E. Wieand, Jr., Esquire
Stevens & Lee
840 W. Hamilton Street
Suite 521
Allentown, PA  18101
Attorney for Michelle Portnoff, Robert P. Daday

Michael F. Schleigh, Esquire
Hardin Thompson, PC
123 South Broad Street
Suite 2235
Philadelphia, PA  19109
Attorney for Mary J. Walk

Nicole Feigenbaum, Esquire
Supreme Court of Pennsylvania
Administrative Office of PA Courts
1515 Market St., Ste. 1414
Philadelphia, PA  19102
Attorney for the Honorable Barry C. Dozor

                                          *Katherine H. Meehan*
                                          Katherine H. Meehan, Esquire

Date: 1/30/24