UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALPHONSO NICHOLAS FAGGIOLO : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : No. 2:23-CV-04920-JHS <br> : <br> BOROUGH OF RIDLEY PARK, MICHELLE : <br> PORTNOFF, ROBERT P. DADAY, BARRY C. : <br> DOZOR, RICHARD TUTAK, AND MARY J. : <br> WALK : <br> : <br> Defendants : | |

## REPLY BRIEF OF DEFENDANTS, MICHELLE PORTNOFF AND ROBERT P. DADAY, IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

**I.   INTRODUCTION**

In his Response to the Rule 12(b)(1) Motion to Dismiss of Defendants, Michelle Portnoff and Robert P. Daday, Plaintiff misses the point of that Motion and ignores the controlling issue of whether this Honorable Court has subject matter jurisdiction to entertain a case challenging Portnoff and Daday's efforts to collect delinquent real estate taxes owed on properties purportedly owned by Plaintiff in the Borough of Ridley Park. Instead, Plaintiff merely restates the very same allegations set forth in his Complaint. Because the Tax Injunction Act[1] and the doctrine of comity clearly apply to Plaintiff's claims and because Plaintiff had an adequate remedy in state court in which to raise all defenses, this Honorable Court lacks subject matter jurisdiction to entertain Plaintiff's claims.

---

[1] 28 U.S.C. § 1341.

1

## II.     ARGUMENT

### A. Plaintiff's Demands for Injunctive Relief and Damages Threaten to Disrupt the Pennsylvania Taxing Scheme for Municipalities and School Districts.

In his Response to Defendants' Motions to Dismiss, Plaintiff boldly proclaims that this is not a tax case but instead is a civil rights case. While Plaintiff is correct that he has filed a civil rights case under § 1983, the targets of his claims are the procedures for collecting delinquent municipal and school district real estate taxes set forth in the Pennsylvania Municipal Claims and Tax Liens Act ("MCTLA"),[2] an essential part of Pennsylvania's taxing scheme for municipalities and school districts. Indeed, Plaintiff asserts that these procedures violate his rights under both the United States and the Pennsylvania Constitutions. Because Plaintiff's claims are aimed at the levy and collection of Pennsylvania municipal real estate taxes, and because the relief sound by Plaintiff could seriously disrupt the collection of real estate taxes by the Borough of Ridley Park, as well as by municipalities and school districts across Pennsylvania, Plaintiff's Complaint runs afoul of the Tax Injunction Act and the doctrine of comity, where, as here, Plaintiff has adequate remedies available in state court.

At paragraph 349 of his Complaint, Plaintiff requests a preliminary and a permanent injunction against the Borough of Ridley Park, "its named individual employees, agents, and/or agencies from enforcing or implementing its policy, practice or custom, of enforcing, any taxation policies related to Plaintiff and/or Plaintiff's properties. (Doc. 1, ¶ 349). As more fully discussed in Portnoff and Daday's principal Brief, the Tax Injunction Act precludes district courts from taking subject matter jurisdiction over actions seeking to "enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341.

---

[2] 53 P.S. §§ 7101-7505.

In addition to injunctive relief, Plaintiff seeks compensatory and punitive damages against Michelle Portnoff and Robert P. Daday, who were retained by the Borough of Ridly Park to collect delinquent real estate taxes and sewer and trash charges owed on properties located in the Borough.  Indeed, Plaintiff seeks compensatory, treble and punitive damages against Michelle Portnoff and Robert Daday totaling more than $27 million. (Doc. 1 at ¶¶ 334, 340, 343, and 348)  As noted by the Supreme Court in *Fair Assessment in Real Estate Association v. McNary,* 454 U.S. 100 (1981), Section 1983 actions for damages can be just as intrusive as equitable actions, *id.,* 454 U.S. at 114, and the threat of personal liability together with the assessment of attorneys' fees against public officials would "in every practical sense operate to suspend collection of the state taxes…" *Id.,* 454 U.S. at 115 (quoting *Great Lakes Dredge & Dock Co.,* 319 U.S. 293, 299 (1943)).

If, as here, attorneys representing Pennsylvania municipalities were exposed to damage awards in the amounts sought by Plaintiff merely for instituting and pursuing legal proceedings authorized by the MCTLA, it is doubtful that most, if any, Pennsylvania municipalities would be able to secure legal representation in the collection of current or delinquent taxes.  Indeed, it is unlikely that any public officials would be willing to subject themselves to such potential liability by participating in any part of the assessment, levy or collection process.  The collection of real estate taxes in Pennsylvania would quickly grind to a halt, precisely the evil the Supreme Court in *Fair Assessment* sought to prevent.

Plaintiff wrongly asserts that this Court has subject matter jurisdiction under 42 U.S.C. § 1983.  Section 1983 provides for a federal cause of action to redress the violations of civil rights. As such, it fashions a remedy but is not a jurisdictional statute. *Gonzalez v. Young*, 560 F.2d 160, 164 (3d Cir. 1977); *Weisman v. Baur*, No. 5:20-cv-06100, 2021 WL 3403519, *2 (E.D.Pa.

Aug. 4, 2021) (Gallagher, J.). Regardless of how Plaintiff's claims are characterized, the Tax Injunction Act and the comity doctrine are intended to strip this Court of any subject matter jurisdiction that § 1983 might confer.

Accordingly, the Tax Injunction Act and the principles of comity clearly apply and divest this Honorable Court of subject matter jurisdiction over Plaintiff's claims.

### B. Plaintiff Was Afforded an Adequate Remedy and All the Process He Was Due in the MCTLA Proceeding in Delaware County Court.

In *Borough of Ambler v. Regenbogen,* 713 A.2d 145 (1998), the Commonwealth Court explained that under the MCTLA, municipal liens arise by operation of law with the filing of a municipal claim against a property. *Id.,* 713 A.2d at 148. After the filing of a municipal claim,

> three procedural alternatives are available to the parties: (1) the owner may contest the municipal claim or the amount of assessment by filing and serving a notice on the claimant municipality to issue a writ of scire facias, thereby forcing a hearing on the municipal claim; (2) the municipality may pursue a writ of scire facias without the owner's action; or (3) the owner and the municipality may choose not to do anything, thereby letting the municipal lien remain recorded indefinitely, subject to revival of the lien in every twenty years upon the issuance of a suggestion of nonpayment and an averment of default.

*Id.* Clearly, the MCTLA permits Pennsylvania property owners to challenge the imposition of tax liens against their properties and provides properties owners with the ability to raise all defenses. *Lehigh Valley Properties, Inc. v. Portnoff Law Associates, Ltd.,* Civ. A. No. 19-4892, 2020 WL 1984889, * 5 (E.D.Pa. Apr. 27, 2020). As such, "the MCTLA, including its *scire facias* remedy under [53 P.S.] § 7184, constitutes a 'plain, speedy and efficient remedy' for purposes of the TIA." *Id.* (citing *Christian Street Pharmacy,* Civ. A. No. 09-824, 2009 WL 2137204, *2-3 (E.D.Pa. July 15, 2009)).

Although the precise nature of Plaintiff's due process argument is difficult to ascertain from his Complaint and from his Response to Defendants' Motions to Dismiss, Plaintiff

4

seemingly asserts that the filing of a municipal lien under the MCTLA without prior notice violated his rights to procedural due process under the Fourteenth Amendment. Plaintiff also asserts that he was never personally served by the Sheriff with original process. Instead, he maintains that Defendants commenced the municipal claims against him by filing a municipal lien rather than by filing a praecipe for summons or a complaint.

In *Augustin v. City of Philadelphia,* 897 F.3d 142 (3d Cir. 2018), the Third Circuit held that a pre-deprivation hearing is not required before recording a municipal lien, reasoning that "[u]nder most circumstances, an erroneously filed lien can be fully remedied by a post-filing hearing and an order removing the encumbrance." *Id.,* 897 F.3d at 144-145, 151. The Court of Appeals also concluded that the MCTLA provides a property owner an opportunity to be heard adequate to satisfy due process. *Id.,* 897 F.3d at 152-153. In *Tulio v. Lansdale Borough,* 660 F.Supp. 3d 368, 376-377 (E.D.Pa. 2023) (Savage, J.), *affirmed,* 2023 WL 8711822 (3d Cir., Dec. 18, 2023), the District Court, relying upon *Augustin,* observed that a writ of *scire facias* serves as a "vehicle for determining the sum due on a lien and to give the property owner an opportunity to show cause why execution should not proceed." *Tulio,* 660 F.Supp. 3d at 377 (citing *Shapiro v. Center Township, Butler County*, 159 Pa. Cmwlth. 82, 632 A.2d 994, 997 n.3 (1993)). The writ "serves the dual purpose of a summons and a complaint," *id.,* and "gives the owner the opportunity to present his defenses and demonstrate why the lien should not be stricken." *Id.* (citing *Newberry Township v. Sambaugh*, 848 A.2d 173, 177 (Pa. Commw. Ct. 2004)). The District Court in *Tulio* granted summary judgment dismissing the plaintiff's due process claim based upon allegations of lack of pre-deprivation notice where the borough had disconnected utility services to the plaintiff's commercial property and where pre-deprivation notice was provided. The Court noted, however, that even if pre-deprivation notice had not been given, the

5

MCTLA provided adequate procedures to satisfy due process and the plaintiff failed to avail himself of those remedies.

Thus, Plaintiff's assertion that the filing of municipal claims under the MCTLA (rather than the filing of praecipes for summons or complaints) violated his procedural due process rights is contrary to well-settled law.

Moreover, Plaintiff's claims that he suffered harm as the result of not being served with the initial municipal claims is belied by the fact that he actively participated in all three of the municipal claim proceedings in the Delaware County Court of Common Pleas. Attached to the Motion to Dismiss of Attorneys Portnoff and Daday as Exhibits A, B, and C are certified copies of the Delaware County Common Pleas dockets in the three municipal lien cases filed against the properties at issue. The dockets reflect that Plaintiff was personally served by the Sheriff of Delaware County with the Writs of Scire Facias filed on behalf of the Borough of Ridley Park in each of the three cases. (*See* Docs. 15-3 at p. 3, 15-4 at p.3, and 15-5 at p.3). Those dockets also reflect that Plaintiff appeared *pro se* in all three cases and filed responses and motions to strike the three municipal liens, that Plaintiff challenged the Delaware County Court's lack of *in personam* jurisdiction, and that Plaintiff actively participated throughout the three proceedings.

Plaintiff's grievance is not that he was never served with process or that he was denied an opportunity to be heard – clearly, he <u>was</u> served with process and participated throughout the MCTLA proceedings. Rather, the gist of Plaintiff's claim is that the Delaware County Court ruled against him and that he is not satisfied with the outcome. Simply stated, Plaintiff was afforded an adequate remedy under state law and all the process he was due, and if he was dissatisfied with the result, his recourse was to appeal the adverse decisions, not to institute a § 1983 action in federal court seeking review of the state court's decision.

### III. CONCLUSION

Because Plaintiff's claims for injunctive relief and damages under Section 1983 arise from the collection of municipal taxes, the Tax Injunction Act and the doctrine of comity divest this Court of subject matter jurisdiction to entertain Plaintiff's claims. Accordingly, the Rule 12(b)(1) Motion to Dismiss of Michelle Portnoff and Robert P. Daday should be granted, and Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction.

Respectfully submitted,

STEVENS & LEE, P.C.

Dated: January 31, 2024

By: */s/ Donald E. Wieand*
Donald E. Wieand, Esquire
Pa. I.D. No. 23476
840 W. Hamilton Street, Suite 521
Allentown, PA 18101
Phone: (610) 997-5071
Fax: (610) 371-8412
E-mail: dew@stevenslee.com

*Attorneys for Defendants,*
*Michelle Portnoff and Robert P. Daday*

## CERTIFICATE OF SERVICE

I, Donald E. Wieand, certify that on this date, I served a true and correct copy of the foregoing Reply Brief of Defendants, Michelle Portnoff and Robert P. Daday, for Lack of Subject Matter Jurisdiction upon the following persons via electronic mail and via first class mail, postage prepaid, addressed as follows:

>Alphonso Nicholas Faggiolo
>713 Lamp Post Lane
>Aston, PA 19014
>
>Michael F. Schleigh, Esq.
>Hardin Thompson, P.C.
>123 South Broad Street, Suite 2235
>Philadelphia, PA 19109
>mschleigh@hardinlawpc.net
>*Attorney for Defendant, Mary J. Walk*
>
>Ernest Spiros Angelos, Esq.
>Katherine Meehan, Esq.
>Raffaele Puppio
>19 West Third Street
>Media, PA 19063
>eangelos@raffaelepuppio.com
>meehan@raffaelepuppio.com
>*Attorneys for Defendants, Borough of Ridley Park and Richard Tutak*
>
>Nicole Feigenbaum, Esq.
>Supreme Court of Pennsylvania
>Administrative Office of PA Courts
>1515 Market Street, Suite 1414
>Philadelphia, PA 19102
>Nicole.feigenbaum@pacourts.us
>*Attorney for The Honorable Barry C. Dozor*

Dated:  January 31, 2024                    */s/ Donald E. Wieand*
                                            Donald E. Wieand

01/31/2024 SL1 2034961v1 106358.00015