Alphonso Nicholas Faggiolo,
713 Lamp Post Lane.
Aston, Pennsylvania 19014
610-818-7167
*Plaintiff.*

# DISTRICT COURT OF THE UNITED STATES
## for the
## Eastern District of Pennsylvania

| | |
|---|---|
| Alphonso Nicholas Faggiolo<br>*Plaintiff,*<br><br>*vs.*<br><br>BOROUGH OF RIDLEY PARK, et al.,<br>*Defendants.* | **Case Number:** 2:23-cv-04920 |

## PLAINTIFF'S MOTION TO TAKE JUDICIAL NOTICE

*Plaintiff submits this Rule 201 - Judicial Notice of the following Adjudicative Facts to the* Honorable Joel Slomsky, Presiding Judge for Eastern District of Pennsylvania, **pertaining to Plaintiff's complaint docketed with this Court** on the 12th day of December 2023, pursuant to Title 42 U.S.C. **§** 1983, and in accordance with the Federal Rules of Civil Procedure Rule 3**,** Rule 8(a)**,** (d)(1)(2)**,** (e)**,** Rule 9(c)**,** Rule 10(a)(b)(c) and Rule 11(a)(b)**:**

### JUDICIAL NOTICE:
### Counterfeit Property Assessments Supplied To The Court

1.  Plaintiff requests, pursuant to Federal Rule 201(a)(b)(c)(d) - Judicial Notice of Adjudicative Facts, that the court take judicial notice that on the 9th of January 2024 (Docket Entry 11), attorney Michael F. Schleigh, acting for prothonotary Defendant Mary J. Walk, filed multiple "property record cards" as exhibits, that are purported to be assessments for the Plaintiff's three **non-commercial/non-business** properties, commonly known as 505 Johnson Avenue, Ridley Park, Pennsylvania; 215 Kane Avenue, Ridley Park, Pennsylvania; and 0 Kane Avenue, Ridley Park, Pennsylvania (hereinafter "properties").

2.     *It's a FACT* that in a formal Pennsylvania Right to Know Record Request, on the 13th day of June 2019, Plaintiff requested the complete property assessment records, **"meaning ALL of the paperwork"**, the County of Delaware created as purported assessments of the Plaintiff's three **non-commercial/non-business** properties. **See Exhibit A**

>   **REQUEST 1 (Item 1):** *"Provide me the complete property assessments, which means all of the paperwork for the assessments, for the following properties: 713 Lamp Post Lane, Aston, Pennsylvania 19014; 505 Johnson Avenue, Ridley Park, Pennsylvania 19078; and 215 Kane Avenue, Ridley Park, Pennsylvania 19078"…***Alphonso Nicholas Faggiolo (Plaintiff)**

3.     *It's a FACT* that the County of Delaware FAILED to provide the Plaintiff property assessments pursuant to Pennsylvania Statutes Title 53 § 8842 – "Valuation" (b)(1)(iii); and substituted printouts from its Computer-Assisted Mass Appraisal (CAMA) system, which were titled "Property Record Cards", as have been provided to this court by attorney Michael Schleigh, **and have been imposed by all named Defendants against the Plaintiff's three non-commercial/non-business properties**. **See Exhibits B1, B2, B3**

4.     *It's a FACT* that, on the 3rd of October 2019, the Plaintiff successfully appealed to the Pennsylvania Office of Open Records, due to the County of Delaware's FAILURE to provide any legally and lawfully promulgated property assessment records for the Plaintiff's three **non-commercial/non-business** properties, pursuant to the actual written laws of the Pennsylvania Legislature. **See Exhibit C Page 5**

>   **CONCLUSION:** *"For the foregoing reasons, Requester's appeal is granted in part and denied in part, and the County is required to provide any additional records responsive to Item 1 of the Request. This Final Determination is binding on all parties."…* **Pennsylvania Office of Open Records Appeals Officer Jill S. Wolfe, Esq.**

5.     The County of Delaware **FAILED** to provide any **"additional"** assessment records for the Plaintiff's three **non-commercial/non-business** properties, and instead provided a sworn affidavit from the County of Delaware's Records Coordinator, Anne M. Coogan, verifying that the County had no actual property assessment records, whatsoever, for the Plaintiff's three properties. **See Exhibit D**

6.     *It's a Fact* that the "property record cards", for the Plaintiff's three **non-commercial/non-business** properties, provided to this court by attorney Michael Schleigh are not legally and lawfully promulgated property assessments of Plaintiff's three **non-**

**commercial/non-business** properties, pursuant to Pennsylvania Statutes Title 53 § 8842 – "Valuation of property".

> **Pennsylvania Statutes Title 53 § 8842 (b)(1) – "Valuation"**
> **(iii)** In arriving at the actual value, the following methods **must be considered in conjunction with one another**: (A) **Cost approach**, that is, reproduction or replacement, as applicable, less depreciation and all forms of obsolescence; (B) **Comparable sales approach**, and (C) **Income approach.**

7.   *It's a Fact* that the property record cards provided to this court by attorney Michael Schleigh on the 9th of January 2024 (Docket Entry 11), are **COUNTERFEIT** documents created by a **third-party company** doing business as Tyler Technologies, containing UNVERIFIED, arbitrary, vague, and fictitious data**,** without Tyler Technology having any legal authority to create assessments for the Plaintiff's three **non-commercial/non-business** properties.

> **COUNTERFEIT.** *"In criminal law. To forge; to copy or imitate, without authority or right, and with a view to deceive or defraud, by passing the copy or thing forged for that which is original or genuine. Most commonly applied to the fraudulent and criminal imitation of money." State v. McKenzie*, 42 Me. 392; *U. S. v. Barrett, D.C.N.D.,* 111 F. 369; *DeRose v. People*, 64 Colo. 332, 171 P. 359, L.R.A.1918C, 1193; Metropolitan Nat. Bank v. National Surety Co., D.C.Minn., 48 F. 2d 611, 612.

# Submitted this 5th day of April 2024.

by_ *[signature: Alphonso Nicholas Faggiolo]*

Alphonso Nicholas Faggiolo
*Plaintiff*

## Certificate of Service

I, Alphonso Nicholas Faggiolo, certify that on the 5th day of April, 2024, a true and correct copy of the above has been electronically mailed to:

MICHAEL F. SCHLEIGH: mschleigh@hardinlawpc.net, amollai@hardinlawpc.net, amoore@hardinlawpc.net

DONALD E. WIEAND, JR: dew@stevenslee.com, lak@stevenslee.com

KATHERINE H. MEEHAN: meehan@raffaelepuppio.com

NICOLE A. FEIGENBAUM: nicole.feigenbaum@pacourts.us, legaldepartment@pacourts.us

ERNEST S. ANGELOS: eangelos@raffaelepuppio.com, Altieri@raffaelepuppio.com

# McNICHOL, BYRNE & MATLAWSKI, P.C.
### ATTORNEYS AT LAW

Paul D. McNichol *  
James J. Byrne, Jr.  
J. Adam Matlawski  
Kelly S. Sullivan  
Kelly C. Hayes *

Of Counsel:  
Raymond J. Peppelman, Jr.  
Direct Phone: (610) 566-7777

\* Licensed to practice in PA and NJ

October 3, 2019

Via Regular Mail &  
Email: alfadogmusic@gmail.com

Alphonso Faggiolo  
713 Lamp Post Lane  
Aston, PA 19014

**Exhibit A**

RE:  Faggiolo v. Delaware County  
OOR Docket # AP 2019-1049

Dear Mr. Faggiolo:

As you are aware, our office serves as Solicitor to the Delaware County Board of Assessment Appeals and represented the County in the above referenced Office of Open Records Appeal you filed. We are in receipt of the Office of Open Records's September 11, 2019 decision in this matter which granted your appeal, in part, and required the County to provide any additional records responsive to Item 1 of the original Right to Know request.

In response to the Office of Open Records decision, we are enclosing a true and correct Affidavit from the County's Right to Know Officer which confirms that the County produced all available responsive records to your Request 1, as set forth below, when you visited the County Clerks Office and obtained the records on July 19, 2019.

*REQUEST 1: Provide me the complete property assessments, which means <u>all</u> of the paperwork for the assessments, for the following properties: 713 Lamp Post Lane, Aston, Pennsylvania 19014; 505 Johnson Avenue, Ridley Park, Pennsylvania 19078; and 215 Kane Avenue, Ridley Park, Pennsylvania 19078.*

The County respectfully submits that the attached Affidavit completes the County's

1223 N. Providence Road, Media, Pennsylvania 19063  
(610) 565-4322 • FAX (610) 565-9531 • info@mbmlawoffice.com  
Website: www.mbmlawoffice.com

# McNICHOL, BYRNE & MATLAWSKI, P.C.

October 3, 2019
Page (2)

obligations under the Right to Know Act and complies with the OOR's September 11th decision. Thank you.

Very Truly Yours,

Kelly S. Sullivan

# tyler RESIDENTIAL PROPERTY RECORD CARD  2023

**DELAWARE COUNTY, PA**

Printed: November 22, 2023

| Situs : 505 JOHNSON AVE | Map ID: 37-00-01192-00 | Class: R-SINGLE FAMILY | Card: 1 of 1 |

### CURRENT OWNER
FAGGIOLO ALPHONSA P
FAGGIOLO MARGARET J
505 JOHNSON AVE
RIDLEY PARK PA 19078

### GENERAL INFORMATION
Living Units        1
Neighborhood        37R04000
Alternate Id        37-04-196-000
Vol / Pg            2630/0333
District            37
Zoning
Class               01

37-00-01192-00  05/09/2018

### Property Notes

### Land Information

| Type | | Size | Influence Factors | Influence % | Value |
|---|---|---|---|---|---|
| Primary | SF | 5,060 | | | 62,060 |

Total Acres: .1162
Spot:                              Location: 6 Neighborhood or Spot

### Assessment Information

| | Assessed | Appraised | Cost | Income | Market |
|---|---|---|---|---|---|
| Land | 62,060 | 62,060 | 62,060 | 0 | 62,060 |
| Building | 117,280 | 117,280 | 118,370 | 0 | 117,280 |
| Total | 179,340 | 179,340 | 180,430 | 0 | 179,340 |

Value Flag  MARKET APPROACH
Gross Building:

Manual Override Reason
Base Date of Value
Effective Date of Value

### Entrance Information

| Date | ID | Entry Code | Source |
|---|---|---|---|
| 03/04/20 | CWG | Informal Hearing No Change | Other |
| 08/08/18 | SKW | Adv Reviewed | Other |
| 01/29/97 | JJE | No One Home Over 18 | Other |

### Permit Information

| Date Issued | Number | Price | Purpose | % Complete |
|---|---|---|---|---|

### Sales/Ownership History

| Transfer Date | Price | Type | Validity | Deed Reference | Deed Type | Grantee |
|---|---|---|---|---|---|---|
| 11/18/77 | 29,000 | | Old Sale Not Applica | 2630/0333 | | FAGGIOLO ALPHONSA P |
| 01/01/00 | | | Not On Open Market | 0000/0000 | | CLARE E FRAKNER |

Exhibit 3

# RESIDENTIAL PROPERTY RECORD CARD   2023

**DELAWARE COUNTY, PA**

Situs: 505 JOHNSON AVE    Parcel Id: 37-00-01192-00    Class: R-SINGLE FAMILY    Card: 1 of 1    Printed: November 22, 2023

## Dwelling Information

| | | | |
|---|---|---|---|
| Style | Old Style | Year Built | 1920 |
| Story height | 2 | Eff Year Built | |
| Attic | None | Year Remodeled | |
| Exterior Walls | Stucco | Amenities | |
| Masonry Trim | x | | |
| Color | | In-Jaw Apt | Yes |

### Basement

| | | | |
|---|---|---|---|
| Basement | Full | # Car Bsmt Gar | 0 |
| FBLA Size | x | FBLA Type | |
| Rec Rm Size | x | Rec Rm Type | |

### Heating & Cooling

| | |
|---|---|
| Heat Type | Central |
| Fuel Type | Gas |
| System Type | Hot Water |

### Room Detail

| | | | |
|---|---|---|---|
| Bedrooms | 3 | Full Baths | 1 |
| Family Rooms | | Half Baths | 0 |
| Kitchens | | Extra Fixtures | 2 |
| Total Rooms | 6 | FixBath4 | |
| Kitchen Type | | Bath Type | |
| Kitchen Remod | No | Bath Remod | No |

### Fireplaces

| | |
|---|---|
| Stacks | |
| Openings | |
| Pre-Fab | |

### Adjustments

| | |
|---|---|
| Int vs Ext | Same |
| Cathedral Ceiling | x |
| Unfinished Area | |
| Unheated Area | |

### Grade & Depreciation

| | |
|---|---|
| Grade | C |
| Condition | Average |
| CDU | GOOD |
| Cost & Design | 0 |
| % Complete | 100 |

| | | | |
|---|---|---|---|
| Market Adj | | % Good | 72 |
| Functional | | % Good Override | |
| Economic | | Functional | |
| % Good Ovr | | Economic | |
| | | % Complete | 100 |
| | | C&D Factor | |
| | | Adj Factor | 1 |
| | | Additions | 7,300 |

### Dwelling Computations

| | |
|---|---|
| Base Price | 151,600 |
| Plumbing | 0 |
| Basement | 0 |
| Heating | 0 |
| Attic | 0 |
| Other Features | 0 |
| Subtotal | 151,600 |
| Ground Floor Area | 720 |
| Total Living Area | 1,440 |
| Dwelling Value | 116,450 |

## Outbuilding Data

| ID | Code Description | Area |
|---|---|---|
| A | Main Building | 720 |
| B | 12 ENCL FRAME PORCH | 160 |
| C | RG1 FRAME OR MTL DETACH... | 306 |

| Type | Size 1 | Size 2 | Area | Qty | Yr Blt | Grade | Condition | Value |
|---|---|---|---|---|---|---|---|---|
| Det Fr Gar | 17 x 18 | | 306 | 1 | 1930 | C | A | 1,920 |

## Condominium / Mobile Home Information

| | |
|---|---|
| Complex Name | |
| Condo Model | |
| Unit Number | |
| Unit Level | |
| Unit Parking | |
| Model (MH) | |
| Unit Location | |
| Unit View | |
| Model Make (MH) | |

### Addition Details

| Line # | Low | 1st | 2nd | 3rd | Value |
|---|---|---|---|---|---|
| 1 | | 12 | | | 7,300 |

### Building Notes

Exhibit 3

# RESIDENTIAL PROPERTY RECORD CARD    2023

**DELAWARE COUNTY, PA**

Situs: 215 KANE AVE
Map ID: 37-00-01211-00
Class: R-RESIDENTIAL VACANT
Card: 1 of 1
Printed: January 5, 2024

## CURRENT OWNER

FAGGIOLO ALPHONSO P &
MARGARET JANE
215 KANE AVE
RIDLEY PARK PA 19078

## GENERAL INFORMATION

| | |
|---|---|
| Living Units | 0 |
| Neighborhood | 37R04000 |
| Alternate Id | 37-03-675:001 |
| Vol / Pg | 1970/1831 |
| District | 37 |
| Zoning | |
| Class | 06 |

## Property Notes

## Land Information

| Type | Size | Influence Factors | Influence % | Value |
|---|---|---|---|---|
| Primary SF | 4,000 | | | 60,940 |

Total Acres: .0918
Spot:    Location: 6 Neighborhood or Spot

## Assessment Information

| | Assessed | Appraised | Cost | Income | Market |
|---|---|---|---|---|---|
| Land | 60,940 | 60,940 | 60,940 | 0 | 0 |
| Building | 0 | 0 | 0 | 0 | 0 |
| Total | 60,940 | 60,940 | 60,940 | 0 | 0 |

Value Flag   COST APPROACH
Gross Building:
Manual Override Reason
Base Date of Value
Effective Date of Value

## Entrance Information

| Date | ID | Entry Code | Source |
|---|---|---|---|
| 10/03/18 | EXH | Adv Reviewed | Other |
| 01/24/97 | DFB | Vacant Or Oby Only | Other |

## Permit Information

| Date Issued | Number | Price | Purpose | % Complete |
|---|---|---|---|---|

## Sales/Ownership History

| Transfer Date | Price | Type | Validity | Deed Reference | Deed Type | Grantee |
|---|---|---|---|---|---|---|
| 01/11/00 | 1 | | Not On Open Market | 1970/1831 | | FAGGIOLO ALPHONSO P & |
| 05/25/77 | | | Not On Open Market | 0000/0000 | | MITCHELL SANDRA E |

Exhibit 4

# RESIDENTIAL PROPERTY RECORD CARD 2023

**tyler** clt division

Situs: 215 KANE AVE | Parcel Id: 37-00-01211-00 | Class: R-RESIDENTIAL VACANT | Card: 1 of 1 | Printed: January 5, 2024

**DELAWARE COUNTY, PA**

## Dwelling Information

**Style**
- Story height
- Attic
- Exterior Walls
- Masonry Trim  x
- Color
- Year Built
- Eff Year Built
- Year Remodeled
- Amenities

**Basement**
- In-law Apt  No

**Heating & Cooling**
- Heat Type
- Fuel Type
- System Type

**Basement**
- FBLA Size  x
- Rec Rm Size  x
- # Car Bsmt Gar
- FBLA Type
- Rec Rm Type
- Kitchen Remod

**Room Detail**
- Bedrooms
- Family Rooms
- Kitchens
- Total Rooms
- Kitchen Type
- Full Baths
- Half Baths
- Extra Fixtures
- FixBath4
- Bath Type
- Bath Remod
- Stacks
- Openings
- Pre-Fab
- Fireplaces

**Adjustments**
- Int vs Ext
- Cathedral Ceiling  x
- Unfinished Area
- Unheated Area

**Grade & Depreciation**
- Grade  C
- Condition
- CDU  AVERAGE
- Cost & Design  0
- % Complete
- Market Adj
- Functional
- Economic
- % Good Ovr

**Dwelling Computations**
- Base Price
- Plumbing
- Basement
- Heating
- Attic
- Other Features  0
- Subtotal
- % Good
- % Good Override
- Functional
- Economic
- % Complete
- C&D Factor
- Adj Factor
- Additions

- Ground Floor Area
- Total Living Area

**Dwelling Value**

**Building Notes**

## Outbuilding Data

| Type | Size 1 | Size 2 | Area | Qty | Yr Blt | Grade | Condition | Value |
|------|--------|--------|------|-----|--------|-------|-----------|-------|

## Condominium / Mobile Home Information

- Complex Name
- Condo Model
- Unit Number
- Unit Level
- Unit Parking
- Model (MH)
- Unit Location
- Unit View
- Model Make (MH)

| Line # | Low | 1st | 2nd | 3rd | Value |
|--------|-----|-----|-----|-----|-------|

**Addition Details**

Exhibit 4

# RESIDENTIAL PROPERTY RECORD CARD  2023

**DELAWARE COUNTY, PA**

Situs: 0 KANE AVE   Map ID: 37-00-01210-00   Class: R-SINGLE FAMILY   Card: 1 of 1   Printed: January 2, 2024

## CURRENT OWNER
FAGGIOLO ALPHONSO P &
MARGARET JANE
215 KANE AVE
RIDLEY PARK PA 19078

## GENERAL INFORMATION
| | |
|---|---|
| Living Units | 1 |
| Neighborhood | 37R04000 |
| Alternate Id | 37-03-675-000 |
| Vol / Pg | 1970/1831 |
| District | 37 |
| Zoning | |
| Class | 01 |

## Property Notes

37-00-01210-00  05/08/2018

## Land Information
| Type | Size | Influence Factors | Influence % | Value |
|---|---|---|---|---|
| Primary SF | 7,930 | | | 68,120 |

Total Acres: .182
Location: 6 Neighborhood or Spot
Spot:

## Entrance Information
| Date | ID | Entry Code | Source |
|---|---|---|---|
| 08/08/18 | SKW | Adv Reviewed | Other |
| 01/24/97 | DFB | Info At Door | Other |

## Assessment Information
| | Assessed | Appraised | Cost | Income | Market |
|---|---|---|---|---|---|
| Land | 68,120 | 68,120 | 68,120 | 0 | 68,120 |
| Building | 92,460 | 92,460 | 93,750 | 0 | 92,460 |
| Total | 160,580 | 160,580 | 161,870 | 0 | 160,580 |

Value Flag: MARKET APPROACH
Gross Building:
Manual Override Reason
Base Date of Value
Effective Date of Value

## Permit Information
| Date Issued | Number | Price | Purpose | % Complete |
|---|---|---|---|---|

## Sales/Ownership History
| Transfer Date | Price | Type | Validity | Deed Reference | Deed Type | Grantee |
|---|---|---|---|---|---|---|
| 01/11/00 | | | Excluded From Market | 1970/1831 | | FAGGIOLO ALPHONSO P & |
| 05/25/77 | 66,000 | | Old Sale Not Applica | 608/0016 | | MITCHELL SANDRA E |

tyler  ch division

Exhibit 4

# RESIDENTIAL PROPERTY RECORD CARD

**tyler** cit division

**Situs:** 0 KANE AVE  **Parcel Id:** 37-00-01210-00  **2023**  **Class:** R-SINGLE FAMILY  **Card:** 1 of 1  **DELAWARE COUNTY, PA**  **Printed:** January 2, 2024

| ID | Code | Description | Area |
|---|---|---|---|
| A | | Main Building | 864 |
| B | 15 | ENCL FRAME PORCH | 192 |
| C | 16 | FRAME OVERHANG | 13 |
| D | 16 | FRAME OVERHANG | 6 |

## Dwelling Information

| | | | | |
|---|---|---|---|---|
| Style | Bungalow | | Year Built | 1940 |
| Story height | 1 | | Eff Year Built | |
| Attic | Unfin | | Year Remodeled | |
| Exterior Walls | Alum/Vinyl | | Amenities | |
| Masonry Trim | x | | | |
| Color | | | In-law Apt | Yes |

### Heating & Cooling
| | |
|---|---|
| Heat Type | Central |
| Fuel Type | Oil |
| System Type | W/M Air |

### Basement
| | | | |
|---|---|---|---|
| Basement | Full | # Car Bsmt Gar | 0 |
| FBLA Size | x | FBLA Type | |
| Rec Rm Size | x | Rec Rm Type | |

### Room Detail
| | | | | |
|---|---|---|---|---|
| Bedrooms | 2 | | Full Baths | 1 |
| Family Rooms | | | Half Baths | 0 |
| Kitchens | 1 | | Extra Fixtures | 2 |
| Total Rooms | 5 | | FixBath4 | |
| Kitchen Type | | | Bath Type | |
| Kitchen Remod | No | | Bath Remod | No |

### Fireplaces
| | |
|---|---|
| Stacks | |
| Openings | |
| Pre-Fab | |

## Grade & Depreciation
| | |
|---|---|
| Grade | C |
| Condition | Average |
| CDU | AVERAGE |
| Cost & Design | 0 |
| % Complete | 100 |

### Adjustments
| | |
|---|---|
| Int vs Ext | Same |
| Cathedral Ceiling | x |

| | Market Adj | Functional | Economic |
|---|---|---|---|
| Unfinished Area | | | |
| Unheated Area | | | |

## Dwelling Computations
| | |
|---|---|
| Base Price | 112,900 |
| Plumbing | 0 |
| Basement | 0 |
| Heating | 0 |
| Attic | 9,340 |
| Other Features | 0 |
| **Subtotal** | **122,240** |

| | |
|---|---|
| % Good | 69 |
| % Good Override | |
| Functional | |
| Economic | |
| % Complete | 100 |
| C&D Factor | |
| Adj Factor | 1 |
| Additions | 9,400 |

| | | |
|---|---|---|
| Ground Floor Area | 864 | |
| Total Living Area | 885 | Dwelling Value  93,750 |

### Building Notes

## Outbuilding Data
| Type | Size 1 | Size 2 | Area | Qty | Yr Blt | Grade | Condition | Value |
|---|---|---|---|---|---|---|---|---|

## Condominium / Mobile Home Information
| | | |
|---|---|---|
| Complex Name | | Unit Location |
| Condo Model | | Unit View |
| Unit Number | | Model Make (MH) |
| Unit Level | | |
| Unit Parking | | |
| Model (MH) | | |

### Addition Details
| Line # | Low | 1st | 2nd | 3rd | Value |
|---|---|---|---|---|---|
| 1 | | 12 | | | 8,300 |
| 2 | | 16 | | | 700 |
| 3 | | 16 | | | 400 |

Exhibit 4

Exhibit C



**FINAL DETERMINATION**

| | |
|---|---|
| IN THE MATTER OF | : |
| | : |
| ALPHONSO FAGGIOLO, | : |
| Requester | : |
| | : |
| v. | : Docket No: AP 2019-1049 |
| | : |
| DELAWARE COUNTY, | : |
| Respondent | : |

**INTRODUCTION**

Alphonso Faggiolo ("Requester") submitted a request ("Request") to Delaware County ("County") pursuant to the Right-to-Know Law ("RTKL"), 65 P.S. §§ 67.101 *et seq.*, seeking property assessment records. The County partially denied the Request, stating that the Request is insufficiently specific. The Requester appealed to the Office of Open Records ("OOR"). For the reasons set forth in this Final Determination, the appeal is **granted in part** and **denied in part,** and the County is required to take further action as directed.

**FACTUAL BACKGROUND**

On June 13, 2019, the Request was filed seeking, in pertinent part:

1. Provide me complete property assessments, which means ALL of the paperwork for the assessments, for the following properties: [addresses omitted].
   …
2. Provide me the statutes, codes or laws that the Board of Assessments, an agency of municipal corporation, is citing, that gives them personal jurisdiction over

1

Exhibit C

> me, a man, and subject matter jurisdiction over my private, non-commercial, property.
> …

On June 20, 2019, the County partially denied the Request, providing access to records responsive to Item 1 of the Request, but denying Item 2 as insufficiently specific. 65 P.S. § 67.703.

On July 3, 2019, the Requester appealed to the OOR challenging the denial and stating grounds for disclosure. The OOR invited both parties to supplement the record and directed the County to notify any third parties of their ability to participate in this appeal. *See* 65 P.S. § 67.1101(c).

On July 24, 2019, the County submitted a position statement indicating that responsive records were provided on July 19, 2019, upon payment of duplication costs. The County also argues that Item 2 is insufficiently specific. On July 28, 2019, the Requester submitted position statement arguing, among other things, that he was not provided all records responsive to Item 1 of the Request.

## LEGAL ANALYSIS

"The objective of the Right to Know Law ... is to empower citizens by affording them access to information concerning the activities of their government." *SWB Yankees L.L.C. v. Wintermantel*, 45 A.3d 1029, 1041 (Pa. 2012). Further, this important open-government law is "designed to promote access to official government information in order to prohibit secrets, scrutinize the actions of public officials and make public officials accountable for their actions." *Bowling v. Office of Open Records*, 990 A.2d 813, 824 (Pa. Commw. Ct. 2010), *aff'd* 75 A.3d 453 (Pa. 2013).

The OOR is authorized to hear appeals for all Commonwealth and local agencies. *See* 65 P.S. § 67.503(a). An appeals officer is required "to review all information filed relating to the

Exhibit C

request" and may consider testimony, evidence and documents that are reasonably probative and relevant to the matter at issue. 65 P.S. § 67.1102(a)(2). An appeals officer may conduct a hearing to resolve an appeal. The law also states that an appeals officer may admit into evidence testimony, evidence and documents that the appeals officer believes to be reasonably probative and relevant to an issue in dispute. *Id*. The decision to hold a hearing is discretionary and non-appealable. *Id*.; *Giurintano v. Pa. Dep't of Gen. Servs.*, 20 A.3d 613, 617 (Pa. Commw. Ct. 2011). Here, the parties did not request a hearing; however, the OOR has the requisite information and evidence before it to properly adjudicate the matter.

The County is a local agency subject to the RTKL that is required to disclose public records. 65 P.S. § 67.302. Records in possession of a local agency are presumed public unless exempt under the RTKL or other law or protected by a privilege, judicial order or decree. *See* 65 P.S. § 67.305. Upon receipt of a request, an agency is required to assess whether a record requested is within its possession, custody or control and respond within five business days. 65 P.S. § 67.901. An agency bears the burden of proving the applicability of any cited exemptions. *See* 65 P.S. § 67.708(b).

Section 708 of the RTKL places the burden of proof on the public body to demonstrate that a record is exempt. In pertinent part, Section 708(a) states: "(1) The burden of proving that a record of a Commonwealth agency or local agency is exempt from public access shall be on the Commonwealth agency or local agency receiving a request by a preponderance of the evidence." 65 P.S. § 67.708(a). Preponderance of the evidence has been defined as "such proof as leads the fact-finder … to find that the existence of a contested fact is more probable than its nonexistence." *Pa. State Troopers Ass'n v. Scolforo*, 18 A.3d 435, 439 (Pa. Commw. Ct. 2011) (quoting *Pa. Dep't of Transp. v. Agric. Lands Condemnation Approval Bd*., 5 A.3d 821, 827 (Pa.

3

Exhibit C

Commw. Ct. 2010)). The burden of proving a record does not exist ... is placed on the agency responding to the right-to-know request." *Hodges v. Pa. Dep't of Health*, 29 A.3d 1190, 1192 (Pa. Commw. Ct. 2011).

> 1. **The County failed to provide sufficient evidence that all records responsive to Item 1 of the Request were provided to the Requester**

The County argues that it provided access to records responsive to Item 1 of the Request. The Requester acknowledges that he obtained the copies of property assessments from the CAMA system; however, he argues that property assessment records and a report from the CAMA system are different. He argues that there are additional records responsive to the Request that were not provided to him. Although the County asserts that it provided all responsive records to Item 1, it did not support those statements with an affidavit from a person with actual knowledge of the facts asserted. While an affidavit or statement made under the penalty of perjury is competent evidence to sustain an agency's burden of proof, *Sherry v. Radnor Twp. Sch. Dist.*, 20 A.3d 515, 520-21 (Pa. Commw. Ct. 2011); *Moore v. Office of Open Records*, 992 A.2d 907, 909 (Pa. Commw. Ct. 2010), unsworn statements may not be relied upon as competent evidence to withhold records under the RTKL. *See Hous. Auth. of the City of Pittsburgh v. Van Osdol*, 40 A.3d 209, 216 (Pa. Commw. Ct. 2012) (holding that unsworn statements of counsel are not competent evidence); *City of Philadelphia v. Juzang*, July Term 2010, No. 2048 (Phila. Com. Pl. June 28, 2011) ("Because the letter written by City's counsel is a legal brief, it cannot be . . . evidence at all"). Merely stating that all records were provided to the Requester is insufficient to meet an agency's burden of proof under the RTKL. Accordingly, the County has not met its burden of proving that it provided all records responsive to Item 1 of the Request. *See Hodges*, 29 A.3d at 1192.[1]

---

[1] The OOR is mindful that an agency cannot produce records that do not exist within its possession, custody or control and, accordingly, is not ordering the creation of any records sought in the Request. Absent the County providing a sufficient evidentiary basis that no other records exist, the OOR will order disclosure of responsive public records.

4

Exhibit C

2.  **Responding to Item 2 of the Request would require legal research**

Item 2 states "provide me the statutes, codes, or laws that the Board of Assessment…is citing that gives them personal jurisdiction over me… and subject matter jurisdiction over my private, non-commercial, property." An agency cannot be required to perform legal research for a requester. The Commonwealth Court has found that "[a] request that explicitly or implicitly obliges legal research is not a request for a specific document; rather it is a request for someone to conduct legal research with the hopes that the legal research will unearth a specific document that fits the description of the request." *Askew v. Pa. Office of the Governor,* 65 A.3d 989, 993 (Pa. Commw. Ct., 2013); *see also* 65 P.S. § 67.703.

Here, the County argues that the Item 2 is insufficiently specific and does not seek a specific public record. Item 2 asks the County to identify specific statutes and laws that impose jurisdiction of the Board of Assessments over the Requester. Asking an agency to identify statutes and laws, and to make legal judgments about which govern in a particular situation, would compel an agency to conduct legal research. Accordingly, Request is insufficiently specific. *See Saunders v. Penn Hills Sch. Dist.*, OOR Dkt. AP 2019-0108, 2019 PA O.O.R.D LEXIS 26.

**CONCLUSION**

For the foregoing reasons, Requester's appeal is **granted in part** and **denied in part**, and the County is required to provide any additional records responsive to Item 1 of the Request. This Final Determination is binding on all parties. Within thirty days of the mailing date of this Final Determination, any party may appeal to the Delaware County Court of Common Pleas. 65 P.S. § 67.1302(a). All parties must be served with notice of the appeal. The OOR also shall be served notice and have an opportunity to respond as per Section 1303 of the RTKL. However, as the quasi-judicial tribunal adjudicating this matter, the OOR is not a proper party to any appeal and

5

Exhibit C

should not be named as a party.² This Final Determination shall be placed on the OOR website at: http://openrecords.pa.gov.

**FINAL DETERMINATION ISSUED AND MAILED: September 11, 2019**

*/s/ Jill S. Wolfe*
_____
APPEALS OFFICER
JILL S. WOLFE, ESQ.

Sent via email to:   Alphonso Faggiolo;
                     Kelly Sullivan, Esq.
                     Anne Coogan

---

² *See Padgett v. Pa. State Police*, 73 A.3d 644, 648 n.5 (Pa. Commw. Ct. 2013).

6

# THE COUNTY OF DELAWARE
## ATTESTATION THAT AGENCY PROVIDED ALL RESPONSIVE RECORDS

**Name of Requester:**   Anthony Faggiolo

**Records Requested:**   Provide me the complete property assessments, which means all of the paperwork for the assessments, for the following properties: 713 Lamp Post Lane, Aston, Pennsylvania 19014; 505 Johnson Avenue, Ridley Park, Pennsylvania 19078; and 215 Kane Avenue, Ridley Park, Pennsylvania 19078.

**Appeal Caption:**   OOR AP NO. 2019-1049

I, Anne Coogan, hereby declare under the penalty of perjury, pursuant to 18 Pa.C.S. § 4904, that the following statements are true and correct based upon my personal knowledge information and belief:

1. I serve as the Open Records Officer for the County of Delaware ("Agency") and am responsible for responding to Right-to-Know requests filed with the Agency.

2. In my capacity as the Open Records Officer, I am familiar with the records of the Agency.

3. Upon receipt of the request, I conducted a thorough examination of files in the possession, custody and control of the Agency for records responsive to the request underlying this appeal, specifically I requested John VanZelst, Assessment Manager, to provide complete copies of the assessment paperwork for the three (3) identified Delaware County properties. I received six (6) pages of documents from Mr. VanZelst, two pages for each of the identified properties. Thereafter, I met with Mr. VanZelst and the Requestor on Friday, July 19, 2019. At the July 19, 2019 meeting, Mr. Faggiolo was provided copies of the six (6) pages of responsive records additionally Mr. Faggiolo was able to ask questions about the County assessment system, in general.

4. After conducting a good faith search of the Agency's files and inquiring with relevant Agency personnel, I identified all records within the Agency's possession, custody or control that are responsive to the request and provided them to the requester during a meeting on July 19, 2019.

# Exhibit D

Date: October 1, 2019

Signature: *Anne M. Coogan*
Anne M. Coogan
Open Records Officer
County of Delaware


Subscribed and sworn to before me
this 1st day of October 2019

*[signature]*
Notary Public

Commonwealth of Pennsylvania - Notary Seal
GRACE M SPECK - Notary Public
Delaware County
My Commission Expires Aug 3, 2022
Commission Number 1226571