UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALPHONSO NICHOLAS FAGGIOLO, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | No. 2:23-CV-04920-JHS |
| BOROUGH OF RIDLEY PARK, MICHELLE | : | |
| PORTNOFF, ROBERT P. DADAY, BARRY C. | : | |
| DOZOR, RICHARD TUTAK, AND MARY J. | : | |
| WALK, | : | |
| | : | |
| Defendants | : | |

**BRIEF OF DEFENDANTS, MICHELLE PORTNOFF AND ROBERT P. DADAY, IN OPPOSITION TO PLAINTIFFS' MOTION TO TAKE JUDICIAL NOTICE FILED ON APRIL 10, 2024**

I.    **INTRODUCTION**

Notwithstanding that Federal Rule of Evidence 201(d) provides that the court "may take judicial notice at any stage of the proceeding," Plaintiff's Motion to Take Judicial Notice filed on April 10, 2024 is premature because Defendants' Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction remain unresolved and because the Third Circuit has cautioned that district courts should take judicial notice "sparingly" in the pleadings stage of cases.  Moreover, taking judicial notice of the facts proffered by Plaintiff is not appropriate where, as here, the facts set forth in Plaintiff's motion cannot be accurately and readily determined from the documents attached to his motion.  Accordingly, Plaintiff's Motion to Take Judicial Notice lacks any arguable merit and should be denied.

II.    **STATEMENT OF FACTS/PROCEDURAL HISTORY**

Plaintiff instituted this *pro se* suit on December 12, 2023, by means of a Summons and Complaint against the Borough of Ridley Park; Attorneys Michelle Portnoff and Robert P. Daday; the Honorable Barry C. Dozor, Judge of the Court of Common Pleas of Delaware

1

County; the Borough of Ridley Park and Richard Tutak, the Borough Manager of Ridley Park; and Mary J. Walk, the Director of the Office of Judicial Support of Delaware County, which office includes what was formerly known as the Office of the Prothonotary.

Plaintiff alleges that he is "one of the sovereign people of the union state of Pennsylvania" and that he inherited properties owned by his deceased parents located at 215 Kane Avenue and 505 Johnson Avenue (the "Subject Properties") located in the Borough of Ridley Park, Delaware County, Pennsylvania.[1]  Plaintiff alleges that Michelle Portnoff, a principal of Portnoff Law Associates, Ltd.,  and Robert P. Daday, an attorney employed by Portnoff Law Associates, Ltd., represented the Borough of Ridley Park in the collection of delinquent real estate taxes and municipal sewer and trash charges owed on the Subject Properties.  Plaintiff avers that Attorney Daday filed three municipal liens with the Office of Judicial Support of the Court of Common Pleas of Delaware County against the Subject Properties.  Plaintiff asserts that these municipal liens were false and improper, presumably because Plaintiff claims to be a "free and independent" man who "has a substantive right to own property" and who "owed nothing to" the Borough of Ridley Park and "owes nothing to the public so long as he does not trespass upon their rights."  (Doc. 1, Complaint at ¶¶ 21, 23).

Although Plaintiff's *pro se* Complaint is far from clear, Plaintiff's allegations suggest that Attorneys Portnoff and Daday did nothing more than file and pursue municipal liens pursuant to

---

[1] The Subject Properties are titled to Margaret Faggiolo, who is deceased and was the Plaintiff's mother.  It appears that since the death of Margaret Faggiolo, neither Plaintiff nor anyone else has applied for letters of administration nor taken any other steps to transfer title to the Subject Properties out of the name of Margaret Faggiolo or her late husband.  Notwithstanding his failure to open an estate to transfer title to the properties to himself, Plaintiff claims ownership of the Subject Properties and asserts that he was denied due process because he was not personally served with the municipal liens filed against the Subject Properties.

the Pennsylvania Municipal Claims and Tax Liens Act ("MCTLA")[2] and secured *in rem* judgments against the Subject Properties.

On January 10, 2024, Defendants Portnoff and Daday filed a Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction asserting that this Honorable Court lacks subject matter jurisdiction under the Tax Injunction Act[3] and the doctrine of comity. Alternatively, Defendants asserted that the *Rooker-Feldman* doctrine divests this Court of subject matter jurisdiction. Defendants' Motion to Dismiss is currently pending.

On April 10, 2024, Plaintiff filed a Motion to Take Judicial Notice. This Motion appears to be aimed primarily at Defendants Portnoff and Daday, as well as Defendant Mary Walk, the Director of the Office of Judicial Support for Delaware County (formerly known as the Prothonotary).[4] Plaintiff asks that the Court take judicial notice of the following "facts:"

1. As the result of a Right to Know Request submitted by Plaintiff to the Borough of Ridley Park, Plaintiff "acquired" 165 "counterfeit judicial 'writs of *scire facias*'" "manufacture(d) and execute(d)" by Portnoff Law Associates at the direction of Michelle Portnoff on behalf of the Borough of Ridley Park.

2. Michelle Portnoff and Portnoff Law Associates have a "custom, practice and policy" of omitting from its writs of *scire facias* filed with the Office of Judicial Support for Delaware County a signature line for the President Judge of Delaware County to sign, "while also intentionally omitting the court's seal."

---

[2] Act of May 16, 1923, P.L. 207, *as amended,* 53 P.S. §§ 7101-7505.
[3] 28 U.S.C. § 1341.
[4] This Motion is not to be confused with a similar Motion to Take Judicial Notice filed by Plaintiff on April 5, 2024, against Defendant, Mary Walk, requesting that the Court take judicial notice of the fact that Mary Walk allegedly attached to her Motion to Dismiss filed in this matter false or fabricated records concerning the Subject Properties.

3.     Michelle Portnoff and Mary Walk, the Director of the Office of Judicial Support for Delaware County, are responsible for issuing and executing "counterfeit" writs of *scire facias* on behalf of the Borough of Ridley Park.

4.     The writs of *scire facias* "provided" by the Borough of Ridley Park and Michelle Portnoff "are unsupported with any court rendered judgments from a court of competent jurisdiction, are not signed by the President Judge of the court, and are not sealed by the prothonotaries of the Court, pursuant to Pennsylvania Statutes Title 53 § 7185 – Form of Scire Facias."

5.     Michelle Portnoff and the "administrative" prothonotaries of Delaware County are taking money and property from people under color of law through "manufacturing and executing" on "counterfeit" writs of *scire facias* without judicial oversight or due process.

6.     Michelle Portnoff's representation of more than 200 municipalities whereby the counterfeiting of writs of *scire facias* without a judicial signature or judicial oversight constitutes an unlawful enterprise to take money and property from people throughout Pennsylvania.

7.     The goal of the RICO statute is to punish the use of an enterprise to engage in certain criminal activity, and a person who engages in such activities can be convicted under the RICO criminal statute.

8.     Plaintiff "extrapolates" from the number of municipalities represented by Michelle Portnoff that Portnoff has unlawfully taken tens of millions of dollars from citizens of Pennsylvania by "counterfeiting writs of *scire facias* and executing those documents by deception."

This Brief of Defendants, Michelle Portnoff and Robert Daday, is submitted in opposition to Plaintiff's Motion to Take Judicial Notice of these supposed "facts."

III.    **ARGUMENT**

A.    **Plaintiff's Motion to Take Judicial Notice is Premature, Where the Court Has Not Yet Ruled upon Defendants' Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction.**

As noted above, Defendants, Michelle Portnoff and Robert P. Daday, filed a Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction, asserting that, where, as here, all Plaintiff's claims against Portnoff and Daday arise from their efforts to collect delinquent real estate taxes and municipal charges owed to the Borough of Ridley Park on the real estate which Plaintiff purportedly owns, the Tax Injunction Act and the doctrine of comity bar this Court from exercising subject matter jurisdiction over Plaintiffs' claims for injunctive relief or damages.  Simply stated, until the matter of the Court's subject matter jurisdiction has been resolved, this Honorable Court lacks subject matter jurisdiction to take judicial notice of any facts in this case.  To permit Plaintiff to file his frivolous motion and to litigate the substantive merit of his claims before the issue of subject matter jurisdiction has been resolved constitutes an incredible waste of the Court and the parties' time and resources.

B.    **The Facts of Which Plaintiff Asks this Court to Take Judicial Notice Are Not the Kinds of Facts That May Be Judicially Noticed under Federal Rule of Evidence 201.**

As stated in the letter brief of Defendant, Mary Walk, the Third Circuit has cautioned that although Federal Rule of Evidence 201(b) permits a court to take judicial notice at any stage of the proceedings, "it should be done sparingly at the pleadings stage." *Victaulic Co. v. Tiernan*, 499 F.3d 227, 236 (3d Cir. 2007).  "Only in the clearest of cases should a district court reach outside the pleadings for facts necessary to resolve a case at that point." *Id.*

5

This is not such a case; the facts of which Plaintiff would have the Court take judicial notice are not the kind of facts within the scope of F.R.E. 201(b).  While courts "may take judicial notice of public records, including "publicly available records and transcripts from judicial proceedings," "such records may only be judicially noticed to show 'what was in the public realm at the time, not whether the contents of those documents are true."  *Sturgeon v. Pharmerica Corp.,* 438 F.Supp.3d 246, 257 (E.D.Pa. 2020) (Rufe, J.) (quoting *United States ex rel.  Spay v. CVS Caremark Corp.*, 913 F. Supp. 2d 125, 139-140 (E.D.Pa. 2012)).

Here, Plaintiff asks the Court not merely to take judicial notice of the existence of the writs of *scire facias* allegedly filed by Portnoff Law Associates, but he seeks to have the court conclude that Michelle Portnoff directed the issuance of 165 writs by members of her law firm; that she directed that members of her firm "counterfeit" the writs by omitting the signature of the President Judge, the inclusion of which, according to Plaintiff, was required by law; that there was no judicial oversight over the issuance of any of these writs, and as a result, Michelle Portnoff unlawfully took tens of millions of dollars from citizens of Pennsylvania.  Many of the "facts" of which Plaintiff would have the Court take judicial notice are not facts at all but are legal conclusions unsupported by any legal authority.  Moreover, Plaintiff asks the Court not merely to take notice of the existence of these writs filed with various courts, but Plaintiff asks the Court to take judicial notice of the contents of the documents, something which the district court in *Sturgeon* warned against.  Plaintiff then asks that the Court draw inferences favorable to Plaintiff from the contents of the documents.  Because Plaintiff's requests to take judicial notice involve the truth, or in many instances, the falsity, of facts gleaned from the documents attached to his Motion, Plaintiff's Motion should be denied.  *See Travelers Casualty and Surety Company v. Falkowski,* Civ. A. No. 16-6737, 2021 WL 2355915, *2 (E.D.Pa. June 9, 2021)

(Baylson, J.) (declining defendant's motion to take judicial notice of the criminal information filed against plaintiff in a prior criminal case where taking such judicial notice is permissible only to show the document's existence, not to take judicial notice of the facts gleaned from that document).

Finally, notwithstanding that Plaintiff asserts that he was denied due process by the filing of a "counterfeit" writ of *scire facias* by attorneys of Portnoff Law Associates, the record in the Delaware County Court reveals that Plaintiff was afforded ample opportunity to appear before that Court to dispute the contents of the writs of *scire facias* filed by Portnoff Law Associates on behalf of Ridley Park Borough, and the Court ultimately decided against Plaintiff and in favor of the Borough, something which Plaintiff conveniently omits from his Complaint and his Motion. Thus, Plaintiff was afforded all the process he was due.

Ironically, by asking the Court to take judicial notice of the eight "facts" which Plaintiff sets forth in his Motion, Plaintiff seeks to deny Defendants, Michelle Portnoff and Robert P. Daday, any opportunity to deny the truth of those facts, and he essentially asks for the entry of judgment in his favor, thereby denying Defendants the opportunity to be heard, the very same denial of due process that he claims to have suffered at the hands of Defendants.

**IV.    CONCLUSION**

Because Plaintiff's Motion to Take Judicial Notice is premature and because the facts which Plaintiffs seeks to be judicially noticed are not the kinds of facts that fall within the scope of Federal Rule of Evidence 201, Plaintiff's Motion to Take Judicial Notice filed on April 10, 2024, should be denied and dismissed.

Respectfully submitted,

STEVENS & LEE, P.C.

Dated:  April 23, 2024                     By:/s/ Donald E. Wieand
                                                    Donald E. Wieand, Esquire
                                                    Pa. I.D. No. 23476
                                                    840 W. Hamilton Street, Suite 521
                                                    Allentown, PA 18101
                                                    Phone:  (610) 997-5071
                                                    Fax:  (610) 371-8412
                                                    E-mail:  dew@stevenslee.com

                                                    *Attorneys for Defendants,*
                                                    *Michelle Portnoff and Robert P. Daday*

04/23/2024 SL1 2102514v1 106358.00015

## CERTIFICATE OF SERVICE

I, Donald E. Wieand, certify that on this date, I served a true and correct copy of the foregoing Brief of Defendants, Michelle Portnoff and Robert P. Daday, in Opposition to Plaintiff's Motion to Take Judicial Notice Filed on April 10, 2024 upon the following persons via electronic mail and via first class mail, postage prepaid, addressed as follows:

Alphonso Nicholas Faggiolo
713 Lamp Post Lane
Aston, PA 19014

Michael F. Schleigh, Esq.
Hardin Thompson, P.C.
123 South Broad Street, Suite 2235
Philadelphia, PA 19109
mschleigh@hardinlawpc.net
*Attorney for Defendant, Mary J. Walk*

Ernest Spiros Angelos, Esq.
Katherine Meehan, Esq.
Raffaele Puppio
19 West Third Street
Media, PA 19063
eangelos@raffaelepuppio.com
meehan@raffaelepuppio.com
*Attorneys for Defendants, Borough of Ridley Park and Richard Tutak*

Nicole Feigenbaum, Esq.
Supreme Court of Pennsylvania
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
Nicole.Feigenbaum@pacourts.us
*Attorney for the Honorable Barry C. Dozor*

Dated:  April 23, 2024               */s/ Donald E. Wieand*
                                     Donald E. Wieand, Esquire