Alphonso Nicholas Faggiolo,
713 Lamp Post Lane.
Aston, Pennsylvania 19014
610-818-7167
*Plaintiff.*

# DISTRICT COURT OF THE UNITED STATES
## for the
## Eastern District of Pennsylvania

| | |
|---|---|
| Alphonso Nicholas Faggiolo<br>*Plaintiff,*<br><br>*vs*.<br><br>BOROUGH OF RIDLEY PARK, et al.,<br>*Defendants.* | **Case Number:** 2:23-cv-04920 |

## PLAINTIFF'S REPLY TO DEFENDANTS MICHELLE PORTNOFF AND ROBERT P. DADAY

  Plaintiff submits this Reply Brief pursuant to Section IV - Motions Practice, B - Reply Briefs, of the Honorable Joel Slomsky's Scheduling And Motion Policies And Procedures, in response to Defendants' filing (docket #28) on the 23rd day of April 2024, by attorney Donald E. Weiand (Id # 23476), for Defendants Michelle Portnoff and Robert P. Daday.

### Defendants' Failure To Address The Matter Before The Court and Plaintiff's 18 U.S. Code § 4 - Misprision of Felony Notice to Judge Joel Slomsky

**1.**   The matter before the court is Plaintiff's Judicial Notice of multiple **COUNTERFEIT JUDICIAL** "writs of scire facias", **manufactured under the color of law by third-party debt collector Defendants Michelle Portnoff and Robert P. Daday, and prothonotary Defendant Mary J. Walk**, then executed by ALL named Defendants, with intent to take money and property from the Plaintiff, and others similarly situated to the Plaintiff.

> **18 U.S. Code § 4 - Misprision of felony**
> **Whoever, having knowledge of the actual commission of a felony** cognizable by a court of the United States, conceals **and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States**, shall be fined under this title or imprisoned not more than three years, or both.

**2.** **Plaintiff filed a civil rights complaint** docketed with this Court on the 12th day of December 2023, pursuant to Title 42 U.S.C. **§** 1983, and in accordance with the Federal Rules of Civil Procedure Rule 3**,** Rule 8(a)**,** (d)(1)(2)**,** (e)**,** Rule 9(c)**,** Rule 10(a)(b)(c) and Rule 11(a)(b)**.** Defendants' opposition to Plaintiff's judicial notice of **counterfeit writs of scire facias**, argues matters that are completely outside the four corners of the Plaintiff's judicial notice, and are more proper to be put in the Defendants' answer to the Plaintiff's complaint, which, to date, the Defendants have FAILED to answer.

**3.** Third-party debt collector Defendants Michelle Portnoff and Robert P. Daday, were provided 21 days to answer the Plaintiff pursuant to Federal Rule 12(a)(1)(A)(i). Instead, Portnoff's and Daday's **attorney Donald E. Weiand chose to file a frivolous 12b(1)(6) motion, arguing matters outside the four corners of the Plaintiff's civil rights suit, and making unfounded, unsupported, legal conclusions that neither Weiand, Portnoff, nor Daday have any personal knowledge of or factual evidence to prove.**

**4.** Donald E. Weiand continues to **argue irrelevant matters that are completely outside the four corners of the Plaintiff's judicial notice**; **while Defendants Portnoff and Daday continue to IRREPARABLY HARM and DAMAGE the Plaintiff by violating his rights, and committing multiple, provable, FELONIES, such as actively orchestrating the theft of two of the Plaintiff's properties, under the color of law.** See Exhibit A

> **Pennsylvania Rules of Professional Conduct: 4.4 Respect for Rights of Third Persons: (a)** In representing a client, **a lawyer shall not use means that have no substantial purpose other than to** embarrass, **delay, or burden** a third person, or use methods of obtaining evidence that violate the legal rights of such a person.
>
> **18 Pa. C.S. § 3921 - Theft by unlawful taking or disposition (b) Immovable property: A person is guilty of theft if he unlawfully transfers, or exercises unlawful control over, immovable property of another or any interest therein with intent to benefit himself or another not entitled thereto**.

**5.** Attorney Donald E. Weiand filed a frivolous 12b(1)(6) motion on the 10th day of January 2024, **111 DAYS AGO, which Weiand has never bothered to set for a hearing to move the suit along**, **done to delay and frustrate the Plaintiff's attempt to obtain rightful redress and repose**, as Weiand's clients, third-party debt collector Defendants Michelle Portnoff and Robert P. Daday, continue to act in conspiracy with prothonotary Defendant Mary J. Walk, who **have used Weiand's dilatory delay tactics to further TERRORIZE, EXTORT, and THREATEN the Plaintiff,** by orchestrating an illegal Sheriff sale of the Plaintiff's two properties, commonly known as 215 and 0 Kane Avenue, Ridley Park, Pennsylvania 19078; properties that neither Portnoff, Daday, Defendant Borough of Ridley Park, nor any of the named Defendants have title of ownership, rights, or interest in! **See Exhibit A**

> **Pennsylvania Rules of Professional Conduct: 3.2 [1] Expediting Litigation**
> Dilatory practices bring the administration of justice into disrepute. Although there will be occasions when a lawyer may properly seek a postponement for personal reasons, **it is not proper for a lawyer to routinely fail to expedite litigation solely for the convenience of the advocates**. **Nor will a failure to expedite be reasonable if done for the purpose of frustrating an opposing party's attempt to obtain rightful redress or repose**. **It is not a justification that similar conduct is often tolerated by the bench and bar**. **The question is whether a competent lawyer acting in good faith would regard the course of action as having some substantial purpose other than delay**. Realizing financial or other benefit from otherwise improper delay in litigation is not a legitimate interest of the client.
>
> **18 Pa. C.S. § 3923 - Theft by Extortion**
> **(a)** Offense defined.--A person is guilty of theft if he intentionally obtains or withholds property of another by threatening to:
> **(1)** commit another criminal offense;
> **(4)** take or withhold action as an official, or cause an official to take or withhold action;
> **(6)** testify or provide information or withhold testimony or information with respect to the legal claim or defense of another; or
> **(7)** inflict any other harm which would not benefit the actor.

**6.** Common sense and jurisprudence tell us that one must first own property before one can sell it!

> "**To convey a title the seller must himself have a title** to the property which is the subject of the transfer (3 B. & C. 47; 3 Burr. 1516; 5 T. R. 683; 7 Bing. 284; 7 Taunt. 265, 278; 13 East, 509; Bouv. Inst. Index, h.t.) and for a deed, to be effective, **there must be some right or interest owned by the grantor in the land at the time the deed was made**. *Leidig vs. Hoopes*, (Okla) 288 P2d 402; **Phillips vs. Johnson**, 202 Okla 645, 217 P2d 520"

## UNDISPUTED FACTS OF PLAINTIFF'S COUNTERFEIT
## WRITS OF SCIRE FACIAS JUDICIAL NOTICE

**7.** Defendants Michelle Portnoff and Robert P. Daday are self-identified third-party debt collectors, that repeatedly used the United States Postal Service to claim they were collecting a DEBT from the Plaintiff, owed to Defendant Borough of Ridley Park.

> *"**This law firm is a debt collector, this is an attempt to collect a debt**, and any information obtained will be used for that purpose". See Exhibit B of Plaintiff's complaint (Debt Collector Letter)…***Third-Party Debt Collector and Defendant Michelle Portnoff***

**8.** In **Roethlein v. Portnoff Law Associates, LTD (2011)** the court saw fit to specifically define the term "debt" and "debtors".

> "The *terms* "debt" and "debtors" are terms of art. Long ago **our Supreme Court explained that**: Every debt of course is an obligation, but every obligation is not a debt… **A debt is a sum or money due by contract, express or implied.** But a tax is not a debt. It is not founded upon contract. It does not *establish* the relation of debtor and creditor between the taxpayer and the [governmental entity]. **A debt arises from a contract**… A tax, as explained by our Supreme Court, does not arise from a contract, and a *delinquent* taxpayer is not a "debtor". Roethlein v. **Portnoff Law Associates, LTD** (2011)

**9.** Neither the Plaintiff, nor the Plaintiff's deceased parents, have ever had a contract with Defendant Borough of Ridley Park, wherefore **third-party debt collectors** Michelle Portnoff and Robert P. Daday, **were not, and could not have been, collecting a debt** owed by the Plaintiff or the Plaintiff's parents to the Borough of Ridley Park.

**10.** On 27th day of July 2021, absent all due process and rule of law, third-party debt collectors and Defendants Michelle Portnoff and Robert P. Daday, with **no contracts, or records of their legal authorization, acting of their own accord**, manufactured three (3) property liens against the Plaintiff's three properties under the color of law.

**11.** On the 23rd of March 2022, Plaintiff sent Defendant Borough of Ridley Park, a formal Pennsylvania Right to Know Record Request, **seeking a copy of the record of who EXACTLY from the Borough of Ridley Park authorized third-party debt collector Defendants Michelle Portnoff and Robert P. Daday to create liens against the Plaintiff's three**

**properties.** On the 9th of May 2022, Defendant Richard Tutak, acting for Defendant Borough of Ridley Park, provided the Plaintiff a sworn affidavit that averred:

> Pursuant to section 901 of the Right to Know Law, the **Borough has made a good faith effort to locate any document which fulfills this request and has found that there is no record or document which exists in the possession or control of the Borough which satisfies this request**. Additionally, pursuant to Section 705 of the Right to Know Law, the Borough is not required to create a record which does not currently exist or to compile, maintain format or organize a record in the manner in which the agency does not currently compile, maintain format or organize the record. Accordingly, Mr. Faggiolo's request should be denied.

### FAILED TO COMMENCE CIVIL LAWSUITS PURSUANT TO THE RULES

**12.** On 27th day of July 2021, third-party debt collectors Michelle Portnoff and Robert P. Daday, FAILED **to file civil complaints against the Plaintiff** pursuant to Pennsylvania Rules of Civil Procedure 1007 – (Commencement of Action), **required to commence civil suits against the Plaintiff**.

**13.** On 27th day of July 2021, third-party debt collector Defendants Michelle Portnoff and Robert P. Daday, **FAILED to serve civil complaints and summons to the Plaintiff** pursuant to Pennsylvania Rules of Civil Procedure § 410 – (Real Property Actions) and § 400 (Person to Make Service).

**14.** On 27th day of July 2021, some **UNKNOWN PERSONS** from prothonotary Defendant Mary J. Walk's **ADMINISTRATIVE** office of judicial support, **sent the Plaintiff three counterfeit notices of judgments,** sent under Pennsylvania Rule of Civil Procedure Rule 236 - Notice by Prothonotary of Entry of Order or Judgment; claiming there were judgments entered against the Plaintiff, which were signed by the "Office of Judicial Support", yet never included the purported judgments required by Rule 236 Notice. See Exhibits E1, E2, and E3 of Plaintiff's Complaint.

> "NOTICE IS GIVEN UNDER PENNSYLVANIA RULE OF CIVIL PROCEDURE NO. 236 THAT **A JUDGMENT IN THE ABOVE CASE HAS BEEN ENTERED ON 07-27-2021**.
>
> SIGNED **2021-07-27**
> PER **Office of Judicial Support**"

**15.**     **Pennsylvania Rule of Civil Procedure 236** requires one of two elements to be satisfied: (a)(1) **a judgment entered by confession** to the defendant by ordinary mail together with a copy of all documents filed with the prothonotary in support of the confession of judgment, or (a)(2) **any other order or judgment to each party's attorney of record or, if unrepresented, to each party. The notice shall include a copy of the order or judgment.** The Rule 236 notices from Defendant Walk's office of judicial support included no court orders or judgements.

**16.**     There was no existence of a cognovit clause to support a judgment by confession regarding the Plaintiff and/or Plaintiff's three properties pursuant to Pennsylvania Rule of Civil Procedure 236 (a)(1), and **there were no court rendered orders or judgments included with the purported notices provided to the Plaintiff pursuant to (a)(2)**.

> The meaning of COGNOVIT CLAUSE is a clause in an agreement in which one party authorizes the entry of judgment against himself or herself in the event of his or her breach or default. **Merriam Webster Dictionary**

**17.**      It's a FACT of law that third-party debt collector Defendants Michelle Portnoff and Robert P. Daday manufactured and filed three (3), **unauthorized, counterfeit, liens** against the Plaintiff's three (3) properties, with no appearance of due process and the rule of law.

**18.**     Further, it's a FACT of law that **unknown employees** of prothonotary Defendant Mary J. Walk's administrative office of judicial support **aren't judges**, and **WITHOUT ANY PREVIOUS JUDICIAL ACTIONS**, these unknown administrative employees, cannot render court orders and/or enter court judgments against the Plaintiff and/or Plaintiff's three properties.

> *"**The actual entry of an order or judgment is an act requiring judicial authority**. **Atlanta General Tires, Inc. v Williams**, 186 Ga App 677, 368 SE2d 333 (under statute); Although a judge may seek assistance from a prevailing party in preparing the judgment, it remains emphatically the province and a responsibility of the judge to ascertain that the judgment is timely entered.  **Ward v Lupinacci (App)** 111 Idaho 40, 720 P2d 223. Thus, the clerk can only enter the judgment announced by the court. **Miller v Miller (Okla)** 664 P2d 1032 **A judgment entered without previous judicial action by the court is void.** **Miller v Miller (Okla)** 664 P2d 1032 (a recital in the clerk's minutes that "the court renders judgment for the defendant's per journal entry to be filed" **did not constitute a judgment where the trial court's judgment did not appear in the record**). The judicial authority reposed in the trial judge and the proper functioning of his office in rendering judgment **cannot be dependent upon the ministerial function of the court clerks in recording that fact**. **Cirro Wrecking Co. v Roppolo**, 153 Ill 2d 6, 178 Ill Dec 750, 605 NE2d 544 It also follows that because the judicial authority is exercised*

> *exclusively by the trial judge during the pendency of his office, that authority ends when the office is vacated. **Cirro Wrecking Co. v Roppolo**, 153 Ill 2d 6, 178 Ill Dec 750, 605 NE2d 544"*

## Federal Rule of Evidence 201

**19.**  Pursuant to Federal Rule of Evidence 201(a) the existence of counterfeit "writs of scire facias" using the documents that were manufactured and/or used by ALL named Defendants in this instant matter, **is an adjudicative fact**, not a legislative fact.

**20.**  Pursuant to Federal Rule of Evidence 201(b)(1), the following facts are generally known within the trial court's territorial jurisdiction: a) **only a court of competent jurisdiction can render court orders and judgments**, not third-party debt collectors and administrative offices of judicial support; b) **only judges render court orders and JUDICIAL writs of scire facias**, not an administrative office of the prothonotary and her administrative employees.

**21.**  Pursuant to Federal Rule of Evidence 201(b)(2), the accuracy of the documents provided by the Plaintiff to this court, which were manufactured by ALL named Defendants as writs of scire facias, cannot reasonably be questioned; as third-party debt collector Defendants Michelle Portnoff and Robert P. Daday, and prothonotary Defendant Mary J. Walk, have not denied that they alone manufactured these documents, or were involved in the manufacturing of these documents, provided by the Plaintiff as exhibits in his motion. Nor have any of the named Defendants alleged that the documents the Plaintiff supplied were altered in any way. The court can accurately and readily determine whether those documents provided by the Plaintiff are legally and lawfully promulgated writs of scire facias, or **IMITATIONS** of valid writs, produced to deceive.

> **COUNTERFEIT.** *"In criminal law. To forge; to copy or **imitate, without authority or right, and with a view to deceive or defraud, by passing the copy or thing forged for that which is original or genuine**. Most commonly applied to the fraudulent and criminal imitation of money." State v. McKenzie*, 42 Me. 392; *U. S. v. Barrett, D.C.N.D.,* 111 F. 369; *DeRose v. People*, 64 Colo. 332, 171 P. 359, L.R.A.1918C, 1193; Metropolitan Nat. Bank v. National Surety Co., D.C.Minn., 48 F. 2d 611, 612.

**22.**  Pursuant to Federal Rule of Evidence 201(c), the Plaintiff has supplied the court with the necessary information, including signed documents by third-party debt collector Defendant

Robert P. Dady and prothonotary Defendant Mary J. Walk. **It defies logic and is incredulous** that ALL named Defendants, and their attorneys, contend that third-party debt collectors Michelle Portnoff, Robert P. Daday, and prothonotary Mary J. Walk, can manufacture and impose court orders in the form of JUDICIAL writs of scire facias, without any judicial oversight or court rendered judgments to support their actions and purported writs of scire facias.

**23.** Pursuant to Federal Rule of Evidence 201(d), timing of the Plaintiff's Judicial Notice is clearly appropriate as **"the court may take Judicial Notice at any stage of the proceeding"**. Further, no laws or rules on timing, or for anything else, provides immunity to ALL named Defendants for the counterfeiting of JUDICIAL writs of scire facias, intended to take money and property from the Plaintiff, and others similarly situated to the Plaintiff.

**24.** Pursuant to Federal Rule of Evidence 201(e), ALL named Defendants are STILL provided the "opportunity to be heard" and produce any witnesses that claim to have personal knowledge and evidence that the documents the Plaintiff manufactured, which the Plaintiff has provided to the court in both his complaint and this judicial notice, are legally and lawfully promulgated writs of scire facias.

## WHEREFORE

**25.** Absent a claim of eminent domain, by the Pennsylvania Legislature, against the Plaintiff's three properties, the Pennsylvania Legislature is Constitutionally prohibited from creating non court rendered judgments against the Plaintiff and/or Plaintiff's properties, **and then manufacturing writs of scire facias,** to take, seize, and sell the Plaintiff's three properties, without any appearance of due process or the rule of law. ALL named Defendants have FAILED to provide any evidence of how they can legally do indirectly what the Pennsylvania Legislature cannot legally do directly.

> "It would be strange, indeed, if the legislature by creating a body politic or corporate to exercise a legislative function, could do indirectly what it may not do directly. It seems too plain for cavil that, **if a mere creature of the legislature can do what the legislature itself is constitutionally prohibited from doing, the carefully designed [constitutional] prohibition... could be rendered useless. Such a result is not to be sanctioned**." Buckwalter v. Borough of Phoenixville, 985 A. 2d 728 - Pa: Supreme Court 2009

**26.** It's a FACT that court rendered judgments never existed on 27th day of July 2021 required to issue **JUDICIAL** writs of scire facias upon.

**27.** It's a FACT that third-party debt collector Defendants Michelle Portnoff and Robert P. Daday, and prothonotary Defendant Mary J. Walk, manufactured counterfeit JUDICIAL writs of scire facias which are unsigned by the President judge of the court pursuant to Pennsylvania Title 53 § 7185.

**28.** It's a FACT that there is prima facie evidence that the Defendants scheme the Plaintiff has provided evidence of in this judicial notice, and in his civil rights complaint, appears to be occurring throughout the 200+ municipalities that third-party debt collector Defendant Michelle Portnoff claims to represent and be acting for.

**29.** Michelle Portnoff, a third-party debt collector taking money that neither she nor her clients are entitled to constitutes theft (18 Pa. C.S. § 3921 - Theft by unlawful taking or disposition). Taking that money through threats constitutes extortion (18 Pa. C.S. § 3923 - Theft by Extortion). Taking that money using the United States Postal Service, through a scheme or artifice to defraud, constitutes mail fraud (18 U.S. Code § 1341 - Frauds and swindles), and perpetrating these criminal activities throughout 200+ municipalities Portnoff claims to represent and act for, constitutes Federal Racketeering (18 U.S. Code § 1963 - Criminal penalties).

*Submitted this 30th day of April 2024.*

by _/s/ Alphonso Nicholas Faggiolo_
Alphonso Nicholas Faggiolo
*Plaintiff*

### Certificate of Service

I, Alphonso Nicholas Faggiolo, certify that on the 30th day of April, 2024, a true and correct copy of the above has been electronically mailed to: MICHAEL F. SCHLEIGH: mschleigh@hardinlawpc.net, amollai@hardinlawpc.net, amoore@hardinlawpc.net; DONALD E. WIEAND, JR: dew@stevenslee.com, lak@stevenslee.com; KATHERINE H. MEEHAN: meehan@raffaelepuppio.com; NICOLE A. FEIGENBAUM: nicole.feigenbaum@pacourts.us, legaldepartment@pacourts.us; ERNEST S. ANGELOS: eangelos@raffaelepuppio.com, Altieri@raffaelepuppio.com

PORTNOFF LAW ASSOCIATES, LTD.  ATTORNEY FOR PLAINTIFF
BY: ROBERT P. DADAY, ESQUIRE  ATTORNEY ID 43006
BY: DAVID D. DUGAN, ESQUIRE  ATTORNEY ID 312395
POST OFFICE BOX 391
NORRISTOWN, PA  19404
(866) 211-9466

| | | |
|---|---|---|
| Borough of Ridley Park | : | IN THE COURT OF COMMON PLEAS |
| Plaintiff | | |
| vs. | : | DELAWARE COUNTY, PA |
| The Heirs of Margaret J. Faggiolo, and Unknown Heirs, Successors or Assigns of Margaret J. Faggiolo, Deceased, and All Persons, Firms or Associations Claiming Right, Title or Interest From or Under Margaret J. Faggiolo, Deceased, Owner, Reputed Owner or Whoever May Be the Owner by operation of law | : | NO. CV-2021-062988 |
| | : | CIVIL ACTION - IN REM |
| Defendants | | |

## NOTICE OF SHERIFF'S SALE OF REAL PROPERTY
### CIVIL ACTION – LAW

TO:  The Unknown Heirs           The Unknown Heirs of
     Of Margaret J. Faggiolo     Margaret J. Faggiolo
     215 Kane Avenue             505 Johnson Avenue
     Ridley Park, PA  19078      Ridley Park, PA 19078

     Alphonso Faggiolo, Heir     Alphonso Faggiolo, Heir
     Of Margaret J. Faggiolo     Of Margaret J. Faggiolo
     713 Lamp Post Lane          505 Johnson Avenue
     Aston, PA 19014-2613        Ridley Park, PA 19078

Residential dwelling

    Your real estate at 215 Kane Avenue, Ridley Park, Pennsylvania  19078, and at Kane Avenue, Ridley Park, PA 19078 is scheduled to be sold at Sheriff's Sale on Friday, May 17, 2024, at 11:00 a.m. in the County Council Room, Court House, Media, Pennsylvania, to enforce the court judgment of $7,259.63 obtained by Borough of Ridley Park against you.