Alphonso Nicholas Faggiolo,
713 Lamp Post Lane.
Aston, Pennsylvania 19014
610-818-7167
*Plaintiff.*

# DISTRICT COURT OF THE UNITED STATES
## for the
## Eastern District of Pennsylvania

|  |  |
|---|---|
| Alphonso Nicholas Faggiolo<br>*Plaintiff,*<br><br>vs.<br><br>BOROUGH OF RIDLEY PARK, et al.,<br>*Defendants.* | **Case Number:** 2:23-cv-04920 |

## PLAINTIFF'S REPLY TO DEFENDANTS RICHARD TUTAK AND BOROUGH OF RIDLEY PARK

*Plaintiff submits this Reply Brief pursuant to Section IV - Motions Practice, B - Reply Briefs, of the Honorable Joel Slomsky's Scheduling And Motion Policies And Procedures, in response to Defendants' filing (docket #30) on the 25th day of April 2024, by attorney Katherine H. Meehan (Id # 74331) for Defendants Richard Tutak and the Borough of Ridley Park.*

### Defendant's Failure To Address The Matter Before The Court and Plaintiff's 18 U.S. Code § 4 - Misprision of Felony Notice to Judge Joel Slomsky

1.      Attorney Katherine H. Meehan's (Id # 74331) statements are in conflict with a previous sworn affidavit from her client, Defendant Richard Tutak's sworn affidavit, in which Tutak acted and spoke for himself, and for Defendant Borough of Ridley Park.

2.      It's an undisputable FACT that on the 23rd of March 2022, Plaintiff sent Defendant Borough of Ridley Park, a formal Pennsylvania Right to Know Record Request, seeking a copy of the record of who, EXACTLY, from the Borough of Ridley Park authorized third-party debt collector Defendants Michelle Portnoff and Robert P. Daday, to create liens against the Plaintiff's three properties. On the 9th of May 2022, Defendant Tutak, acting for himself and for Defendant Borough

of Ridley Park, provided the Plaintiff a sworn affidavit that averred he and the Borough had no such records:

> Pursuant to section 901 of the Right to Know Law, the **Borough has made a good faith effort to locate any document which fulfills this request and has found that there is no record or document which exists in the possession or control of the Borough which satisfies this request**. Additionally, pursuant to Section 705 of the Right to Know Law, **the Borough is not required to create a record which does not currently exist** or to compile, maintain format or organize a record in the manner in which the agency does not currently compile, maintain format or organize the record. Accordingly, Mr. Faggiolo's request should be denied.

3. Apparently, attorney Katherine Meehan believes that third-party debt collector Defendants Michelle Portnoff and Robert P. Daday, can just manufacture and file liens, fictitious legal fees, and **COUNTERFEIT WRITS OF SCIRE FACIAS,** against the Plaintiff's three properties, without any appearance of due process or the rule of law.

4. The matter before the court is Plaintiff's Judicial Notice of multiple **COUNTERFEIT JUDICIAL** "writs of scire facias", **manufactured under the color of law by third-party debt collector Defendants Michelle Portnoff and Robert P. Daday, and prothonotary Defendant Mary J. Walk**, by **ALL named Defendants**, with intent to take money and property from the Plaintiff, and others similarly situated to the Plaintiff.

> **18 U.S. Code § 4 - Misprision of felony**
> **Whoever, having knowledge of the actual commission of a felony** cognizable by a court of the United States, conceals **and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States**, shall be fined under this title or imprisoned not more than three years, or both.

5. **Plaintiff filed a civil rights complaint** docketed with this Court on the 12th day of December 2023, pursuant to Title 42 U.S.C. **§** 1983, and in accordance with the Federal Rules of Civil Procedure Rule 3**,** Rule 8(a)**,** (d)(1)(2)**,** (e)**,** Rule 9(c)**,** Rule 10(a)(b)(c) and Rule 11(a)(b)**.** Defendants' opposition to Plaintiff's judicial notice of **counterfeit JUDICIAL writs of scire facias**, argues matters that are completely outside the four corners of the Plaintiff's judicial notice, and are more proper to be put in the Defendants' answer to the Plaintiff's complaint, which to date, the Defendants have FAILED to answer.

6. Defendants Richard Tutak and the Borough of Ridley Park were provided 21 days to answer the Plaintiff pursuant to Federal Rule 12(a)(1)(A)(i). Instead, the Defendants' attorney Katherine H. Meehan chose to file a frivolous 12b(1)(6) motion, **arguing matters outside the four corners of the Plaintiff's civil rights suit, and making unfounded, unsupported, legal conclusions, that neither**

**Meehan, Defendant Richard Tutak, nor any employees (public servants) of Defendant Borough of Ridley Park, have any personal knowledge of, or factual evidence to prove.**

7.     Attorney Katherine H. Meehan continues to delay by **arguing irrelevant matters that are completely outside the four corners of the Plaintiff's judicial notice**; **while third-party debt collector Defendants Michelle Portnoff and Robert P. Daday, acting in the name of the Borough of Ridley Park, continue to IRREPARABLY HARM and DAMAGE the Plaintiff, by violating his rights, and committing multiple FELONIES, such as actively orchestrating the theft of two of the Plaintiff's properties, under the color of law.** See Exhibit A

> **Pennsylvania Rules of Professional Conduct: 4.4 Respect for Rights of Third Persons:**
> (**a**) In representing a client, **a lawyer shall not use means that have no substantial purpose other than to** embarrass, **delay, or burden** a third person, or use methods of obtaining evidence that violate the legal rights of such a person.
>
> **18 Pa. C.S. § 3921 - Theft by unlawful taking or disposition (b) Immovable property: A person is guilty of theft if he unlawfully transfers, or exercises unlawful control over, immovable property of another or any interest therein with intent to benefit himself or another not entitled thereto**.

8.     Attorney Katherine H. Meehan filed a frivolous 12b(1)(6) motion on the 9th day of January 2024, **114 DAYS AGO, which Meehan has never bothered to set for a hearing to expedite the litigation**, **done to delay and frustrate the Plaintiff's attempt to obtain rightful redress and repose**, as third-party debt collector Defendants Michelle Portnoff and Robert P. Daday, continue to act in conspiracy with prothonotary Defendant Mary J, Walk, who **have used Meehan's dilatory delay tactics to further TERRORIZE, EXTORT, and THREATEN the Plaintiff,** by orchestrating an illegal Sheriff sale of the Plaintiff's two properties, commonly known as 215 and 0 Kane Avenue, Ridley Park, Pennsylvania 19078; properties that neither Portnoff, Daday, Defendant Borough of Ridley Park, nor any of the named Defendants have title of ownership, rights, or interest in!

> **Pennsylvania Rules of Professional Conduct: 3.2 [1] Expediting Litigation**
> Dilatory practices bring the administration of justice into disrepute. Although there will be occasions when a lawyer may properly seek a postponement for personal reasons, **it is not proper for a lawyer to routinely fail to expedite litigation solely for the convenience of the advocates**. **Nor will a failure to expedite be reasonable if done for the purpose of frustrating an opposing party's attempt to obtain rightful redress or repose**. **It is not a justification that similar conduct is often tolerated by the bench and bar**. **The question is whether a competent lawyer acting in good faith would regard the course of action as having some substantial purpose other than delay**. Realizing financial or other benefit from otherwise improper delay in litigation is not a legitimate interest of the client.

**18 Pa. C.S. § 3923 - Theft by Extortion**
(a) Offense defined.--A person is guilty of theft if he intentionally obtains or withholds property of another by threatening to:
(1) commit another criminal offense;
(4) take or withhold action as an official, or cause an official to take or withhold action;
(6) testify or provide information or withhold testimony or information with respect to the legal claim or defense of another; or
(7) inflict any other harm which would not benefit the actor.

**9.** Common sense and jurisprudence should tell Defendants Richard Tutak and the Borough of Ridley Park that **one must first own property before one can sell it**!

> "*To convey a title the seller must himself have a title* to the property which is the subject of the transfer (3 B. & C. 47; 3 Burr. 1516; 5 T. R. 683; 7 Bing. 284; 7 Taunt. 265, 278; 13 East, 509; Bouv. Inst. Index, h.t.) and for a deed, to be effective, *there must be some right or interest owned by the grantor in the land at the time the deed was made*. *Leidig vs. Hoopes*, (Okla) 288 P2d 402; *Phillips vs. Johnson*, 202 Okla 645, 217 P2d 520"

**10.** Plaintiff has filed a motion for the court to take judicial notice of counterfeit JUDICIAL writs of scire facias, which **DIRECTLY relate to Defendants Richard Tutak and the Borough of Ridley Park**. Defendants Tutak and Borough of Ridley Park, have condoned and facilitated third-party debt collector Defendants Michelle Portnoff and Robert P. Daday, and prothonotary Defendant Mary J. Walk, to manufacture, execute, and impose, **counterfeit JUDICIAL writs of scire facias**, as security instruments to defraud the Plaintiff, under the color of law, in order to take his money and his properties.

**11.** It's a FACT, not a legal conclusion, that the purported to JUDICIAL writs of scire facias, manufactured by third-party debt collector Defendants Michelle Portnoff and Robert P. Daday, and prothonotary Defendant Mary J. Walk, **didn't come from the "office of a judge"** and Defendants Portnoff, Daday, and Walk, don't possess judicial authority.

> JUDICIAL means: **Belonging to the office of a judge**; as judicial authority. Black's Law Dictionary 4th Edition.

**12.** The County of Delaware Court of Common Pleas "Office of Judicial Support", who manufactured and issued the purported JUDICIAL writs of scire facias, **is not a court of competent jurisdiction**.

> WRIT means: "**A mandatory precept issuing from court of justice**." Poirier v. East Coast Realty Co., 84 N.H. 461, 152 A. 612, 613. Process. State ex rel. Walling v. Sullivan, 245 Wis. 180, 13 N.W.2d 550, 555.

>18 Standard Pennsylvania Practice 2d § 102:10 (1983) (footnotes omitted). **Where the writ applies to a judicial record it does not serve to institute an action but is founded on an action and is termed a judicial writ**. Id. § 102:11. Shapiro v. Center Tp., Butler County
>
>"**Title 2** of the Pennsylvania Consolidated Statutes **relates to administrative law and procedure** for both Commonwealth agencies and local agencies." **Shapiro v. Center Tp., Butler County**

13. **A judgment entered without previous judicial action by the court is void. A JUDICIAL writ must be founded upon some matter of record, such as a court rendered judgment.**

>SCIRE FACIAS means: *"In practice.* **A judicial writ**, *founded upon some matter of record,* **such as a judgment** *or recognizance and requiring the person against whom it is brought to show cause why the party bringing it should not have advantage of such record, or (in the case of a scire facias to repeal letters patent) why the record should not be annulled and vacated."* **2 Archb.Pr. K.B**. 86; Pub. St. Mass. p. 1295. *The name is used to designate both the writ and the whole proceeding.* **City of St. Louis v. Miller**, *235 Mo. App. 987, 145 S.W.2d 504, 505.*
>
>*"**The actual entry of an order or judgment is an act requiring judicial authority**.* **Atlanta General Tires, Inc. v Williams***, 186 Ga App 677, 368 SE2d 333 (under statute); Although a judge may seek assistance from a prevailing party in preparing the judgment, it remains emphatically the province and a responsibility of the judge to ascertain that the judgment is timely entered.* **Ward v Lupinacci (App***) 111 Idaho 40, 720 P2d 223. Thus, the clerk can only enter the judgment announced by the court.* **Miller v Miller (Okla)** *664 P2d 1032* **A judgment entered without previous judicial action by the court is void.** **Miller v Miller (Okla***) 664 P2d 1032 (a recital in the clerk's minutes that "the court renders judgment for the defendant's per journal entry to be filed"* **did not constitute a judgment where the trial court's judgment did not appear in the record***). The judicial authority reposed in the trial judge and the proper functioning of his office in rendering judgment* **cannot be dependent upon the ministerial function of the court clerks in recording that fact***.* **Cirro Wrecking Co. v Roppolo***, 153 Ill 2d 6, 178 Ill Dec 750, 605 NE2d 544 It also follows that because the judicial authority is exercised exclusively by the trial judge during the pendency of his office, that authority ends when the office is vacated.* **Cirro Wrecking Co. v Roppolo***, 153 Ill 2d 6, 178 Ill Dec 750, 605 NE2d 544"*

## Federal Rule of Evidence 201

14. Pursuant to Federal Rule of Evidence 201(a) the existence of counterfeit "writs of scire facias" using the documents that were manufactured and/or used by ALL named Defendants in this instant matter, **is an adjudicative fact**, not a legislative fact.

15. Pursuant to Federal Rule of Evidence 201(b)(1), the following facts are generally known within the trial court's territorial jurisdiction: a) **only a court of competent jurisdiction can render court orders and judgments**, not third-party debt collectors and administrative offices of judicial support; b) **only judges render court orders and JUDICIAL writs of scire facias**, not an administrative office of the prothonotary and her administrative employees.

**16.** Pursuant to Federal Rule of Evidence 201(b)(2), the accuracy of the documents provided by the Plaintiff to this court, which were manufactured by ALL named Defendants as writs of scire facias, cannot reasonably be questioned; as third-party debt collector Defendants Michelle Portnoff and Robert P. Daday, and prothonotary Defendant Mary J. Walk, have not denied that they alone manufactured these documents, or were involved in the manufacturing of these documents, provided by the Plaintiff as exhibits in his motion. Nor have any of the named Defendants alleged that the documents the Plaintiff supplied were altered in any way. The court can accurately and readily determine whether those documents provided by the Plaintiff are legally and lawfully promulgated writs of scire facias, or **IMITATIONS** of valid writs, produced to deceive.

> **COUNTERFEIT.** *"In criminal law. To forge; to copy or **imitate, without authority or right, and with a view to deceive or defraud, by passing the copy or thing forged for that which is original or genuine**. Most commonly applied to the fraudulent and criminal imitation of money."* State v. McKenzie, 42 Me. 392; *U. S. v. Barrett, D.C.N.D.,* 111 F. 369; *DeRose v. People,* 64 Colo. 332, 171 P. 359, L.R.A.1918C, 1193; Metropolitan Nat. Bank v. National Surety Co., D.C.Minn., 48 F. 2d 611, 612.

**17.** Pursuant to Federal Rule of Evidence 201(c), the Plaintiff has supplied the court with the necessary information, including signed documents by third-party debt collector Defendant Robert P. Dady and prothonotary Defendant Mary J. Walk. **It defies logic and is incredulous** that ALL named Defendants, and their attorneys, contend that third-party debt collectors Michelle Portnoff, Robert P. Daday, and prothonotary Mary J. Walk, can manufacture and impose court orders in the form of JUDICIAL writs of scire facias, **without any judicial oversight or court rendered judgments to support their actions and purported writs of scire facias**.

**18.** Pursuant to Federal Rule of Evidence 201(d), timing of the Plaintiff's Judicial Notice is clearly appropriate as **"the court may take Judicial Notice at any stage of the proceeding"**. Further, no laws or rules on timing, or rules for anything else, provides immunity to ALL named Defendants for the **COUNTERFEITING** of JUDICIAL writs of scire facias, manufactured and intended to take money and property from the Plaintiff, and others similarly situated to the Plaintiff.

**19.** Pursuant to Federal Rule of Evidence 201(e), ALL named Defendants are STILL provided the "opportunity to be heard" and produce any witnesses that claim to have personal knowledge and evidence that the documents the Plaintiff manufactured, which the Plaintiff has provided to the court in both his complaint and this judicial notice, are legally and lawfully promulgated writs of scire facias.

# WHEREFORE

20.     Absent a claim of eminent domain, by the Pennsylvania Legislature, against the Plaintiff's three properties, **the Pennsylvania Legislature is Constitutionally prohibited from taking property form the Plaintiff**. Nor can the Legislature create non court rendered judgments against the Plaintiff and/or Plaintiff's properties, **and then manufacture non-court rendered writs of scire facias,** to take, seize, and sell the Plaintiff's three properties, without any appearance of due process or the rule of law. ALL named Defendants have FAILED to provide any evidence of how they can legally do indirectly what the Pennsylvania Legislature cannot legally do directly.

> *"It would be strange, indeed, if the legislature by creating a body politic or corporate to exercise a legislative function, could do indirectly what it may not do directly. It seems too plain for cavil that, **if a mere creature of the legislature can do what the legislature itself is constitutionally prohibited from doing, the carefully designed [constitutional] prohibition... could be rendered useless. Such a result is not to be sanctioned**." Buckwalter v. Borough of Phoenixville*, 985 A. 2d 728 - Pa: Supreme Court 2009

21.     It's a FACT that court rendered judgments never existed on 27th day of July 2021 required to issue **JUDICIAL** writs of scire facias upon.

22.     It's a FACT that third-party debt collector Defendants Michelle Portnoff and Robert P. Daday, and prothonotary Defendant Mary J. Walk, manufactured counterfeit JUDICIAL writs of scire facias, which are unsigned by the President judge of the court pursuant to Pennsylvania Title 53 § 7185.

23.     It's a FACT that there is prima facie evidence that the Defendants' scheme, which the Plaintiff has provided evidence of in this judicial notice, and in his civil rights complaint, appears to be occurring throughout the Borough of Ridley Park and the 200+ municipalities that third-party debt collector Defendant Michelle Portnoff claims to represent and be acting for.

24.     ALL named Defendants are unlawfully taking money and property from the Plaintiff that they're not entitled to, which constitutes theft (18 Pa. C.S. § 3921 - Theft by unlawful taking or disposition). Taking that money through threats constitutes extortion (18 Pa. C.S. § 3923 - Theft by Extortion). Taking that money using the United States Postal Service, through a scheme or artifice to defraud, constitutes mail fraud (18 U.S. Code § 1341 - Frauds and swindles), and perpetrating these criminal activities throughout the Borough of Ridley Park and the 200+ municipalities which Michelle Portnoff claims to represent and act for, constitutes Federal Racketeering (18 U.S. Code § 1963 - Criminal penalties).

## *Submitted this 2nd day of May 2024.*

by *[signature: Alphonso Nicholas Faggiolo]*
Alphonso Nicholas Faggiolo
*Plaintiff*

### Certificate of Service

I, Alphonso Nicholas Faggiolo, certify that on the 2nd day of May, 2024, a true and correct copy of the above has been electronically mailed to:

MICHAEL F. SCHLEIGH: mschleigh@hardinlawpc.net, amollai@hardinlawpc.net, amoore@hardinlawpc.net;

DONALD E. WIEAND, JR: dew@stevenslee.com, lak@stevenslee.com;

KATHERINE H. MEEHAN: meehan@raffaelepuppio.com;

NICOLE A. FEIGENBAUM: nicole.feigenbaum@pacourts.us, legaldepartment@pacourts.us;

ERNEST S. ANGELOS: eangelos@raffaelepuppio.com, Altieri@raffaelepuppio.com

PORTNOFF LAW ASSOCIATES, LTD.  ATTORNEY FOR PLAINTIFF
BY: ROBERT P. DADAY, ESQUIRE  ATTORNEY ID 43006
BY: DAVID D. DUGAN, ESQUIRE  ATTORNEY ID 312395
POST OFFICE BOX 391
NORRISTOWN, PA 19404
(866) 211-9466

| | |
|---|---|
| Borough of Ridley Park<br>    Plaintiff | IN THE COURT OF COMMON PLEAS |
| vs. | DELAWARE COUNTY, PA |
| The Heirs of Margaret J. Faggiolo, and Unknown Heirs, Successors or Assigns of Margaret J. Faggiolo, Deceased, and All Persons, Firms or Associations Claiming Right, Title or Interest From or Under Margaret J. Faggiolo, Deceased, Owner, Reputed Owner or Whoever May Be the Owner by operation of law<br>    Defendants | NO. CV-2021-062988<br><br>CIVIL ACTION - IN REM |

## NOTICE OF SHERIFF'S SALE OF REAL PROPERTY
### CIVIL ACTION – LAW

TO:  The Unknown Heirs            The Unknown Heirs of
     Of Margaret J. Faggiolo      Margaret J. Faggiolo
     215 Kane Avenue              505 Johnson Avenue
     Ridley Park, PA 19078        Ridley Park, PA 19078

     Alphonso Faggiolo, Heir      Alphonso Faggiolo, Heir
     Of Margaret J. Faggiolo      Of Margaret J. Faggiolo
     713 Lamp Post Lane           505 Johnson Avenue
     Aston, PA 19014-2613         Ridley Park, PA 19078

Residential dwelling

    Your real estate at 215 Kane Avenue, Ridley Park, Pennsylvania 19078, and at Kane Avenue, Ridley Park, PA 19078 is scheduled to be sold at Sheriff's Sale on Friday, May 17, 2024, at 11:00 a.m. in the County Council Room, Court House, Media, Pennsylvania, to enforce the court judgment of $7,259.63 obtained by Borough of Ridley Park against you.