Alphonso Nicholas Faggiolo,
713 Lamp Post Lane.
Aston, Pennsylvania 19014
610-818-7167
*Plaintiff.*

# DISTRICT COURT OF THE UNITED STATES
## for the
## Eastern District of Pennsylvania

| | |
|---|---|
| Alphonso Nicholas Faggiolo<br>***Plaintiff,***<br><br>***vs.***<br><br>BOROUH OF RIDLEY PARK, et al.,<br>***Defendants.*** | **Case Number:** 2:23-cv-04920<br><br>**MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER**<br>**Pursuant to Federal Rules of Civil Procedure Rule 65. Injunctions and Restraining Orders.** |

## PLAINTIFF'S MOTION FOR
## EMERGENCY TEMPORARY RESTRAINING ORDER

### I. Plaintiff

**1.1** Plaintiff, Alphonso Nicholas Faggiolo, is, and at all times mentioned was, an individual residing in Aston, Delaware County, Pennsylvania.

### II. Defendants

**2.1** Defendant, Michelle Portnoff, is, and at all times mentioned was, an individual residing in Gladwyne, Montgomery County, Pennsylvania.

**2.2** Defendant, Robert P. Daday, is, and at all times mentioned was, an individual residing in Allentown, Lehigh County, Pennsylvania.

**2.3** Defendant, Mary J. Walk, is, and at all times mentioned was, an individual residing in Swarthmore, Delaware County, Pennsylvania.

**2.4** Defendant, Richard Tutak, is, and at all times mentioned was, an individual residing in Ridley Park, Delaware County, Pennsylvania.

**2.5** Defendant, Borough Of Ridley Park, is, and at all times mentioned was, a municipal corporation doing business in Ridley Park, Delaware County, Pennsylvania.

**2.6** Defendant, Barry C. Dozor, is, and at all times mentioned was, an individual residing in Garnet Valley, Delaware County, Pennsylvania.

### III. Plaintiff's Properties To Be Protected

**3.1** Plaintiff, Alphonso Nicholas Faggiolo, is the sole biological heir/son/child of Margaret J. and Alphonso P. Faggiolo, exercising actual and constructive dominion, with legal possession and substantial possession, by inherent and indefeasible right, possessing a "fee simple" deed, warranting him as the sole heir, ownership and a clear constitutional standing in the properties commonly known as 215 and 0 Kane Avenue, Ridley Park, Pennsylvania 19078 **(hereinafter properties)**, to bring and maintain Case Number 2:23-cv-04920 in accordance with Title 42 U.S.C. **§** 1983 (Civil action for deprivation of rights) as a matter of right, and pursuant to Title 18 U.S.C **§** 4 (Misprision of felony) as a matter of duty. **See Exhibit A2 Deed**

> *"WITNESSETH, That the said Grantor in consideration of Sixty-Six Thousand Dollars (S66,000.00), paid to the Grantor by the Grantees, receipt of which is hereby acknowledged, **does grant, bargain, sell and convey to the said Grantees, their heirs**, and assigns"*…**Faggiolo Deed for 215 and 0 Kane**

> **18 U.S. Code § 4 - Misprision of felony**
> Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

### IV. Facts That Constitute Defendants' Interference With Plaintiff's Properties

**4.1** Beginning on the on the 27th day of July 2021, and continuing to the present time, third-party debt collectors and Defendants Robert P. Daday and Michelle Portnoff, wrongfully and unlawfully, in violation of 18 PA Cons Stat § 3921 - Theft by unlawful taking or disposition (b) Immovable property, manufactured and filed **counterfeit judgments and counterfeit liens**

against the Plaintiff's two properties, with the County of Delaware Court of Common Pleas "Office of Judicial Support", all without legal authority, or any appearance of due process or the rule of law. **See Exhibits D2, D3.**

> **18 PA Cons Stat § 3921. Theft by unlawful taking or disposition.**
> (b) Immovable property - A person is guilty of theft if he unlawfully transfers, or exercises unlawful control over, immovable property of <u>another</u> or any interest therein with intent to benefit himself or another not entitled thereto.

**4.2** On the 23rd day of March 2022, Plaintiff sent Defendant Borough of Ridley Park a formal Pennsylvania Right to Know Record Request, seeking a copy of the records of who, EXACTLY, from the Borough of Ridley Park authorized third-party debt collector Defendants Michelle Portnoff and Robert P. Daday, to create liens against the Plaintiff's properties. On the 9th of May 2022, Defendant Richard Tutak, acting for himself and for Defendant Borough of Ridley Park, provided the Plaintiff a sworn affidavit that averred he and the Borough had no such records. **See Exhibit Tutak Affidavit 13(j)(i)**

> "Pursuant to section 901 of the Right to Know Law, the **Borough has made a good faith effort to locate any document which fulfills this request and has found that there is no record or document which exists in the possession or control of the Borough which satisfies this request.** Additionally, pursuant to Section 705 of the Right to Know Law, the Borough is not required to create a record which does not currently exist or to compile, maintain format or organize a record in the manner in which the agency does not currently compile, maintain format or organize the record. Accordingly, Mr. Faggiolo's request should be denied."

**4.3** Beginning on the on the 27th day of July 2021, and continuing to the present time, **while acting of their own accord**, third-party debt collectors and Defendants Michelle Portnoff and Robert P. Daday, wrongfully and unlawfully, in violation of 18 PA Cons Stat § 5301 - Official Oppression, purported to act in an official capacity for Defendant Borough of Ridley Park, and subjected the Plaintiff to search, seizure, mistreatment, dispossession, assessment, lien and other infringements of his personal and property rights, while denying and impeding the Plaintiff in the exercise or enjoyment of his rights, privileges, powers or immunities. **See Exhibits D2, D3**

**18 PA Cons Stat § 5301 - Official oppression**.
A person acting or purporting to act in an official capacity or taking advantage of
such actual or purported capacity commits a misdemeanor of the second degree
if, knowing that his conduct is illegal, he:
> (1) subjects another to arrest, detention, search, seizure, mistreatment,
> dispossession, assessment, lien or other infringement of personal or
> property rights; or
> (2) denies or impedes another in the exercise or enjoyment of any right,
> privilege, power or immunity.

**4.4** Beginning on the on the 27th day of July 2021, and continuing to the present time, County of Delaware Court of Common Pleas prothonotary and Defendant Mary J. Walk and her "Office of Judicial Support", wrongfully and unlawfully, in violation of 18 PA Cons Stat § 4114 - Securing execution of documents by deception, manufactured and mailed through the United States Postal Service **counterfeit judgments** against Plaintiff's two properties under Pennsylvania Rules of Civil Procedure § 236 – Notice by Prothonotary of Entry of Order or Judgment, which were manufactured and filed by third-party debt collectors and Defendants Robert P. Daday and Michelle Portnoff, **acting of their own accord**. **See Exhibits E2, E3**

**PA Rule 236. Notice by Prothonotary of Entry of Order or Judgment.**
(a) The prothonotary shall immediately give written notice of the entry of
(2) any other order or judgment to each party's attorney of record or, if
unrepresented, to each party. **The notice shall include a copy of the order or
judgment**.

**18 PA Cons Stat § 4114 - Securing execution of documents by deception.**
A person commits a misdemeanor of the second degree if by deception he causes
another to execute any instrument affecting or purporting to affect or likely to
affect the pecuniary interest of any person.

**4.5** Beginning on the on the 27th day of July 2021, and continuing to the present time, County of Delaware Court of Common Pleas prothonotary and Defendant Mary J. Walk and her "Office of Judicial Support", wrongfully and unlawfully, in violation of 18 PA Cons Stat § 4114 - Securing execution of documents by deception, manufactured and mailed through the United States Postal Service, **counterfeit notices claiming  the commencement of two In Rem civil actions** against Plaintiff's two properties, under Pennsylvania Rules of Civil Procedure § 236 – Notice by Prothonotary of Entry of Order or Judgment, without Defendant Michelle Portnoff or Robert P. Daday filing complaints pursuant to Pennsylvania Rules of Civil Procedure § 1007 - Commencement of Action. **See Exhibits E2, E3**

**PA Rule 1007. Commencement of Action.**
An action may be commenced by filing with the prothonotary:
  (1)  a praecipe for a writ of summons, or
  **(2)  a complaint**.

**4.6** Beginning on the on the 27th day of July 2021, and continuing to the present time, County of Delaware Court of Common Pleas prothonotary and Defendant Mary J. Walk and her "Office of Judicial Support", and third-party debt collector Defendants Michelle Portnoff and Robert P. Daday, wrongfully and unlawfully, in violation of 18 PA Cons Stat § 5301 - Official Oppression, deprived the Plaintiff of substantive and procedural due process by FAILING to issue and provide serve of process to the Plaintiff, in violation of Pennsylvania Rules of Civil Procedure § 410 – (Real Property Actions) and § 400 (Person to Make Service). **See Exhibits E2, E3**

**Rule 410 – (Real Property Actions) (a):** In actions involving title to, interest in, possession of, or **charges or liens upon real property, original process shall be served upon the defendant in the manner provided by Rule 400 et seq.**

**Rule 400 - (Person to Make Service) (a): original process shall be served within the Commonwealth only by the sheriff."**

**4.7** On the 25th day of August 2022, third-party debt collector Defendants Michelle Portnoff and Robert P. Daday, and County of Delaware Court of Common Pleas prothonotary and Defendant Mary J. Walk, wrongfully and unlawfully, in violation of 18 PA Cons Stat § 4114 - Securing execution of documents by deception, removed the Pennsylvania Legislature's designation for the President Judge of the Court to sign and date the writs of scire facias, in violation of Pennsylvania Title 53 § 7185. Without any judge's signatures, or court rendered judgments to support their purported **JUDICIAL writs of scire facias**, Defendant Mary J. Walk, alone, signed the counterfeit writs of scire facias and Defendant Robert P. Daday then served them to the Plaintiff, as being legally and lawfully promulgated writs of scire facias **See Exhibits F1, F3, F4**

**4.8** On the 22nd day of January 2024, third-party Defendants Michelle Portnoff and Robert P. Daday, and County of Delaware Court of Common Pleas prothonotary and Defendant Mary J. Walk, wrongfully and unlawfully, in violation of 18 PA Cons Stat § 3921 - Theft by unlawful taking or disposition (b) Immovable property and 18 PA Cons Stat § 5301 - Official Oppression, while violating Pennsylvania Constitution Article 1 § 6 - Trial by jury, deprived the

Plaintiff of his **INVIOLATE** right to a trial by jury, without court rendered judgments, and without a judge's signature on a purported **JUDICIAL writ of execution**, prothonotary Defendant **Mary J. Walk, alone, signed a JUDICIAL court order** for the Delaware County Sheriff to sell the Plaintiff's two properties, commonly known as 215 and 0 Kane Avenue, Ridley Park, Pennsylvania 19078. Third-party debt collector Defendants Michelle Portnoff and Mary J. Walk, served prothonotary Defendant Mary J. Walk's purported writ of execution, to sell the Plaintiff's two properties, as being a legally and lawfully promulgated JUDICIAL writ of execution. **See Exhibit A**

> **Pennsylvania Constitution Article 1 § 6 - Trial by jury**.
> Trial by jury shall be as heretofore, and the right thereof remain inviolate. The General Assembly may provide, however, by law, that a verdict may be rendered by not less than five-sixths of the jury in any civil case. Furthermore, in criminal cases the Commonwealth shall have the same right to trial by jury as does the accused.

> *Neither the Executive nor the Legislature, nor any legislative body, nor any zoning or planning commission, **nor any other Governmental body has the right** — under the guise of the police power, or **under the broad power of general welfare**, or under the power of the **Commander**-in-Chief of the Armed Forces, **or under any other express or implied power** — **to take, possess or confiscate private property for public use or to completely prohibit or substantially destroy the lawful use and enjoyment of property without paying just compensation therefor**. **Andress v. Zoning Board of Adjust.**,* 410 Pa. 77 - Pa: Supreme Court 1963

### V. Plaintiff's Demand To Stop Wrongful Conduct

**5.1** Plaintiff filed a civil rights complaint against the Borough of Ridley Park, Richard Tutak, Michelle Portnoff, Robert P. Daday, Mary J. Walk, and Barry C. Dozor, for the deprivation of rights under the color of law. Plaintiff's civil rights complaint was docketed with this Court on the 12th day of December 2023 **(Case Number: 2:23-cv-04920)**, pursuant to Title 42 U.S.C. § 1983, § 1982, § 1985, § 1986; title 28 U.S.C. § 1331, § 1343 (a) (3); title 18 U.S.C. §241, §242, and in accordance with the Federal Rules of Civil Procedure Rule 3, Rule 8(a), (d)(1)(2), (e), Rule 9(c), Rule 10(a)(b)(c) and Rule 11(a)(b).

**5.2** Defendants Borough of Ridley Park, Richard Tutak, Michelle Portnoff, Robert P. Daday, Mary J. Walk, and Barry C. Dozor, were provided 21 days to answer the Plaintiff pursuant to Federal Rule 12(a)(1)(A)(i). Instead, all the foregoing named Defendants' attorneys

chose to file **frivolous 12b (1)(6) motions**, arguing matters completely outside the four corners of the Plaintiff's civil rights complaint, and **making unverified, unfounded, and unsupported, legal conclusions**, that none the Defendants or their attorneys have any personal knowledge of pursuant to Federal Rules of Evidence 602 - Need for Personal Knowledge, nor do they have any factual evidence to prove anything their attorneys have filed on their behalf in **(Case Number: 2:23-cv-04920)**. **See Docket Numbers 11, 13, 15, 16**

    **5.3** **All named Defendants' attorneys continues to delay** by arguing irrelevant matters that are completely outside the four corners of the Plaintiff's civil rights complaint; while third-party debt collector Defendants Michelle Portnoff and Robert P. Daday, continue to IRREPARABLY HARM and DAMAGE the Plaintiff, by wrongfully and unlawfully, violating the Plaintiff's right to acquire, possess, and protect property, secured by Pennsylvania Constitution Article 1 § 1 - Inherent rights of mankind, through the felonious act of selling his properties in a Sheriff sale scheduled for the the 17th day of May 2024 **See Docket Numbers 11, 13, 15, 16**

> **Pennsylvania Rules of Professional Conduct: 4.4 Respect for Rights of Third Persons: (a)** In representing a client, **a lawyer shall not use means that have no substantial purpose other than to** embarrass, **delay, or burden** a third person, or use methods of obtaining evidence that violate the legal rights of such a person.

> **Pennsylvania Constitution Article 1 § 1 - Inherent rights of mankind**
> All men are born **equally** free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness.

    **5.4** Defendants' attorneys filed frivolous 12b (1)(6) motions **well over 100 days ago** and **have never bothered to set their own motions for a hearing to expedite the litigation**, which has been **done to delay and frustrate the Plaintiff's attempt to obtain rightful redress and repose**, as third-party debt collector Defendants Michelle Portnoff and Robert P. Daday, continue to act in conspiracy with prothonotary Defendant Mary J, Walk, who **have used their attorneys' dilatory delay tactics, to further TERRORIZE, EXTORT, and THREATEN the Plaintiff,** by orchestrating an illegal Sheriff sale of the Plaintiff's two properties, commonly known as 215 and 0 Kane Avenue, Ridley Park, Pennsylvania 19078; properties that none of the

named Defendants possess title of ownership to, interest in, or rights in! **See Docket Numbers 11, 13, 15, 16**

**Pennsylvania Rules of Professional Conduct: 3.2 [1] Expediting Litigation**
Dilatory practices bring the administration of justice into disrepute. Although there will be occasions when a lawyer may properly seek a postponement for personal reasons, **it is not proper for a lawyer to routinely fail to expedite litigation solely for the convenience of the advocates**. **Nor will a failure to expedite be reasonable if done for the purpose of frustrating an opposing party's attempt to obtain rightful redress or repose**. **It is not a justification that similar conduct is often tolerated by the bench and bar**. **The question is whether a competent lawyer acting in good faith would regard the course of action as having some substantial purpose other than delay**. Realizing financial or other benefit from otherwise improper delay in litigation is not a legitimate interest of the client.

**18 Pa. C.S. § 3923 - Theft by Extortion**
**(a)** Offense defined.--A person is guilty of theft if he intentionally obtains or withholds property of another by threatening to:
   **(1)** commit another criminal offense;
   **(4)** take or withhold action as an official, or cause an official to take or withhold action;
   **(6)** testify or provide information or withhold testimony or information with respect to the legal claim or defense of another; or
   **(7)** inflict any other harm which would not benefit the actor.

## VI. Defendants' Irreparable Harm To Plaintiff

**6.1** The wrongful conduct of all named Defendants, averred herein, under the penalty of perjury, unless restrained and enjoined by an order of this Court, will cause great and irreparable harm to the Plaintiff.

**6.2** As a direct causation of wrongful conduct, Defendants Michelle Portnoff, Robert P. Daday, Richard Tutak, Mary J. Walk, Borough of Ridley Park, and Barry C. Dozor, have caused, and continue to cause the Plaintiff harm. Unless the Defendants are restrained and enjoined by an order of this court, to stop the **wrongful theft of half of the Plaintiff's estate**, which took him and his Parents their lifetime to acquire, and for which he sacrificed thousands of hours of his time to maintain and protect. The Plaintiff, who has already greatly suffered, will further suffer irreparable harm, through severe mental and emotional distress, disruption of sleep, eating disorders, impairment of reputation, shame, humiliation, embarrassment, anger, depression, nervousness, anxiety, and the deprivation of Plaintiff's fundamental constitutional rights to property ownership, due to the Defendants' callousness, negligence, and lack of understanding their job duties.

## VII. Plaintiff Has No Adequate Remedy At Law

**7.1** Plaintiff has no adequate remedy at law for the injuries plaintiff has already suffered, and will continue to suffer in the very near future, unless defendants' wrongful conduct is restrained and enjoined, because no amount of money will be able to remedy or fix, the grave physical toll this ordeal has already taken on Plaintiff's physical health, and the mental health damage it's caused to the Plaintiff's psyche, as the Plaintiff now lives in a constant state of TERROR and FEAR, every waking minute of his life, worrying that the Defendants will steal everything he and his family have worked for, earned, and built, their entire lives.

## VIII. Specific Ascertainable Damages Suffered By Plaintiff

**8.1** As of the 10th day of May, the date this EMERGENCY Temporary Restraining Order was filed, third-party debt collector Defendants Michelle Portnoff and Robert P. Daday, acting in conspiracy with prothonotary Defendant Mary J. Walk, have **EXTORTED** the Plaintiff for **$14,933.88** in cash. Plaintiff has also lost thousands of hours of time that has gone to protecting himself, his family, and his properties, by being forced defend his properties and to respond to the actions of unauthorized third-party debt collector Defendants, Michelle Portnoff and Robert P. Daday, and prothonotary Defendant Mary J. Walk, **who acting of their own accord**, have cherry picked what rules, what laws, and what constitutionally secured rights, they deem worthy to follow.

**8.2** Now, third-party debt collector Defendants Michelle Portnoff and Robert P. Daday, and prothonotary Defendant Mary J. Walk, are **EXTORTING the Plaintiff for an additional $11,190.25** that the Plaintiff is aware of, as the figure continues to magically grow with a host of **FICTITIOUS legal fees** that continue to get added on, while holding the Plaintiff's properties, commonly known as 215 and 0 Kane Avenue, Ridley Park, Pennsylvania 19078, hostage. Without any legal authority, title of ownership, interest, or rights, in the Plaintiff's properties, third-party debt collector Defendants Michelle Portnoff and Robert P. Daday, have simulated legal process by acting under the color of law, and have manufactured **$26,124.13 out of thin air!**

**18 U.S. Code § 514 - Fictitious obligations**
**a)**Whoever, with the intent to defraud—
**(1)**draws, prints, processes, produces, publishes, or otherwise makes, or attempts or causes the same, within the United States;
**(2)**passes, utters, presents, offers, brokers, issues, sells, or attempts or causes the same, or with like intent possesses, within the United States; or
**(3)**utilizes interstate or foreign commerce, including the use of the mails or wire, radio, or other electronic communication, to transmit, transport, ship, move, transfer, or attempts or causes the same, to, from, or through the United States, any false or fictitious instrument, document, or other item appearing, representing, purporting, or contriving through scheme or artifice, to be an actual security or other financial instrument issued under the authority of the United States, a foreign government, a State or other political subdivision of the United States, or an organization, shall be guilty of a class B felony.

## Wherefore, plaintiff requests:

**1.** Issuance of an **Emergency Temporary Restraining Order,** restraining Defendants Michelle Portnoff, Robert P. Daday, Mary J. Walk, Richard Tutak, and the Borough of Ridley Park, and their agents and employees, from selling the Plaintiff's two properties, commonly known as 215 and 0 Kane Avenue, Ridley Park, Pennsylvania 19078, at a Sheriff sale scheduled on the 17th day of May 2024 at 11:00 am;

**2.** Issuance of a preliminary injunction enjoining and restraining Defendants Michelle Portnoff, Robert P. Daday, Mary J. Walk, Richard Tutak, and the Borough of Ridley Park, and their agents and employees, from adding on any additional fees or interest charges for the Plaintiff's three properties, commonly known as 215 and 0 Kane Avenue, Ridley Park, Pennsylvania 19078, and 505 Johnson Avenue, Ridley Park, Pennsylvania 19078, during the pendency of Case Number: 2:23-cv-04920.

Alphonso Nicholas Faggiolo
*Plaintiff.*

**SWORN BEFORE ME**, the undersigned notary for the State of Pennsylvania, on this day personally appeared Alphonso Faggiolo, who affixed his signature to the above motion and has personal knowledge of the facts and matters therein, and that each and all facts and matters are true and correct, and sworn to under penalties of perjury of the People of Pennsylvania and the United States of America.

STATE OF PENNSYLVANIA )
COUNTY OF DELAWARE )

Sworn to and signed before me on this 10ᵗʰ day of May 2024.

NOTARY PUBLIC   5/10/2024

____Personally known
____Produced identification
Type of identification produced _____

> Commonwealth of Pennsylvania - Notary Seal
> Kevin J. Cetroni, Notary Public
> Delaware County
> My commission expires August 31, 2026
> Commission number 1025316
> Member, Pennsylvania Association of Notaries

### *Certificate of Service*

I, Alphonso Nicholas Faggiolo, certify that on the 10ᵗʰ day of May, 2024, a true and correct copy of the above has been electronically mailed to:

MICHAEL F. SCHLEIGH: mschleigh@hardinlawpc.net, amollai@hardinlawpc.net, amoore@hardinlawpc.net;

DONALD E. WIEAND, JR: dew@stevenslee.com, lak@stevenslee.com;

KATHERINE H. MEEHAN: meehan@raffaelepuppio.com;

NICOLE A. FEIGENBAUM: nicole.feigenbaum@pacourts.us, legaldepartment@pacourts.us;

ERNEST S. ANGELOS: eangelos@raffaelepuppio.com, Altieri@raffaelepuppio.com

by Alphonso Nicholas Faggiolo
Alphonso Nicholas Faggiolo

## Exhibit A2 = (Deed 215 and 0 Kane)

11/12/99  17:31 FAX 717 731 7282      Chelsea Settlement

Parcel No: 37-00-01211-00
37-00-01210-00

### THIS INDENTURE

Made the *17th* day of November, in the year of our Lord one thousand nine hundred and ninety-nine (1999)

**BETWEEN**

SANDRA E. MITCHELL, a single woman (hereinafter referred to as "*Grantor*")

**and**

ALPHONSO P. FAGGIOLO and MARGARET JANE FAGGIOLO, his wife (hereinafter referred to as "*Grantees*")

**WITNESSETH**, That the said Grantor in consideration of Sixty-Six Thousand Dollars ($66,000.00), paid to the Grantor by the Grantees, receipt of which is hereby acknowledged, does grant, bargain, sell and convey to the said Grantees their heirs and assigns

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected. SITUATE in the Borough of Ridley Park, County of Delaware, Commonwealth of Pennsylvania and described according to a Plan of Property for William D. Jones and Jessica X, his wife, by Damon and Foster, Civil Engineers, Sharon Hill, Pennsylvania on the 28th day of September, A.D. 1944 as follows, to wit:

BEGINNING at a point on the Northeasterly side of Kane Avenue (40 feet wide) which point is measured South 20 degrees 21 minutes East 40 feet from the Southeasterly side of Johnson Avenue (40 feet wide); thence extending from said point of beginning along said side of Kane Avenue South 20 degrees 21 minutes East 80 feet to a stake; thence extending North 69 degrees 39 minutes East 100 feet

1

**Exhibit D2**

20-47985-0/20-48060-0/21-52030-0/21-52082-0/4NF/JJS

PORTNOFF LAW ASSOCIATES, LTD.                    ATTORNEY FOR PLAINTIFF
BY:  ROBERT P. DADAY, ESQUIRE                      ATTORNEY ID 43006
P.O. BOX 391
NORRISTOWN, PA  19404
(866) 211-9466

---

| | | |
|---|---|---|
| Borough of Ridley Park | : | IN THE COURT OF COMMON PLEAS |
|     Plaintiff | | |
| vs. | : | DELAWARE COUNTY, PA |
| The Heirs of Margaret Jane Faggiolo, and | | |
| Unknown Heirs, Successors or Assigns of | : | NO. |
| Margaret Jane Faggiolo, Deceased, and All | | |
| Persons, Firms or Associations Claiming Right, | : | IN REM |
| Title or Interest From or Under Margaret Jane | | |
| Faggiolo, Deceased, Owner, Reputed Owner or | | |
| Whoever May Be the Owner by operation of law | | |
|     Defendant(s) | | |

---

## TAX CLAIM & MUNICIPAL CLAIM

Borough of Ridley Park hereby files a lien for non-payment of real estate taxes for the years 2019 and 2020 and sewer and trash fees for the year 2019 and 2020 duly assessed against the following owners and described properties in accordance with Ordinance of Borough of Ridley Park, authorizing the fee schedule which is attached hereto, to be imposed upon the debtor.

**Exhibit D2**

| OWNER NAME AND<br>LAST KNOWN MAILING ADDRESS | PROPERTY | AMOUNT |
|---|---|---|
| The Heirs of Margaret Jane Faggiolo, and Unknown Heirs, Successors or Assigns of Margaret Jane Faggiolo, Deceased, and All Persons, Firms or Associations Claiming Right, Title or Interest From or Under Margaret Jane Faggiolo, Deceased, Owner, Reputed Owner or Whoever May Be the Owner by operation of law<br>215 Kane Avenue<br>Ridley Park, PA  19078 | 215 Kane Avenue<br>Ridley Park, Pennsylvania  19078<br>Folio Number 37-00-01211-00 | $3,381.40 |

Respectfully submitted,

PORTNOFF LAW ASSOCIATES, LTD.

Date:  July 27, 2021                            BY:    /s/ROBERT P. DADAY
                                                                ROBERT P. DADAY, ESQUIRE
                                                                Attorney for Plaintiff

## Exhibit D3

20-47984-0/21-52029-0/4NF/JJS
PORTNOFF LAW ASSOCIATES, LTD.        ATTORNEY FOR PLAINTIFF
BY:  ROBERT P. DADAY, ESQUIRE       ATTORNEY ID 43006
P.O. BOX 391
NORRISTOWN, PA  19404
(866) 211-9466

---

| Borough of Ridley Park | : | IN THE COURT OF COMMON PLEAS |
|---|---|---|
|     Plaintiff | | |
|             vs. | : | DELAWARE COUNTY, PA |
| The Heirs of Margaret Jane Faggiolo, and | | |
| Unknown Heirs, Successors or Assigns of | : | NO. |
| Margaret Jane Faggiolo, Deceased, and All | | |
| Persons, Firms or Associations Claiming Right, | : | IN REM |
| Title or Interest From or Under Margaret Jane | | |
| Faggiolo, Deceased, Owner, Reputed Owner or | | |
| Whoever May Be the Owner by operation of law | | |
|     Defendant(s) | | |

---

### TAX CLAIM & MUNICIPAL CLAIM

Borough of Ridley Park hereby files a lien for non-payment of real estate taxes for the years 2019 and 2020 duly assessed against the following owners and described properties in accordance with Ordinance of Borough of Ridley Park, authorizing the fee schedule which is attached hereto, to be imposed upon the debtor.

**Exhibit D3**

OWNER NAME AND
LAST KNOWN MAILING ADDRESS          PROPERTY                                    AMOUNT

The Heirs of Margaret Jane Faggiolo,      Kane Avenue                              $117.69
and Unknown Heirs, Successors or          Ridley Park, Pennsylvania
Assigns of Margaret Jane Faggiolo,        Folio Number 37-00-01210-00
Deceased, and All Persons, Firms or
Associations Claiming Right, Title or
Interest From or Under Margaret Jane
Faggiolo, Deceased, Owner, Reputed
Owner or Whoever May Be the Owner
by operation of law
215 Kane Avenue
Ridley Park, PA  19078


                                        Respectfully submitted,

                                        PORTNOFF LAW ASSOCIATES, LTD.

Date:  July 27, 2021                    BY:    /s/ ROBERT P. DADAY
                                        ROBERT P. DADAY, ESQUIRE
                                        Attorney for Plaintiff

## Exhibit Tutak Affidavit

### <u>AFFIDAVIT</u>

I, Richard Tutak, being duly sworn according to law do hereby assert and aver:

1.       I am the Ridley Park Borough Manager and Right-To-Know Officer.

2.       The Borough has limited administrative office staff, consisting of one Borough Manager, a Borough Secretary, an Administrative Assistant and an Accounts Payable employee.

3.       On March 23, 2022, the Borough received a Right-to-Know Request via Fax from Mr. Alfonso Faggiolo requesting various documents: A true and correct copy of the request is attached hereto under Exhibit "A."

4.       I was out of the office March 23-28, 2022 during which time the request was received. When I was informed of the request, I determined a 30 day extension to respond would be necessary to enable me to locate any documents in response.

5.       Therefore I directed my Administrative Assistant to send the 30 day extension.

6.       Unfortunately, due to a clerical mistake, instead of an extension letter being sent, a denial letter for an unrelated Right-To-Know was sent to Mr. Faggiolo on March 25, 2022.

7.       Despite the incorrect assumption of an extension request being sent, due to the above referenced limited staffing at Borough Hall, we were unable to comply with the extension and this appeal was filed.

8.       On April 28, 2022, Mr. Faggiolo filed this instant appeal in response to the mistaken sent denial letter.

9.       After receiving the appeal on the same day, April 28, 2022, I commenced looking through the Borough's files in an attempt to locate documents which may satisfy Mr. Faggiolo's request.

10.      Upon review, it was apparent on the face of the letter that the wrong letter had been sent to Mr. Faggiolo.

11.      Overall Mr. Faggiolo's request was a combination of record requests and questions.

12.     Delaware County maintains the county tax records, and Ridley Park Borough does not maintain records related to school taxes.

13.     Since we have had a chance to review the request, the below are the responses to Mr. Faggiolo's request:

> a. *Provide the legally and lawfully promulgated records the Borough of Ridley Park relied on that evidence there is a Taxable Situs for each of the properties, commonly known as 1) 505 Johnson Avenue, Ridley Park, Pennsylvania; 2) 215 Kane Avenue, Ridley Park, Pennsylvania; and 3) 0 Kane Avenue, Ridley Park, Pennsylvania.*
>
>> i. Initially, the foregoing request would require the Borough to determine the sources of legal authority relative to the real estate taxes and assessment placed upon Mr. Faggiolo's properties by the County of Delaware. Such request necessitates legal research and as such is not a request for a specific document. Requests which demand the production of the legal authority governing an agency's specific actions are not requests for records under the Right to Know Law. . *See, e.g., Dolente v. Clifton Heights Borough,* OOR Dkt. AP 2017-1509, 2017 PA O.O.R.D. LEXIS 1517; *St. Hilaire & ABC27 News v. Lower Paxton Twp.*, OOR Dkt. AP 2015-2617, 2015 PA O.O.R.D. LEXIS 2122.   Notwithstanding the foregoing, pursuant to section 901 of the Right to Know Law, the Borough has made a good faith effort to locate any document which fulfills this request and has found that there is no record or document that exists in the possession or control of the Borough which satisfies this request. Accordingly, Mr. Faggiolo's request should be denied.

b. *Provide the legally and lawfully promulgated records the Borough of Ridley Park relied on, that evidence the borough of Ridley Park has ownership, interest, or rights, in the properties commonly known as 1) 505 Johnson Avenue, Ridley Park, Pennsylvania; 2) 215 Kane Avenue, Ridley Park, Pennsylvania; and 3) 0 Kane Avenue, Ridley Park, Pennsylvania.*

    i. Initially, the foregoing request would require the Borough to determine the sources of legal authority relative to the real estate taxes and assessment placed upon Mr. Faggiolo's properties by the County of Delaware. Such request necessitates legal research and as such is not a request for a specific document. Requests which demand the production of the legal authority governing an agency's specific actions are not requests for records under the Right to Know Law. . *See, e.g., Dolente v. Clifton Heights Borough*, OOR Dkt. AP 2017-1509, 2017 PA O.O.R.D. LEXIS 1517; *St. Hilaire & ABC27 News v. Lower Paxton Twp.*, OOR Dkt. AP 2015-2617, 2015 PA O.O.R.D. LEXIS 2122. Notwithstanding the foregoing, pursuant to section 901 of the Right to Know Law, the Borough has made a good faith effort to locate any document which fulfills this request and has found that there is no record or document with exists in the possession or control of the Borough which satisfies this request. Additionally, pursuant to Section 705 of the Right to Know Law, the Borough is not required to create a record which does not currently exist or to compile, maintain format or organize a record in the manner in which

the agency does not currently compile, maintain format or organize the record. Accordingly, Mr. Faggiolo's request should be denied.

c. *Provide the legally and lawfully promulgated records that the Borough of Ridley Park relied on that evidence Alphonso Nicholas Faggiolo, the owner in "absolute" of the properties commonly known as 1) 505 Johnson Avenue, Ridley Park, Pennsylvania; 2) 215 Kane Avenue, Ridley Park, Pennsylvania; and 3) 0 Kane Avenue, Ridley Park, Pennsylvania; is a debtor, that owes debts to the Persons doing business as the Borough of Ridley Park.*

    i. Initially, the foregoing request would require the Borough to determine the sources of legal authority relative to the real estate taxes and assessment placed upon Mr. Faggiolo's properties by the County of Delaware. Such request necessitates legal research and as such is not a request for a specific document. Requests which demand the production of the legal authority governing an agency's specific actions are not requests for records under the Right to Know Law. . *See, e.g., Dolente v. Clifton Heights Borough*, OOR Dkt. AP 2017-1509, 2017 PA O.O.R.D. LEXIS 1517; *St. Hilaire & ABC27 News v. Lower Paxton Twp.*, OOR Dkt. AP 2015-2617, 2015 PA O.O.R.D. LEXIS 2122. Notwithstanding the foregoing, pursuant to section 901 of the Right to Know Law, the Borough has made a good faith effort to locate any document which fulfills this request and has found that there is no record or document that exists in the possession or control of the Borough which satisfies this request. Accordingly, Mr. Faggiolo's request should be denied.

d.  *Provide the legally and lawfully promulgated records the Borough of Ridley Park relied on that evidence a debt of any kind, whatsoever, is owed to the Borough of Ridley Park, for the properties commonly known as 1) 505 Johnson Avenue, Ridley Park, Pennsylvania; 2) 215 Kane Avenue, Ridley Park, Pennsylvania, and 3) 0 Kane Avenue, Ridley Park, Pennsylvania.*

    i.  Pursuant to section 901 of the Right to Know Law, the Borough has made a good faith effort to locate any document which fulfills this request and has found that there is no record or document with exists in the possession or control of the Borough which satisfies this request. Additionally, pursuant to Section 705 of the Right to Know Law, the Borough is not required to create a record which does not currently exist or to compile, maintain format or organize a record in the manner in which the agency does not currently compile, maintain format or organize the record. Accordingly, Mr. Faggiolo's request should be denied.

e.  *Provide the legally and lawfully promulgated records the Borough of Ridley Park relied on that evidence Alphonso Nicholas Faggiolo, the owner in "absolute" of the properties commonly known as 1) 505 Johnson Avenue, Ridley Park, Pennsylvania; 2) 215 Kane Avenue, Ridley Park, Pennsylvania, and 3) 0 Kane Avenue, Ridley Park, Pennsylvania; "breached the law."*

    i.  Pursuant to section 901 of the Right to Know Law, the Borough has made a good faith effort to locate any document which fulfills this request and has found that there is no record or document with exists in the possession or control of the Borough which satisfies this request. Additionally,

pursuant to Section 705 of the Right to Know Law, the Borough is not required to create a record which does not currently exist or to compile, maintain format or organize a record in the manner in which the agency does not currently compile, maintain format or organize the record. Accordingly, Mr. Faggiolo's request should be denied.

f.   *Provide the legally and lawfully promulgated records the Borough of Ridley Park relied on that evidence "Pennsylvania Statutes Title 53" applies to Alphonso Nicholas Faggiolo and/or his properties commonly known as 1) 505 Johnson Avenue, Ridley Park, Pennsylvania; 2) 215 Kane Avenue, Ridley Park, Pennsylvania, and 3) 0 Kane Avenue, Ridley Park, Pennsylvania.*

   i.   Pursuant to section 901 of the Right to Know Law, the Borough has made a good faith effort to locate any document which fulfills this request and has found that there is no record or document with exists in the possession or control of the Borough which satisfies this request. Additionally, pursuant to Section 705 of the Right to Know Law, the Borough is not required to create a record which does not currently exist or to compile, maintain format or organize a record in the manner in which the agency does not currently compile, maintain format or organize the record. Accordingly, Mr. Faggiolo's request should be denied.

g.   *Provide the legally and lawfully promulgated records that the Borough of Ridley Park relied on that evidence Borough of Ridley Park "Ordinances and Resolutions" apply to Alphonso Nicholas Faggiolo and/or his properties, commonly known as 505 Johnson Avenue, Ridley Park, Pennsylvania; 215 Kane*

*Avenue, Ridley Park, Pennsylvania; and 0 Kane Avenue, Ridley Park, Pennsylvania.*

    i. Initially, the foregoing requests the Borough to determine the sources of legal authority relative to the real estate taxes and assessment placed upon Mr. Faggiolo's properties by the County of Delaware. Such request necessitates legal research and as such is not a request for a specific document. Requests which demand the production of the legal authority governing an agency's specific actions are not requests for records under the Right to Know Law. . *See, e.g., Dolente v. Clifton Heights Borough,* OOR Dkt. AP 2017-1509, 2017 PA O.O.R.D. LEXIS 1517; *St. Hilaire & ABC27 News v. Lower Paxton Twp.,* OOR Dkt. AP 2015-2617, 2015 PA O.O.R.D. LEXIS 2122. Notwithstanding the foregoing, pursuant to section 901 of the Right to Know Law, the Borough has made a good faith effort to locate any document which fulfills this request and has found that there is no record or document that exists in the possession or control of the Borough which satisfies this request. Accordingly, Mr. Faggiolo's request should be denied.

*h. Provide the legally and lawfully promulgated records that the Borough of Ridley Park relied on that evidence Alphonso Nicholas Faggiolo and/or his properties, commonly known as 1) 505 Johnson Avenue, Ridley Park, Pennsylvania; 2) 215 Kane Avenue, Ridley Park, Pennsylvania, and 3) 0 Kane Avenue, Ridley Park, Pennsylvania, are Subjects of Taxation, and that Alphonso Nicholas Faggiolo is a Taxpayer pursuant to the Commonwealth of Pennsylvania tax codes.*

    i.   Initially, the foregoing requests the Borough to determine the sources of legal authority relative to the real estate taxes and assessment placed upon Mr. Faggiolo's properties by the County of Delaware. Such request necessitates legal research and as such is not a request for a specific document. Requests which demand the production of the legal authority governing an agency's specific actions are not requests for records under the Right to Know Law. . *See, e.g., Dolente v. Clifton Heights Borough*, OOR Dkt. AP 2017-1509, 2017 PA O.O.R.D. LEXIS 1517; *St. Hilaire & ABC27 News v. Lower Paxton Twp.*, OOR Dkt. AP 2015-2617, 2015 PA O.O.R.D. LEXIS 2122. Notwithstanding the foregoing, pursuant to section 901 of the Right to Know Law, the Borough has made a good faith effort to locate any document which fulfills this request and has found that there is no record or document that exists in the possession or control of the Borough which satisfies this request. Accordingly, Mr. Faggiolo's request should be denied.

i.   *Provide the legally and lawfully promulgated records that evidence Alphonso Nicholas Faggiolo is an Inhabitant, Resident, Citizen, or Member of the Borough of Ridley Park municipal corporation.*

    i.   Pursuant to section 901 of the Right to Know Law, the Borough has made a good faith effort to locate any document which fulfills this request and has found that there is no record or document with exists in the possession or control of the Borough which satisfies this request. Additionally, pursuant to Section 705 of the Right to Know Law, the Borough is not

required to create a record which does not currently exist or to compile, maintain format or organize a record in the manner in which the agency does not currently compile, maintain format or organize the record. Accordingly, Mr. Faggiolo's request should be denied.

j.  *Provide a record of who, EXACTLY, from the Borough of Ridley Park directed and authorized Portnoff Law Associates to file Municipal Claims against 1) 505 Johnson Avenue, Ridley Park, Pennsylvania; 2) 215 Kane Avenue, Ridley Park, Pennsylvania, and 3) 0 Kane Avenue, Ridley Park, Pennsylvania.*

   i.  Pursuant to section 901 of the Right to Know Law, the Borough has made a good faith effort to locate any document which fulfills this request and has found that there is no record or document with exists in the possession or control of the Borough which satisfies this request. Additionally, pursuant to Section 705 of the Right to Know Law, the Borough is not required to create a record which does not currently exist or to compile, maintain format or organize a record in the manner in which the agency does not currently compile, maintain format or organize the record. Accordingly, Mr. Faggiolo's request should be denied.

k.  *Portnoff Law Associates has no personal knowledge regarding the municipal claims they created and filed with the County of Delaware Court of Common Pleas Office of Judicial Support, designated as Cases CV-2021-062985, CV-2021-062986, and CV-2021-062988. Provide a list of the names and job titles of the Borough of Ridley Park witnesses, that will be appearing and testifying to*

*support these Portnoff Law Associate Municipal Claim filings, at the 31 May 2022 and the 7 June 2022 Motions hearings, that Alphonso Nicholas Faggiolo scheduled to address these matters.*

    i. Pursuant to section 901 of the Right to Know Law, the Borough has made a good faith effort to locate any document which fulfills this request and has found that there is no record or document with exists in the possession or control of the Borough which satisfies this request. Additionally, pursuant to Section 705 of the Right to Know Law, the Borough is not required to create a record which does not currently exist or to compile, maintain format or organize a record in the manner in which the agency does not currently compile, maintain format or organize the record. Accordingly, Mr. Faggiolo's request should be denied.

*l.  Provide a copy of the contract/agreement between Portnoff Law Associates and the Borough of Ridley Park, which Portnoff Law Associates is relying on, to claim that they are authorized to act for, and are acting for, the municipal corporation doing business as the Borough of Ridley Park.*

    i. The Borough has determined that this document requested is public record. The requested information is attached to this affidavit as Exhibit "B."

*m. Provide a copy of the bonds and/or insurance policies that the Borough of Ridley Park relies on to pay for any damages that may have been caused to Alphonso Nicholas Faggiolo, for the filing of erroneous and/or fraudulent Municipal*

*Claims, against Property that the Borough of Ridley Park has no jurisdiction*

*over, no ownership of, no interest in, and no rights in, whatsoever.*

    i.  The Borough has determined that this document requested is public record. The requested information is attached to this affidavit as Exhibit "C."

Richard Tutak, Jr.

Sworn to and subscribed before me this
____9th____ day of __May__, 2022

Notary Public

Commonwealth of Pennsylvania - Notary Seal
Colleen M. Scattolini, Notary Public
Delaware County
My commission expires January 16, 2026
Commission number 1323083
Member, Pennsylvania Association of Notaries

Exhibit E2

# IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA OFFICE OF JUDICIAL SUPPORT

## RULE OF CIVIL PROCEDURE NO. 236

BOROUGH OF RIDLEY PARK,
     Plaintiff

v.
                                         No. CV-2021-062988

Known and Unknown Heirs of Margaret Jane Faggiolo,
     Defendant.

NOTICE IS GIVEN UNDER PENNSYLVANIA RULE OF CIVIL PROCEDURE NO. 236 THAT A

JUDGMENT IN THE ABOVE CASE HAS BEEN ENTERED ON 07-27-2021.

                                SIGNED       2021-07-27

                                PER            Office of Judicial Support

**TIME AND LEGAL LIABILITY DO NOT PERMIT THE OFFICE OF JUDICIAL
SUPPORT TO GIVE DOCKET INFORMATION BY TELEPHONE.
NO EXCEPTIONS!**

PUBLIC ACCESS INFORMATION:  www.co.delaware.pa.us

CC: ROBERT P DADAY, Known and Unknown Heirs of Margaret Jane Faggiolo

FILED
07-27-2021 03:25 PM
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY, PA

**Exhibit E3**

# IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA OFFICE OF JUDICIAL SUPPORT

## RULE OF CIVIL PROCEDURE NO. 236

BOROUGH OF RIDLEY PARK,
      Plaintiff

v.

                                        No. CV-2021-062986

Known and Unknown Heirs of Margaret Jane Faggiolo,
      Defendant.

NOTICE IS GIVEN UNDER PENNSYLVANIA RULE OF CIVIL PROCEDURE NO. 236 THAT A

JUDGMENT IN THE ABOVE CASE HAS BEEN ENTERED ON 07-27-2021.

SIGNED        2021-07-27

PER            Office of Judicial Support

**TIME AND LEGAL LIABILITY DO NOT PERMIT THE OFFICE OF JUDICIAL SUPPORT TO GIVE DOCKET INFORMATION BY TELEPHONE.**
**NO EXCEPTIONS!**

PUBLIC ACCESS INFORMATION:  www.co.delaware.pa.us

CC: Known and Unknown Heirs of Margaret Jane Faggiolo

«DisplayName»     CV-2021-062986
«Address»

Exhibit F1

# 53 Pa. Stat. § 7185

SUBSTANTIALLY: About, actually, competently, and essentially. Gilmore v. Red Top Cab Co. of Washington, 171 Wash. 346, 17 P.2d 886, 887

Section 7185 - Form of scire facias; addition of parties; amicable scire facias

The claim shall be sued by writ of scire facias, and the form thereof shall be substantially as follows:

The Commonwealth of Pennsylvania to (names of the parties defendant), Greeting:

Whereas, The (city, borough, or other municipality, as the case may be,) on the .......... day of .........., A.D. 1 ...., filed its claim in our court of common pleas of .......... County; at No. .........., .......... Term, 1 .........., M.L.D., for the sum of $.........., with interest from the .......... day of .........., 1 .........., for (give the improvement, or that for which the claim is filed), against the following property situate in (give location and brief description of the property), owned or reputed to be owned by you.

And whereas, We have been given to understand that said claim is still due and unpaid, and remains a lien against the said property;

Now, you are hereby notified to file your affidavit of defense to said claim, if defense you have thereto, in the office of the prothonotary of our said court, within fifteen days after the service of this writ upon you. If no affidavit of defense be filed within said time, judgment may be entered against you for the whole claim, and the property described in the claim be sold to recover the amount thereof.

Witness the Honorable .........., President Judge of our said court, this .......... day of .........., A.D. 1 ..........

Not just any Judge's signature, it requires the President of the Court's signature!

.......... Prothonotary.

(Seal)

A Writ of Scire Facias must have a Court Seal or it is void ab initio!

The claimant, when he files his praecipe for the writ of scire facias, may direct the prothonotary to add and insert the names of any persons whom the claimant may know to have an interest in the premises, and the scire facias shall be issued containing such additional names. But the parties to the claim may agree upon an amicable scire facias, upon such terms as may be agreed upon, with the same effect as if a scire facias, in the form aforesaid, had been duly issued, served, and returned; or the defendants, or any of them, may waive the issue of a scire facias, and appear with like effect as if the scire facias had been issued and served.

*53 P.S. § 7185*

1923, May 16, P.L. 207, § 17.

casetext

1

## Exhibit F3

| | |
|---|---|
| 20-47984-0/21-52029-0/RP6/_JS<br>PORTNOFF LAW ASSOCIATES, LTD.<br>BY: ROBERT P. DADAY, ESQUIRE<br>P.O. BOX 391<br>NORRISTOWN, PA 19404<br>(866) 211-9466 | ATTORNEY FOR PLAINTIFF<br>ATTORNEY ID 43006 |

| | | |
|---|---|---|
| Borough of Ridley Park<br>　　　Plaintiff | : | IN THE COURT OF COMMON PLEAS |
| 　　　　　vs. | : | |
| The Heirs of Margaret J. Faggiolo, and Unknown Heirs,<br>Successors or Assigns of Margaret J. Faggiolo, Deceased,<br>and All Persons, Firms or Associations Claiming Right,<br>Title or Interest From or Under Margaret J. Faggiolo,<br>Deceased, Owner, Reputed Owner or Whoever May Be<br>the Owner by operation of law<br>　　　Defendant(s) | :<br><br>:<br><br>: | DELAWARE COUNTY, PA<br><br>NO. CV-2021-062986<br><br>IN REM |

### WRIT OF SCIRE FACIAS

The Commonwealth of
Pennsylvania to:

The Heirs of Margaret J. Faggiolo, and Unknown Heirs, Successors or Assigns of Margaret J. Faggiolo, Deceased, and All Persons, Firms or Associations Claiming Right, Title or Interest From or Under Margaret J. Faggiolo, Deceased, Owner, Reputed Owner or Whoever May Be the Owner by operation of law

GREETINGS:

　　WHEREAS, Borough of Ridley Park, on July 27, 2021, filed its claim in the Court of Common Pleas of Delaware County; Docket No. CV-2021-062986, for the sum of $117.69* for real estate taxes and real estate taxes due Borough of Ridley Park, said Claim filed against property owned by you in Borough of Ridley Park located at Kane Avenue, Ridley Park, Pennsylvania, as more particularly described in said Claim, and said property being further described as Folio Number 37-00-01210-00, owned or reputed to be owned by you;

　　AND WHEREAS, we have been given to understand that said Claim is still due and unpaid, and remains a lien against the said property;

　　NOW, you are hereby notified to file your Affidavit of Defense to said Claim, if defense you have thereto, in the Office of Judicial Support of our said Court, within fifteen (15) days after the service of this Writ upon you. If no Affidavit of Defense is filed within said time, Judgment may be entered against you for the whole Claim, and the property described in the Claim will be sold to recover the amount thereof.

(SEAL)

**COSTS**
CJS $12.50
JUDG. FEE $41.00
SAT. $10.00

_Mary J. Walk_
OFFICE OF JUDICIAL SUPPORT

**President of the Court Signature and the Court Seal have been Purposely Omitted!**

**Mary Jane Walk is Not the President of the Court!**

*　The amount set forth above reflects the balance due as of the date of the filing of the Claim. It does not include any costs or attorney fees added, interest accrued, or credits for payments applied after the date of the filing of the Claim. Additionally, interest accrues on a daily basis.

ISSUED
08-25-2022 04:30 PM
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY, PA

## Exhibit F4

20-47985-0/20-48060-0/21-52030-0/21-52082-0/RP6/_JS
PORTNOFF LAW ASSOCIATES, LTD.                                    ATTORNEY FOR PLAINTIFF
BY:  ROBERT P. DADAY, ESQUIRE                                    ATTORNEY ID 43006
P.O. BOX 391
NORRISTOWN, PA 19404
(866) 211-9466

---

Borough of Ridley Park
    Plaintiff                                      :        IN THE COURT OF COMMON PLEAS
               vs.
The Heirs of Margaret J. Faggiolo, and Unknown   :        DELAWARE COUNTY, PA
Heirs, Successors or Assigns of Margaret J.
Faggiolo, Deceased, and All Persons, Firms or    :        NO. CV-2021-062988
Associations Claiming Right, Title or Interest
From or Under Margaret J. Faggiolo, Deceased,    :        IN REM
Owner, Reputed Owner or Whoever May Be the
Owner by operation of law
    Defendant(s)

---

### WRIT OF SCIRE FACIAS

The Commonwealth of      The Heirs of Margaret J. Faggiolo, and Unknown Heirs, Successors or Assigns
Pennsylvania to:          of Margaret J. Faggiolo, Deceased, and All Persons, Firms or Associations
                     Claiming Right, Title or Interest From or Under Margaret J. Faggiolo, Deceased,
                     Owner, Reputed Owner or Whoever May Be the Owner by operation of law
    GREETINGS:
    WHEREAS, Borough of Ridley Park, on July 27, 2021, filed its claim in the Court of
Common Pleas of Delaware County; Docket No. CV-2021-062988, for the sum of $3,381.40* for
real estate taxes and sewer and trash fees due Borough of Ridley Park, said Claim filed against
property owned by you in Borough of Ridley Park located at 215 Kane Avenue, Ridley Park,
Pennsylvania 19078, as more particularly described in said Claim, and said property being further
described as Folio Number 37-00-01211-00, owned or reputed to be owned by you;
    AND WHEREAS, we have been given to understand that said Claim is still due and unpaid,
and remains a lien against the said property;
    NOW, you are hereby notified to file your Affidavit of Defense to said Claim, if defense you
have thereto, in the Office of Judicial Support of our said Court, within fifteen (15) days after the
service of this Writ upon you. If no Affidavit of Defense is filed within said time, Judgment may be
entered against you for the whole Claim, and the property described in the Claim will be sold to
recover the amount thereof.

    (SEAL)

**COSTS**
CJS $ 17.50
JUDG. FEE $ 41.00
SAT. $ 10.00

*Mary J. Walk* (signature)
OFFICE OF JUDICIAL SUPPORT

---

*  The amount set forth above reflects the balance due as of the date of the filing of the Claim. It
does not include any costs or attorney fees added, interest accrued, or credits for payments applied
after the date of the filing of the Claim. Additionally, interest accrues on a daily basis.

**President of the Court Siganture and the Court Seal have been Purposely Omitted!**

**Mary Jane Walk is Not the President of the Court!**

ISSUED
08-25-2022 04:30 PM
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY, PA

PORTNOFF LAW ASSOCIATES, LTD.                    ATTORNEY FOR PLAINTIFF
BY: ROBERT P. DADAY, ESQUIRE                     ATTORNEY ID 43006
BY: DAVID D. DUGAN, ESQUIRE                      ATTORNEY ID 312395
POST OFFICE BOX 391
NORRISTOWN, PA  19404
(866) 211-9466

| | | |
|---|---|---|
| Borough of Ridley Park | : | IN THE COURT OF COMMON PLEAS |
|     Plaintiff | | |
| vs. | : | DELAWARE COUNTY, PA |
| The Heirs of Margaret J. Faggiolo, and | : | NO. CV-2021-062988 |
| Unknown Heirs, Successors or Assigns of | | |
| Margaret J. Faggiolo, Deceased, and All | : | CIVIL ACTION - IN REM |
| Persons, Firms or Associations Claiming | | |
| Right, Title or Interest From or Under | | |
| Margaret J. Faggiolo, Deceased, Owner, | | |
| Reputed Owner or Whoever May Be the | | |
| Owner by operation of law | | |
|     Defendants | | |

## NOTICE OF SHERIFF'S SALE OF REAL PROPERTY
### CIVIL ACTION – LAW

TO:   The Unknown Heirs                 The Unknown Heirs of
       Of Margaret J. Faggiolo          Margaret J. Faggiolo
       215 Kane Avenue               505 Johnson Avenue
       Ridley Park, PA  19078         Ridley Park, PA  19078

       Alphonso Faggiolo, Heir        Alphonso Faggiolo, Heir
       Of Margaret J. Faggiolo          Of Margaret J. Faggiolo
       713 Lamp Post Lane           505 Johnson Avenue
       Aston, PA  19014-2613         Ridley Park, PA  19078

Residential dwelling

     Your real estate at 215 Kane Avenue, Ridley Park, Pennsylvania  19078, and at Kane Avenue, Ridley Park, PA 19078 is scheduled to be sold at Sheriff's Sale on Friday, May 17, 2024, at 11:00 a.m. in the County Council Room, Court House, Media, Pennsylvania, to enforce the court judgment of $7,259.63 obtained by Borough of Ridley Park against you.