

# HARDIN THOMPSON

**Michael F. Schleigh, Esquire**
Bar Admissions: PA, NJ, and NY
Direct 267-459-8366/Fax: 267-486-9002
Email: mschleigh@hardinlawpc.net

Wells Fargo Building
123 S. Broad Street, Suite 2235
Philadelphia, PA 19109
www.hardinlawpc.net

May 13, 2024

The Honorable Joel H. Slomsky, Senior Judge
The United States District Court for the Eastern District of Pennsylvania
 13614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

> Re:   **Faggiolo v. Walk et al.**
>        E.D.Pa. Docket No.: 2:23-cv-04920
>        <u>Our File No.:       04.0024</u>

Dear Senior Judge Slomsky:

In light of the time constraints imposed in Your Honor's May 13, 2024 Order, and the nature of the claims underpinning Faggiolo's Motion for Emergency Temporary Restraining Order, (**"METRO,"**) Defendant Mary J. Walk respectfully requests that this Court accept the following lettermemo by way of her Response.

Faggiolo's Complaint represents him to be one of the "sovereign people" with whose theories and litigation this Court is by-now familiar. (Complaint, Dec. 12, 2023, at ¶¶ 16, 27, 221). On this basis, Faggiolo alleges that he and his properties are not "liable or subject to borough of Ridley Park ordinances and resolutions". (*Id.* at ¶¶ 22, 27, 30, 31). Faggiolo goes on to assert claims against the Borough and various government officials, who he claims acted in a conspiracy with third-parties to defraud him. (*Id.* at ¶¶ 98, 100, 271).

In reality it is beyond well-settled that the Pennsylvania General Assembly has delegated taxing authority to municipalities like Ridley Park. *See, e.g., St. Fleur v. City of Scranton*, 241 A.3d 121 (Pa. Commw. 2020) ("Act 511 authorizes Pennsylvania municipalities to impose various forms of taxation on municipal residents, and in some instances on nonresidents within the municipality.") (*citing,* 53 P.S. § 6924.301.1, *et seq.*) While there are limited exceptions to the duty to pay tax or a taxing authority's ability to record a lien and expose a property to sale, a resident's claim to 'sovereignty' is not one. On the contrary, Faggiolo's Complaint is ripe for dismissal under *DeGrazia v. FBI*, inasmuch as it relies on "fantastic scenarios lacking any arguable factual basis" 316

**HT HARDIN THOMPSON**

Fed. Appx. 172 (3d. Cir. 2009). Faggiolo's METRO does no more than amplify the frivolous allegations of Faggiolo's Complaint, and should therefore be denied.

In order to obtain a restraining order, a plaintiff must plead and prove that (1) he is likely to succeed on the merits; (2) he will suffer an irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favors; and (4) that an injunction is in the public interest. *Doe v. Haverford Coll.*, 656 F. Supp. 3d 540, 544–45 (E.D. Pa. 2023). Faggiolo's METRO fails each element of this test.

First, the allegations of the Complaint and METRO make clear that Faggiolo is not plausibly likely to succeed on the merits (as they are frivolous.) Second, the METRO does not adequately plead that Faggiolo will suffer an irreparable harm if relief is not granted, because Faggiolo's (obvious) remedy is to simply pay his taxes; if, inconceivably, Faggiolo convinces this Court that he is in fact not required to pay taxes as a sovereign person, he will then become entitled to the return of his payment as a remedy. Third, the balance of equities plainly does not tilt in Faggiolo's favor, because there is no equitable interest in the wholesale refusal to pay tax; fourth and finally, the public interest is clearly disserved by allowing Faggiolo to continue to refuse payment of taxes, which are themselves used for the benefit of the public.

Accordingly, Ms. Walk respectfully requests that this Court deny Mr. Faggiolo's METRO, grant the Defendants' Rule 12 Motions, and dismiss the instant action with prejudice.

        Very truly yours,
        */s/ Michael F. Schleigh*
        Michael F. Schleigh, Esquire

MFS
Cc:   Alphonso N. Faggiolo *via* efiling
      *All counsel of record via efiling*