IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALPHONSO NICHOLAS FAGGIOLO : | |
| : | CIVIL ACTION |
| *Plaintiff* : | |
| : | NO. 23-cv-4920 |
| v. : | |
| : | Hon. Joel H. Slomsky |
| BOROUGH OF RIDLEY PARK, et al. : | |
| : | |
| *Defendants* : | |

### RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTIONS FOR EMERGENCY TEMPORARY RESTRAINING ORDER FILED ON BEHALF OF THE HONORABLE BARRY C. DOZOR

On December 18, 2023, Plaintiff filed a Civil Action Complaint for monetary damages pursuant to the civil rights enabling statute, 42 U.S.C. § 1983 against numerous municipal, county, and commonwealth Defendants including, *inter alia*, the Honorable Barry C. Dozor, a judicial officer of the 32nd Judicial District of Pennsylvania. All Defendants, including Judge Dozor, filed Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), which remain pending at this time.

Despite the pendency of these dispositive motions, Plaintiff has now filed a Motion for Emergency Temporary Restraining Order, asking this Honorable Court to enjoin a pending sheriff sale and preclude the assessment of unspecified fees and interest related to delinquent taxes. Though the injunctive relief does not relate directly to Judge Dozor, he submits this concise response, joining in the responses of other named Defendants.

Plaintiff's Complaint does not set forth a viable action, let alone one that meets the standards for a Preliminary Injunction or Temporary Restraining Order. Preliminary injunctive relief is "an extraordinary remedy" and "should be granted only in limited circumstances." *Kos*

1

*Pharmaceuticals, Inc. v. Andrx Corp.,* 369 F.3d 700, 708 (3d Cir.2004)(citation omitted). It is never awarded as of right. *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 24 (2008). Plaintiff must establish this relief by clear evidence on the merits of his claims. *Id.* at 22.

In order to obtain this extraordinary remedy, Plaintiff must show (1) a likelihood of success on the merits; (2) that he will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to Defendants as non-moving parties; and (4) that the public interest favors such relief. *Kos Pharmaceuticals,* 369 F.3d at 708. The first two factors are thresholds: if Plaintiff cannot meet them, the Court must deny the requested injunction. *Reilly v. City of Harrisburg,* 858 F.3d 173, 178 (3d Cir. 2017). If they are met, the Court may then consider the final two factors and balance all four together. *Id.*

As to likelihood of success on the merits, Defendants' 12(b) Motions and Briefs in Support of Motions to Dismiss the Complaint provide comprehensive legal arguments on jurisdiction and the merits of Plaintiff's claims. In the interest of brevity, Judicial Defendants will not restate those legal arguments, which the Court already has the benefit of.

Moreover, injunctive relief is not appropriate if there is an adequate remedy at law. *Hayes v. Ohio Nat. Financial Servs., Inc.*, 652 F. Supp. 2d 456, 462 (E.D. Pa. 2009). In order to obtain relief, the preliminary injunction must be the only way of protecting Plaintiff from harm. *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). Plaintiff had and has remedies and avenues for relief in state court. Thus, an injunction is not the "only way" that they can protect themselves from an alleged erroneous order. *See Kush v. Bayview Loan Servicing,* 2018 WL 3631871, at *3 (M.D. Pa. 2018)(holding that an irreparable harm was lacking where the plaintiff had state court remedies regarding a sheriff's sale, including filing motions and

taking an appeal). To the extent that Plaintiff asks this Court to enjoin the enforcement of state court orders, such a request is barred by the *Rooker-Feldman* doctrine.

It is well settled that federal Courts lack subject matter jurisdiction to review state Court judgments where the relief sought is in the nature of appellate review. The doctrine is "confined to cases . . . brought by State-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Great Western Ming & Mineral Company v. Fox Rothchild LLP*, 615 F.3d 159, 166 (3d Cir. 2010), quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 283, 292 (2005). Because jurisdiction to review a state court's decisions rests in the Pennsylvania appellate Courts, federal district Courts lack jurisdiction over challenges that are the functional equivalent of an appeal of a state court judgment. *Marran v. Marran*, 376 F.3d 143, 149 (3d Cir. 2004)

For the foregoing reasons, the Honorable Barry C. Dozor joins in other Defendants' Responses, and respectfully requests this Honorable Court deny Plaintiff's Motion for Emergency Temporary Restraining Order.

Respectfully submitted,

**/s/ Nicole Feigenbaum**
**NICOLE FEIGENBAUM, ESQUIRE**
Attorney I.D. No. PA 319765
Supreme Court of Pennsylvania
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
Nicole.Feigenbaum@pacourts.us
(215) 560-6326, Fax: (215) 560-5486
***Attorney for the Honorable Barry C. Dozor***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALPHONSO NICHOLAS FAGGIOLO | : | |
| | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 23-cv-4920 |
| v. | : | |
| | : | Hon. Joel H. Slomsky |
| BOROUGH OF RIDLEY PARK, et al. | : | |
| | : | |
| *Defendants* | : | |

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on May 15, 2024, she personally caused to be served upon the following a true and correct copy of the foregoing *Response to Plaintiff's Motion for Emergency Temporary Restraining Order* by ECF to all counsel of record, and by U. S. mail to Plaintiff at:

Alphonso Nicholas Faggiolo
713 Lamp Post Lane
Aston, PA 19014
***Pro Se Plaintiff***

/s/ Nicole Feigenbaum
**NICOLE FEIGENBAUM, ESQUIRE**
Attorney I.D. No. PA 319765
Supreme Court of Pennsylvania
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
Nicole.Feigenbaum@pacourts.us
(215) 560-6326, Fax: (215) 560-5486
***Attorney for the Honorable Barry C. Dozor***