ALPHONSO NICHOLAS FAGGIOLO        :
              Plaintiff        :        No. 2023-CV-04920-JHS
                                :
     v.        :
                                :
BOROUGH OF RIDLEY PARK, ROBERT  :
P. DADAY, BARRY C. DOZOR,        :
MICHELLE PORTNOFF, RICHARD        :
TUTAK, MARY J. WALK        :

# O R D E R

AND NOW, this            day of                , 2024, upon consideration of

Plaintiff's Motion for Emergency Temporary Restraining Order and Preliminary Injunction, and

response thereto, it is hereby ORDERED and DECREED that said Motion is DENIED.


BY THE COURT:


_____

JOEL H. SLOMSKY, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ALPHONSO NICHOLAS FAGGIOLO | : | |
| Plaintiff | : | No. 2023-CV-04920-JHS |
| | : | |
| v. | : | |
| | : | |
| BOROUGH OF RIDLEY PARK, ROBERT | : | |
| P. DADAY, BARRY C. DOZOR, | : | |
| MICHELLE PORTNOFF, RICHARD | : | |
| TUTAK, MARY J. WALK | : | |

**DEFENDANTS, BOROUGH OF RIDLEY PARK AND RICHARD TUTAK'S
REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR EMERGENCY
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Defendants, Borough of Ridley Park and Richard Tutak (hereinafter "Borough Defendants"), by and through their counsel, Ernest Angelos, Esq., Katherine Meehan, Esq. and Raffaele Puppio, submit the within reply to Plaintiff's Motion for Temporary Restraining Order, which also asserts a request for preliminary injunction.

1.1    Admitted.

2.1    Denied.  Borough Defendants lack sufficient knowledge or information to admit or deny this allegation, therefore, it is denied.

2.2    Denied.  Borough Defendants lack sufficient knowledge or information to admit or deny this allegation, therefore, it is denied.

2.3    Denied.  Borough Defendants lack sufficient knowledge or information to admit or deny this allegation, therefore, it is denied.

2.4    Denied.  Denied as stated, Mr. Tutak serves as the Borough Manager for the Borough of Ridley Park.

2.5     Denied as stated.  Borough of Ridley Park is a Borough duly organized and existing under the laws of Pennsylvania.

2.6     Denied.  Borough Defendants lack sufficient knowledge or information to admit or deny this allegation, therefore, it is denied.

3.1     Denied.  Denied.  Borough Defendants lack sufficient knowledge or information to admit or deny this allegation, therefore, it is denied.  In addition, this paragraph contains conclusions of law to which no response is required.

4.1     Denied.  This paragraph contains conclusions of law to which no response is required.  To the extent a response may be required, the allegations are denied.

4.2     Denied.  The referenced document speaks for itself.

4.3     Denied.  This paragraph contains conclusions of law to which no response is required.  To the extent a response may be required, the allegations are denied.

4.4     Denied.  This paragraph contains conclusions of law to which no response is required.  To the extent a response may be required, the allegations are denied.

4.5     Denied.  This paragraph contains conclusions of law to which no response is required.  To the extent a response may be required, the allegations are denied.

4.6     Denied.  This paragraph contains conclusions of law to which no response is required.  To the extent a response may be required, the allegations are denied.

4.7     Denied.  This paragraph contains conclusions of law to which no response is required.  To the extent a response may be required, the allegations are denied.

4.8     Denied.  This paragraph contains conclusions of law to which no response is required.  To the extent a response may be required, the allegations are denied.

5.1     Denied.  This paragraph contains conclusions of law to which no response is required; said document speaks for itself.

5.2     Denied as stated.  Defendants are entitled to raise any and all defenses and objections to Plaintiff's allegations.  Defendants responded to Plaintiff's Complaint as they deemed legally appropriate and in accordance with the Federal Rules of Civil Procedure.

5.3     Denied.  Defendants are entitled to raise any and all defenses and objections to Plaintiff's allegations.  Defendants responded to Plaintiff's Complaint as they deemed legally appropriate and in accordance with the Federal Rules of Civil Procedure.  As set forth in their Motion to Dismiss Plaintiff's Complaint, Borough Defendants presently assert the mandates of the Tax Injunction Act, 28 U.S.C. § 1341.  The Act provides that

> District courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

Borough Defendants believe, and therefore aver, that the actions Plaintiff complains of entirely relate to the process and procedure around the taxation and collection of taxes pertaining to the properties at issue and which are scheduled for sale: 215 Kane Avenue, and 0 Kane Avenue. Indeed, even within the present Motion for Temporary Restraining Order, Plaintiff takes issue with the manner in which the various Defendants and other unnamed parties have processed the collection of taxes regarding the properties.

Additionally, the Rooker-Feldman Doctrine bars the restraining order where Plaintiff's claim is nothing more than an appeal from a state court judgment. Borough Defendants hereby incorporate by reference the Brief of Defendants, Michelle Portnoff and Robert P. Daday, In Opposition to Plaintiff's Motion for Emergency Temporary Restraining Order and Preliminary Injunction Filed on May 14, 2024.

5.4     Denied as stated.  Defendants are entitled to raise any and all defenses and objections to Plaintiff's allegations.  Defendants responded to Plaintiff's Complaint as they deemed legally appropriate and in accordance with the Federal Rules of Civil Procedure.

6.1     Denied.  Borough Defendants have merely undertaken to defend themselves against Plaintiff's allegation in accordance with the Federal Rules of Civil Procedure.

6.2     Denied.  Borough Defendants lack sufficient knowledge or information to admit or deny this allegation, therefore, it is denied.  In addition, this paragraph contains conclusions of law to which no response is required.

7.1     Denied.  Borough Defendants believe and therefore aver that Plaintiff has an adequate remedy at law in the court proceedings that have already occurred, and in which Plaintiff fully participated, as well as remedies as afforded through the ongoing Sheriff sale proceedings.  Plaintiff has instead elected to use this Honorable Court as an appellate court to review those prior proceedings of the state court.  Accordingly, Borough Defendants have moved to dismiss Plaintiff's Complaint in this court.

8.1     Denied.  This paragraph contains conclusions of law to which no response is required.  To the extent a response may be required, the allegations are denied.

8.2     Denied.  This paragraph contains conclusions of law to which no response is required.  To the extent a response may be required, the allegations are denied.

Plaintiff's stated requests for relief include a temporary restraining order and preliminary injunction.  The Borough Defendants hereby incorporate by reference and join in the responses of the Portnoff Defendants, Defendant Walk, and Defendant Dozor, asserting the Plaintiff is not able to establish his entitlement to either remedy in this matter.

WHEREFORE, Defendants Borough of Ridley Park and Richard Tutak pray that this Honorable Court will deny Plaintiff's Motion.

**RAFFAELE PUPPIO, LLP**

Date:   5/15/24                              BY:   _s/Katherine H. Meehan_____
                                                       Ernest S. Angelos, Esq.
                                                       Katherine H. Meehan, Esq.
                                                       *Attorneys for Defendants, Borough of*
                                                       *Ridley Park and Richard Tutak*

**CERTIFICATE OF SERVICE**

I, Katherine H. Meehan, Esquire, attorney for the Defendants, Borough of Ridley Park and Richard Tutak, do hereby certify that a true and correct copy of Defendants, Borough Of Ridley Park And Richard Tutak's Reply In Opposition To Plaintiff's Motion for Emergency Temporary Restraining Order and Preliminary Injunction, filed in the above-captioned matter was sent via the Court's electronic filing system to the following:

Alphonso N. Faggiolo, pro se
713 Lamp Post Lane
Aston, PA  19014

Donald E. Wieand, Jr., Esquire
Stevens & Lee
840 W. Hamilton Street
Suite 521
Allentown, PA  18101
Attorney for Michelle Portnoff, Robert P. Daday

Michael F. Schleigh, Esquire
Hardin Thompson, PC
123 South Broad Street
Suite 2235
Philadelphia, PA  19109
Attorney for Mary J. Walk

Nicole Feigenbaum, Esquire
Supreme Court of Pennsylvania
Administrative Office of PA Courts
1515 Market St., Ste. 1414
Philadelphia, PA  19102
Attorney for the Honorable Barry C. Dozor


_Katherine H. Meehan_____

Katherine H. Meehan, Esquire


Date: 5/15/24