IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALPHONSO NICHOLAS FAGGIOLO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BOROUGH OF RIDLEY PARK, et al.,<br><br>　　　　Defendants. | CIVIL ACTION<br>NO. 223-4920 |

### ORDER

**AND NOW**, this 15th day of May 2024, upon consideration of pro se Plaintiff Alphonso Nicholas Faggiolo's Emergency Motion for a Temporary Restraining Order (Doc. No. 36), Defendant Mary J. Walk's Response in Opposition (Doc. No. 38), Defendants Michelle Portnoff and Robert P. Daday's Response in Opposition (Doc. No. 39), Defendant Barry C. Dozor's Response in Opposition (Doc. No. 40) and Defendants Borough of Ridley Park and Richard Tutak's Response in Opposition (Doc. No. 41), it is **ORDERED** that Plaintiff's Motion (Doc. No. 36) is **DENIED**.[1]

---

[1] On December 12, 2023, pro se Plaintiff Alphonso Nicholas Faggiolo filed a Complaint against the Borough of Ridley Park and government officials Michelle Portnoff, Robert P. Daday, Barry C. Dozor, Richard Tutak and Mary J. Walk ("Defendants"), alleging that Defendants are violating his constitutional rights by assessing taxes and attempting to collect overdue property taxes on three parcels of real property: (1) two parcels at 215 Kane Avenue, Ridley Park, Pennsylvania, and (2) one parcel at 505 Johnson Avenue, Ridley Park, Pennsylvania.

On May 10, 2024, pro se Plaintiff Alphonso Nicholas Faggiolo filed an Emergency Motion for a Temporary Restraining Order ("TRO"), seeking a restraining order to prevent a Sheriff's sale of the two parcels of real property at 215 Kane Avenue, Ridley Park, Pennsylvania. (Doc. No. 36 at 10.) The Sheriff's sale is currently scheduled for May 17, 2024 at 11:00 a.m. (Id.) He is also seeking injunctive relief, while his current case is pending, to enjoin Defendants "from adding on any additional fees or interest charges for the Plaintiff's three properties," which include the two Kane Avenue parcels and the parcel at 505 Johnson Avenue, Ridley Park, Pennsylvania. (Id.)

Plaintiff asserts that the Sheriff's sale of the two parcels should be prevented because the sale is a violation of his constitutional rights, and Defendants are conspiring to defraud him. In sum, Plaintiff is arguing that the taxes assessed against the three properties violate his constitutional rights, and any additional actions or taxes assessed against the three parcels of real property would also violate his constitutional rights. For the reasons discussed below, the Court will deny Plaintiff's Emergency Motion for a TRO because Plaintiff has not established that he is likely to succeed on the merits of his request for a TRO because this Court lacks the power to enjoin Sheriff's sales to collect on state and municipal tax liens. As a preliminary matter, however, the parties are in dispute over whether Plaintiff owns the three parcels of real property, but this dispute will await further development in this case.

Federal Rule of Civil Procedure 65(b)(1) allows a court to issue a temporary restraining order. "The standards for a temporary restraining order are the same as those for a preliminary injunction." Bieros v. Nicola, 857 F. Supp. 445, 446 (E.D. Pa. 1994). "A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Winter v. NRDC, Inc., 555 U.S. 7, 20 (2008).

Here, Plaintiff has not shown that he is likely to succeed on the merits of his request for a TRO because this Court has no jurisdiction to prevent a Sheriff's sale of real property under the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, and principles of comity. Under the TIA, federal district courts lack jurisdiction over the enforcement of state and municipal property taxes when a plaintiff's claim can be resolved in state court and those courts provide a "plain, speedy and efficient remedy." Lehigh Valley Properties, Inc. v. Portnoff Law Associates, LTD, Civ. No. 19-4892, 2020 WL 1984889, at *3 (E.D. Pa. April 27, 2020). As a court in this District held in Lehigh Valley Properties,

> The TIA provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The TIA is "first and foremost a vehicle to limit drastically federal court jurisdiction to interfere with so important a local concern" as taxation. Rosewell v. LaSalle Nat. Bank, 450 U.S. 503, 522, [] (1981). Indeed, the "moorings" of the TIA can be found in state revenue protection. Hibbs v. Winn, 542 U.S. 88, 106, [] (2004). "Although the express language of the Tax Injunction Act only refers to injunctive actions, the Supreme Court has held that the Tax Injunction Act also prohibits federal courts from issuing declaratory judgments holding state tax laws unconstitutional." Gass v. County of Allegheny, PA., 371 F.3d 134, 136 (3d Cir. 2004) citing California v. Grace Brethren Church, 457 U.S. 393, 408, [] (1982); See also Dommel Properties, LLC v. Jonestown Bank and Trust Co., 2013 WL 1149265, *6 (M.D. Pa. March 19, 2013)
>
> . . .

2

BY THE COURT:

/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J

---

The principle of comity is actually broader in scope than the TIA "because it restrains federal courts from hearing not only cases that decrease a state's revenue, but also those that 'risk disrupting state tax administration.'" Joseph v. Hyman, 659 F.3d 215, 218 (2d Cir. 2011) (quoting Levin v. Commerce Energy, Inc., 560 U.S. 413, 417 (2010), 130 S.Ct. 2323). As a result of the TIA and the Supreme Court's decision in McNary, "a federal court cannot entertain a suit posing either an equitable or a legal challenge to state or local taxes ... if a sufficient remedy ... is available in state court." Kerns v. Dukes, 153 F.3d 96, 101 (3d Cir. 1998).

Id. In Pennsylvania, to challenge a Sheriff's sale based on tax liens on real property, the Municipal Claims and Tax Liens Act ("MCTLA") allows Pennsylvania property owners to challenge the imposition of tax liens against their properties. See 53 P.S. §§ 7182, 7184. "[T]he MCTLA. . . constitutes a 'plain speedy and efficient remedy' for purposes of the TIA." Lehigh Valley Properties, 2020 WL 1984889, at *5 (citing Christian Street Pharmacy v. City of Philadelphia, 2009 WL 2137204, at *2-3 (E.D. Pa. July 15, 2009)).

Here, Plaintiff challenged the Municipal liens under the MCTLA in the Delaware Court of Common Pleas by filing several motions challenging the assessment of liens against the properties. (See Doc. Nos. 15-4, 15-5.) Ultimately, Judge John Capuzzi, Sr., rejected Plaintiff's claims and entered in rem judgments against the properties upholding the liens. (See id.)

Accordingly, because the MCTLA provides a sufficient remedy for Plaintiff to challenge the Sheriff's sale of the Kane Avenue properties in Pennsylvania state court, Plaintiff may not succeed on the merits of his request for a TRO because this Court lacks jurisdiction to issue an injunction under the TIA. Moreover, issues of comity may come into play in this case. Because Plaintiff has not established the first element necessary for issuance of TRO, the Court need not analyze the other three elements. Consequentially, Plaintiff's Emergency Motion for a TRO (Doc. No. 36) will be denied.