Alphonso Nicholas Faggiolo,
713 Lamp Post Lane.
Aston, Pennsylvania 19014
610-818-7167
*Plaintiff.*

# DISTRICT COURT OF THE UNITED STATES
## for the
## Eastern District of Pennsylvania

| | |
|---|---|
| Alphonso Nicholas Faggiolo<br>*Plaintiff,*<br><br>*vs.*<br><br>BOROUGH OF RIDLEY PARK et al,<br>*Defendants.* | **Case Number:** 2:23-cv-04920 |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ORAL ARGUMENT

On the 22nd day of December 2023, attorney Donald E. Wieand filed a Notice of Appearance [Docket No. 7] to represent Defendants Michelle Portnoff and Robert P. Daday. Wieand has not provided the court any additional Notices of Appearance authorizing him to represent or speak for the other named Defendants; so, Plaintiff will not address any claims and allegations Wieand makes for Defendants he is not authorized to represent, nor will Plaintiff address frivolous and irrelevant issues outside the four corners of the Plaintiff's two judicial notices.

The issue before the court regarding Wieand's clients, third-party debt collectors and Defendants Michelle Portnoff and Robert P. Daday, is their manufacturing and filing of three counterfeit judicial "writs of scire facias" against the Plaintiff's three properties, which said Defendants did do, by acting of their own accord, without possessing any

records of State or Municipal authorization to take such actions against the Plaintiff or the Plaintiff's properties.

Plaintiff finds Defendants' memorandum in opposition to Plaintiff's "Motion for Oral Argument" [Docket No. 43] to contain false statements, meritless legal theories, baseless legal conclusions, and to be littered with unfocused ramblings, that are so confusing, ambiguous, vague, and unintelligible, to the point that Plaintiff is left to wonder if attorney Donald E. Wieand and the two Defendants he represents, Michelle Portnoff and Robert P. Daday, can read and comprehend plain English.

Defendants' opposition to oral arguments for Plaintiff's two judicial notices, regarding all the named Defendants' manufacturing, imposition, and their submission of "counterfeit judicial writs of scire facias" and "counterfeit property assessments", into this Federal court case, is frivolous for failure to state any legal deficiencies within the four corners of Plaintiff's two notices and Plaintiff's motion for oral argument, and therefore Defendants' response should be stricken and an oral hearing should promptly be scheduled for the following reasons:

1. The Plaintiff has personal knowledge of and has provided irrefutable facts and evidence, in his two judicial notices, of the actual commission of multiple felonies committed by all named Defendants, which are cognizable by this court of the United States, and Plaintiff has made these felonies known to judge Joel Slomsky of the Eastern District of Pennsylvania, in accordance with 18 U.S. Code § 4 - Misprision of felony.

2. It defies logic and is incredulous to believe that all named Defendants and their attorneys don't understand that "judicial" writs of scire facias, under Pennsylvania Title 53 § 7185 (Form of scire facias; addition of parties; amicable scire facias), must be issued upon an existing "court rendered judgment or order", and not upon three counterfeit liens manufactured by two third-party debt collectors, that can't provide

this court any records or evidence of their purported State or Municipal authorization, to manufacture and file liens against the Plaintiff's three properties.

3. It defies logic and is incredulous to believe that all named Defendants and their attorneys don't understand that an administrative clerk and the administrative employees of the County of Delaware Court of Common Pleas "Office of Judicial Support" cannot render court judgments or orders against the Plaintiff or Plaintiff's three properties, but can only enter court judgments and orders that had "previously" been rendered by a judge in a court of competent jurisdiction; wherefore there were no judgments entered against the Plaintiff's three properties on 7/27/2021, as was falsely claimed by Defendant Mary J. Walk's Office of Judicial Support, in its three counterfeit Pennsylvania Rule of Civil Procedure 236 notices (Notice by Prothonotary of Entry of Order or Judgment) sent to the Plaintiff.

4. It defies logic and is incredulous to believe that all named Defendants and their attorneys don't understand that an administrative clerk and two third-party debt collectors cannot manufacture and execute "judicial" writs of scire facias, against the Plaintiff or Plaintiff's three properties, under Pennsylvania Title 53 § 7185, without first securing the signature of the President Judge of the court upon the writs and affixing the court seal to the writs; wherefore the three documents purported and represented to be valid judicial writs of scire facias, by all the named Defendants, were not only deficient on their face but were blatant counterfeit judicial instruments.

5. No doctrine, act, or law, provides immunity to the Defendants that intentionally committed crimes, or immunity to their attorneys, who are now intentionally facilitating and condoning their client's manufacturing and filing of counterfeit instruments ("judicial writs of scire facias" and "property assessments") into this Federal court case, which were illegally used to manufacture Security Instruments against the Plaintiff's three properties.

6. All named Defendants appear to believe that if they cite the "Tax Injunction Act" or "Rooker Feldman", which are completely irrelevant to the Plaintiff's civil rights

suit, they somehow can suspend the State and Federal constitutions, suspend substantive and procedural due process, suspend property rights, suspend the Pennsylvania and Federal criminal statutes, suspend the Pennsylvania and Federal Rules of Civil Procedure, suspend the Pennsylvania Rules of Professional Conduct, suspend the Pennsylvania Judicial Canons, and magically grant themselves immunity and a license to act like common criminals.

7. It defies logic and is incredulous to believe that all named Defendants and their attorneys don't understand that an administrative clerk and two third-party debt collectors cannot alter the language of the Legislature's statutes, omit provisions of the Legislature's statutes, and pick and choose which of the Legislature's statutes they will adhere to; which was done repeatedly by all named Defendants, to intentionally damage the Plaintiff.

> **1 Pa. C.S. § 1921 - Legislative intent controls**
>
> (a) The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions.
>
> (b) When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.
>
> **1 Pa. C.S. § 1922 - Presumptions in ascertaining legislative intent**
> In ascertaining the intention of the General Assembly in the enactment of a statute the following presumptions, among others, may be used:
>
>   (2) That the General Assembly intends the entire statute to be effective and certain.
>
>   (3) That the General Assembly does not intend to violate the Constitution of the United States or of this Commonwealth.
>
> *""Witness…" line from the Section 7185 form would not make sense here, because the President Judge does not witness or have any other direct role in issuing the writs." "Additionally, the statutory form provides for naming the President Judge but does not explicitly say that the President Judge must sign."…* **quote from Defendant Robert P. Daday**

8. Third-party debt collectors and Defendants Michelle Portnoff and Robert P. Daday are not government employees and have failed to provide this court any evidence that they were expressly granted power and were authorized by the Pennsylvania Legislature or the Borough of Ridley Park, to collect taxes from the Plaintiff or the

Plaintiff's three properties, and that they were expressly granted power to unilaterally manufacture and file liens against the Plaintiff's three properties, devoid of any due process or rule of law.

9.  Defendants Michelle Portnoff and Robert P. Daday are self-professed third-party debt collectors, that used the United States Postal Service; to falsely claim they were collecting debts owed to the Borough of Ridley Park by the Plaintiff or owed for the Plaintiff's three properties.

10. Defendant Richard Tutak, manager of the Borough of Ridley Park, averred in a sworn affidavit provided to the Plaintiff through a Pennsylvania Right To Know Record Request, that the Borough had no records in its possession of any debts whatsoever owed by the Plaintiff or owed for the Plaintiff's three properties. **See Docket No. 17, Affidavit of Defendant Richard Tutak (c)(i), (d)(i)**.

11. Defendant Richard Tutak, manager of the Borough of Ridley Park, averred in a sworn affidavit provided to the Plaintiff through a Pennsylvania Right To Know Record Request, that the Borough had no records in its possession of any government employee of the Borough of Ridley Park, who authorized third-party debt collectors and Defendants, Michelle Portnoff and Robert P. Daday, to manufacture and file three liens against the Plaintiff's three properties. **See Docket No. 17, Affidavit of Defendant Richard Tutak (j)(i)**.

12. Defendant Richard Tutak, manager of the Borough of Ridley Park, averred in a sworn affidavit provided to the Plaintiff through a Pennsylvania Right To Know Record Request, that the Borough of Ridley Park:

- had no records in its possession of a Taxable Situs for Plaintiff's properties, commonly known as 1) 505 Johnson Avenue, Ridley Park, Pennsylvania; 2) 215 Kane Avenue, Ridley Park, Pennsylvania; and 3) 0 Kane Avenue, Ridley Park, Pennsylvania. **(a)(i)**

- had no records in its possession of ownership, interest, or rights, in the Plaintiff's properties commonly known as 1) 505 Johnson Avenue, Ridley Park, Pennsylvania; 2) 215 Kane Avenue, Ridley Park, Pennsylvania; and 3) 0 Kane Avenue, Ridley Park, Pennsylvania. **(b)(i)**

- had no records in its possession of the Plaintiff "breaching the law". **(e)(i)**

- had no records in its possession of Pennsylvania Statutes Title 53 applying to the Plaintiff or Plaintiff's properties commonly known as 1) 505 Johnson Avenue, Ridley Park, Pennsylvania; 2) 215 Kane Avenue, Ridley Park, Pennsylvania, and 3) 0 Kane Avenue, Ridley Park, Pennsylvania. **(f)(i)**

- had no records in its possession of Borough of Ridley Park "Ordinances and Resolutions" applying to the Plaintiff or Plaintiff's properties, commonly known as 505 Johnson Avenue, Ridley Park, Pennsylvania; 215 Kane Avenue, Ridley Park, Pennsylvania; and 0 Kane Avenue, Ridley Park, Pennsylvania. **(g)(i)**

- had no records in its possession of the Plaintiff or Plaintiff's properties, commonly known as 1) 505 Johnson Avenue, Ridley Park, Pennsylvania; 2) 215 Kane Avenue, Ridley Park, Pennsylvania, and 3) 0 Kane Avenue, Ridley Park, Pennsylvania, being Subjects of Taxation, or that the Plaintiff is a Taxpayer pursuant to the Commonwealth of Pennsylvania tax codes. **(h)(i)**

- had no records in its possession of Plaintiff being an Inhabitant, Resident, Citizen, or Member of the Borough of Ridley Park municipal corporation. **(i)(i)**

**See Docket No. 17, Affidavit of Defendant Richard Tutak**

13. Plaintiff is not an "Individual" required to file a tax return as is required by every taxpayer; Plaintiff is not operating a legal entity, nor is he employed by a legal entity, organized and incorporated under the statutes of the Commonwealth, and required to file a tax return as is required by every taxpayer; Plaintiff does not own a business nor does he conduct business activities in the Borough of Ridley Park and required to file a tax return as is required by every taxpayer.

> **Taxpayer:** "An individual required under this subpart to file a tax return or to pay a tax." **53 PA Cons Stat § 8401**
>
> **Taxpayer:** "A person or business required under this act to file a return of an income tax or to pay an income tax. The term includes a person or business that filed a return of taxable income during the prior year but that had no taxable income during the current year and was required by the tax collector to file a final return indicating why the person or business no longer has taxable income. The term does not include a person or business with no taxable income, which person or business shall not be required to file a return of income or to pay an income tax under this act." **Local Tax Enabling Act, The, Act of Dec. 31, 1965, P.L. 1257, No. 511**
>
> **(c) Declaration and payment.--**Except as provided in subsections (a)(2) and (d), taxpayers shall declare and pay income taxes as follows:
>
> > **(1) Every taxpayer shall**[, on or before April 15 of the succeeding year,] make and file with the resident tax officer, a final return showing the amount of taxable income received during the period beginning January 1

of the current year and ending December 31 of the current year, the total amount of tax due on the taxable income, the amount of tax paid, the amount of tax that has been withheld under section 512 and the balance of tax due. All amounts reported shall be rounded to the nearest whole dollar. At the time of filing the final return, the taxpayer shall pay the resident tax officer the balance of the tax due or shall make demand for refund or credit in the case of overpayment. Taxpayers may use the Annual Local Earned Income Tax Return form available from the department's publicly accessible Internet website to file the final return.

**(2)\*\*\***

(iii) **Every taxpayer shall**[, on or before April 15 of the succeeding year,] make and file with the resident tax officer a final return showing the amount of net profits earned or received based on the method of accounting used by the taxpayer during the period beginning January 1 of the current year, and ending December 31 of the current year, the total amount of tax due on the net profits and the total amount of tax paid. At the time of filing the final return, the taxpayer shall pay to the resident tax officer the balance of tax due or shall make demand for refund or credit in the case of overpayment. Any taxpayer may, in lieu of paying the fourth quarterly installment of the estimated tax, elect to make and file with the resident tax officer on or before January 31 of the succeeding year, the final return. **LOCAL TAX ENABLING ACT - DECLARATION AND PAYMENT OF INCOME TAXES, Act of Apr. 19, 2022, P.L. 59, No. 17 Session of 2022 No. 2022-17**

# Submitted this 31st day of July 2024.

*Alphonso Nicholas Faggiolo*

Alphonso Nicholas Faggiolo
*Plaintiff*

### Certificate of Service

I, Alphonso Nicholas Faggiolo, certify that on the 31st day of July, 2024, a true and correct copy of the above has been electronically mailed to:

MICHAEL F. SCHLEIGH: mschleigh@hardinlawpc.net, amollai@hardinlawpc.net, amoore@hardinlawpc.net

DONALD E. WIEAND, JR: dew@stevenslee.com, lak@stevenslee.com

KATHERINE H. MEEHAN: meehan@raffaelepuppio.com

NICOLE A. FEIGENBAUM: nicole.feigenbaum@pacourts.us, legaldepartment@pacourts.us

ERNEST S. ANGELOS: eangelos@raffaelepuppio.com, Altieri@raffaelepuppio.com