BLD-030                                                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2654
_____

ALPHONSO NICHOLAS FAGGIOLO,
   Appellant

v.

MICHELLE PORTNOFF; BOROUGH OF RIDLEY PARK, a political subdivision of
the Commonwealth of Pennsylvania; ROBERT P. DADY; BARRY C. DOZOR;
RICHARD TUTAK; MARY J. WALK, In their individual capacity

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-23-cv-04920)
District Judge: Honorable Joel H. Slomsky
_____

Submitted on Appellant's and Appellees' Motions for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6.
November 14, 2024

Before: SHWARTZ, MATEY, and CHUNG, Circuit Judges

(Opinion filed: December 5, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Alphonso Faggiolo, proceeding pro se, appeals from the District Court order granting Appellees' motions for dismissal for lack of subject matter jurisdiction. Appellees filed a motion for summary affirmance of the District Court's order. Faggiolo also filed a motion for summary affirmance and a full remand to the District Court. As no substantial question is raised by Faggiolo's appeal, we grant Appellees' motion for summary affirmance, deny Faggiolo's motion, and will summarily affirm the decision of the District Court.

I.

This matter relates to three pieces of property in the Borough of Ridley Park, located in Delaware County, Pennsylvania. In 2019, Defendants Portnoff and Daday attempted to collect from Faggiolo outstanding debts owed to the Borough for real estate taxes, sewer fees, and trash collection fees assessed on his three properties. (ECF 1 at 20.) In 2021, Defendants Daday and Walk filed municipal liens against Faggiolo's properties in the Court of Common Pleas of Delaware County. (ECF 1 at 23.) The Court of Common Pleas entered judgments in favor of the Borough. (ECF 1 at 24.) In December 2023, Faggiolo filed a pro se complaint pursuant to 42 U.S.C. §§ 1982, 1983, 1985, and 1986, alleging that the Defendants had violated his constitutional rights through the attempted collection of taxes and the filing of liens against his properties. (ECF 1.) Faggiolo sought both damages and injunctive relief. (ECF 1.)

All Defendants filed motions to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing, inter alia, that the District Court lacked jurisdiction under the Tax Injunction Act and the principle of comity. (ECF 11, 13, 15, 16.) The District

2

Court agreed, granted their motions, and dismissed Faggiolo's complaint.[1] This timely appeal followed.

## II.

We have jurisdiction under 28 U.S.C. § 1291 and have plenary review over dismissals for lack of subject matter jurisdiction. Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). We generally have jurisdiction only when a dismissal is with prejudice, but a plaintiff can appeal from a dismissal without prejudice when, as here, "he cannot cure the defect in his complaint." Booth v. Churner, 206 F.3d 289, 293 n.3 (3d Cir. 2000).

## III.

The Tax Injunction Act prohibits federal courts from enjoining "the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Additionally, the principle of comity bars taxpayers "from asserting § 1983 actions against the validity of state tax systems in federal courts" if the state court provides "plain, adequate, and complete" remedies. Fair Assessment in Real Est. Ass'n v. McNary, 454 U.S. 100, 116 (1981); Kerns v. Dukes, 153 F.3d 96, 101 (3d Cir. 1998). We have repeatedly held that Pennsylvania state courts provide a "plain, speedy, and efficient" remedy for challenges

---

[1] Although the District Court did not specify, its dismissal was without prejudice. See Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 182 (3d Cir. 1999) (agreeing that "a dismissal for lack of subject matter jurisdiction is not an adjudication on the merits and thus should be ordered 'without prejudice'").

3

to assessments of real property taxes. See, e.g., Gass v. County of Allegheny, Pa., 371 F.3d 134, 139 (3d Cir. 2004).

Faggiolo argues in his response to Appellees' motion for summary action that the dismissal of his complaint was improper because he brought his claims as a civil rights complaint. (CA 13) We find his argument meritless given the tax issues that form the basis of his case, the applicability of the Tax Injunction Act, the principles of comity discussed in McNary and Kerns, and the availability of state court remedies. We agree with the District Court that Faggiolo could have sought effective relief through state court, and that the Tax Injunction Act and the principle of comity therefore barred him from bringing his case in federal court. For these reasons, the District Court correctly dismissed Faggiolo's complaint for lack of subject matter jurisdiction.

Accordingly, we grant Appellees' motion and will summarily affirm the judgment of the District Court. See Third Circuit Local Appellate Rule 27.4(a). Appellant's motion for summary action is denied.